1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10
11
12
13
14
15
16

| | |
|---|---|
| KATHERINE MOUSSOURIS, on behalf of herself and a class of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**(Trial by Jury Demanded)** |

17
18

        Plaintiff Katherine Moussouris ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

19

## SUMMARY OF CLAIMS

20
21
22
23
24
25
26

        1.      Plaintiff brings this action alleging violations of Title VII of the Civil Rights Act of 1964, 72 U.S.C. §§ 2000e *et seq*. ("Title VII"); and the Washington Law Against Discrimination, Rev. Code Wash. 49.60.010. *et seq*., to challenge Microsoft Corporation's ("Microsoft") continuing policy, pattern and practice of sex discrimination against female employees in technical and engineering roles ("female technical employees") with respect to performance evaluations, pay, promotions, and other terms and conditions of employment. Microsoft has implemented these policies and practices despite knowing that they have a

27
28

**CLASS ACTION COMPLAINT**

longstanding disparate impact on female technical employees.  Microsoft also retaliates against female technical employees who complain about this discrimination.

2.        Microsoft is a global provider of software and software-related services.  In 2014, Microsoft generated $93.6 billion dollars in net revenue and $12.2 billion dollars in net income. Microsoft is a major employer, with a headcount of over 117,000 employees in 2015, many of whom are technical employees.

3.        As a result of Microsoft's policies, patterns, and practices, female technical employees receive less compensation and are promoted less frequently than their male counterparts.  Microsoft's company-wide policies and practices systematically violate female technical employees' rights and result in the unchecked gender bias that pervades its corporate culture.  The disadvantage to female technical employees in pay and promotion is not isolated or exceptional, but rather the regular and predictable result of Microsoft's policies and practices and lack of proper accountability measures to ensure fairness.

4.        In addition to bringing this action on her own behalf, Plaintiff also brings this action on behalf of a class of similarly situated current and former female technical employees employed by Microsoft in the United States ("the Class"), in order to end Microsoft's discriminatory policies and practices and to make the Class whole.

## THE PARTIES

**Plaintiff**

5.        Plaintiff Katherine Moussouris is a woman who lives in Kirkland, Washington. She is a citizen of the United States.

6.        Plaintiff was employed by Microsoft from approximately April 2007 to May 30, 2014 in Redmond, Washington.

**Defendant**

7.        Defendant Microsoft is a corporation formed under the laws of the State of Washington with a place of business within the city of Redmond, King County, at One Microsoft Way, Redmond, Washington 98052-7329.

1267662.4

CLASS ACTION COMPLAINT

8.      Upon information and belief, Microsoft maintains control, oversight, and direction over the operation of its facilities, including its employment practices.

9.      During all relevant times, Microsoft was Plaintiff's employer within the meaning of all applicable statutes.

10.      At all times pertinent hereto, Microsoft has employed more than five hundred people.

**JURISDICTION AND VENUE**

11.      This Court has original subject matter jurisdiction over Title VII claims pursuant to 28 U.S.C. § 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3), because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights.

12.      This Court has jurisdiction over the Washington Law Against Discrimination claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (a) there are 100 or more members in the proposed class; (b) at least some members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed $5,000,000 in the aggregate.

13.      In addition, this Court has supplemental jurisdiction over the Washington Law Against Discrimination claims under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

14.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) and 42 U.S.C. § 2000e-5(f)(3), because Microsoft maintains offices in this district, conducts business in this district, and a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this district, and because the alleged unlawful employment practices were committed here, and employment records relevant to those practices are maintained and administered here.

15.      The Western District of Washington has personal jurisdiction over Microsoft because it maintains offices in this District, does business in Washington and in this district, and

**CLASS ACTION COMPLAINT**

because many of the acts complained of and giving rise to the claims alleged herein occurred in Washington and in this District.

16.      Plaintiff has exhausted her administrative remedies and complied with all statutory prerequisites to her Title VII claims.  Plaintiff filed a charge of gender discrimination and retaliation individually and on behalf of all similarly situated female technical employees employed by Microsoft with the Equal Employment Opportunity Commission ("EEOC") on May 13, 2014.  By notice dated June 29, 2015, the EEOC issued a Notice of Right to Sue.  This complaint is made within ninety days of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

17.      Microsoft maintains uniform employment, compensation, performance review, and promotion policies throughout the United States.  Microsoft also cultivates and promotes a common corporate culture.

18.      Microsoft's offices throughout the U.S. use a common organizational structure, organizing technical employees by levels.

19.      Microsoft discriminates against female technical employees in (1) performance evaluations; (2) compensation; and (3) promotions.

**Performance Evaluations**

20.      Microsoft uses uniform, unvalidated, and unreliable procedures for evaluating employee performance that systematically undervalue female technical employees relative to their similarly situated male peers.

21.      For example, for many years and continuing through 2013, Microsoft used a companywide "stack ranking" system for evaluating employee performance, which force ranked employees from best to worst using a performance rating from 1 through 5, with 1 being best, and 5 being worst.  Only 20% of employees could receive a 1, 20% a 2, 40% a 3, 13% a 4, and the remaining 7% received a 5.  This stack ranking process systematically undervalued female technical employees compared to similarly situated male employees because, among other reasons, it meant that lower ranked employees were inferior and should be paid less and promoted less frequently regardless of their actual contributions to Microsoft.  This forced ranking process

**CLASS ACTION COMPLAINT**

took place twice each year, with the mid-year stack ranking used as a mechanism to determine mid-year promotions, and the end of year stack ranking used for compensation and year-end promotion decisions.

22.     The numerical performance ratings were critical because Microsoft used the ratings to determine the amount of employees' bonuses and raises, and to determine whom it would promote.

23.     Upon information and belief, female technical employees tended to receive lower scores than their male peers, despite having had equal or better performance during the same performance period.

24.     From 2014 to the present, Microsoft has used a similarly unvalidated, and unreliable discriminatory performance evaluation procedure that systematically undervalues female technical employees relative to their male peers, and results in lower scores than men in similar positions with no better or worse objective performance.

**<u>Compensation</u>**

25.     Microsoft employs uniform, unvalidated, and unreliable procedures for determining employees' compensation that disparately impact female professionals.

26.     Microsoft determines employees' compensation in large part by their performance review score.  Because female technical employees systematically receive worse review scores, they earn less than their male peers.

**<u>Promotions</u>**

27.     Microsoft also employs common, unvalidated, unreliable, and discriminatory procedures for selecting employees for promotion.

28.     Microsoft does not apply legitimate or objective criteria for promotions amongst technical employees.  Promotions are not determined by objective performance measures.

29.     Instead, an employee's manager must recommend him or her for promotion, and then the promotion must be approved by a small, centrally-controlled group of senior managers. To the extent that managers consider the employees' performance scores in the promotion process, the discriminatory impact of that biased, invalid system is further compounded in

1267662.4                                                                                    **CLASS ACTION COMPLAINT**

1    promotions.  Overall, Microsoft promotes an overwhelmingly disproportionate number of men,

2    and passes over equally or more qualified women.

3                              **CLASS ACTION ALLEGATIONS**

4         30.    Plaintiff brings this class action pursuant to Federal Rules of Civil Procedure

5    23(a), (b)(2), and (c)(4) seeking liability-phase injunctive and declaratory relief on behalf of a

6    Class of all female technical employees employed by Microsoft in the United States at any time

7    from September 16, 2009 through the resolution of this action for claims under Title VII.

8    Plaintiff also brings this class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3)

9    seeking backpay, monetary damages and other make-whole relief on behalf of a Class of all

10   female technical employees employed by Microsoft in the United States at any time from

11   September 16, 2009 through the resolution of this action for claims under Title VII.  Plaintiff

12   reserves the right to amend the definition of the Class based on discovery or legal developments.

13        31.    Plaintiff also brings this class action pursuant to Federal Rules of Civil Procedure

14   23(a), (b)(2), and (c)(4) seeking liability-phase injunctive and declaratory relief on behalf of a

15   Class of all female technical employees employed by Microsoft in the United States at any time

16   from September 16, 2012 through the resolution of this action for claims under the Washington

17   Law Against Discrimination.  Plaintiff also brings this class action pursuant to Federal Rules of

18   Civil Procedure 23(a) and (b)(3) seeking backpay, monetary damages and other make-whole

19   relief on behalf of a Class of all female technical employees employed by Microsoft in the United

20   States at any time from September 16, 2012 through the resolution of this action for claims under

21   the Washington Law Against Discrimination.  Plaintiff reserves the right to amend the definition

22   of the Class based on discovery or legal developments.

23        32.    Plaintiff is a member of the Class she seeks to represent.

24        33.    The members of the Class identified herein are so numerous that joinder of all

25   members is impracticable.  Microsoft had a headcount of over 117,000 employees in 2015.

26   Although Plaintiff does not know the precise number of female technical employees at Microsoft,

27   the number is far greater than can be feasibly addressed through joinder.

28

1267662.4

34.     There are questions of law and fact common to the Class, and these questions predominate over any questions affecting only individual members.  Common questions include:

a.      whether Microsoft's policies and practices discriminate against female technical employees;

b.      whether Microsoft's policies and practices violate Title VII and/or the Washington Law Against Discrimination;

c.      whether Microsoft's performance evaluation system discriminates against female technical employees;

d.      whether Microsoft's compensation system discriminates against female technical employees;

e.      whether Microsoft's promotion system discriminates against female technical employees;

f.      whether Microsoft has failed to implement policies and procedures to prevent retaliation against employees who challenge gender discrimination in the workplace, has failed to address complaints of gender discrimination in the workplace, and has failed to conduct proper investigations of same; and

g.      whether equitable remedies, injunctive relief, compensatory damages, and punitive damages for the Class are warranted;

35.     Plaintiff's claims are typical of the claims of the Class.

36.     Plaintiff will fairly and adequately represent and protect the interests of the Class.

37.     Plaintiff has retained counsel competent and experienced in complex class actions and employment discrimination litigation.

38.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Microsoft has acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.  The Class Members are entitled to injunctive relief to end Microsoft's common, uniform, unfair, and discriminatory policies and practices.

1     39.     Class certification is also appropriate pursuant to Federal Rule of Civil Procedure

2  23(b)(3) because common questions of fact and law predominate over any questions affecting

3  only individual members of the Class, and because a class action is superior to other available

4  methods for the fair and efficient adjudication of this litigation.  The Class Members have been

5  damaged and are entitled to recovery as a result of Microsoft's common, unfair, and

6  discriminatory policies and practices.  Microsoft has computerized account data, payroll data, and

7  personnel data that will make calculation of damages for specific Class Members relatively

8  simple. The propriety and amount of punitive damages are based on Microsoft's common

9  conduct, making these issues common to the Class.

10                                    **CLAIMS OF NAMED PLAINTIFF**

11     40.     Plaintiff Moussouris was hired by Microsoft in April of 2007 as a Security

12  Program Manager in the Trustworthy Computing Group.  During her tenure at Microsoft, Plaintiff

13  consistently achieved and usually exceeded her performance goals, and made significant

14  contributions to Microsoft's business. Yet, as a result of Microsoft's forced ranking process,

15  Plaintiff received lower performance ratings than her male peers, despite having better

16  performance during the same performance period.

17     41.     For example, in May 2012, Plaintiff's manager told her that she had outstanding

18  performance and had earned a rating of 2.  However, after the forced ranking process, she instead

19  received a 3.

20     42.     Similarly, in May 2013, Plaintiff's manager again commended her performance

21  and told her she deserved a 1.  After the forced ranking process, Plaintiff received a 2.

22     43.     Microsoft also paid Plaintiff less than her male peers throughout her tenure at the

23  company.

24     44.     Microsoft also discriminated against Plaintiff in its promotion process.  From 2010

25  to 2014, Microsoft passed her over for promotions in favor of less qualified and less experienced

26  men.

27     45.     For example, in 2012, while Plaintiff was on maternity leave, she was not put

28  forward for a promotion to Level 65, Principal Security Strategist, for which she was eligible and

**CLASS ACTION COMPLAINT**

1267662.4

1   eminently well-qualified.  In the year prior, Plaintiff had been responsible for an industry-leading

2   initiative that resulted in the highest-rated news announcement for the Microsoft Trustworthy

3   Computing Group.  However, Microsoft instead selected Plaintiff's male colleague, who was less

4   qualified, to be her manager.  Plaintiff's managers from 2011 through 2013 told her that although

5   the impact, quality, and scope of her work had been "Principal-level" for years, certain managers

6   did not like her manner or style, and so Microsoft did not promote her.  Plaintiff was subject to an

7   invalid and gender biased selection process.

8          46.     In 2013, Plaintiff was again passed over for promotion to Level 65, despite

9   newsworthy new initiatives she created that are still referred to in the security industry.  Instead,

10  Microsoft promoted two less qualified men in the Trustworthy Computing Group, who had not

11  performed the same scope of work as Plaintiff, nor obtained the same level of recognition and

12  accomplishment in the security industry.

13         47.     Plaintiff also saw other female technical employees passed over for promotion in

14  favor of less-qualified men.  For example, when the director of the Trustworthy Computing

15  Group left, two Principal-level women who had worked for him were not even considered or

16  given the chance to interview for the role.  Instead, Microsoft hired a less qualified male from

17  outside the company with little to no relevant work experience in managing the specifics of large

18  scale security response in a company with the size and scope of Microsoft.

19         48.     In 2008, Plaintiff complained about the Director of the Trustworthy Computing

20  Group, who was sexually harassing other women in the Group.  Microsoft investigated and

21  concluded that he had in fact been sexually harassing female employees.  Yet Microsoft's

22  response was to re-assign this male Director to another part of the Trustworthy Computing Group,

23  while retaining his title and influence.  Before he was transferred, however, he retaliated against

24  Plaintiff by assigning her a low bonus.  Plaintiff complained about retaliation, but Microsoft took

25  no action.  Since that time, the same Director has been promoted to Senior Director.

26         49.     Starting in 2013, Plaintiff's manager systematically undermined Plaintiff by

27  reducing the scope of her role, even though her high performance never changed.  For example,

28  he took away several of Plaintiff's responsibilities and re-assigned them to a less qualified and

1267662.4                                                      CLASS ACTION COMPLAINT

1    less experienced man, two levels below Plaintiff.  He also began to assign Plaintiff low-level

2    tasks that he never asked men at Plaintiff's level to do.  Plaintiff complained about this unfair

3    treatment, but Microsoft took no action.

4          50.      Due to the nature and extent of the unfair treatment Plaintiff received, and

5    Microsoft's continued refusal to take any corrective action to address it, Plaintiff was forced to

6    resign on May 30, 2014.

7                       **CAUSES OF ACTION**

8                      **FIRST CLAIM FOR RELIEF**

9                       **Intentional Discrimination**
         **(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*)**

10                  **(On Behalf of Plaintiff and the Class)**

11          51.      Plaintiff incorporates the preceding paragraphs as alleged above.

12          52.      This claim is brought by Plaintiff on behalf of herself and the Class she seeks to

13    represent.  Plaintiff has filed a timely charge with the EEOC and has thus exhausted her

14    administrative remedies.

15          53.      Microsoft has engaged in an intentional, company-wide, and systematic

16    policy, pattern, and/or practice of discrimination against its female technical employees.

17    Microsoft has intentionally discriminated against Plaintiff and the Class in violation of Title VII

18    by, among other things:

19                  a.      Utilizing a biased performance rating system;

20                  b.      Utilizing a biased compensation system;

21                  c.      Utilizing a biased promotion system; and

22                  d.      Failing to take reasonable and adequate steps to prevent and correct the use

23    of standardless, unvalidated, and/or illegitimate criteria to determine the terms and conditions of

24    employment.

25          54.      These company-wide policies are intended to and do have the effect of:

26                  a.      Denying Plaintiff and Class Members business opportunities because of

27    their gender;

28                  b.      Compensating them less because of their gender;

**CLASS ACTION COMPLAINT**

1          c.      Failing to promote them because of their gender;

2          d.      Evaluating their performance more negatively because of their gender; and

3          e.      Providing them with inferior terms and conditions of employment as a

4   result of discriminatory performance measures that systematically disadvantaged them because of

5   their gender.

6          55.     The discriminatory acts that constitute Microsoft's pattern and/or practice of

7   discrimination have occurred both within and outside the liability period in this case.

8          56.     As a direct result of Microsoft's discriminatory policies and/or practices as

9   described above, Plaintiff and the Class have suffered damages including, but not limited to, lost

10  past and future income, compensation, and benefits.

11         57.     The foregoing conduct constitutes illegal, intentional discrimination and

12  unjustified disparate treatment prohibited by 42 U.S.C. §§ 2000e *et seq.*

13         58.     Plaintiff requests relief as hereinafter described.

14                            **SECOND CLAIM FOR RELIEF**

15                         **Disparate Impact Discrimination**
                **(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*)**
16                        **(On Behalf of Plaintiff and the Class)**

17         59.     Plaintiff incorporates the preceding paragraphs as alleged above.

18         60.     This claim is brought by Plaintiff on behalf of herself and the Class she seeks to

19  represent.  Plaintiff has timely filed a charge with the EEOC and has thus exhausted her

20  administrative remedies.

21         61.     Microsoft's reliance on illegitimate and unvalidated systems and criteria to

22  evaluate employee performance, set compensation, and select individuals for promotion, and

23  determine other terms and conditions of employment, have an adverse impact on female technical

24  employees in violation of Title VII and are not, and cannot be, justified by business necessity.

25  Even if such system and/or policies could be justified by business necessity, less discriminatory

26  alternatives exist and would equally serve any alleged necessity.

27         62.     Microsoft has maintained these discriminatory policies, patterns, and/or practices

28  both within and outside the liability period in this case.

**CLASS ACTION COMPLAINT**

1267662.4

63.     As a direct result of Microsoft's discriminatory policies and/or practices as described above, Plaintiff and the Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

64.     The foregoing policies, patterns, and/or practices have an unlawful disparate impact on women in violation of 42 U.S.C. §§ 2000e *et seq.*

65.     Plaintiff requests relief as hereinafter described.

### THIRD CLAIM FOR RELIEF

**Intentional Discrimination**
**(Washington Law Against Discrimination, Rev. Code Wash. 49.60.010. *et seq.*)**
**(On Behalf of Plaintiff and the Class)**

66.     Plaintiff incorporates the preceding paragraphs as alleged above.

67.     This claim is brought by Plaintiff on behalf of herself and the Class she seeks to represent.

68.     Microsoft has engaged in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against its female technical employees. Microsoft has intentionally discriminated against Plaintiff and the Class in violation of the Washington Law Against Discrimination by, among other things:

    a.     Utilizing a biased performance rating system;

    b.     Utilizing a biased compensation system;

    c.     Utilizing a biased promotion system; and

    d.     Failing to take reasonable and adequate steps to prevent and correct the use of standardless, unvalidated, and/or illegitimate criteria to determine the terms and conditions of employment.

69.     These company-wide policies are intended to and do have the effect of:

    a.     Denying Plaintiff and Class Members business opportunities because of their gender;

    b.     Compensating them less because of their gender;

    c.     Failing to promote them because of their gender;

    d.     Evaluating their performance more negatively because of their gender; and

1          e.      Providing them with inferior terms and conditions of employment as a

2 result of discriminatory performance measures that systematically disadvantaged them because of

3 their gender.

4        70.     The discriminatory acts that constitute Microsoft's pattern and/or practice of

5 discrimination have occurred both within and outside the liability period in this case within the

6 State of Washington, and the discriminatory policies, patterns, and practices have had a

7 discriminatory impact on the female employees of Microsoft within the State of Washington.

8        71.     As a direct result of Microsoft's discriminatory policies and/or practices as

9 described above, Plaintiff and the Class have suffered damages including, but not limited to, lost

10 past and future income, compensation, and benefits.

11       72.     The foregoing conduct constitutes illegal, intentional discrimination and

12 unjustified disparate treatment prohibited by the Washington Law Against Discrimination, Rev.

13 Code Wash. 49.60.010. *et seq*.

14       73.     Plaintiff requests relief as hereinafter described.

15 **FOURTH CLAIM FOR RELIEF**

16 **Disparate Impact Discrimination**
**(Washington Law Against Discrimination, Rev. Code Wash. 49.60.010. *et seq*.)**
17 **(On Behalf of Plaintiff and the Class)**

18       74.     Plaintiff incorporates the preceding paragraphs as alleged above.

19       75.     This claim is brought by Plaintiff on behalf of herself and the Class she seeks to

20 represent.

21       76.     Microsoft's reliance on illegitimate and unvalidated systems and criteria to

22 evaluate employee performance, set compensation, and select individuals for promotion, and

23 determine other terms and conditions of employment, have an adverse impact on female technical

24 employees in violation of the Washington Law Against Discrimination and are not, and cannot

25 be, justified by business necessity. Even if such system and/or policies could be justified by

26 business necessity, less discriminatory alternatives exist and would equally serve any alleged

27 necessity.

28

**CLASS ACTION COMPLAINT**

1267662.4

77.     Microsoft has maintained these discriminatory policies, patterns, and/or practices both within and outside the liability period in this case in this case within the State of Washington, and the discriminatory policies, patterns, and practices have had a discriminatory impact on the female employees of Microsoft within the State of Washington.

78.     As a direct result of Microsoft's discriminatory policies and/or practices as described above, Plaintiff and the Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

79.     The foregoing policies, patterns, and/or practices have an unlawful disparate impact on women in violation of the Washington Law Against Discrimination, Rev. Code Wash. 49.60.010. *et seq.*

80.     Plaintiff requests relief as hereinafter described.

## **FIFTH CLAIM FOR RELIEF**

### **Retaliation**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*)**
**(On Behalf of Plaintiff Moussouris Individually)**

81.     Plaintiff incorporates the preceding paragraphs as alleged above.

82.     This claim is brought by Plaintiff Moussouris individually.  Plaintiff has timely filed a charge with the EEOC alleging retaliation claims and has thus exhausted her administrative remedies.

83.     Plaintiff engaged in protected activities, including making internal complaints of unlawful discrimination and filing charges with the EEOC complaining of Microsoft's discriminatory policies and practices.

84.     Microsoft took adverse actions against Plaintiff with the purpose of retaliating against her because of her participation in protected activities, and Plaintiff suffered damages as a result of that conduct.

85.     Plaintiff requests relief as hereinafter described.

1267662.4

**CLASS ACTION COMPLAINT**

**SIXTH CLAIM FOR RELIEF**

**Retaliation**
**(Washington Law Against Discrimination, Rev. Code Wash. 49.60.010. <i>et seq.</i>**
**(On Behalf of Plaintiff Moussouris Individually)**

86.     Plaintiff incorporates the preceding paragraphs as alleged above.

87.     This claim is brought by Plaintiff Moussouris individually.

88.     Plaintiff engaged in protected activities, including making internal complaints of unlawful discrimination and filing charges with the EEOC complaining of Microsoft's discriminatory policies and practices.

89.     Microsoft took adverse actions against Plaintiff with the purpose of retaliating against her because of her participation in protected activities during the liability period in the State of Washington, and Plaintiff suffered damages in the State of Washington as a result of that conduct.

90.     Plaintiff requests relief as hereinafter described.

**PRAYER FOR RELIEF**

91.     WHEREFORE, Plaintiff and the Class pray for relief as follows:

        a.      Certification of the case as a class action on behalf of the proposed Class;

        b.      Designation of Representative Plaintiff Moussouris as representative of the Class;

        c.      Designation of Representative Plaintiff's counsel of record as Class Counsel;

        d.      A declaratory judgment that the practices complained of herein are unlawful and violate 42 U.S.C. §§ 2000e, <i>et seq.</i>; and the Washington Law Against Discrimination, Rev. Code Wash. 49.60.010. <i>et seq.</i>;

        e.      A preliminary and permanent injunction against Microsoft and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in policies, patterns, and/or practices that discriminate against Plaintiff or the Class because of their gender or participation in this lawsuit;

1267662.4

**CLASS ACTION COMPLAINT**

1          f.      An order that Microsoft institute and carry out policies, practices, and

2    programs that provide equal employment opportunities for all employees regardless of gender,

3    and that it eradicate the effects of their past and present unlawful employment practices;

4          g.      An order requiring Microsoft to develop and institute accurate and

5    validated standards for evaluating performance, determining pay, and making promotion

6    decisions;

7          h.      An order appointing a monitor to ensure that Microsoft complies with the

8    injunction provisions of any decree that the Court orders;

9          i.      An order retaining jurisdiction over this action to ensure that Microsoft

10   complies with such a decree;

11         j.      An order restoring Plaintiff and Class Members to their rightful positions at

12   Microsoft (*i.e.*, reinstatement), or in lieu of reinstatements, an order for front pay benefits;

13         k.      Back pay (including interest and benefits) for the Representative Plaintiff

14   and Class Members;

15         l.      All damages sustained as a result of Microsoft's conduct, including

16   damages for emotional distress, humiliation, embarrassment, and anguish, according to proof;

17         m.      Exemplary and punitive damages in an amount commensurate with

18   Microsoft's ability to pay and to deter future conduct;

19         n.      Costs incurred herein, including reasonable attorneys' fees to the extent

20   allowable by law;

21         o.      Pre-judgment and post-judgment interest, as provided by law; and

22         p.      Such other and further legal and equitable relief as this Court deems

23   necessary, just, and proper.

24                          **JURY DEMAND**

25         92.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

26   a trial by jury in this action.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  September 16, 2015

By: _____
       Sharon M. Lee

Sharon M. Lee (Wash. Bar No. 37170)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
2101 Fourth Avenue, Suite 1900
Seattle, Washington 98121
Telephone:  (206) 739-9059
Facsimile:   (415) 956-1008
E-Mail: slee@lchb.com

Kelly M. Dermody (*pro hac vice forthcoming*)
Anne B. Shaver (*pro hac vice forthcoming*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: ashaver@lchb.com

Adam T. Klein (*pro hac vice forthcoming*)
Cara E. Greene (*pro hac vice forthcoming*)
Ossai Miazad (*pro hac vice forthcoming*)
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile:   (212) 977-4005
E-Mail: ATK@outtengolden.com
E-Mail: CEG@outtengolden.com
E-Mail: OM@outtengolden.com

Jahan C. Sagafi (*pro hac vice forthcoming*)
Katrina L. Eiland (*pro hac vice forthcoming*)
**OUTTEN & GOLDEN LLP**
One Embarcadero Center, 38th Floor
San Francisco, California 94111
Telephone:  (415) 638-8800
Facsimile:   (415) 638-8810
E-Mail: jsagafi@outtengolden.com
E-Mail: keiland@outtengolden.com

*Attorneys for Plaintiffs and the proposed Class*

**CLASS ACTION COMPLAINT**

1267662.4