1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10
11
12
13
14
15
16

KATHERINE MOUSSOURIS, HOLLY MUENCHOW, and DANA PIERMARINI, on behalf of themselves and a class of those similarly situated,

Plaintiffs,

v.

MICROSOFT CORPORATION

Defendant.

Case No.  15 cv 1483 (JLR)

**FIRST AMENDED CLASS ACTION COMPLAINT**

**(Trial by Jury Demanded)**

17

Plaintiffs Katherine Moussouris, Holly Muenchow, and Dana Piermarini, ("Plaintiffs"), on

18    behalf of themselves and all others similarly situated, allege as follows:

19                    <u>**SUMMARY OF CLAIMS**</u>

20          1.       Plaintiffs bring this action alleging violations of Title VII of the Civil Rights Act

21    of 1964, 72 U.S.C. §§ 2000e *et seq*. ("Title VII"), and the Washington Law Against

22    Discrimination, Rev. Code Wash. 49.60.010. *et seq*., to challenge Microsoft Corporation's

23    ("Microsoft") continuing policy, pattern and practice of sex discrimination against female

24    employees in technical and engineering roles, including technical sales and services positions

25    ("female technical employees") with respect to performance evaluations, pay, promotions, and

26    other terms and conditions of employment.  Microsoft has implemented these policies and

27    practices despite knowing that they have a longstanding disparate impact on female technical

28

- 1 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

1    employees.  Microsoft also retaliates against female technical employees who complain about this

2    discrimination.

3         2.        Microsoft is a global provider of software and software-related services as well as

4    hardware devices.  In 2014, Microsoft generated $93.6 billion dollars in net revenue and $12.2

5    billion dollars in net income.  Microsoft is a major employer, with a headcount of over 117,000

6    employees in 2015, many of whom are technical employees.

7         3.        As a result of Microsoft's policies, patterns, and practices, female technical

8    employees receive less compensation and are promoted less frequently than their male

9    counterparts.  Microsoft's company-wide policies and practices systematically violate female

10   technical employees' rights and result in the unchecked gender bias that pervades its corporate

11   culture.  The disadvantage to female technical employees in pay and promotion is not isolated or

12   exceptional, but rather the regular and predictable result of Microsoft's policies and practices and

13   lack of proper accountability measures to ensure fairness.

14        4.        In addition to bringing this action on behalf of themselves, Plaintiffs also bring this

15   action on behalf of a class of similarly situated current and former female technical employees

16   employed by Microsoft in the United States (the "Class"), in order to end Microsoft's

17   discriminatory policies and practices and to make the Class whole.

18                              **THE PARTIES**

19   **Plaintiff Katherine Moussouris**

20        5.        Plaintiff Katherine Moussouris is a woman who lives in Kirkland, Washington.

21   She is a citizen of the United States.

22        6.        Ms. Moussouris was employed by Microsoft from approximately April 2007 to

23   May 30, 2014 in Redmond, Washington.

24   **Plaintiff Holly Muenchow**

25        7.        Plaintiff Holly Muenchow is a woman who lives in Woodinville, Washington.

26   She is a citizen of the United States.

27        8.        Ms. Muenchow has been employed by Microsoft since approximately September

28   2002 in Redmond, Washington.

**FIRST AMENDED CLASS ACTION COMPLAINT**

1278300.5

**Plaintiff Dana Piermarini**

9.     Plaintiff Dana Piermarini is a woman who lives in Leesburg, Virginia.  She is a citizen of the United States.

10.     Ms. Piermarini has been employed by Microsoft since approximately September 2006.

**Defendant**

11.     Defendant Microsoft is a corporation formed under the laws of the State of Washington with its corporate headquarters within the city of Redmond, King County, at One Microsoft Way, Redmond, Washington 98052-7329.

12.     Upon information and belief, Microsoft's headquarters in the State of Washington maintains control, oversight, and direction over the operation of its facilities, including its employment practices.

13.     During all relevant times, Microsoft was Plaintiffs' employer within the meaning of all applicable statutes.

14.     At all times pertinent hereto, Microsoft has employed more than five hundred people.

## JURISDICTION AND VENUE

15.     This Court has original subject matter jurisdiction over Title VII claims pursuant to 28 U.S.C. § 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3), because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights.

16.     This Court has jurisdiction over the Washington Law Against Discrimination claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (a) there are 100 or more members in the proposed class; (b) at least some members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed $5,000,000 in the aggregate.

17.     In addition, this Court has supplemental jurisdiction over the Washington Law Against Discrimination claims because they arise from a common nucleus of operative facts with

**FIRST AMENDED CLASS ACTION COMPLAINT**

1278300.5

1    the federal claims and are so related to the federal claims as to form part of the same case or

2    controversy under Article III of the United States Constitution.

3        18.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) and 42

4    U.S.C. § 2000e-5(f)(3), because Microsoft maintains offices in this district, conducts business in

5    this district, and a substantial part of the events and omissions giving rise to the claims alleged

6    herein occurred in this district, and because the alleged unlawful employment practices were

7    committed here, and employment records relevant to those practices are maintained and

8    administered here.

9        19.     The Western District of Washington has personal jurisdiction over Microsoft

10   because it maintains offices in this District, does business in Washington and in this district, and

11   because many of the acts complained of and giving rise to the claims alleged herein occurred in

12   Washington and in this District.

13       20.     Plaintiffs have exhausted their administrative remedies and complied with all

14   statutory prerequisites to their Title VII claims.  Plaintiff Katherine Moussouris filed a charge of

15   gender discrimination and retaliation individually and on behalf of all similarly situated female

16   technical employees employed by Microsoft with the Equal Employment Opportunity

17   Commission ("EEOC") on May 14, 2014.  The EEOC charge is attached as Exhibit A (and

18   incorporated herein.)  By notice dated June 29, 2015, the EEOC issued a Notice of Right to Sue.

19   The original complaint in this action was filed within ninety days of the Notice of Right to Sue.

20   Where applicable, under the Ninth Circuit's application of the single-filing rule, Muenchow is not

21   required to have filed a separate charge of gender discrimination and retaliation with the EEOC,

22   but instead may piggy-back off the previous filing of Moussouris, because Moussouris's EEOC

23   charge relates to the same claims that Muenchow asserts.

24       21.     Where applicable, under the Ninth Circuit's application of the single-filing rule,

25   Piermarini is not required to have filed a separate charge of gender discrimination and retaliation

26   with the EEOC, but instead may piggy-back off the previous filing of Moussouris, because

27   Moussouris's EEOC charge relates to the same claims that Piermarini asserts.

28

- 4 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

## **FACTUAL ALLEGATIONS**

22.     Microsoft maintains uniform employment, compensation, performance review, and promotion policies throughout the United States.  Microsoft also cultivates and promotes a common corporate culture. These policies and this culture originate in Microsoft's headquarters in the State of Washington, and are disseminated to its offices in the rest of the country.

23.     Microsoft's offices throughout the U.S. use a common organizational structure, organizing technical employees by levels.

24.     Microsoft discriminates against female technical employees in (1) performance evaluations; (2) compensation; and (3) promotions.

**Performance Evaluations**

25.     Microsoft uses uniform, unvalidated, and unreliable procedures for evaluating employee performance that systematically undervalue female technical employees relative to their similarly situated male peers.

26.     For example, for many years and continuing through 2013, Microsoft used a companywide "stack ranking" system for evaluating employee performance, which force ranked employees from best to worst using a performance rating from 1 through 5, with 1 being best, and 5 being worst.  Only 20% of employees could receive a 1, 20% a 2, 40% a 3, 13% a 4, and the remaining 7% received a 5.  This stack ranking process systematically undervalued female technical employees compared to similarly situated male employees because, among other reasons, it meant that lower ranked employees were inferior and should be paid less and promoted less frequently regardless of their actual contributions to Microsoft.  This forced ranking process took place twice each year, with the mid-year stack ranking used as a mechanism to determine mid-year promotions, and the end of year stack ranking used for compensation and year-end promotion decisions.

27.     The numerical performance ratings were critical because Microsoft used the ratings to determine the amount of employees' bonuses and raises, and to determine whom it would promote.

**FIRST AMENDED CLASS ACTION COMPLAINT**

28.     Upon information and belief, female technical employees tended to receive lower scores than their male peers, despite having had equal or better performance during the same performance period.

29.     From 2014 to the present, Microsoft has used a similarly unvalidated, and unreliable discriminatory performance evaluation procedure that systematically undervalues female technical employees relative to their male peers, and results in lower scores than men in similar positions with no better or worse objective performance.

**Compensation**

30.     Microsoft employs uniform, unvalidated, and unreliable procedures for determining employees' compensation that disparately impact female professionals.

31.     Microsoft determines employees' compensation in large part by their performance review score.  Because female technical employees systematically receive worse review scores, they earn less than their male peers.

**Promotions**

32.     Microsoft also employs common, unvalidated, unreliable, and discriminatory procedures for selecting employees for promotion.

33.     Microsoft does not apply legitimate or objective criteria for promotions amongst technical employees.  Promotions are not determined by objective performance measures.

34.     Instead, an employee's manager must recommend him or her for promotion, and then the promotion must be approved by a small, centrally-controlled group of senior managers. To the extent that managers consider the employees' performance scores in the promotion process, the discriminatory impact of that biased, invalid system is further compounded in promotions.  Overall, Microsoft promotes an overwhelmingly disproportionate number of men, and passes over equally or more qualified women.

## CLASS ACTION ALLEGATIONS

35.     Plaintiffs Moussouris, Muenchow, and Piermarini bring this class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (c)(4) seeking liability-phase injunctive and declaratory relief on behalf of a nationwide Class of all female technical employees employed by

**FIRST AMENDED CLASS ACTION COMPLAINT**

1278300.5

Microsoft in the United States at any time from July 18, 2013 through the resolution of this action for claims under Title VII, and for the period from July 18, 2010 through resolution of this action for claims under the Washington Law Against Discrimination.  Plaintiff also brings this class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) seeking backpay, monetary damages and other make-whole relief on behalf of a nationwide Class of all female technical employees employed by Microsoft in the United States at any time from July 18, 2013 through the resolution of this action for claims under Title VII, and for the period from July 18, 2010 through resolution of this action for claims under the Washington Law Against Discrimination.  Plaintiffs reserve the right to amend the definition of the Class based on discovery or legal developments.

36.     Plaintiffs are members of the Class they seek to represent.

37.     The members of the Class identified herein are so numerous that joinder of all members is impracticable.  Microsoft had a headcount of over 117,000 employees in 2015.  Although Plaintiffs do not know the precise number of female technical employees at Microsoft, nationwide or in Washington, the number is far greater than can be feasibly addressed through joinder.

38.     There are questions of law and fact common to the Class, and these questions predominate over any questions affecting only individual members.  Common questions include:

a.     whether Microsoft's policies and practices discriminate against female technical employees;

b.     whether Microsoft's policies and practices violate Title VII and/or the Washington Law Against Discrimination;

c.     whether Microsoft's performance evaluation system discriminates against female technical employees;

d.     whether Microsoft's compensation system discriminates against female technical employees;

e.     whether Microsoft's promotion system discriminates against female technical employees;

**FIRST AMENDED CLASS ACTION COMPLAINT**

f.      whether Microsoft has failed to implement policies and procedures to prevent retaliation against employees who challenge gender discrimination in the workplace, has failed to address complaints of gender discrimination in the workplace, and has failed to conduct proper investigations of same; and

g.      whether equitable remedies, injunctive relief, compensatory damages, and punitive damages for the Class are warranted.

39.     Plaintiffs' claims are typical of the claims of the Class they seek to represent.

40.     Plaintiffs will fairly and adequately represent and protect the interests of the Class they seek to represent.

41.     Plaintiffs have retained counsel competent and experienced in complex class actions and employment discrimination litigation.

42.     Class certification is appropriate as to each Class pursuant to Federal Rule of Civil Procedure 23(b)(2) because Microsoft has acted and/or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Class they seek to represent.  The Class Members in each Class are entitled to injunctive relief to end Microsoft's common, uniform, unfair, and discriminatory policies and practices.

43.     Class certification is also appropriate as to each Class pursuant to Federal Rule of Civil Procedure 23(b)(3) because for each Class, common questions of fact and law predominate over any questions affecting only individual members of that Class, and because for each Class, a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The Class Members in each Class have been damaged and are entitled to recovery as a result of Microsoft's common, unfair, and discriminatory policies and practices.  Microsoft has computerized account data, payroll data, and personnel data that will make calculation of damages for specific Class Members in each Class relatively simple. The propriety and amount of punitive damages are based on Microsoft's common conduct, making these issues common to each Class.

**FIRST AMENDED CLASS ACTION COMPLAINT**

1

**CLAIMS OF NAMED PLAINTIFFS**

2

**Plaintiff Katherine Moussouris**

3        44.     Plaintiff Moussouris was hired by Microsoft in April of 2007 as a Security

4    Program Manager in the Trustworthy Computing Group.  During her tenure at Microsoft, Ms.

5    Moussouris consistently achieved and usually exceeded her performance goals, and made

6    significant contributions to Microsoft's business. Yet, as a result of Microsoft's forced ranking

7    process, Ms. Moussouris received lower performance ratings than her male peers, despite having

8    better performance during the same performance period.

9        45.     For example, in May 2012, Ms. Moussouris's manager told her that she had

10   outstanding performance and had earned a rating of 2.  However, after the forced ranking process,

11   she instead received a 3.

12       46.     Similarly, in May 2013, Ms. Moussouris's manager again commended her

13   performance and told her she deserved a 1.  After the forced ranking process, Ms. Moussouris

14   received a 2.

15       47.     Microsoft also paid Ms. Moussouris less than her male peers throughout her tenure

16   at the company.

17       48.     Microsoft also discriminated against Ms. Moussouris in its promotion process.

18   From 2010 to 2014, Microsoft passed her over for promotions in favor of less qualified and less

19   experienced men.

20       49.     For example, in 2012, while Ms. Moussouris was on maternity leave, she was not

21   put forward for a promotion to Level 65, Principal Security Strategist, for which she was eligible

22   and eminently well-qualified.  In the year prior, Ms. Moussouris had been responsible for an

23   industry-leading initiative that resulted in the highest-rated news announcement for the Microsoft

24   Trustworthy Computing Group.  However, Microsoft instead selected Ms. Moussouris's male

25   colleague, who was less qualified, to be her manager.  Ms. Moussouris's managers from 2011

26   through 2013 told her that although the impact, quality, and scope of her work had been

27   "Principal-level" for years, certain managers did not like her manner or style, and so Microsoft

28

**FIRST AMENDED CLASS ACTION COMPLAINT**

1278300.5

1   did not promote her.  Ms. Moussouris was subject to an invalid and gender biased selection

2   process.

3        50.   In 2013, Ms. Moussouris  was again passed over for promotion to Level 65,

4   despite newsworthy new initiatives she created that are still referred to in the security industry.

5   Instead, Microsoft promoted two less qualified men in the Trustworthy Computing Group, who

6   had not performed the same scope of work as Ms. Moussouris, nor obtained the same level of

7   recognition and accomplishment in the security industry.

8        51.   Ms. Moussouris also saw other female technical employees passed over for

9   promotion in favor of less-qualified men.  For example, when the director of the Trustworthy

10   Computing Group left, two Principal-level women who had worked for him were not even

11   considered or given the chance to interview for the role.  Instead, Microsoft hired a less qualified

12   male from outside the company with little to no relevant work experience in managing the

13   specifics of large scale security response in a company with the size and scope of Microsoft.

14        52.   In 2008, Ms. Moussouris complained about the Director of the Trustworthy

15   Computing Group, who was sexually harassing other women in the Group.  Microsoft

16   investigated and concluded that he had in fact been sexually harassing female employees.  Yet

17   Microsoft's response was to re-assign this male Director to another part of the Trustworthy

18   Computing Group, while retaining his title and influence.  Before he was transferred, however, he

19   retaliated against Ms. Moussouris by assigning her a low bonus.  Ms. Moussouris complained

20   about retaliation, but Microsoft took no action.  Since that time, the same Director has been

21   promoted to Senior Director.

22        53.   Starting in 2013, Ms. Moussouris's manager systematically undermined Ms.

23   Moussouris by reducing the scope of her role, even though her high performance never changed.

24   For example, he took away several of Ms. Moussouris's responsibilities and re-assigned them to a

25   less qualified and less experienced man, two levels below Ms. Moussouris.  He also began to

26   assign Ms. Moussouris low-level tasks that he never asked men at Ms. Moussouris's level to do.

27   Ms. Moussouris complained about this unfair treatment, but Microsoft took no action.

28

**FIRST AMENDED CLASS ACTION COMPLAINT**

1278300.5

54.     Due to the nature and extent of the unfair treatment Ms. Moussouris received, and Microsoft's continued refusal to take any corrective action to address it, Plaintiff was forced to resign on May 30, 2014.

**Plaintiff Holly Muenchow**

55.     Plaintiff Muenchow was hired by Microsoft in September of 2002 as a Software Test Engineer (STE), and was then promoted to I/T Operations ["I/T OPS"] Program Manager in approximately 2007.  In 2012, Ms. Muenchow became a Senior I/T OPS Program Manager, an engineering role where she coordinates product releases to Microsoft clients.

56.     During the Class period, Ms. Muenchow has been subjected to Microsoft's company performance review process, receiving reviews that have not fully recognized her contributions and which have negatively affected her compensation.

57.     In addition, despite her long tenure with Microsoft, Ms. Muenchow has progressed only from a Level 58 to a Level 62.  By contrast, male colleagues have been promoted to higher levels for which she was qualified and not considered.  Ms. Muenchow has observed that women progress more slowly at the company.

58.     As a result of Microsoft's compensation and promotion process, Ms. Muenchow has been paid less than comparable male coworkers in the same position.

59.     Ms. Muenchow believes that Microsoft also disfavors women who take maternity or medical leave, even if it has no impact on their ability to do their job when they are not on leave, thus preventing them from earning top review scores, compensation, or promotions.

**Plaintiff Dana Piermarini**

60.     Plaintiff Piermarini was hired by Microsoft in September of 2006 as a Solutions Specialist in the Sales Division.  Ms. Piermarini has a bachelor's degree in Information Systems with a minor in Computer Science.  In her role as a Solutions Specialist, Ms. Piermarini educates customers on technical aspects of Microsoft products.

61.     During her tenure at Microsoft, Ms. Piermarini has consistently achieved and usually exceeded her performance goals, and made significant contributions to Microsoft's business.

FIRST AMENDED CLASS ACTION COMPLAINT

62.     Despite her strong work performance, Ms. Piermarini has progressed only from a Level 62 to a Level 64 over the course of 9 years.  By contrast, male colleagues in comparable positions have been promoted at faster rates.

63.     For example, after returning from maternity leave in 2010 Microsoft denied Ms. Piermarini a promotion from a Level 63 to a Level 64 despite her performance record. Conversely, a male member of her team who was not a top performer received a mid-year 2010 promotion.

64.     Microsoft eventually promoted Ms. Piermarini to a Level 64 in September 2011, where she has stagnated to the present.

65.     Microsoft has and continues to pass her over for promotions in favor of less qualified and less experienced men.

66.     As a result of Microsoft's compensation and promotion process, Ms. Piermarini has been paid less than comparable male coworkers in the same position.

67.     Ms. Piermarini has observed that women progress more slowly and are treated less favorably at Microsoft.

68.     In or around November 2014, Ms. Piermarini asked her manager where she stood in terms of the next level promotion.  He told her that she needed to take on a "big project". Although this criterion had not been communicated to her previously, nor had it been applied to men who had been promoted in the past, Ms. Piermarini put together a proposal for her manager on her role as lead of a large project.  Although her manager initially expressed support for the role, he refused to provide her any feedback on her proposal.  Several months later, Ms. Piermarini learned through a group email that her manager had assigned the lead role on the project to a male member of the team who was a Level 64 at the time and who has since been promoted to a Level 65.

69.     Ms. Piermarini complained to Microsoft Human Resources that she believed her manager was treating her less favorably because of her gender both in terms of work opportunities and by making demeaning and sexist comments.  For example, he dismissed the fact that she had raised concerns with him about his poor treatment of her as compared to others

**FIRST AMENDED CLASS ACTION COMPLAINT**

by claiming she had gotten emotional during the meeting.  He also singled her out for her child-care responsibilities although they had no impact on her performance and male members of her team were in comparable situations.

70.     Microsoft Human Resources concluded their investigation into Ms. Piermarini's complaints finding that her male manager had done nothing wrong.  This same man remains Ms. Piermarini's manager.  Upon information and belief, after Ms. Piermarini complained to Human Resources, her manager retaliated by soliciting negative and demonstrably false comments about Ms. Piermarini for her 2015 end of the year performance evaluation.  Ms. Piermarini also did not receive a promotion in 2015 and, upon information and belief, was paid a smaller bonus amount in comparison to men performing at or below her level.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

### Intentional Discrimination
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e _et seq._, as amended by the Lilly Ledbetter Fair Pay Act of 2009)**
**(On Behalf of Plaintiffs and the Class)**

71.     Plaintiffs incorporate the preceding paragraphs as alleged above.

72.     This claim is brought by Plaintiffs on behalf of themselves and the Class they seek to represent.  Plaintiff Moussouris has filed a timely charge with the EEOC on behalf of herself and the Class Members.  Plaintiffs Muenchow and Piermarini may piggy-back off the previous filing of Moussouris, because Moussouris's EEOC charge relates to the same claims that Muenchow and Piermarini assert.

73.     Microsoft has engaged in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against its female technical employees.  Microsoft has intentionally discriminated against Plaintiffs and the Class in violation of Title VII by, among other things:

        a.     Utilizing a biased performance rating system;

        b.     Utilizing a biased compensation system;

        c.     Utilizing a biased promotion system; and

d.      Failing to take reasonable and adequate steps to prevent and correct the use of standardless, unvalidated, and/or illegitimate criteria to determine the terms and conditions of employment.

74.      These company-wide policies are intended to and do have the effect of:

a.      Denying Plaintiffs and Class Members business opportunities because of their gender;

b.      Compensating them less because of their gender;

c.      Failing to promote them because of their gender;

d.      Evaluating their performance more negatively because of their gender; and

e.      Providing them with inferior terms and conditions of employment as a result of discriminatory performance measures that systematically disadvantaged them because of their gender.

75.      The discriminatory acts that constitute Microsoft's pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

76.      As a direct result of Microsoft's discriminatory policies and/or practices as described above, Plaintiffs and the Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

77.      The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 42 U.S.C. §§ 2000e *et seq.*

78.      Plaintiffs request relief as hereinafter described.

## SECOND CLAIM FOR RELIEF

### Disparate Impact Discrimination
### (Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., as amended by the Lilly Ledbetter Fair Pay Act of 2009)
### (On Behalf of Plaintiffs and the Class)

79.      Plaintiffs incorporate the preceding paragraphs as alleged above.

80.      This claim is brought by Plaintiffs on behalf of themselves and the Class they seek to represent.  Plaintiff Moussouris has filed a timely charge with the EEOC on behalf of herself and the Class Members.  Plaintiffs Muenchow and Piermarini may piggy-back off the previous

**FIRST AMENDED CLASS ACTION COMPLAINT**

1   filing of Moussouris, because Moussouris's EEOC charge relates to the same claims that

2   Muenchow and Piermarini assert.

3        81.    Microsoft's reliance on illegitimate and unvalidated systems and criteria to

4   evaluate employee performance, set compensation, and select individuals for promotion, and

5   determine other terms and conditions of employment, have an adverse impact on female technical

6   employees in violation of Title VII and are not, and cannot be, justified by business necessity.

7   Even if such system and/or policies could be justified by business necessity, less discriminatory

8   alternatives exist and would equally serve any alleged necessity.

9        82.    Microsoft has maintained these discriminatory policies, patterns, and/or practices

10   both within and outside the liability period in this case.

11        83.    As a direct result of Microsoft's discriminatory policies and/or practices as

12   described above, Plaintiffs and the Class have suffered damages including, but not limited to, lost

13   past and future income, compensation, and benefits.

14        84.    The foregoing policies, patterns, and/or practices have an unlawful disparate

15   impact on women in violation of 42 U.S.C. §§ 2000e *et seq.*

16        85.    Plaintiffs request relief as hereinafter described.

17   **THIRD CLAIM FOR RELIEF**

18   **Intentional Discrimination**
**(Washington Law Against Discrimination, Rev. Code Wash. 49.60.010.** ***et seq.*)**

19   **(On Behalf of Plaintiffs and the Class)**

20        86.    Plaintiffs incorporate the preceding paragraphs as alleged above.

21        87.    This claim is brought by Plaintiffs on behalf of themselves and the Class they seek

22   to represent.

23        88.    Microsoft has engaged in an intentional, company-wide, and systematic

24   policy, pattern, and/or practice of discrimination against its female technical employees.

25   Microsoft has intentionally discriminated against Plaintiffs and the Class in violation of the

26   Washington Law Against Discrimination by, among other things:

27           a.    Utilizing a biased performance rating system;

28           b.    Utilizing a biased compensation system;

**FIRST AMENDED CLASS ACTION COMPLAINT**

1          c.      Utilizing a biased promotion system; and

2          d.      Failing to take reasonable and adequate steps to prevent and correct the use

3 of standardless, unvalidated, and/or illegitimate criteria to determine the terms and conditions of

4 employment.

5        89.     These company-wide policies are intended to and do have the effect of:

6          a.      Denying Plaintiffs and Class Members business opportunities because of

7 their gender;

8          b.      Compensating them less because of their gender;

9          c.      Failing to promote them because of their gender;

10         d.      Evaluating their performance more negatively because of their gender; and

11         e.      Providing them with inferior terms and conditions of employment as a

12 result of discriminatory performance measures that systematically disadvantaged them because of

13 their gender.

14        90.     The discriminatory acts that constitute Microsoft's pattern and/or practice of

15 discrimination have been based in and emanated from within the State of Washington, and have

16 occurred both within and outside the liability period in this case. The discriminatory policies,

17 patterns, and practices have had a discriminatory impact on the female employees of Microsoft

18 nationwide.

19        91.     As a direct result of Microsoft's discriminatory policies and/or practices as

20 described above, Plaintiffs and the Class have suffered damages including, but not limited to, lost

21 past and future income, compensation, and benefits.

22        92.     The foregoing conduct constitutes illegal, intentional discrimination and

23 unjustified disparate treatment prohibited by the Washington Law Against Discrimination, Rev.

24 Code Wash. 49.60.010. *et seq*.

25        93.     Plaintiffs request relief as hereinafter described.

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1278300.5

1

2

3

### FOURTH CLAIM FOR RELIEF

### Disparate Impact Discrimination
### (Washington Law Against Discrimination, Rev. Code Wash. 49.60.010. *et seq.*)
### (On Behalf of Plaintiffs and the Class)

4
94.    Plaintiffs incorporate the preceding paragraphs as alleged above.

5

6
95.    This claim is brought by Plaintiffs on behalf of themselves and the Class they seek to represent.

7

8

9

10

11

12

13
96.    Microsoft's reliance on illegitimate and unvalidated systems and criteria to evaluate employee performance, set compensation, and select individuals for promotion, and determine other terms and conditions of employment, have an adverse impact on female technical employees in violation of the Washington Law Against Discrimination and are not, and cannot be, justified by business necessity. Even if such system and/or policies could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.

14

15

16

17
97.    Microsoft has maintained these discriminatory policies, patterns, and/or practices arising in and/or emanating from within the State of Washington, both within and outside the liability period in this case.  The discriminatory policies, patterns, and practices have had a discriminatory impact on the female employees of Microsoft nationwide.

18

19

20
98.    As a direct result of Microsoft's discriminatory policies and/or practices as described above, Plaintiffs and the Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

21

22

23
99.    The foregoing policies, patterns, and/or practices have an unlawful disparate impact on women in violation of the Washington Law Against Discrimination, Rev. Code Wash. 49.60.010. *et seq*.

24
100.    Plaintiffs request relief as hereinafter described.

25

26

27

28

**FIRST AMENDED CLASS ACTION COMPLAINT**

**FIFTH CLAIM FOR RELIEF**

**Retaliation**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*)**
**(On Behalf of Plaintiffs Moussouris and Piermarini Individually)**

101.     Plaintiffs Moussouris and Piermarini incorporate the preceding paragraphs as alleged above.

102.     This claim is brought by Plaintiffs Moussouris and Piermarini individually. Plaintiff Moussouris has timely filed a charge with the EEOC alleging individual and class retaliation claims and has thus exhausted her administrative remedies.  Plaintiff Piermarini may piggy-back off the previous filing of Moussouris, because Moussouris's EEOC charge relates to the same claims that Piermarini asserts.

103.     Plaintiffs Moussouris and Piermarini engaged in protected activities, including making internal complaints of unlawful discrimination and filing charges with the EEOC complaining of Microsoft's discriminatory policies and practices.

104.     Microsoft took adverse actions against Plaintiffs Moussouris and Piermarini with the purpose of retaliating against them because of their participation in protected activities, and Plaintiffs Moussouris and Piermarini suffered damages as a result of that conduct.

105.     Plaintiffs Moussouris and Piermarini request relief as hereinafter described.

**SIXTH CLAIM FOR RELIEF**

**Retaliation**
**(Washington Law Against Discrimination, Rev. Code Wash. 49.60.010. *et seq.*)**
**(On Behalf of Plaintiff Moussouris Individually)**

106.     Plaintiff Moussouris incorporates the preceding paragraphs as alleged above.

107.     This claim is brought by Plaintiff Moussouris individually.

108.     Plaintiff Moussouris engaged in protected activities, including making internal complaints of unlawful discrimination and filing charges with the EEOC complaining of Microsoft's discriminatory policies and practices.

109.     Microsoft took adverse actions against Plaintiff Moussouris with the purpose of retaliating against her because of her participation in protected activities during the liability

FIRST AMENDED CLASS ACTION COMPLAINT

1278300.5

1    period in the State of Washington, and Plaintiff Moussouris suffered damages in the State of

2    Washington as a result of that conduct.

3        110.    Plaintiff Moussouris requests relief as hereinafter described.

4                            **PRAYER FOR RELIEF**

5        111.    WHEREFORE, Plaintiffs and the Class pray for relief as follows:

6            a.    Certification of the case as a class action on behalf of the proposed Class;

7            b.    Designation of Representative Plaintiffs Moussouris, Muenchow, and

8    Piermarini as representatives of the Class;

9            c.    Designation of Representative Plaintiffs' counsel of record as Class

10   Counsel for the Class;

11           d.    A declaratory judgment that the practices complained of herein are

12   unlawful and violate 42 U.S.C. §§ 2000e, *et seq.*; and the Washington Law Against

13   Discrimination, Rev. Code Wash. 49.60.010. *et seq.*;

14           e.    A preliminary and permanent injunction against Microsoft and its officers,

15   agents, successors, employees, representatives, and any and all persons acting in concert with

16   them, from engaging in policies, patterns, and/or practices that discriminate against Plaintiffs or

17   the Class because of their gender or participation in this lawsuit;

18           f.    An order that Microsoft institute and carry out policies, practices, and

19   programs that provide equal employment opportunities for all employees regardless of gender,

20   and that it eradicate the effects of their past and present unlawful employment practices;

21           g.    An order requiring Microsoft to develop and institute accurate and

22   validated standards for evaluating performance, determining pay, and making promotion

23   decisions;

24           h.    An order appointing a monitor to ensure that Microsoft complies with the

25   injunction provisions of any decree that the Court orders;

26           i.    An order retaining jurisdiction over this action to ensure that Microsoft

27   complies with such a decree;

28

**FIRST AMENDED CLASS ACTION COMPLAINT**

1278300.5

1                   j.       An order restoring Plaintiff Moussouris and Class Members to their

2  rightful positions at Microsoft (*i.e.*, reinstatement), or in lieu of reinstatements, an order for front

3  pay benefits;

4                   k.       Back pay (including interest and benefits) for the Representative Plaintiffs

5  and Class Members;

6                   l.       All damages sustained as a result of Microsoft's conduct, including

7  damages for emotional distress, humiliation, embarrassment, and anguish, according to proof;

8                   m.       Exemplary and punitive damages in an amount commensurate with

9  Microsoft's ability to pay and to deter future conduct;

10                 n.       Costs incurred herein, including reasonable attorneys' fees to the extent

11  allowable by law;

12                 o.       Pre-judgment and post-judgment interest, as provided by law; and

13                 p.       Such other and further legal and equitable relief as this Court deems

14  necessary, just, and proper.

### JURY DEMAND

16     112.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

17  a trial by jury in this action.

Respectfully submitted,

Dated:  October  27, 2015

By: _____

Sharon M. Lee (Wash. Bar No. 37170)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
2101 Fourth Avenue, Suite 1900
Seattle, Washington 98121
Telephone:  (206) 739-9059
Facsimile:  (415) 956-1008
E-Mail: slee@lchb.com

FIRST AMENDED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kelly M. Dermody (admitted *pro hac vice*)
Anne B. Shaver (admitted *pro hac vice*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: ashaver@lchb.com

Adam T. Klein (*pro hac vice forthcoming*)
Cara E. Greene (*pro hac vice forthcoming*)
Ossai Miazad (*pro hac vice forthcoming*)
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005
E-Mail: ATK@outtengolden.com
E-Mail: CEG@outtengolden.com
E-Mail: OM@outtengolden.com

Jahan C. Sagafi (*pro hac vice forthcoming*)
Katrina L. Eiland (*pro hac vice forthcoming*)
**OUTTEN & GOLDEN LLP**
One Embarcadero Center, 38th Floor
San Francisco, California 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810
E-Mail: jsagafi@outtengolden.com
E-Mail: keiland@outtengolden.com

*Attorneys for Plaintiffs and the proposed Class*

FIRST AMENDED CLASS ACTION COMPLAINT

1278300.5