# Exhibit B

The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| KATHERINE MOUSSOURIS, HOLLY MUENCHOW, and DANA PIERMARINI, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No. 2:15-cv-01483-JLR<br><br>**DEFENDANT MICROSOFT CORPORATION'S RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:      KATHERINE MOUSSOURIS, HOLLY MUENCHOW, and DANA PIERMARINI on behalf of themselves and a class of those similarly situated

RESPONDING PARTY:       MICROSOFT CORPORATION

SET NO.:                One

Pursuant to Federal Civil Procedure Rule 34, Defendant Microsoft Corporation ("Microsoft") responds to Plaintiffs' First Set of Requests for Production of Documents ("Requests") as follows:

## PRELIMINARY STATEMENT

Microsoft has not completed its investigation of the facts related to this case and its responses are, therefore, of a preliminary nature. Further discovery, investigation and research

DEFENDANT MICROSOFT CORPORATION'S
RESPONSE TO FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS 2:15-CV-01483-JLR

1

may produce additional relevant facts that may lead to changes in the responses set forth below. Although these responses are complete to the best of Microsoft's knowledge, these responses are given without prejudice to Microsoft's right to amend its objections and responses or to produce additional relevant evidence that may come to light regarding the issues raised in this lawsuit. Nothing contained in these responses shall in any way limit Microsoft's ability to make all uses at trial or otherwise of the information or documents referenced herein or of any subsequently discovered information or documents or of information or documents omitted from these responses as a result of good faith oversight, error, or mistake.

Microsoft and the plaintiffs are currently in the process of completing negotiations to finalize an ESI protocol. Microsoft may supplement these objections based on the parameters of the ESI protocol.

For the reasons set forth in Microsoft's pending Motion to Dismiss, Microsoft's productions are limited to information dated from September 16, 2012 until the date of the complaint.

To date, Microsoft and Plaintiffs have not discussed production of specific custodian data in response to pre-class certification. The parties have agreed to meet and confer regarding custodian sources and that any agreement regarding custodian sources will be made in writing. Such written agreement will be incorporated by reference into these objections. If such production is requested, and the parties are unable to reach an agreement regarding custodians, Microsoft may supplement these objections to reflect any objection regarding over broad custodian source requests.

To date, Microsoft and Plaintiffs have not discussed the use of search terms for the production of information in response to pre-class certification. The parties have agreed to meet and confer regarding search terms and that any agreement regarding search terms will be made in writing. Such written agreement will be incorporated by reference into these objections. If the parties are unable to reach agreement on search terms, if such terms are required, Microsoft may supplement these objections to reflect search terms used.

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF          2
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

Microsoft maintains multiple databases that contain data related to pay, performance, and promotions. To avoid redundancy, Microsoft's production will include the following non-custodian data sources:

- MS People
- Manage Rewards Tool ("MRT")
- Performance at Microsoft
- Promotions at Microsoft
- Non-Review Promotions ("NRP") Tool

Data production from these databases will limited to the fields negotiated by the parties. If agreement is not reached, Microsoft will supplement these objections regarding over broad requests of redundant or non-responsive data fields. Microsoft will not produce redundant data from other databases. For instance, the relevant data contained in its Leave of Absence ("LOA") tool is also contained in MS People, therefore, Microsoft will not produce the redundant data from the LOA tool. Microsoft also agrees to provide declarations from persons most knowledgeable regarding each of the databases listed above describing what each database contains.

Microsoft also agrees to produce responsive and relevant policies, procedures, and forms from HR Web, its human resources intranet that is accessible only to Microsoft employees.

Microsoft's production (specifically, for Microsoft's responses to RFP Nos. 3-5, 7-8, 14, 16, 18 and 23) is limited to information regarding the named Plaintiffs (Katherine Moussouris, Dana Piermarini, and Holly Muenchow) and employees with the same job titles as the named Plaintiffs who report or reported up to the named plaintiffs' third level manager (i.e., two levels above the direct manager) for the time period September 16, 2012 to the present. Microsoft's production does not include documents and data regarding the entire class as pled in the complaint. Microsoft agrees to produce documents and data for this group of employees to provide a good faith response to these requests before the Motion to Dismiss is decided, however Microsoft is not conceding that these individuals are proper comparators

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

3

to the named Plaintiffs.

Microsoft estimates that pre-class certification discovery productions will begin in January 2016 and will be complete 45 days following the Court's decision on its pending Motion to Dismiss (or filing of a Second Amended Complaint if so ordered by the Court). The privilege log shall be produced no later than 30 days prior the date agreed upon for the close of pre-class certification discovery. This estimate is based on current negotiations with Plaintiffs regarding discovery. If Plaintiffs seek additional data sources or the scope of the anticipated discovery otherwise changes, Microsoft will supplement these objections with a revised estimated production schedule.

These responses are made solely for this action are subject to all objections as to competence, authenticity, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would or could require or permit the exclusion of any document or statement therein from evidence, all of which objections and grounds are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended by these responses. The fact that Microsoft has responded or objected to any request or part thereof shall not be deemed an admission that Microsoft accepts or admits the existence of any facts set forth or assumed by such request. Nor shall Microsoft's responses or objections be deemed an admission that any statement or characterization in any request is accurate or complete, or that any particular document exists, is relevant, or is admissible in evidence.

Subject to its objections and responses, Microsoft will produce copies of documents it agrees to produce for inspection and/or copying at a reasonable, mutually agreed upon date and/or location.

## OBJECTIONS TO SPECIFIC DEFINITIONS

1.      Microsoft objects to Plaintiffs' definitions of "DEFENDANT" "YOU" and "YOUR" as vague, ambiguous, overbroad, unduly burdensome and oppressive, and not relevant to any party's claim or defense, to the extent that these terms include Microsoft's

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

4

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

parents, subsidiaries, predecessors, divisions, branches, departments, successors, acquirers, and/or otherwise affiliated entities, and all former and/or current partners, members, shareholders, directors, officers, employees, attorneys, representatives, agents, independent contractors, and/or any of their agents. Microsoft further objects to these definitions to the extent they call for a legal conclusion as to who Microsoft's agents are. Microsoft's production is limited to information in the custody, control and possession of Microsoft Corporation.

2.      Microsoft objects to Plaintiffs' definition of "TECHNICAL EMPLOYEE" as vague, ambiguous and overbroad in that the definition is imprecise, arbitrary, unascertainable and requires subjective judgment to determine which employees meet Plaintiffs' proposed definition. Microsoft will not engage in such subjective judgment or produce documents related to such an imprecise, arbitrary and unascertainable class until the Court has ruled on Microsoft's pending Motion to Dismiss as to whether Plaintiffs' proposed class definition should be stricken or amended. If Microsoft's motion is granted and Plaintiffs amend their class definition, Microsoft reserves the right to supplement any additional objections based on the Plaintiffs' amended class definition. Microsoft's production is limited to information regarding the named Plaintiffs (Katherine Moussouris, Dana Piermarini, and Holly Muenchow) and employees with the same job titles as the named Plaintiffs who report or reported up to the named plaintiffs' third level manager (i.e., two levels above the direct manager) for the time period September 16, 2012 to the present.

3.      Microsoft also objects to Plaintiffs' request for "all" documents in Request Nos. 1-3, 6-25, and 27-30 as unduly burdensome and because it seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present) and documents related to claims that Plaintiffs have not asserted. For the reasons stated in the objection to the term "TECHNICAL EMPLOYEES," Microsoft's production is limited to information regarding the named Plaintiffs (Katherine Moussouris, Dana Piermarini, and Holly Muenchow) and employees with the same job titles

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF          5
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

as the named Plaintiffs who report or reported up to the named plaintiffs' third level manager (i.e., two levels above the direct manager) for the time period September 16, 2012 to the present. Furthermore, Microsoft will not produce or attempt to search for "all documents" but instead will produce targeted documents as described in each RFP response.

**RESPONSES TO REQUESTS FOR PRODUCTION**

Subject to and without waiving any of the foregoing Objections, and incorporating each of them by this reference into each response below, Microsoft responds to Plaintiffs' individual requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that REFER OR RELATE TO the NAMED PLAINTIFFS, including, but not limited to, their entire personnel files, performance reviews, Human Resources files, any DOCUMENTS DEFENDANT provided to any administrative agency in relation to a charge of discrimination filed by any Plaintiff, any documents containing information AND data used as the basis for the documents DEFENDANT provided to any administrative agency, AND any communication used in analyzing the data and preparing the DOCUMENTS DEFENDANT provided to any administrative agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the phrases "performance reviews" and "Human Resources files." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present) and documents

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

6

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

related to claims that Plaintiffs have not asserted. Microsoft further objects to this request to because it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further incorporates its ESI objections and objections to the definitions of "DEFENDANT" and "REFER OR RELATE TO."

Subject to and without waiving any of its objections, Microsoft responds:

After conducting a reasonably diligent search, Microsoft will produce what it deems to be the named Plaintiffs' (Katherine Moussouris, Holly Muenchow, and Dana Piermarini) personnel files, performance reviews, mid-year check-ins, individual results reports, compensation history, training transcripts, job histories, review audit reports, and time and absence reports. Microsoft will also produce the position statement it provided to the EEOC in response to Plaintiff Moussouris's charge, as well as all documents referenced therein.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS identifying, describing, AND/OR listing the various offices, regions, units, OR divisions within DEFENDANT, including but not limited to organizational charts, lists of DEFENDANT'S office locations, AND telephone OR e-mail lists OR directories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "describing," "offices," "regions," "units," "divisions," "organizational charts," and "directories." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF           7
DOCUMENTS 2:15-CV-01483-JLR

relevant time period (which is limited to September 16, 2012 to present) and documents related to employees not similarly situated to Plaintiffs, more specifically, it encompasses every Microsoft employee in the United States. To the extent that Plaintiffs consider this request relevant and sufficiently limited to their purported class of "technical employees," Defendant further objects because the class definition is imprecise, arbitrary, unascertainable and requires subjective judgment to determine which employees meet Plaintiffs' proposed definition. Microsoft will not engage in such subjective judgment or produce documents related to such an imprecise, arbitrary and unascertainable class until the Court has ruled on Microsoft's pending Motion to Dismiss as to whether Plaintiffs' proposed class definition should be stricken or amended. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further incorporates its objections to the definition of "DEFENDANT."

Subject to and without waiving any of its objections, Microsoft responds:

After conducting a reasonably diligent search, Microsoft will produce what it deems to be organizational charts in its possession, custody or control that are sufficient to show the reporting relationships for the named Plaintiffs during the relevant statutory period of September 16, 2012 through the present. Microsoft will also produce data from MS People reflecting office locations for the named Plaintiffs and employees with the same job titles as the named Plaintiffs who report or reported up to the named Plaintiffs' third level manager (i.e., two levels above the direct manager) for the time period September 16, 2012 to the present. Microsoft also directs Plaintiffs to its website at http://www.microsoft.com/about/companyinformation/usaoffices/en/us/default.aspx.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, including but not limited to organizational charts, showing reporting relationships among TECHNICAL EMPLOYEES, including, if available, the job title, department/division, group, product team, AND/OR internal level code (e.g., Level 61, 62, etc.) of each INDIVIDUAL in each reporting relationship.

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF            8
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the phrases "organizational charts," "reporting relationships," "department/division," "group," and "product team." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to the phrase "TECHNICAL EMPLOYEE" as vague, ambiguous and overbroad in that the definition is imprecise, arbitrary, unascertainable and requires subjective judgment to determine which employees meet Plaintiffs' proposed definition. Microsoft will not engage in such subjective judgment or produce documents related to such an imprecise, arbitrary and unascertainable class until the Court has ruled on Microsoft's pending Motion to Dismiss as to whether Plaintiffs' proposed class definition should be stricken or amended. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present) and documents related to employees not similarly situated to Plaintiffs. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order.

Subject to and without waiving any of its objections, Microsoft responds:

After conducting a reasonably diligent search, Microsoft will produce what it deems to be organizational charts in its possession, custody or control that are sufficient to show the reporting relationships for the named Plaintiffs during the relevant statutory period of September 16, 2012 through the present. Microsoft will also produce data from MS People reflecting reporting relationships for the named Plaintiffs and employees with the same job titles as the named Plaintiffs who report or reported up to the named Plaintiffs' third level manager (i.e., two levels above the direct manager) for the time period September 16, 2012 to the present.

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

9

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS reflecting the year each TECHNICAL EMPLOYEE at the Principal Level OR above was promoted to his OR her position AND the gender of each INDIVIDUAL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Microsoft objects to the phrase "TECHNICAL EMPLOYEE" as vague, ambiguous and overbroad in that the definition is imprecise, arbitrary, unascertainable and requires subjective judgment to determine which employees meet Plaintiffs' proposed definition. Microsoft will not engage in such subjective judgment or produce documents related to such an imprecise, arbitrary and unascertainable class until the Court has ruled on Microsoft's pending Motion to Dismiss as to whether Plaintiffs' proposed class definition should be stricken or amended. Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present) and documents related to employees not similarly situated to Plaintiffs. Microsoft further objects to this request to the extent it seeks information protected by the privacy rights of third parties. Microsoft further objects to this request on the grounds that it is premature and seeks information that relates solely to the merits of the putative class claims in this action, and thus, is beyond the permissible scope of discovery at this stage of the litigation. Microsoft further incorporates its ESI objections.

**REQUEST FOR PRODUCTION NO. 5:**

COMPUTER-READABLE FORMAT databases AND reports containing personnel, payroll, AND gender data for DEFENDANT'S TECHNICAL EMPLOYEES. Data should include payroll AND/OR personnel masterfiles showing: names; addresses; telephone numbers; email addresses; gender; dates of hire; job title(s); department/division categories; group categories; product team categories; salary/wage rates; commissions; bonuses; stock

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

10

option award data (including date of award, number of shares awarded, exercise price, AND vesting schedule); deferred compensation; benefits; full-time/part-time/flex-time/telecommute status; maternity leave status; hours; internal level codes; performance evaluation scores; ranking scores; calibration information; office locations; termination codes; AND other information fields compiled for Microsoft's personnel AND/OR payroll functions along with documentation AND codes necessary for interpretation, including but not limited to data confirmation reports AND/OR data dictionaries to the extent they exist.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Based on ongoing meet and confer discussions between the parties and the email Microsoft received from Plaintiffs' counsel on December 22, 2015 at 7:12 p.m., Microsoft understands that this request now seeks the following:

COMPUTER-READABLE FORMAT databases exported in raw format in a linkable, relational format such as SQL or equivalent with data dictionaries and/or or internal documentation describing the fields/outputs containing the following: personnel, payroll, AND gender data for DEFENDANT'S TECHNICAL EMPLOYEES (defined as those working in the United States outside of the retail stores, human resources, or legal department). Data should include payroll AND/OR personnel masterfiles showing: names; addresses; telephone numbers; email addresses; gender; dates of hire; prior job history; educational degrees or history; job title(s); department/division categories; group categories; product team categories; salary/wage rates; commissions; bonuses; stock option award data; deferred compensation; compensation-related benefits; full-time/part-time/flex-time/telecommute status; maternity leave or other LOA status; exempt or non-exempt classification; internal level codes; performance evaluation information, including raw performance scores, composite scores, performance ranking, rounds of scores or ranking, or changes in scores or ranking, and calibration based scores; promotion information, including promotion ratings, inputs, recommendations, or other data utilized to make or document promotions or promotable candidates; office locations; termination codes; AND other information fields compiled for

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

11

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

Microsoft's personnel AND/OR payroll functions, including calculated fields, to the extent used for performance rating, compensation, AND/OR promotion.

Microsoft objects to this updated request on the grounds that it is vague and ambiguous, including but not limited to the terms "personnel," "payroll," "masterfiles," and the phrases "raw format," "linkable, relational format," "data dictionaries," "department/division categories," "group categories," "product team categories," "deferred compensation," "compensation-related benefits," "internal level codes," "performance evaluation information," "raw performance scores," "composite scores," "performance ranking," "rounds of scores or ranking," "calibration based scores," "promotion information," "promotion ratings," "inputs," "recommendations," "promotable candidates," "termination codes," and "calculated fields." Microsoft further objects to the phrase "TECHNICAL EMPLOYEE" as vague, ambiguous and overbroad in that the definition is imprecise, arbitrary, unascertainable and requires subjective judgment to determine which employees meet Plaintiffs' proposed definition. Microsoft will not engage in such subjective judgment or produce documents related to such an imprecise, arbitrary and unascertainable class until the Court has ruled on Microsoft's pending Motion to Dismiss as to whether Plaintiffs' proposed class definition should be stricken or amended. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including data beyond the relevant time period (which is limited to September 16, 2012 to present), data related to employees not similarly situated to Plaintiffs, and data that is outside the scope of the parties' claims and defenses, including but not limited to, data related to "stock option award data"; "compensation-related benefits"; "exempt or non-exempt classification"; "termination codes"; and "other information fields compiled for Microsoft's personnel AND/OR payroll functions." Microsoft further objects to this request as overbroad, unduly burdensome, and oppressive to the extent it seeks entire databases that include data beyond the data points set forth in the request. In that regard the request also fails to describe the data sought with reasonable particularity as required by Rule

34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further objects to this request to the extent it seeks information protected by the privacy rights of third parties. Microsoft further incorporates its ESI objections.

Subject to and without waiving any of its objections, Microsoft responds:

Microsoft agrees to produce what it deems to be data dictionaries and/or internal documentation describing the fields/outputs, to the extent such documents exist, for the following databases: "MS People," Manage Rewards Tool ("MRT"), "Performance at Microsoft," "Promotions at Microsoft," and the Non-Review Promotions ("NRP") Tool. Microsoft also agrees to provide declarations from persons most knowledgeable regarding each database describing what each database contains. Microsoft then agrees to meet and confer regarding the relevant and responsive data points in each database. Once the data points are agreed upon by the parties, Microsoft will produce the agreed-upon data for the named plaintiffs and employees with the same job titles as the named Plaintiffs and who report or reported up to the named plaintiffs' third level manager (i.e., two levels above the direct manager) for the time period September 16, 2012 to the present. Microsoft agrees to produce data for this group of employees to provide a good faith response to this request before the Motion to Dismiss is decided, however Microsoft is not conceding that these individuals are proper comparators to the named Plaintiffs.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING OR REFERRING TO the representation rates of employees, by gender, in positions with DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the term "positions" and the phrase "representation rates." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF          13
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

Procedure. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including information beyond the relevant time period (which is limited to September 16, 2012 to present), and information related to employees not similarly situated to Plaintiffs, more specifically, it encompasses every Microsoft employee in the United States. Microsoft further objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further incorporates its ESI objections and its objections to the definitions of "DEFENDANT" and "REFERRING OR RELATING TO."

Subject to and without waiving any of its objections, Microsoft responds:

After conducting a reasonably diligent search, Microsoft will produce non-privileged, publicly available documents that exist reflecting the representation rates of Microsoft employees by gender within its possession, custody or control during the relevant statutory period of September 16, 2012 through the present.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that REFER OR RELATE TO compensation plans, AND methods OR procedures for determining the compensation of TECHNICAL EMPLOYEES in every year during the RELEVANT TIME PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "methods" and "procedures" and the phrase "compensation plans." Microsoft further objects to the term "DOCUMENTS" to the extent it

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF          14
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to the phrase "TECHNICAL EMPLOYEE" as vague, ambiguous and overbroad in that the definition is imprecise, arbitrary, unascertainable and requires subjective judgment to determine which employees meet Plaintiffs' proposed definition. Microsoft will not engage in such subjective judgment or produce documents related to such an imprecise, arbitrary and unascertainable class until the Court has ruled on Microsoft's pending Motion to Dismiss as to whether Plaintiffs' proposed class definition should be stricken or amended. Microsoft further objects to Plaintiffs' definition of "RELEVANT TIME PERIOD" as overbroad in that it includes documents and information beyond the scope of the applicable statute of limitations under Title VII and Washington Law Against Discrimination. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present) and documents related to employees not similarly situated to Plaintiffs. Microsoft further objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further incorporates its ESI objections.

Subject to and without waiving any of its objections, Microsoft responds:

After conducting a reasonably diligent search, Microsoft will produce its compensation plans that applied to the named Plaintiffs and employees with the same job titles as the named Plaintiffs who report or reported up to the named Plaintiffs' third level manager (i.e., two levels above the direct manager) for the time period September 16, 2012 to the present.

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

15

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

**REQUEST FOR PRODUCTION NO. 8:**

All standardized human relations AND/OR employment relations forms, including but not limited to application, payroll, AND performance evaluation forms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "forms," "application," "payroll," and "standardized" and the phrases "human relations," "employment relations" and "performance evaluation." Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present), documents related to employees not similarly situated to Plaintiffs (more specifically, it encompasses every Microsoft employee in the United States), and documents that are outside the scope of the parties' claims and defenses to the extent it seeks every single standardized application form, payroll form, and all other human relations and employment relations forms that Microsoft has used for all employees in the United States since January 1, 2008. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.

Subject to and without waiving any of its objections, Microsoft responds:

After conducting a reasonably diligent search, Microsoft will produce what it deems to be standardized performance evaluation forms that applied to the named Plaintiffs and employees with the same job titles as the named Plaintiffs who report or reported up to the named Plaintiffs' third level manager (i.e., two levels above the direct manager) for the time period September 16, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that REFER OR RELATE TO POLICIES, procedures, guidelines, OR instructions regarding wage/salary compensation, commission compensation, stock option

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF          16
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

compensation, AND/OR bonuses; maternity leave; objective job assignments (including but not limited to department/division, group, product team, AND/OR client assignments); office assignments; training; mentoring; AND/OR other terms AND conditions of employment, including but not limited to employee handbooks, personnel POLICY handbooks, manuals, AND/OR guidelines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "procedures," "guidelines," "training" and "mentoring" and the phrases "objective job assignments" and "office assignments." Microsoft further objects to the term "POLICIES" as unintelligible to the extent it encompasses "each common understanding or course of conduct that was recognized as such." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present), documents related to employees not similarly situated to Plaintiffs (specifically, all Microsoft employees in the United States), and documents that are outside the scope of the parties' claims and defenses, including but not limited to, all policies, procedures, guidelines, and instructions related to job assignments and office assignments for all employees in the United States. Microsoft further objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

17

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

information.  Microsoft will not produce such documents in the absence of a protective order. Microsoft further incorporates its ESI objections.

Subject to and without waiving any of its objections, Microsoft responds:

After conducting a reasonably diligent search, Microsoft will produce versions of what it deems to be its standardized policies and procedures for equal employment opportunity, anti-discrimination, anti-retaliation, workplace conduct, diversity and inclusion, compensation, maternity leaves, performance review/management, career development, and the Company's open door policy for the relevant statutory period of September 16, 2012 through the present.

**REQUEST FOR PRODUCTION NO. 10 [LISTED BY PLAINTIFFS AS RFP "6"]:**

All DOCUMENTS OR CORRESPONDENCE RELATED TO all gender-related statistical audits, analyses, STUDIES, OR reports regarding compensation, promotion, performance evaluations, AND/OR job OR work assignments for TECHNICAL EMPLOYEES that DEFENDANT has performed, including but not limited to the underlying data for such audits, analyses, STUDIES, OR reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "analyses," "reports," and "performed" and the phrases "performance evaluations" and "job or work assignments."  Microsoft further objects to the term "DOCUMENTS" and "CORRESPONDENCE" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure.  Microsoft further objects to the term "STUDIES" as vague, ambiguous, overbroad and unintelligible in that it encompasses "all written or printed submissions of information." Microsoft further objects to the phrase "TECHNICAL EMPLOYEE" as vague, ambiguous and overbroad in that the definition is imprecise, arbitrary, unascertainable and requires subjective judgment to determine which employees meet Plaintiffs' proposed definition.  Microsoft will not engage in such subjective judgment or produce documents related to such an imprecise, arbitrary and unascertainable class until the Court has ruled on Microsoft's pending Motion to Dismiss as to whether Plaintiffs proposed class definition should be stricken or amended.

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

18

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present), documents related to employees not similarly situated to Plaintiffs, and documents that are outside the scope of the parties' claims and defenses, including but not limited to, documents related to job or work assignments. Microsoft further objects to this request because it seeks analyses protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further incorporates its ESI objections and its objections to the definition of "DEFENDANT."

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that REFER OR RELATE TO the professional training of TECHNICAL EMPLOYEES, including but not limited to POLICIES, training materials, videotapes, handbooks, AND/OR records of attendance, including DOCUMENTS for training on equal employment opportunity or harassment, diversity, people management, maternity leave, compensation, promotion, and performance evaluation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the term "diversity" and the phrases "professional training" and "people management." Microsoft further objects to the term "POLICIES" as unintelligible to the extent it encompasses "each common understanding or course of conduct that was recognized as such." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

19

Federal Rules of Civil Procedure. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to the phrase "TECHNICAL EMPLOYEE" as vague, ambiguous and overbroad in that the definition is imprecise, arbitrary, unascertainable and requires subjective judgment to determine which employees meet Plaintiffs' proposed definition. Microsoft will not engage in such subjective judgment or produce documents related to such an imprecise, arbitrary and unascertainable class until the Court has ruled on Microsoft's pending Motion to Dismiss as to whether Plaintiffs proposed class definition should be stricken or amended. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present), documents related to employees not similarly situated to Plaintiffs, and documents that are outside the scope of the parties' claims and defenses, including but not limited to, documents related to harassment as well as training on subjects beyond those enumerated in the request. Microsoft further objects to this request because it seeks trainings protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further incorporates its ESI objections.

Subject to and without waiving any of its objections, Microsoft responds:

After conducting a reasonably diligent search, Microsoft will produce non-privileged training materials used in trainings on equal employment opportunity, anti-discrimination/retaliation, diversity and inclusion, people management, maternity leave, compensation, promotion, and performance evaluation. Microsoft will also produce the training histories for the named Plaintiffs.

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF        20
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

**REQUEST FOR PRODUCTION NO. 12 [LISTED BY PLAINTIFFS AS RFP "7"]:**

All DOCUMENTS that REFER OR RELATE to hiring AND/OR retention plans, AND/OR methods OR procedures for determining the hiring AND/OR retention of female TECHNICAL EMPLOYEES, including gender data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "methods" and "procedures" and the phrase "retention plans." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to the phrase "TECHNICAL EMPLOYEE" as vague, ambiguous and overbroad in that the definition is imprecise, arbitrary, unascertainable and requires subjective judgment to determine which employees meet Plaintiffs' proposed definition. Microsoft will not engage in such subjective judgment or produce documents related to such an imprecise, arbitrary and unascertainable class until the Court has ruled on Microsoft's pending Motion to Dismiss as to whether Plaintiffs proposed class definition should be stricken or amended. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present), documents related to employees not similarly situated to Plaintiffs, and documents that are outside the scope of the parties' claims and defenses, including but not limited to, Microsoft's hiring practices. Microsoft further objects to this request on the ground that it is uncertain as to time. Microsoft further objects to this request to the extent that it seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF       21
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

to present) and documents related to employees not similarly situated to Plaintiffs. Microsoft further objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further incorporates its ESI objections.

Subject to and without waiving any of its objections, Microsoft responds:

After conducting a reasonably diligent search, Microsoft will produce documents sufficient to reflect Microsoft's efforts made at the corporate level (as opposed to individual efforts made by managers and other employees at the local level) to retain women employees.

**REQUEST FOR PRODUCTION NO. 13 [LISTED BY PLAINTIFFS AS RFP "8"]:**

All DOCUMENTS that REFER OR RELATE to POLICIES AND procedures for determining the level (e.g., Level 61, 62, etc.) for incoming (e.g., newly hired) employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the term "procedures." Microsoft further objects to the term "POLICIES" as unintelligible to the extent it encompasses "each common understanding or course of conduct that was recognized as such." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present), documents related to employees not similarly situated to Plaintiffs (more specifically, it

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

22

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

encompasses every Microsoft employee in the United States), and documents that are outside the scope of the parties' claims and defenses, including but not limited to, documents related to hiring practices. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further incorporates its ESI objections.

Subject to and without waiving any of its objections, Microsoft responds:

After conducting a reasonably diligent search, Microsoft responds that no such documents exist in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14 [LISTED BY PLAINTIFFS AS RFP "9"]:**

All DOCUMENTS that REFER OR RELATE TO the POLICIES, procedures, guidelines, AND/OR instructions for conducting performance reviews OR evaluations of TECHNICAL EMPLOYEES, including but not limited to DOCUMENTS REFERRING OR RELATING to the "stack ranking" system, "internal impact" metric, "calibration" process, AND/OR "connect" meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "guidelines" and "evaluations," and the phrases "performance reviews," "stack ranking," and "internal impact." Microsoft further objects to the term "POLICIES" as unintelligible to the extent it encompasses "each common understanding or course of conduct that was recognized as such." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to the phrase "TECHNICAL EMPLOYEE" as vague, ambiguous and overbroad in that the definition is imprecise, arbitrary, unascertainable and requires subjective judgment to determine which employees meet Plaintiffs' proposed definition. Microsoft will not engage in such subjective judgment or produce documents related to such an imprecise, arbitrary and unascertainable class until the Court has ruled on Microsoft's pending Motion to Dismiss as to

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

23

whether Plaintiffs proposed class definition should be stricken or amended. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present) and documents related to employees not similarly situated to Plaintiffs (specifically, it encompasses every Microsoft employee in the United States). Microsoft further objects to this request because it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further incorporates its ESI objections.

Subject to and without waiving any of its objections, Microsoft responds:

After conducting a reasonably diligent search, Microsoft will produce what it deems to be its performance evaluation policies and procedures that applied to the named Plaintiffs and employees with the same job titles as the named Plaintiffs who report or reported up to the named Plaintiffs' third level manager (i.e., two levels above the direct manager) for the time period September 16, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 15 [LISTED BY PLAINTIFFS AS RFP "10"]:**

All DOCUMENTS REFERRING OR RELATING guidelines, standards, instructions, AND/OR POLICIES regarding performance reviews OR evaluations conducted of TECHNICAL EMPLOYEES, including but not limited to DOCUMENTS reflecting the standards by which the performance of TECHNICAL EMPLOYEES is evaluated, rated, ranked, AND/OR analyzed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "guidelines," "standards," "evaluations," "rated," "ranked" and "analyzed" and the phrase "performance reviews." Microsoft further objects to the term "POLICIES" as unintelligible to the extent it encompasses "each common understanding or course of conduct that was recognized as such." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to the phrase "TECHNICAL EMPLOYEE" as vague, ambiguous and overbroad in that the definition is imprecise, arbitrary, unascertainable and requires subjective judgment to determine which employees meet Plaintiffs' proposed definition. Microsoft will not engage in such subjective judgment or produce documents related to such an imprecise, arbitrary and unascertainable class until the Court has ruled on Microsoft's pending Motion to Dismiss as to whether Plaintiffs proposed class definition should be stricken or amended. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present) and documents related to employees not similarly situated to Plaintiffs. Microsoft further objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further incorporates its ESI objections.

Subject to and without waiving any of its objections, Microsoft responds:

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF       25
DOCUMENTS 2:15-CV-01483-JLR

After conducting a reasonably diligent search, Microsoft will produce what it deems to be its performance evaluation policies and procedures that applied to the named Plaintiffs and employees with the same job titles as the named Plaintiffs who report or reported up to the named Plaintiffs' third level manager (i.e., two levels above the direct manager) for the time period September 16, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 16 [LISTED BY PLAINTIFFS AS RFP "11"]:**

All notes OR other DOCUMENTS REFERRING OR RELATING TO the purpose, function, structure, AND operation of calibration meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "function," "structure" and "operation." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present) and documents related to employees not similarly situated to Plaintiffs. More specifically, it encompasses every Microsoft employee in the United States and potentially seeks documents from any employee in the Company who has participated in a calibration meeting in the past eight years. Microsoft further objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further incorporates its ESI objections.

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF       26
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

Subject to and without waiving any of its objections, Microsoft responds:

After conducting a reasonably diligent search, Microsoft will produce what it deems to be its policies and procedures for conducting calibration meetings for the named Plaintiffs and employees with the same job titles as the named Plaintiffs who report or reported up to the named Plaintiffs' third level manager (i.e., two levels above the direct manager) for the time period September 16, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 17 [LISTED BY PLAINTIFFS AS RFP "12"]:**

All DOCUMENTS constituting exit interviews that REFER OR RELATE TO gender, discrimination, sexual harassment, pregnancy discrimination, retaliation, AND/OR unfair treatment against a female employee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the term "constituting" and the phrases "exit interviews" and "unfair treatment." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present), documents related to employees not similarly situated to Plaintiffs (more specifically, it encompasses every Microsoft employee in the United States), and documents that are outside the scope of the parties' claims and defenses, including but not limited to, documents related to sexual harassment and unfair treatment. Microsoft further objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF    27
DOCUMENTS 2:15-CV-01483-JLR

to this request to the extent it seeks information protected by the privacy rights of third parties. Microsoft further objects to this request to the extent it seeks documents that are not in Microsoft's possession, custody or control in that exit interviews are conducted by a third party and not by Microsoft. Microsoft further objects to this request on the grounds that it is premature and seeks information that relates solely to the merits of the putative class claims in this action, and thus, is beyond the permissible scope of discovery at this stage of the litigation. Microsoft further incorporates its ESI objections.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS reflecting OR discussing the promotion process for TECHNICAL EMPLOYEES, including but not limited to Career Stage Profiles or other outlines or descriptions reflecting criteria for advancement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the phrases "promotion process" and the terms "outlines," "descriptions" and "reflecting." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to the phrase "TECHNICAL EMPLOYEE" as vague, ambiguous and overbroad in that the definition is imprecise, arbitrary, unascertainable and requires subjective judgment to determine which employees meet Plaintiffs' proposed definition. Microsoft will not engage in such subjective judgment or produce documents related to such an imprecise, arbitrary and unascertainable class until the Court has ruled on Microsoft's pending Motion to Dismiss as to whether Plaintiffs proposed class definition should be stricken or amended. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present) and documents related to employees not similarly situated to Plaintiffs. Microsoft further objects to this request to the extent it seeks

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF        28
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further incorporates its ESI objections.

Subject to and without waiving any of its objections, Microsoft responds:

After conducting a reasonably diligent search, Microsoft will produce its promotion policies and Career Guides relevant to the positions of the named Plaintiffs and employees with the same job titles as the named Plaintiffs who report or reported up to the named Plaintiffs' third level manager (i.e., two levels above the direct manager) for the time period September 16, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that REFER OR RELATE TO compliance AND/OR record-keeping pursuant to Title VII of the Civil Rights Act of 1964 OR state discrimination statutes prepared by DEFENDANT, including all EEO-1 reports, all compliance reports, audits, affirmative action plans, AND/OR under-utilization reports, pursuant to Executive Orders 11246 AND 11375, submitted by DEFENDANT, to the United States Department of Labor, Office of Federal Contract Compliance Programs, AND/OR any other federal, state, OR local agency concerning employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "compliance" and "concerning employment." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF     29
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

to present), documents related to employees not similarly situated to Plaintiffs (more specifically, it encompasses every Microsoft employee in the United States), and documents that are outside the scope of the parties' claims and defenses, including but not limited to, documents related to race, national origin, disability, protected veteran status, and other protected categories. Microsoft further objects to this request because it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further objects to this request on the grounds that it is premature and seeks information that relates solely to the merits of the putative class claims in this action, and thus, is beyond the permissible scope of discovery at this stage of the litigation. Microsoft further incorporates its ESI objections and its objections to the definition of "DEFENDANT."

Subject to and without waiving any of its objections, Microsoft responds:

Microsoft will produce its Affirmative Action Plan narratives for minorities and women for the time period September 16, 2012 to present for the establishments where the named Plaintiffs worked (Reston, VA and Redmond, WA). Microsoft also directs Plaintiffs to its EEO-1 data made publicly available on its website at http://download.microsoft.com/download/8/9/8/89817CBE-8D2C-4BCD-B3A7-F649268BEFC8/2015%.

**REQUEST FOR PRODUCTION NO. 20 [LISTED BY PLAINTIFFS AS RFP "13"]:**

All DOCUMENTS RELATING OR REFERRING TO DEFENDANT'S affirmative action, diversity, non-discrimination, AND/OR equal employment opportunity POLICIES, statements, guidelines, practices, plans, AND/OR training programs, including surveys AND/OR reports regarding employee attitudes, recruitment, retention, diversity, sex discrimination, harassment, retaliation, assignments, promotion, compensation, training, mentoring, administrative support, supervisors, AND/OR evaluations.

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

30

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "practices," "plans," "training," "surveys," "attitudes," "recruitment," "retention," "assignments," "mentoring," "administrative," "supervisors" and "evaluations". Microsoft further objects to the term "POLICIES" as unintelligible to the extent it encompasses "each common understanding or course of conduct that was recognized as such." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present), documents related to employees not similarly situated to Plaintiffs (more specifically, it encompasses every Microsoft employee in the United States), and documents that are outside the scope of the parties' claims and defenses, including but not limited to, documents related to race, national origin, disability, protected veteran status, and other protected categories, as well as documents related to harassment, recruitment, retention, assignments, training, mentoring, and administrative support. Microsoft further objects to this request because it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further objects to this request to the extent it seeks documents regarding employee attitudes that are maintained and controlled by third parties and are not in Microsoft's possession, custody or control. Microsoft further incorporates its ESI objections and its objections to the definition of "DEFENDANT."

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF          31
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
+1-650-614-7400

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS (including but not limited to investigation files, logs, OR databases) that REFER OR RELATE TO internal requests, inquiries, demands, claims, grievances, concerns, protests, OR complaints made by DEFENDANT'S applicants, employees, AND/OR managers against DEFENDANT, REFERRING OR RELATING TO unfair treatment against any woman, including gender discrimination, sexual harassment, pregnancy discrimination, hostile work environment, AND/OR retaliation, including investigations of such requests, inquiries, demands, claims, grievances, concerns, protests, AND/OR complaints. This document request includes all forms of COMMUNICATIONS— either in writing OR orally (where such COMMUNICATIONS have been taped, logged, noted AND/OR investigated and described through records of the investigation), formal OR informal, to DEFENDANT OR to any other party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "requests," "inquiries," "demands," "claims," "grievances," "concerns," "protests," "complaints," "party," "investigated" and the phrase "unfair treatment." Microsoft further objects to Plaintiffs' definition of "COMMUNICATIONS" as vague, ambiguous and unintelligible to the extent it seeks documents related to "nonverbal modes." Microsoft is not collecting or producing custodian data in response to these requests for production. As a result, email accounts have not been searched or reviewed. Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

32

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

(which is limited to September 16, 2012 to present), documents related to employees not similarly situated to Plaintiffs (more specifically, it encompasses every Microsoft employee in the United States), and documents that are outside the scope of the parties' claims and defenses, including but not limited to, documents related to applicants, sexual harassment, and hostile work environment. Microsoft further objects to this request because it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks information protected by the privacy rights of third parties. Microsoft further objects to this request on the grounds that it is premature and seeks information that relates solely to the merits of the putative class claims in this action, and thus, is beyond the permissible scope of discovery at this stage of the litigation. Microsoft further incorporates its ESI objections and its objections to the definition of "DEFENDANT."

**REQUEST FOR PRODUCTION NO. 22 [LISTED BY PLAINTIFFS AS RFP "14"]:**

All DOCUMENTS that REFER OR RELATE TO the POLICIES AND procedures for raising a complaint of unfair treatment, gender discrimination, sexual harassment, pregnancy discrimination, hostile work environment, AND/OR retaliation, AND all DOCUMENTS that REFER OR RELATE TO DEFENDANT'S procedures for investigating AND addressing such complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "complaint," "addressing" and "investigating" and the phrase "unfair treatment." Microsoft further objects to the term "POLICIES" as unintelligible to the extent it encompasses "each common understanding or course of conduct that was recognized as such." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

33

to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present), documents related to employees not similarly situated to Plaintiffs (more specifically, it encompasses every Microsoft employee in the United States), and documents that are outside the scope of the parties' claims and defenses, including but not limited to, documents related to sexual harassment and hostile work environment.  Microsoft further objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents.  Microsoft further incorporates its ESI objections and objections to the definition of "DEFENDANT."

Subject to and without waiving any of its objections, Microsoft responds:

After conducting a reasonably diligent search, Microsoft will produce versions of what it deems to be its standardized policies and procedures for investigating and addressing complaints of gender discrimination, pregnancy discrimination, and retaliation for the relevant statutory period of September 16, 2012 through the present.

**REQUEST FOR PRODUCTION NO. 23 [LISTED BY PLAINTIFFS AS RFP "15"]:**

All DOCUMENTS COMPRISING, REFERRING OR RELATING TO legal proceedings concerning employment OR personnel issues of TECHNICAL EMPLOYEES, including but not limited to civil lawsuits, arbitrations, AND/OR administrative charges of discrimination, harassment OR retaliation, such as charges filed with the Equal Employment Opportunity Commission AND/OR other state equal employment OR human rights OR unemployment agencies, filed against DEFENDANT alleging gender discrimination, pregnancy discrimination, sexual harassment, hostile work environment, retaliation, OR unfair treatment against any woman.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "comprising," and "concerning" and the phrases "legal

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

34

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
+1-650-614-7400

proceedings," "personnel issues," "other state equal employment or human rights or unemployment agencies" and "unfair treatment." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to the phrase "TECHNICAL EMPLOYEE" as vague, ambiguous and overbroad in that the definition is imprecise, arbitrary, unascertainable and requires subjective judgment to determine which employees meet Plaintiffs' proposed definition. Microsoft will not engage in such subjective judgment or produce documents related to such an imprecise, arbitrary and unascertainable class until the Court has ruled on Microsoft's pending Motion to Dismiss as to whether Plaintiffs proposed class definition should be stricken or amended. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present), documents related to employees not similarly situated to Plaintiffs, and documents that are outside the scope of the parties' claims and defenses, including but not limited to, documents related to sexual harassment, hostile work environment, and unfair treatment. Microsoft further objects to this request because it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks information protected by the privacy rights of third parties. Microsoft further objects to this request on the grounds that it is premature and seeks information that relates solely to the merits of the putative class claims in this action, and thus, is beyond the permissible scope of discovery at this stage of the litigation. Microsoft further incorporates its ESI objections and objections to the definition of "DEFENDANT."

Subject to and without waiving any of its objections, Microsoft responds:

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF          35
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

After conducting a reasonably diligent search, Microsoft will produce formal complaints filed in any civil lawsuits, arbitrations, or administrative agency proceedings alleging gender discrimination or pregnancy discrimination by employees in the plaintiffs' work organizations during the time period September 16, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS concerning COMMUNICATIONS from, OR MEETINGS with, DEFENDANT'S employees (including but not limited to schedules, agendas, minutes, notes, AND records of attendance), including but not limited to the "Women Employee Resource Group," "Women in Architecture," and Yammer concerning (1) the status of female employees at Microsoft; (2) professional opportunities AND/OR pay or promotional opportunities at Microsoft; (3) whether women at Microsoft have been OR should be assigned certain work opportunities AND/OR compensation OR promotion opportunities, OR have been underutilized OR underrepresented OR denied certain professional opportunities OR compensation OR promotion opportunities, including but not limited to raises, bonuses, options, promotions, AND/OR assignments; (4) the effect OR potential effect on women of changes, OR proposed changes, to compensation POLICIES OR promotion POLICIES AND/OR performance review OR evaluation POLICIES; (4) retaliation against employees, including whether any employees at Microsoft have complained of retaliation for raising a concern OR lodging a complaint about unfair treatment, discrimination, OR harassment; (5) compensation AND/OR promotion AND/OR performance evaluation disparities between men AND women at Microsoft; AND (6) whether women at Microsoft have had adverse outcomes OR been treated unfairly for taking maternity leave AND/OR having children.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "concerning," "meetings," "status," "assigned," "underutilized," "underrepresented," "denied," "changes," "evaluation," "complained" and "disparities" and the phrases "professional opportunities," "work opportunities," "effect or potential effect," "performance review," "raising a concern", "unfair treatment," "adverse

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR
36
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

outcomes" and "treated unfairly." Microsoft further objects to the term "POLICIES" as unintelligible to the extent it encompasses "each common understanding or course of conduct that was recognized as such." Microsoft further objects to Plaintiffs' definition of "COMMUNICATIONS" as unintelligible to the extent it seeks documents related to "nonverbal modes." Microsoft is not collecting or producing custodian data in response to these requests for production. As a result, email accounts have not been searched or reviewed. Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present), documents related to employees not similarly situated to Plaintiffs (more specifically, it encompasses every Microsoft employee in the United States and would require a search of every employee in the United States for responsive documents), and documents that are outside the scope of the parties' claims and defenses, including but not limited to, documents related to assignments, harassment, and unfair treatment. Microsoft further objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks information protected by the privacy rights of third parties. Microsoft further objects to this request on the grounds that it is premature and seeks information that relates solely to the merits of the putative class claims in this action, and thus, is beyond the permissible scope of discovery at this stage of the litigation. Microsoft further incorporates its ESI objections and objections to the definition of "DEFENDANT."

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF                    37
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

**REQUEST FOR PRODUCTION NO. 25 [LISTED BY PLAINTIFFS AS RFP "16"]:**

All DOCUMENTS that REFER OR RELATE TO the demographics of the employees of any Microsoft competitor—whether by office, region, AND/OR the nation as a whole.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "demographics" and "competitor." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present), documents related to individuals who are not employees of Microsoft, and documents that are outside the scope of the parties' claims and defenses, including but not limited to, documents potentially related to nationality, religion, age, ethnicity, race, protected veteran status, disability and other protected categories. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further incorporates its ESI objections.

**REQUEST FOR PRODUCTION NO. 26 [LISTED BY PLAINTIFFS AS RFP "17"]:**

All applicable insurance agreements under which any insurer may be liable to satisfy all OR part of any judgment which may be entered in this action OR to indemnify OR reimburse for payments made to satisfy all OR part of any judgment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "satisfy," "liable," "agreements" and "judgment."

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF        38
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent it calls for a legal conclusion on when an insurer is "liable."

Subject to and without waiving any of its objections, Microsoft responds:

Microsoft is not presently aware of any insurance coverage related to the subject of this action.

**REQUEST FOR PRODUCTION NO. 27 [LISTED BY PLAINTIFFS AS RFP "18"]:**

All DOCUMENTS REFERRING TO OR RELATING TO DEFENDANT'S DOCUMENT retention OR destruction POLICY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "retention" and "destruction." Microsoft further objects to the term of "POLICY" as unintelligible to the extent it encompasses "each common understanding or course of conduct that was recognized as such." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad because it seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present) and policies related to the retention or destruction of documents that have no relevance to this lawsuit. Microsoft further objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not

produce such documents in the absence of a protective order. Microsoft further incorporates its ESI objections and its objections to the definition of "DEFENDANT."

Subject to and without waiving any of its objections, Microsoft responds:

After conducting a reasonably diligent search, Microsoft will produce its current Corporate Document Retention Schedule for US Documents.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that REFER OR RELATE TO DOCUMENT preservation orders OR stipulations agreed to OR entered in any case that address DEFENDANT'S records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "preservation orders," "stipulations" and "address." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present) and documents that are outside the scope of the parties' claims and defenses, including but not limited to, documents related to any Microsoft case and any of Microsoft's records. Microsoft further incorporates its objections to the definition of "DEFENDANT."

Subject to and without waiving any of its objections, Microsoft responds:

Microsoft is not presently aware of any preservations orders or stipulations related to its records.

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

40

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS signed by any Microsoft agent, which purport to release, settle, OR compromise any employment-related claims brought by groups of TECHNICAL EMPLOYEES on a class basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Microsoft objects to this request on the grounds that it is vague and ambiguous, including but not limited to the terms "agent," "release," "settle," "compromise" and "groups" and the phrases "employment-related claims" and "class basis." Microsoft further objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft further objects to the phrase "TECHNICAL EMPLOYEE" as vague, ambiguous and overbroad in that the definition is imprecise, arbitrary, unascertainable and requires subjective judgment to determine which employees meet Plaintiffs' proposed definition. Microsoft will not engage in such subjective judgment or produce documents related to such an imprecise, arbitrary and unascertainable class until the Court has ruled on Microsoft's pending Motion to Dismiss as to whether Plaintiffs proposed class definition should be stricken or amended. Microsoft further objects to this request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, including documents beyond the relevant time period (which is limited to September 16, 2012 to present), documents related to employees not similarly situated to Plaintiffs, and documents that are outside the scope of the parties' claims and defenses, including but not limited to, documents related to any "employment-related claim." Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further objects to this request to the extent it calls for a legal conclusion as to who Microsoft's "agents" are. Microsoft further objects to this request on the grounds that it is premature and seeks information that

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS 2:15-CV-01483-JLR

41

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

relates solely to the merits of the putative class claims in this action, and thus, is beyond the permissible scope of discovery at this stage of the litigation.

Subject to and without waiving any of its objections, Microsoft responds:

Microsoft is not presently aware of agreements which purport to release, settle, OR compromise any claims of gender discrimination or retaliation for any non-retail, non-legal, or non-human resources female employee in the United States for the relevant statutory period of September 16, 2012 to the present.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that REFER OR RELATE TO any of DEFENDANT'S affirmative defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Microsoft objects to the term "DOCUMENTS" to the extent it requires Microsoft to produce any documents other than those required by Rule 34 of the Federal Rules of Civil Procedure. Microsoft objects to this request on the grounds that it is premature in that Microsoft has not answered the operative complaint in this action. Microsoft objects to this request on the ground that it fails to describe the documents sought with reasonable particularity as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Microsoft further objects to this request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, and Microsoft will not produce such privileged documents. Microsoft further objects to this request to the extent it seeks confidential, trade secret and/or proprietary business information. Microsoft will not produce such documents in the absence of a protective order. Microsoft further objects to this request on the grounds that it is premature and seeks information that relates solely to the merits of the putative class claims in this action, and thus, is beyond the permissible scope of discovery at this stage of the litigation. Microsoft further incorporates its ESI objections and its objections to the definition of "DEFENDANT."

Subject to and without waiving any of its objections, Microsoft responds:

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF          42
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
+1-650-614-7400

Microsoft will produce the documents identified in its Initial Disclosures after the Court's ruling on its Motion to Dismiss, provided such documents are still relevant in light of the Court's ruling.

Dated: January 21, 2016

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
    Jessica R. Perry

Lynne C. Hermle (admitted *pro hac vice*)
lchermle@orrick.com
Jessica R. Perry (admitted *pro hac* vice)
jperry@orrick.com

1000 Marsh Rd.
Menlo Park, California 94025
Telephone:  +1-650-614-7400
Facsimile:  +1-650-614-7401

Mark S. Parris (WSBA No. 13870)
mparris@orrick.com

701 Fifth Avenue
Suite 5600
Seattle, Washington  98104
Telephone:  +1-206-839-4300
Facsimile:  +1-206-839-4301
Attorneys for Defendant

DEFENDANT MICROSOFT CORPORATION'S RESPONSE
TO FIRST SET OF REQUESTS FOR PRODUCTION OF        43
DOCUMENTS 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California  94025
+1-650-614-7400