# Exhibit E

**Lieff
Cabraser
Heimann&
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

February 29, 2016

**VIA ELECTRONIC MAIL**

Lynne C. Hermle
Jessica R. Perry
Megan M. Lawson
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
lchermle@orrick.com
jperry@orrick.com
megan.lawson@orrick.com

Wendy Butler Curtis
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, NW
Washington, DC 2000
wcurtis@orrick.com

Lauri A. Damrell
Orrick Herrington & Sutcliffe LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
ldamrell@orrick.com

Mark S. Perris
Orrick Herrington & Sutcliffe LLP
701 5th Avenue, #5600
Seattle, WA 98104
mparris@orrick.com

RE:    *Moussouris, et al. v. Microsoft Corp.*, No 2:15-cv-01483 (JLR)

Dear Counsel:

Thank you for meeting and conferring with us on Friday, February 26, 2016 regarding Plaintiffs' discovery requests.  Below I summarize our discussion, with topics organized as they were in Plaintiffs' February 5, 2016 letter.

**General Issues**

1. Relevant timeframe for document production: You indicated that guidance from the Court on the Rule 12 issues will be required before the parties can complete their meet and confer.

2. Custodial ESI: We explained our general concern that Microsoft should search for responsive core documents (e.g., policies, policy guidance memoranda, complaints, diversity

1

February 29, 2016
Page 2

committee documents, etc.) by determining which individuals in the company are likely to retain such documents and search their ESI, regardless of whether Plaintiffs designate specific custodians with ESI search terms.  You indicated you did not necessarily disagree, but needed to be guided by the Court's Rule 12 order before resolving this issue.

3. <u>Databases – data discovery:</u> You explained that it is Microsoft's position that it has been providing data discovery on a rolling basis and will continue to do so.  We asked whether you had found user manuals and/or training materials to assist us in understanding the data files we had received such as MS People, and you explained that you expect to provide Plaintiffs with additional materials within one to two weeks and will continue to search for user manuals and training materials. You asked us to review these additional materials and then revisit the list of open questions relating to data discovery.

4. <u>Scope of document production vis-à-vis the proposed class:</u> You reiterated your position that you will not produce more than what you have offered until you receive guidance from the Court on the Rule 12 issues.

5. <u>Privilege log:</u>  Contrary to your statement in your Responses and Objections, you confirmed that you will provide privilege logs on a rolling basis contemporaneous to your document productions and not all at once at the end of the discovery period.

6. <u>Documents in the possession of subsidiaries, agents, and others:</u>  We clarified that we are seeking documents related to the class and claims in this case.  Thus, for example, if a vendor or subsidiary stored human resources documents, we would expect a search to be made with that entity.

**<u>Specific Requests for Production</u>**

<u>Request No. 1:</u>

You confirmed that it is your expectation that you will produce all responsive documents, including non-privileged EEOC-related documents and official employee files (including, e.g., manager files if such files exist).

<u>Requests Nos. 2 and 3:</u>

You explained that employee contact information and data on corporate structure and employee work locations are available in the MS People database.  We asked if Microsoft would provide the definitions of the various database field codes, and you explained that Microsoft would produce that information.

<u>Request No. 4:</u>

We did not discuss this request because you indicated before the call that Microsoft has taken the position that it refuses to produce documents responsive to this request until after the Court rules on the Rule 12 motion.

February 29, 2016
Page 3

Request No. 5:

We requested a timeline for responses on data questions.  You indicated they would be forthcoming, but did not commit to a time.

Request No. 6:

We did not discuss this request because you indicated before the call that Microsoft has taken the position that it refuses to produce documents responsive to this request until after the Court rules on the Rule 12 motion.

Request No. 7:

You confirmed that you will produce documents explaining the methods and procedures for determining employee compensation in response to Request for Production number 9.

Request No. 8:

You confirmed that you would continue to investigate whether there are manager worksheets or forms used in connection with compensation-setting and promotions.

Request No. 9:

We discussed the types of customer-facing jobs that might be included in this request and discussed jobs such as technical sales/service jobs where employees are assigned to particular client accounts.  You confirmed that you would further investigate what information might exist responsive to this request.

Request No. 10:

We did not discuss this request because you indicated before the call that Microsoft has taken the position that it refuses to produce documents responsive to this request until after the Court rules on the Rule 12 motion.

Request No. 11:

You confirmed that you will produce non-privileged harassment training materials and managers' training histories.

Request No. 12:

We did not discuss this request because you indicated before the call that Microsoft has taken the position that it refuses to produce documents responsive to this request until after the Court rules on the Rule 12 motion.

February 29, 2016
Page 4

Requests Nos. 14 and 15:

You confirmed that you will produce guidelines or instructions given to managers tasked with completing performance evaluations.

Request No. 16:

You confirmed that you are investigating whether audio/video recordings, notes, or other documentation of calibration meetings exist. You stated that if such documents are found, you may seek to continue meeting and conferring and/or refuse to produce until the Court issues its order on the Rule 12 issues.

Request No. 17:

You confirmed that you are searching for exit interview records and do not know what information exists.

Request No. 18:

We clarified that our goal is to understand how the promotion process works at Microsoft, and thus documents stating the qualifications required for different roles alone are insufficient. You stated that the information we seek may exist within Microsoft's Career Guides, but confirmed that you would investigate whether documents explaining the promotion process exist elsewhere.

Requests Nos. 19, 20, and 21:

We did not discuss these requests because you indicated before the call that Microsoft has taken the position that it refuses to produce documents responsive to these requests until after the Court rules on the Rule 12 motion.

Request No. 22:

You confirmed you will produce documents reflecting Microsoft's policies and procedures for raising, investigating, and addressing complaints of gender discrimination, pregnancy discrimination, retaliation, sexual harassment, and hostile work environment. You stated that you objected to our request for documents pertaining to "unfair treatment" as vague, and we explained that, in our experience, employees sometimes lodge complaints of gender discrimination, sexual harassment, etc. without using those specific words, instead alleging something along the lines of "unfair treatment" and describing facts reflecting different treatment for the complainant as compared to a male coworker. We requested more information about how such complaints are recorded or tracked, if at all. You confirmed you are still investigating. (These clarifications regarding "unfair treatment" apply to all requests for complaints lodged against Microsoft.)

4

February 29, 2016
Page 5

Request No. 23:

You confirmed that you are investigating our request for non-privileged documents referring or relating to formal complaints. You also confirmed that you are investigating whether a complaint log exists. You did not give a timeline for when this information would become available.

Request No. 24:

We did not discuss this request because you indicated before the call that Microsoft has taken the position that it refuses to produce documents responsive to this request until after the Court rules on the Rule 12 motion.

Request No. 25:

You confirmed that you are investigating what documents exist referring or relating to the demographics of Microsoft competitors. You did not give a timeline for when this information would become available.

Request No. 29:

You were not able to answer whether or not your January 21, 2016 response on the topic of agreements to release, settle, or compromise any claims of gender discrimination or retaliation meant that there had been no severance agreements with class members (or, if it did have that meaning, the scope of positions covered). You confirmed you would investigate this further, but offered no timeline on responding.

Very truly yours,

Michael Levin-Gesundheit

cc:     Plaintiffs' counsel

1294256.3

5