# Exhibit F

**From:** Damrell, Lauri A. [mailto:ldamrell@orrick.com]
**Sent:** Friday, April 01, 2016 11:39 PM
**To:** Klein, Adam; Anne Shaver; Stork, Elizabeth V.; Eiland, Katrina; Kelly Dermody; M Subit; mlevin; Miazad, Ossai
**Cc:** Perry, Jessica R.; Curtis, Wendy Butler; Lawson, Megan M.
**Subject:** Moussouris Discovery

Dear Counsel,

I write to memorialize our March 29, 2016 meet and confer discussion and to clarify your March 30, 2016 email.  In addition, we are available to meet and confer next week either Thursday or Friday from 12-2 PDT.  Please let us know what time is best on your end.

**30(b)(6) Depositions**:

Plaintiffs and Microsoft have agreed to limit the scope of the Microsoft corporate organization deposition as follows: one witness will testify regarding the way that Microsoft classifies its employees and organizes them into professions, disciplines, and other umbrella organizations from the time period May 14, 2011 to present.  This witness will not speak to the function of every individual and/or position at Microsoft.  The witness we have identified for this deposition was out of the office on vacation this week, so we do not yet know his availability for deposition.  We will get back to you on this next week.

We can confirm that we can proceed with a 30(b)(6) deposition on MS People with Martin Loughlin on April 26, 2016.  For that deposition, Plaintiffs have agreed to provide Microsoft with set of standard questions for which they will seek answers on each MS People data field during deposition.  Please provide us with these questions by April 6 so that we can prepare accordingly.

We are also agreeable to providing a sample data set before the deposition.  Microsoft will produce the same data it has produced for the named Plaintiffs for 20 additional employees for the time period September 16, 2012 to present.  We will select at random 1-2 employees from each profession, excluding HR, Legal, Retail, Finance.

Finally, we are working on identifying additional witness to testify regarding the databases.  Please let us know whether you are available on other days during the week of April 25 so that we can attempt to coordinate depositions for that week if possible.

1

**Named Plaintiffs Deposition Scheduling**:

Plaintiffs have agreed to  follow up regarding dates for named Plaintiffs' depositions as soon as possible.  It is critical that we get these depositions on calendar, and it is not clear why you have not yet been able to confirm dates given that we noticed these depositions over two weeks ago.  If Ms. Piermarini or Ms. Muenchow have any conflicts with their work schedules, please let us know so that we attempt to resolve those conflicts.

**Relevant Time Period**:

Plaintiffs confirmed that they are seeking class member data and policies that date back to January 1, 2009.  Microsoft explained that the judge has indicated that he may still limit the time period for the class to September 16, 2012 to the present, and in light of that, Microsoft is willing to produce data back to January 1, 2010.  Microsoft also questioned the need to provide policies that date back prior to the class period.  Plaintiffs indicated that they would be willing to limit RFPs 21 and 23 to the class period and that they would consider a similar limitation for other requests if proposed by Microsoft.

**Scope of the Class:**

Plaintiffs have agreed to carve out employees working in Microsoft's "Finance" profession from their putative class.  Plaintiffs also agreed to consider carving out other professions, such as Marketing, as well as certain executive levels (e.g. Levels 80+).  To further our discussions, Microsoft has agreed to look for documentation that describes the various job levels.  Microsoft will also provide a list of Professions, Disciplines and Job Titles that reflects which job titles it has defined as "technical" for the purposes of reporting data on its website.  As we have explained in the past, we do not believe that Plaintiffs' definition of "technical" is necessarily the same as Microsoft's, and that the definition was not created with this litigation in mind.  Microsoft pointed out that Dana Piermarini's position is not included on this list.

**Custodians and Search Terms**:

Plaintiffs will provide lists of proposed search terms and custodians next week.  Please map the proposed terms and custodians to the applicable RFP and provide this information by April 6th.

**Privilege Log**

Plaintiffs indicated that they would not agree to a categorical privilege log for ERIT documents or audits/studies/analyses conducted at the direction of counsel.  However, Plaintiffs are willing to work with Microsoft on particular documents if voluminous by document type.  Plaintiffs also asked if they can produce a categorical log for all documents exchanged between counsel and plaintiffs. We will consider this request and will follow up with our position on this issue.

**Document Productions**:

Request-Specific Agreements:

1.   Microsoft has confirmed that no official employee manager files exist.  Microsoft will produce Plaintiffs' ESI on a rolling basis.  Production will likely begin on or before April 12.

2

2. Microsoft will investigate the existence of lists on its intranet reflecting how the company organizes itself and will follow up with Plaintiffs upon completion of such investigation.

3. Microsoft has confirmed that it will produce data relevant to this request from MS People and/or other databases.

4. Microsoft has confirmed that it will produce data relevant to this request from MS People and/or other databases.  Moreover, Microsoft will confirm that it has no lists or compilations reflecting same that are broader than what is included in the data production.

5. As stated above, Microsoft will produce a data sample in advance of the database depositions.  The parties will meet and confer after the depositions to finalize the scope of the data to be pulled.

6. The parties have agreed that RFP 6 is a subset of RFP 10 and is subsumed thereby.

7. Microsoft has produced the compensation plans for named Plaintiffs.  Additionally, Microsoft will produce compensation plan documents for those employees that Microsoft agrees are within the scope of the definition of "technical employees" for the purposes of discovery.

8. Microsoft has produced its existing standardized HR forms and has confirmed that no other standardized forms exist.

9. Microsoft has confirmed that after conducting a diligent search, it has no standardized policies or procedures addressing job assignments and how customers/clients are assigned to employees in customer/client-facing roles that applied to Piermarini or employees with the same job title who report or reported to her third level manager for time period Sept. 16, 2012 to present. Microsoft has agreed to expand the scope of its search to documents related to technical sales positions.  Microsoft will consider looking into other sales positions proposed by Plaintiffs.

10. Plaintiffs will provide a list of proposed custodians and search terms next week.  Thereafter, the parties will meet and confer to resolve any outstanding dispute.

11. Microsoft will be producing Plaintiffs' supervisors' training histories with the next rounds of production.  Microsoft will also explore whether it has a log that shows the percentage of managers who have taken EEO, anti-discrimination, and anti-harassment training. Plaintiffs will inform Microsoft if they seek additional data and/or documents.  If Plaintiffs' seek additional data and/or documents, the parties will meet and confer with regard thereto.

12. Plaintiffs clarified that do not expect Microsoft to conduct a custodian search of every manager for responsive documents, however, they are seeking documents from Microsoft's women's and diversity initiatives regarding Microsoft's efforts to retain and advance women.  Because this case does not involve issues regarding hiring, Microsoft informed Plaintiffs that documents related to hiring are beyond the scope of this case.  Plaintiff disagreed and expressed the opinion that documents related to hiring are relevant to the culture for diversity and inclusion at Microsoft.

13. Microsoft has agreed to further investigate the existence of documents that explain the difference between job levels and to expand the scope of production of career guides to include guides for "technical employees" as the parties agree that term is defined for the purposes of discovery.

14. Microsoft has agreed to expand its production of documents to include those related to "technical employees" as the parties agree that term is defined for the purposes of discovery.

3

15. Microsoft has agreed to expand its production of documents to include those related to "technical employees" as the parties agree that term is defined for the purposes of discovery.

16. Microsoft indicated that notes from calibration meetings are not centrally located. Plaintiffs asked if Microsoft could e-mail the Human Resources employees who sat in on the calibration meetings to ask them to provide all notes they retained.  Microsoft will evaluate this request and will follow up with Plaintiffs on this issue.

17. Microsoft indicated that there could be issues producing exit interviews because of confidentiality concerns.  Plaintiffs asked if Microsoft would be willing to provide redacted or otherwise anonymized documents.  Microsoft will evaluate this request and will follow up with Plaintiffs on this issue.

18. Microsoft has agreed to expand its production of documents to include those related to "technical employees" as the parties agree that term is defined for the purposes of discovery.

20. Microsoft has agreed to produce policies relating or referring to affirmative action, diversity, non-discrimination, and equal employment opportunity.  Plaintiffs confirmed that they do not expect Microsoft to conduct a custodian search to find responsive documents for this request.  However, they have asked Microsoft to provide them with a list of the questions posed to employees in the annual MS Poll so that Plaintiffs can identify the survey questions for which they seek to obtain a report of aggregated or anonymized employee responses.  Microsoft will evaluate this request and will follow up with Plaintiffs on this issue.

22. Microsoft continues to investigate the existence of any documents relating or referring to policies for raising complaints and procedures to investigate such complaints.

24. Plaintiffs have clarified that they seek documents from the Microsoft's women's groups.  Microsoft will consider how best to approach this request and will follow up.

29. Microsoft confirmed that severance agreements included releases of employment discrimination claims.  Plaintiffs indicated that it may be sufficient for Microsoft to simply provide a list of all employees who have signed such agreements along with a copy of the language as it appeared over time in these agreements.  Microsoft is exploring this option.

**<u>Outstanding Topics for Meet and Confer:</u>**

The parties have agreed to continue to meet and confer regarding Requests for Production 19, 21, 23, 25, and 30.

**<u>No Additional Documents</u>**:

Microsoft has confirmed that it will not be supplementing its responses to Requests for Production 22, 26, 27, and 28.

Best,

Lauri

4



**LAURI A. DAMRELL**
*Partner*
*Employment Law and Litigation*

ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814-4497

tel +1-916-329-7914
fax +1-916-329-4900
mobile +1-916-719-9117
assistant +1-916-329-7993
ldamrell@orrick.com
bio • vcard

www.orrick.com

**Visit our blog site: www.OrrickEmploymentBlog.com**

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

5