# Exhibit H

# Lieff Cabraser Heimann& Bernstein

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

April 11, 2016

**VIA ELECTRONIC MAIL**

Lynne C. Hermle
Jessica R. Perry
Megan M. Lawson
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
lchermle@orrick.com
jperry@orrick.com
megan.lawson@orrick.com

Wendy Butler Curtis
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, NW
Washington, DC 2000
wcurtis@orrick.com

Lauri A. Damrell
Orrick Herrington & Sutcliffe LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
ldamrell@orrick.com

Mark S. Perris
Orrick Herrington & Sutcliffe LLP
701 5th Avenue, #5600
Seattle, WA 98104
mparris@orrick.com

RE:    *Moussouris, et al. v. Microsoft Corp.*, No 2:15-cv-01483 (JLR)

Dear Counsel:

Thank you for meeting and conferring with us on Friday, April 8, 2016. Below I summarize the issues we discussed.

**Depositions of Named Plaintiffs**

We offered the following dates of availability for the named Plaintiffs' depositions: Katie Moussouris on June 10, 2016; Dana Piermarini on June 15, 2016; and Holly Muenchow on June 23, 2016.  Additionally, we asked that Dana Piermarini's deposition take place in Washington, D.C. You stated your preference for the depositions to take place on the west coast. The parties agreed to discuss scheduling matters over e-mail.

1

April 11, 2016
Page 2

**30(b)(6) Depositions**

You stated that Microsoft intends to produce approximately four people to testify as Rule 30(b)(6) witnesses regarding data issues, including Michael Laughlin.  You stated three out of four of these deponents will be available the week of May 9, 2016, while two out of four are available the week of April 25. You also stated that Microsoft could produce a 30(b)(6) deponent on corporate organization the week of May 9, 2016. We stated our preference to begin depositions the week of April 25. We also informed you about four forthcoming Rule 30(b)(6) notices concerning Microsoft's performance, compensation, promotion, and human resources and complaint systems, which were e-mailed to you by my colleague Michael Levin-Gesundheit on April 8, 2016.  The parties agreed to continue to discuss scheduling issues over e-mail.

**Data In Advance Of Depositions**

Microsoft confirmed that it will produce human resources data for all Microsoft employees with the same job title as the named Plaintiffs and who reported up to the same 3rd level manager as the named Plaintiffs in advance of the Rule 30(b)(6) depositions.

Microsoft asked whether Plaintiffs also seek information about these employees' ethnicity, national origin, age, or birthday. Plaintiffs stated they would follow-up with you about ethnicity and national origin, which we will agree to exclude. However, we said that age or birthday may be a proxy for work experience, and thus may be necessary if the data does not otherwise include clear and clean information on work experience (including work experience prior to joining Microsoft).  You agreed to investigate this issue.

Plaintiffs asked if Microsoft could provide information about what data fields are stored in the databases in advance of the data 30(b)(6) deposition. You stated that you would look into obtaining lists of the existing data fields and get back to us.  Wendy and Adam will confer the week of April 11, 2016 to work on a process for efficiently identifying data fields in MS People data in advance of the 30(b)(6) deposition on data.

**Contention Interrogatories**

You informed us that Microsoft disagrees with Plaintiffs' legal position that contention interrogatories are premature at this point in litigation, and thus would not agree to withdraw them until a later time.

**Custodians/Search Terms**

Plaintiffs sent a proposed list of custodians and search terms to Microsoft via e-mail on April 7, 2016. On our call, you stated that you were still reviewing the proposal, but you requested that Plaintiffs amend the proposal to state the Request For Production to which each

April 11, 2016
Page 3

custodian and search term combination is responsive. Plaintiffs stated they did not believe this would be of much use since most of the combinations are relevant to the majority of Plaintiffs' RFPs, but agreed to send you this information in the near future.

You also asked Plaintiffs if they would consider a time period later than 2009 for each of these ESI categories. Our e-mail of April 4, 2016, from Michael Levin-Gesundheit, summarizes our prior meet and confer on this issue. Plaintiffs maintain a cut-off date of January 1, 2009 is appropriate, but are considering your request. In our next proposal we will let you know if there are any custodian/search term combinations for which we are willing to limit the time period to something less than January 1, 2009 to the present.

## Plaintiffs' Production

You asked whether Plaintiffs are withholding any responsive documents to RFP 35, and we confirmed that Plaintiffs are not withholding any such documents.

Plaintiffs stated that they intend to make a further production to Defendant by the end of April 2016.

Plaintiffs asked whether Microsoft would be amenable to a categorical privilege log for privileged spousal communications. You stated you would consider the request and get back to us.

## Defendant's Production of Named Plaintiff ESI

Plaintiffs asked whether Microsoft had any updates on its timeline for a production of the named Plaintiffs' ESI. Microsoft confirmed it still intends to make an initial production next Tuesday, April 12, 2016, and the remainder sufficiently in advance of named Plaintiffs' depositions.

## Defendant's Response to Plaintiffs' Requests for Production

I have re-produced the relevant paragraphs from Michael Levin-Gesundheit's April 4, 2016 e-mail below memorializing our March 29, 2016 meet and confer on this issue. Below the summary of the March 29 meeting, I have added a summary of our meeting last Friday, April 8.

Requests 2 & 3:

**March 29, 2016:** You indicated that you would provide a list reflecting profession, discipline, and job title for employees within the company, and you indicated that you believe the corporate organization charts we seek do not exist. We asked if any intranet pages explain corporate organization or structure to employees. You indicated that you would investigate if anything exists besides the "Dr. Whom" intranet tool. We suggested the director of human resources or marketing may maintain documents reflecting an

April 11, 2016
Page 4

understanding of corporate organization.  We also suggested that budget documents might indicate corporate organization or structure.  You stated that you would ask for these types of documents from your client.

*April 8, 2016 update: Microsoft is still looking into this issue, and did not have an update since last week.*

Request 4:

**March 29, 2016:** On the topic of promotion lists, you explained that it is your position that the data requested in RFP #5 should cover this information.  We indicated we agreed your position, so long as the data set produced in response to RFP #5 contains all the content that would be present in promotion lists.  For example, if Microsoft does not include names in the data, but names are included in the promotion lists, then Plaintiffs seek production of those lists.  They are relevant, among other reasons, to track actors who are the subject of internal complaints and individuals whom our witnesses may know by name.

*April 8, 2016 update: Microsoft is still exploring whether it has such lists, and did not have an update since last week.*

Request 10:

**March 29, 2016:** You requested agreement that a categorical privilege log be appropriate for gender-related statistical audits, analyses, studies, or reports, and that you believe it is likely that everything within this category is privileged.  We did not agree.  We also stated our position that emails between employees discussing these reports and reports transmitted to government agencies are certainly not privileged and fall within the scope of this request as well.

*April 8, 2016 update: We confirmed we would not consider a categorical privilege log for this type of document to be appropriate.*

Request 12:

**March 29, 2016:** You asked whether we would agree to limit the scope of our request for documents relating to hiring and retention plans for female employees to documents created by the human resources department.  We indicated that we could not agree to that limitation, and that while we do not expect Microsoft to search manager by manager for these documents, the scope must include documents produced by the diversity and women's initiatives.  You also asked whether we would agree to limit the scope of our request to gender-based retention plans, as opposed to also gender-based hiring plans.  We explained that hiring and retention go hand in hand because women's hiring initiatives are often undertaken in light of high attrition rates among female employees.  You indicated you would give our position some thought.

4

April 11, 2016
Page 5

> ***April 8, 2016 update:*** *Microsoft is still looking into this, and did not have an update since last week.*

Request 13:

**March 29, 2016:** We asked if you could look for job descriptions that also describe levels, and you indicated that you would search for these documents.

> ***April 8, 2016 update:*** *You stated that Microsoft has career guides that may have additional information about job levels. You are still reviewing these documents to determine whether they are helpful, but you stated you would produce them.*

Request 16:

**March 29, 2016:** You stated that you had not found documentation of the content of calibration meetings, whether in the form of notes or audio/video recordings.  We indicated that from our review of your document production, HR partners attend, participate in, and take notes at calibration meetings and are responsible for collecting materials, such as Calibration Workbooks and other documentation, from the meetings.  We suggested that you seek such documentation from the Microsoft HR department.  You said you would take this request to your client.

> ***April 8, 2016 update:*** *Microsoft is still looking into this, and did not have an update since last week.*

Request 19:

**March 29, 2016:** We indicated we would not accept a categorical privilege log for EEO-1 reports and similar internal reports.

> ***April 8, 2016 update:*** *No update.*

Request 20:

**March 29, 2016:** You indicated that you would produce the policy documents we have requested.  We clarified that we are not seeking all individual-level responses to surveys, but we do seek reports or summaries of results, including those discussing or analyzing the results of employee surveys that may be circulated via email.  We did not commit to accepting anonymized responses, but we are willing to consider that request.

> ***April 8, 2016 update:*** *Microsoft stated that it is still in the process of determining whether any records are available, and did not have an update since last week. Plaintiffs stated their understanding, based on Microsoft's prior document production, that there is more than one employee survey. Plaintiffs will provide Microsoft names of surveys they have seen referenced in the company's documents.*

April 11, 2016
Page 6

Request 23:

**March 29, 2016:** You stated that you are still investigating whether a log of formal legal complaints exists.  You did not give a timeline for when your investigation will be complete.  We request a response this week, as this has been outstanding for several months.

*April 8, 2016 update: You stated that Microsoft was still looking into this, and did not have an update since last week. Plaintiffs re-iterated that we would like a deadline to keep the parties on schedule for the discovery calendar. You stated that Microsoft would provide a response the week of April 11, 2016.*

Request 24:

**March 29, 2016:** We indicated that we expect documents responsive to this request largely to come from certain women's groups within the company, and we expect Microsoft to look to content produced by those groups or employees administering those groups at different points in time.  We agreed that custodian searches likely would be required for those individuals leading/administering these groups, but if a repository of information from these employee groups exists, we expect Microsoft to produce responsive documents from there as well.

*April 8, 2016 update: You stated that you are still reviewing this issue, did not have an update since last week, and that some responsive documents may better be located pursuant to an ESI custodial search.*

Request 25:

**March 31, 2016:** You confirmed that you are investigating what documents exist referring or relating to the demographics of Microsoft competitors.  You did not give a timeline for when this investigation will be complete.  Please let us know.

*April 8, 2016 update: You did not have an update since last week, but stated you would be able to share more information about this issue with us the week of April 11, 2016.*

Request 30:

**March 31, 2016:** We agreed to discuss documents related to affirmative defenses during the next meet and confer call.

*April 8, 2016: You stated that additional time was needed before Microsoft would be ready to discuss this.*

April 11, 2016
Page 7

## Supplementing Responses

You confirmed that Microsoft would be supplementing its responses to Plaintiffs' discovery requests now that the amended complaint has been filed, as Microsoft's prior responses contained many categorical objections to document requests on the grounds that the motion to dismiss was pending. We asked that you do this as soon as possible so that we could have a concrete understanding of Microsoft's position as to several of our document requests, about which we are still completely in the dark.  For example, we still do not know whether Microsoft will agree to produce internal complaints of gender discrimination (RFP # 21), though we have noticed a deposition for this topic for next month. We reiterate our request that Microsoft serve amended responses as soon as possible, which would of course be without prejudice to the parties' ongoing meet and confer process.

## Class Scope

On March 31, you stated that you would provide us a list of all professions, disciplines, and job titles Microsoft defines as "technical" for the purpose of reporting data on its website, as well as positions that you believe should be excluded from the scope of the class definition.  On April 8, we followed up and you stated that you planned to send this to us the week of April 11, 2016.  Both parties recognized this as a priority since the scope of the class definition will inform the production of other categories of documents.

## Temporal Scope

We reiterated our request that you advise us immediately if you are refusing to produce materials from January 1, 2009 onward.

## Next Meet and Confer Call

Our next scheduled meet and confer call is April 18, 2016 at 11am.

Sincerely,

Yaman Salahi

cc:      Plaintiffs' counsel