# Exhibit J

**Lieff Cabraser Heimann& Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

April 29, 2016

## VIA ELECTRONIC MAIL

Lynne C. Hermle
Jessica R. Perry
Megan M. Lawson
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
lchermle@orrick.com
jperry@orrick.com
megan.lawson@orrick.com

Wendy Butler Curtis
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, NW
Washington, DC 20005
wcurtis@orrick.com

Lauri A. Damrell
Orrick Herrington & Sutcliffe LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
ldamrell@orrick.com

Mark S. Perris
Orrick Herrington & Sutcliffe LLP
701 5th Avenue, #5600
Seattle, WA 98104
mparris@orrick.com

RE:    *Moussouris, et al. v. Microsoft Corp.*, No 2:15-cv-01483 (JLR)

Dear Counsel:

Thank you for meeting and conferring with on April 28, 2016. Below I summarize the issues we discussed, as well as a small number of follow-up requests.

### Named Plaintiff Documents

Though we did not cover this in our call, please confirm whether the following documents have been fully produced for the Named Plaintiffs: 1) written performance reviews and performance related documents (including mid-year check-ins and individual results reports); 2) personnel files; 3) internal complaints submitted to anyone in the company, and any

1

April 29, 2016
Page 2

documents including emails regarding said complaints[1]; 4) promotion requests and/or manager recommendations regarding promotions, and documents related thereto including emails; 5) compensation history; 6) training records and/or transcripts; 7) job histories; 8) all review audit reports; and 9) time and absence reports.  If not, please tell us when you will complete production of these documents.  In addition, please tell us when you anticipate completing named Plaintiff ESI production.

## 30(b)(6) Depositions

You stated that witness J. Ritchie is available for deposition on June 29, 2016 to discuss the topics of compensation, promotions, and performance reviews, but that he is not available the following day.  We re-stated our position, conveyed on our last call, that one day will be insufficient to cover these three topics which we originally noticed for three separate depositions.  We had been willing to compromise and begin by scheduling two days for these three topics, rather than three days,[2] but we cannot agree to a single day. Further, to hold the deposition on two non-consecutive days would be very inefficient as attorneys will have to travel to Seattle multiple times.  Please let us know when Mr. Ritchie is available for two consecutive days in May or June.

## Class Scope

The parties are negotiating which job positions will be included in the class definition. Last week you gave us a list of job titles.  You indicated that, on Monday, May 2, 2016, you will produce Career Guides (containing job descriptions) for the positions Microsoft identified as "technical."  You stated that you also aim on Monday to produce Career Guides on for the additional, "non-technical" positions we requested on April 26.

## Temporal Scope

You stated that Microsoft intends to produce documents responsive to some RFPs back only to the beginning of the liability period.  You described that period as September 16, 2012 to present.  Under the Court's most recent order, however, the liability period begins on May 14, 2011 (Dkt. 52).  Plaintiffs, therefore, will not accept production for any RFP beginning later than that date.

We were surprised because during the April 19, 2016 meet and confer you asked if there were RFPs for which Plaintiffs would accept production back to *January 1, 2010*, as opposed to May 14, 2009 (two years prior to the beginning of the liability period).  We then identified RFPs 2, 3, 4, 8, 11, 20, 25, 27, 28, and 29.  Your position appears to have shifted to a significantly more restrictive one.

---

[1] If Microsoft takes the position that any such documents are privileged, then a privilege log will be required.
[2] Our compromise of two days was without prejudice to seeking additional time if necessary.

April 29, 2016
Page 3

We intend to send you a letter very shortly outlining authority for our entitlement to at least two years of pre-liability period discovery of data and other documents.  Please respond with your position no later than the end of next week, so that we may reach agreement or determine that we are at an impasse.  If we must bring this issue to the Court, we should do so soon because of the foundational nature of this topic.

**<u>Supplementing Responses</u>**

We requested that you supplement your responses to our requests for production.  Your responses were served while your first motion to dismiss was pending, and for several requests, no response was given pending decision on the motion—since decided on March 7, 2016.  You agreed to provide a list of RFPs that have been resolved and RFPs that are outstanding, but you did not indicate when.  We would appreciate receiving this prior to our next call.

**<u>Defendant's Response to Plaintiffs' Requests for Production</u>**

I have reproduced the relevant paragraphs from our April 4, 2016, April 11, 2016, and April 18, 2016 letters.  Updates from yesterday's discussion are included below those paragraphs.

<u>Requests 2 & 3:</u>
**March 29, 2016:** You indicated that you would provide a list reflecting profession, discipline, and job title for employees within the company, and you indicated that you believe the corporate organization charts we seek do not exist.  We asked if any intranet pages explain corporate organization or structure to employees.  You indicated that you would investigate if anything exists besides the "Dr. Whom" intranet tool.  We suggested the director of human resources or marketing may maintain documents reflecting an understanding of corporate organization.  We also suggested that budget documents might indicate corporate organization or structure.  You stated that you would ask for these types of documents from your client.

**April 8, 2016 update:** Microsoft is still looking into this issue, and did not have an update since last week.

**April 18, 2016 update:** You did not provide us an update on this issue.

***April 28, 2016 update:*** *You indicated that you have not located any corporate organization charts.  You stated that next week you plan to produce a declaration and attached document that describes Microsoft's corporate organization at a high level.  You also indicated that you would provide MS People snapshots from September 2013 to the present demonstrating a hierarchy of reporting relationships.  You did not know why these documents are not available for dates prior to September 2013.  We agreed to review these documents, and after our review, we will let you know whether additional "Dr. Whom" reports are needed.*

April 29, 2016
Page 4

Request 10:

**March 29, 2016:** You requested agreement that a categorical privilege log be appropriate for gender-related statistical audits, analyses, studies, or reports, and that you believe it is likely that everything within this category is privileged. We did not agree. We also stated our position that emails between employees discussing these reports and reports transmitted to government agencies are certainly not privileged and fall within the scope of this request as well.

**April 8, 2016 update:** We confirmed we would not consider a categorical privilege log for this type of document to be appropriate.

**April 18, 2016 update:** You did not provide us with an update on this issue.

***April 28, 2016 update:*** *You indicated that it is Microsoft's position that both the studies and analysis behind publicly reported gender-representation data and all internal reports (both the supporting work and the reports themselves) are privileged on the basis of attorney-client communication and work product. We asked you to provide your position in writing, and the basis therefore, so that we may respond and raise this issue with the court. You agreed to do so. We also asked whether you had investigated whether any of these materials have been shared with non-attorneys, and you agreed to investigate. Finally, please provide us a privilege log for these documents as soon as possible.*

Request 16:

**March 29, 2016:** You stated that you had not found documentation of the content of calibration meetings, whether in the form of notes or audio/video recordings. We indicated that from our review of your document production, HR partners attend, participate in, and take notes at calibration meetings and are responsible for collecting materials, such as Calibration Workbooks and other documentation, from the meetings. We suggested that you seek such documentation from the Microsoft HR department. You said you would take this request to your client.

**April 8, 2016 update:** Microsoft is still looking into this, and did not have an update since last week.

**April 18, 2016 update:** You stated that you were not aware of centrally located notes of calibration meetings, and suggested that Plaintiffs might consider including this in their search of ESI, but noted that could include dozens of custodians within HR alone. We asked you if calibration meetings had designated official notetakers, and you stated you were not sure but would follow-up. We stated that we are amenable to a sampling approach here, once we receive additional information from you. However, we also stated that we are not amenable to sampling when it comes to the "Calibration

April 29, 2016
Page 5

Workbooks," which include data about employee performance score recommendations and promotion recommendations.  You said this might be burdensome, and we requested some exemplars so we could better understand the nature of these documents.  You said you would look into providing Plaintiffs with exemplar "Calibration Workbooks."  We also asked whether this data (scores/promotions before and after calibration meetings) might be stored in another database or format, and you stated you would look into it.  We will be better able to engage with you in a discussion of burden once we understand how and where Microsoft maintains this information, which is directly relevant to the allegations in our complaint that the calibration process specifically has an adverse impact on female technical employees.

***April 28, 2016 update:*** *You confirmed that manager recommendations, and changes to those recommendations, are contained in the Performance Audit Reports. We explained that we also seek sample Calibration Workbooks ahead of the database deposition so that we may walk through these tools with the witness and understand where specific kinds of recommendations are documented in the audit trails.  The samples should, if possible, overlap with the employees included in the sample data you are producing ahead of the deposition.*

Request 19:
>    **March 29, 2016:** We indicated we would not accept a categorical privilege log for EEO-1 reports and similar internal reports.
>
>    **April 8, 2016 update:** No update.
>
>    **April 18, 2016 update:** No update.
>
>    ***April 28, 2016 update:*** *You stated that these reports are in your production queue but did not provide an estimated production date.*

Request 20:
>    **March 29, 2016:** You indicated that you would produce the policy documents we have requested.  We clarified that we are not seeking all individual-level responses to surveys, but we do seek reports or summaries of results, including those discussing or analyzing the results of employee surveys that may be circulated via email.  We did not commit to accepting anonymized responses, but we are willing to consider that request.
>
>    **April 8, 2016 update:** Microsoft stated that it is still in the process of determining whether any records are available, and did not have an update since last week. Plaintiffs stated their understanding, based on Microsoft's prior document production, that there is more than one employee survey. Plaintiffs will provide Microsoft names of surveys they have seen referenced in the company's documents.

April 29, 2016
Page 6

**April 18, 2016 update:** Plaintiffs provided you with the names of surveys we have identified in Microsoft's document production on April 12, 2016. You did not have an update on Microsoft's position yesterday.

*April 28, 2016 update: You indicated that you will provide a list of questions asked in MS Poll, and we agreed to look at the list to determine if any of those questions are relevant. We also ask that you provide a list of questions asked in the other employee surveys identified in Anne Shaver's April 12, 2016 email: Microsoft 360 Feedback Tool, Connect Pulse Survey, and Assessment Tool Surveys, in addition to any you know about that were not listed therein.*

*You also indicated that it is Microsoft's position that responses to survey questions on attitudes regarding diversity and inclusion are not relevant. We strongly disagree. Please provide us with the list of survey questions, as well as your basis for withholding answers to survey questions on diversity and includion in writing, by next week, as we intend to tee this issue up with the Court right away.*

Request 23:

**March 29, 2016:** You stated that you are still investigating whether a log of formal legal complaints exists. You did not give a timeline for when your investigation will be complete. We request a response this week, as this has been outstanding for several months.

**April 8, 2016 update:** You stated that Microsoft was still looking into this, and did not have an update since last week. Plaintiffs re-iterated that we would like a deadline to keep the parties on schedule for the discovery calendar. You stated that Microsoft would provide a response the week of April 11, 2016.

**April 18, 2016 update:** You informed us that Microsoft will produce a log of formal legal complaints filed against Microsoft. You stated that Microsoft would also provide copies of complaints that were not filed on a public docket (i.e., Microsoft will produce complaints filed with administrative agencies, but not those filed in court on a public docket).

*April 28, 2016 update: You indicated that you plan to produce the log of legal and administrative complaints and related documents ahead of the deposition on human resources complaints and compliance, as well as additional policy documents on the internal complaint process. We request that you do so within the next twenty-eight days. During the call, we also asked that you produce non-privileged internal complaints in advance of the deposition as well so that we may walk through exemplar complaints with the witness. You said you would consider this request and get back to us.*

April 29, 2016
Page 7


### Next Meet and Confer Call

We agreed to schedule a call next week over e-mail. You suggested May 16, in light of the fact that the parties will be in depositions three days next week. We will get back to you on our availability for this date.


Sincerely,

Michael Levin-Gesundheit


cc:     Plaintiffs' counsel

1302949.2