# Exhibit K

**Lieff
Cabraser
Heimann&
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

May 5, 2016

**<u>VIA ELECTRONIC MAIL</u>**

Lynne C. Hermle
Jessica R. Perry
Megan M. Lawson
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
lchermle@orrick.com
jperry@orrick.com
megan.lawson@orrick.com

Wendy Butler Curtis
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, NW
Washington, DC 2000
wcurtis@orrick.com

Lauri A. Damrell
Orrick Herrington & Sutcliffe LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
ldamrell@orrick.com

Mark S. Perris
Orrick Herrington & Sutcliffe LLP
701 5th Avenue, #5600
Seattle, WA 98104
mparris@orrick.com

RE:   *Moussouris, et al. v. Microsoft Corp.*, No 2:15-cv-01483 (JLR)

Dear Counsel:

We write regarding Plaintiffs' Request for Production No. 21, which seeks:
> All DOCUMENTS (including but not limited to investigation files, logs, OR databases) that REFER OR RELATE TO internal requests, inquiries, demands, claims, grievances, concerns, protests, OR complaints made by DEFENDANT'S applicants, employees, AND/OR managers against DEFENDANT, REFERRING OR RELATING TO unfair treatment against any woman, including gender discrimination, sexual harassment, pregnancy discrimination, hostile work environment, AND/OR retaliation, including investigations of such requests, inquiries, demands, claims, grievances, concerns, protests, AND/OR complaints. This document request includes all forms of

1

May 5, 2016
Page 2

> COMMUNICATIONS—either in writing OR orally (where such
> COMMUNICATIONS have been taped, logged, noted AND/OR
> investigated and described through records of the investigation),
> formal OR informal, to DEFENDANT OR to any other party.

Plaintiffs have also noticed a Rule 30(b)(6) deposition on topics related to complaints and compliance, including "Internal complaint and investigation procedures regarding unfair treatment, gender discrimination, sexual harassment, and pregnancy discrimination, including, but not limited to, the structure, personnel, and policies and practices of Defendant's Legal Department and Human Resources Department." We have two issues to resolve: first, the scope of relevant complaints; and second, the extent to which the internal complaint process is protected by the attorney-client privilege.

## Scope of Relevant Complaints

During our April 18, 2016 meet and confer, you indicated that Microsoft would not produce a witness to testify as to complaints regarding sexual harassment, pregnancy discrimination, or other unfair treatment on the basis of gender because such topics are irrelevant. Instead, you said the deposition would be limited to complaints regarding compensation, promotion, and performance evaluations. *See* April 19, 2016 Letter from Yaman Salahi. We understand that, for the same reason, Microsoft will not be producing documents in response to RFP No. 21 that pertain to sexual harassment, pregnancy discrimination, or other unfair treatment on the basis of gender. We set forth herein support for our position that internal complaints regarding sexual harassment, pregnancy discrimination, and other gender-based unfair treatment at Microsoft are relevant to Plaintiffs' claims in this lawsuit. Gender discrimination in pay, promotions, and performance evaluations does not occur in a vacuum, and evidence of a corporate environment hostile to women in the workplace is probative of those claims.[1] Therefore, Plaintiffs seek all complaints relating to gender discrimination, including those that do not contain express allegations of discrimination in pay, promotions, or performance evaluations. The 30(b)(6) witness designated on this topic should likewise be prepared to testify as to such complaints.

"[T]he scope of discovery is particularly broad in employment discrimination cases." *Schultz v. Olympic Med. Ctr.*, No. 07-5377, 2008 WL 3977523, at *5 (W.D. Wash. Aug. 22, 2008). *See also Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 657 (1989) ("[L]iberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their [discrimination] claims."); *Paananen v. Cellco P'ship*, No. 08-1042, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) ("Discovery in employment discrimination cases is especially

---

[1] For a particularly apposite explanation of the commonsensical link between harassment and workplace discrimination in promotions, see *Brown v. Nucor Corp.*, 785 F.3d 895 (4th Cir. 2015). There, in the analogous context of a Title VII lawsuit alleging racial discrimination in job promotion under disparate treatment and disparate impact theories, the court commented that "[i]t strains the intellect to posit an equitable promotions system set against [a] cultural backdrop" of racism, noting that "[i]t is difficult to fathom how widespread racial animus . . . bears no relationship to the decisions whether or not to *promote* an employee of that race." *Id.* (emphasis added). The same logic applies here in the case of gender discrimination.

May 5, 2016
Page 3

broad."). This is particularly true when a pattern of discrimination is alleged, as Plaintiffs do here. *See Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 562 (S.D.N.Y. 2013) ("Broader discovery is warranted when a plaintiff's claims are premised on a pattern or practice of discrimination at the organization-wide level, as opposed to specific allegations of discrimination made against an individual supervisor."). The need for company-wide discovery of evidence of gender discrimination is also heightened in class actions, such as this one, in light of *Wal-Mart v. Dukes*'s instruction that a trial court should conduct a "rigorous analysis" to ensure that "the prerequisites of Rule 23(a) have been satisfied." 564 U.S. 338, 351 (2011).

It is therefore unsurprising that both case law and common sense indicate that when plaintiffs allege a widespread company pattern or practice of undervaluing women's contribution to the workplace and a policy of discrimination, they are entitled to discover all evidence of gender discrimination. This includes internal complaints of sexual harassment or other unfair treatment on account of gender. *See Cannata v. Wyndham Worldwide Corp.*, No. 10-68, 2011 WL 2923888, at *3 (D. Nev. July 18, 2011) (holding that "discovery of sex discrimination and sexual harassment complaints is appropriate," as "plaintiffs allege a broad, companywide culture that sanctions and encourages harassment and discrimination"); *Chan v. N.Y.U. Downtown Hosp.*, No. 03-3003, 2004 WL 1886009 (S.D.N.Y. Aug. 23, 2004) (noting that "the scope of discovery must go beyond the specifics of the plaintiff's claim," and ordering the defendant to "produce all documents containing information about sexual harassment complaints made by its employees and actions taken in response thereto"). For example, in *Chen-Oster*, a case in which the plaintiffs alleged gender discrimination in compensation, promotion, and performance evaluation on a class basis, the court ordered the defendant to produce "all internal complaints that are 'conceivably related' to gender discrimination made by female employees . . . regardless of whether the complainant is a member of the putative class." 293 F.R.D. 557, 567 (S.D.N.Y. 2013). The court also explained that the use of specific "buzzwords" or "magic words" was not required to make a complaint discoverable, and that even though sexual harassment and pregnancy complaints were not alleged on a class basis, complaints about those topics were discoverable as well. *Id.* at 563, 564 n.3.

Additionally, evidence of a corporate environment of gender discrimination is relevant to commonality under Rule 23. In *Ellis v. Costco Wholesale Corp.*, the Ninth Circuit noted that in ruling on the plaintiffs' motion for class certification, the district court should consider evidence of a "culture of gender stereotyping and paternalism" and "determine whether there was 'significant proof that [Costco] operated under a general policy of discrimination.'" 657 F.3d 970, 983 (9th Cir. 2011) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 353 (2011)). On remand, the district court then found that "Costco's culture [was] . . . one component among many pieces of persuasive evidence of companywide practices and policies that support a finding of commonality." *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 521 (N.D. Cal. 2012). Like the plaintiffs in *Ellis v. Costco*, Plaintiffs here intend to present evidence of a corporate environment hostile to women in the workplace to meet their burden of demonstrating commonality under Rule 23. Internal complaints of sexual harassment and other unfair treatment on account of gender are an important part of that story.

3

May 5, 2016
Page 4

**<u>Attorney-Client Privilege</u>**

Relatedly, you told us during the April 18 meet and confer that Microsoft considers some parts of its internal complaint investigation process to be subject to the attorney-client privilege, and that the 30(b)(6) witness would not be able to testify about the policies and practices of the legal department.  We asked you to provide us with your basis for maintaining that the process of complaint investigation is itself privileged.  You agreed to do so.  *See* April 19 Letter.  We have not received any further explanation from you.

During our next call on this topic, on April 28, you further asserted that certain internal complaints and related investigation files are privileged as well.  You explained that some investigations are conducted pursuant to the direction of an attorney and others are not.  We asked for further explanation as to the distinction and you agreed to provide it.  We have not heard back from you on this either.  We likely disagree that the privilege applies, but in any event do not understand why you would assert that it applies to the complaints themselves, as opposed to the investigation files related thereto.  (We may not agree the latter is privileged either, but it would be subject to a different analysis from complaints brought by women at the company.)

We would like to present both matters to the Court in the next several days, so that we can move forward with deposition and document discovery based on a clear understanding of what is subject to discovery.  Please provide us with your response, including any bases for withholding this material, no later than May 10, 2016.

Very truly yours,

Michael Levin-Gesundheit

cc:     Plaintiffs' counsel

1303012.2