# Exhibit L

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

May 17, 2016

**VIA ELECTRONIC MAIL**

Lynne C. Hermle
Jessica R. Perry
Megan M. Lawson
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
lchermle@orrick.com
jperry@orrick.com
megan.lawson@orrick.com

Wendy Butler Curtis
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, NW
Washington, DC 2000
wcurtis@orrick.com

Lauri A. Damrell
Orrick Herrington & Sutcliffe LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
ldamrell@orrick.com

Mark S. Perris
Orrick Herrington & Sutcliffe LLP
701 5th Avenue, #5600
Seattle, WA 98104
mparris@orrick.com

> RE:    *Moussouris, et al. v. Microsoft Corp.*, No 2:15-cv-01483 (JLR)

Dear Counsel:

We write to follow up on yesterday's meet and confer call, as well as several other outstanding discovery issues.

**Class Scope**

You can expect a position statement from Plaintiffs regarding which organizations, job levels, and professions/disciplines/titles are within the proposed class very shortly.

It appears we have reached impasse with respect to temporal scope.  We would like to bring this to the Court for resolution as soon as possible.  Please let us know times on Thursday, May 19 and Friday, May 20 when you are available for a joint call to chambers to request an expedited discovery dispute resolution.

May 17, 2016
Page 2

### **Custodian and Search Term Discovery**

For employee email distribution lists and Yammer groups, per your request on yesterday's call, we attach a spreadsheet with the name of the list/group and the search string in separate numbered rows. As you will see, we have changed your "w/20" limiter to "AND", and have added a few additional terms to your proposal. You stated on our call that you would investigate which of the custodians on our April 14, 2016 list were members of these distribution lists, and would let us know if there are any lists for which no custodian is a member. If that is the case, Plaintiffs reserve the right to add a custodian for each list so that we can make sure all lists are searched.

For the security lists to which Plaintiff Holly Muenchow subscribed, based on your representation that you have reviewed the lists and they do not contain relevant material, Plaintiffs will agree to exclude them.

As we discussed, Defendants will provide updated hit counts for parsed out searches 006, 029, 030, and 044 to allow both parties to more insightfully assess the hit counts. For searches 026 and 027, we agreed, for the time being, to narrow the proximity to w/10. We did not discuss 052 independently, but since it started at a lower threshold of w/10, Plaintiffs propose again meeting in the middle and cutting it to w/8.

For 043, plaintiffs propose the following query: harass* w/10 (bias* OR unfair OR sex* OR lawsuit* OR prejudice* OR retaliate* OR gender OR diversity OR discrim* OR hostil* OR harass* OR pregnan* OR maternity)

We confirmed agreement with your approach to search terms 047, 049, and 051.

Finally, you asked us for a ballpark estimate of the number of custodians we are seeking from each category. We explained that we cannot give you a meaningful estimate without the information we requested from you in my May 4 email. You stated that you are working to gather that information. The sooner we have it, the sooner we can bring this negotiation to a close. In the absence of this information, and without committing to a position on number of custodians, Plaintiffs do not anticipate seeking more than five to ten custodians per category.

With respect to custodian category 15 (HRPB), you stated that there is no leadership subset because all members are HR managers. You also stated that the 209 number you gave us previously included only current employee members, and not former employees. You confirmed that the HR managers in this group are assigned to work with specific organizations. We agreed to tell you which organizations we would like to be included in terms of selecting custodians from HRBP, and then you would respond with the information we requested for the other custodial groups on May 4. These are: 1) Cloud and Enterprise; 2) Human Resources; 3) Applications and Services; 4) Windows and Devices; and 5) Technology and Research.

May 17, 2016
Page 3

## Initial Disclosures

We stated that we have complied with our obligations under FRCP 26(a) to provide you with the names, contact information (if known), and subject of discoverable information of persons whom Plaintiffs may use to support their claims and defenses. You asked us to provide more information on Mark Miller and Christopher Davis, as you cannot identify them on name alone. Mark Miller worked with Holly Muenchow on the LTS team. He was a Software Design Engineer in Test. Chris Davis worked with Holly Muenchow on the .NET Framework team. He was a Project Manager.

You also asked for a proposal for sampling this category of custodians. We do think it is appropriate to approach this category with sampling. However, for certain of these custodians, it may be appropriate to defer custodial searches until the merits stage of the case. If you are interested in this approach, please let us know and we will provide you with a proposal.

## Plaintiffs' Requests for Production

We have asked you repeatedly to supplement your Responses and Objections to our Requests, but you have not done so. Instead, you stated on our April 28 call that you would send us a list of which RFPs you believe have been resolved and which are outstanding, but we have not received that either. We are short on time to identify and resolve discovery disputes, and need this information from you in order to move forward effectively.

In the meantime, Plaintiffs are aware that Microsoft still has not produced documents responsive to many of Plaintiffs' Requests for Production, including RFPs Nos. 10, 12, 16, 17, 19, 20, 21, 22, and 23. With respect to Nos. 10 and 20-23, you have asserted on previous calls that Microsoft intends to withhold some or all responsive documents on the basis of attorney-client privilege and/or work product. We have asked you repeatedly to provide us in writing with the basis for your assertion of privilege, so that we may evaluate it and respond, as well as with other specific information related to each type of material. *See, e.g.*, April 29, 2016 Letter from Anne Shaver; May 5, 2016 Letter from Michael Levin-Gesundheit. We have also requested privilege logs and have not received them. We need to know your position on this material asap so that we can move the Court, if necessary. If we have not received a response by May 25, we will go to the Court on the current meet and confer record. We simply can't afford to delay any longer.

We also ask that you give us a timeline for when Microsoft will produce documents and/or privilege logs responsive to RFPs Nos. 10, 12, 16, 17, 19, 20, 21, 22, and 23.

Sincerely,

Anne Shaver

cc:    Plaintiffs' counsel

1304793.1

3