# Exhibit O

**Lieff
Cabraser
Heimann&
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

May 26, 2016

**VIA ELECTRONIC MAIL**

Lynne C. Hermle
Jessica R. Perry
Megan M. Lawson
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
lchermle@orrick.com
jperry@orrick.com
megan.lawson@orrick.com

Wendy Butler Curtis
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, NW
Washington, DC 20005
wcurtis@orrick.com

Lauri A. Damrell
Orrick Herrington & Sutcliffe LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
ldamrell@orrick.com

Mark S. Perris
Orrick Herrington & Sutcliffe LLP
701 5th Avenue, #5600
Seattle, WA 98104
mparris@orrick.com

RE:   *Moussouris, et al. v. Microsoft Corp.*, No 2:15-cv-01483 (JLR)

Dear Counsel:

Thank you for meeting and conferring with us on May 25, 2016. Below I summarize the issues we discussed, as well as make a small number of follow-up requests.

**Dana Piermarini's Documents**

You asked whether you should anticipate any additional productions on behalf of Named Plaintiff Dana Piermarini.  We informed you that we do not expect to produce additional documents on behalf of Ms. Piermarini because most responsive documents are contained on her work computer, which you have asked Ms. Piermarini not to search.  We confirmed that Ms. Piermarini does not have documents responsive to several requests for production within her

1

May 26, 2016
Page 2


personal files.[1]  We are in receipt of your letter of May 26, 2016 requesting that Ms. Pierarmini supplement her responses by May 31, 2016 to specifically indicate that she does not have documents responsive to these requests.  Although we do not think supplementation is required, as per your request, Ms. Piermarini will supplement her responses.  However, we cannot guarantee that they will be served by May 31, 2016, which is two business days from now.

You noted that certain native audio files were missing from Dana Piermarini's production.  We produced the native audio files today.

## Scope of Class Discovery

You indicated that you would like to better understand our rationale for Plaintiffs' revised definition of "Technical Employees" reflected in our Second Set of Requests for Production served on May 19, 2016.  We explained that the definition is based on our review of the Career Profile documents Microsoft has produced; the list of disciplines, professions, and titles you provided; and the Rule 30(b)(6) deposition on corporate organization.

## Attorneys' Eyes Only ("AEO") Designations

You have marked certain performance review documents as AEO, and we have asked to have that designation removed to better prepare the Named Plaintiffs for their depositions, as well as to allow you to ask questions about these documents.  You raised concerns about our designation of Holly Muenchow's responses to interrogatories as AEO.  You asked if we would consider mutually agreeing to each others' AEO designations, or mutually agreeing to remove them.  We said we would consider your proposal, but we noted that we have reservations because many of the fellow employees discussed in Ms. Muenchow's responses have not chosen to put their performance or experience at Microsoft at issue in a public lawsuit.

## Expert Reports

You noted that the current scheduling order does not specifically address the timing for expert reports.  We understand that Plaintiffs will file their expert reports at the same time as filing for class certification; Defendant will file its expert reports along with its opposition to class certification; and Plaintiffs may file rebuttal reports at the time of their reply.  This is typical practice.  Please let us know if you would like to discuss this issue further.

## Custodian Discovery

We discussed custodian discovery categories 15 and 16.

---

[1] Please note we confirmed and you agreed that the parties need not produce text messages pursuant to the ESI protocol.

2

May 26, 2016
Page 3

Regarding category 15, we explained that the sample should include members of the HRBP team who work within HR, as well as those assigned to the engineering and marketing/sales organizations.  It seems likely that some members of the team would play a supporting role, from within HR, for those assigned to the external organizations, and accordingly would be likely to have the most relevant documents.  For example, such custodians may be responsible for developing agendas, for tracking results, for communicating projects and timelines, and/or for driving the projects that the group as a whole takes on.  You agreed to investigate whether this is true, and if you continue to disagree that the sample should include HR-based HRBP managers, to provide us with more information.

Regarding category 16, you suggested that sampling is appropriate for the individuals identified in Plaintiffs' Rule 26(a) initial disclosures.  We maintain that sampling is not appropriate for these fact witnesses, who are the Named Plaintiffs' managers, co-workers, or human resources professionals who either have knowledge of the Named Plaintiffs' claims and defenses, or have personal experiences of gender discrimination at Microsoft.  We explained that we will provide a list of tailored search terms for each custodian to address your concerns about burden.  Anne Shaver agreed to be available for a call with Wendy Curtis to discuss this particular issue once the revised search term list is sent.

## Employee Surveys

We noted that we are still waiting to receive lists of survey questions asked of Microsoft employees, and until we receive those lists, Plaintiffs cannot identify the questions for which they seek a report of aggregated or anonymized employee responses.  You indicated that MS Poll and Exit Survey questions are in the production queue, but were not sure when they would be produced, as you are prioritizing named Plaintiff document production.  You said you are still investigating the Microsoft 360, Connect Pulse, and Assessment Tool surveys.  You noted that the Microsoft 360 survey was retired in the summer of 2015.  Plaintiff, however, still seek a list of questions asked in this survey.  In light of the case schedule, we ask that you produce lists of survey questions as soon as possible.

## Missing Documents Identified in Yaman Salahi's April 11, 2016 Letter

We asked to discuss the documents identified as missing in Yaman Salahi's April 11, 2016 letter.  You said Microsoft was not prepared to discuss these documents during this meet and confer call, but you indicated you would be prepared to discuss them during our next meet and confer call, which we can confirm for June 1, 2016.  We explained that documents identified in Table 2 below will be especially important to the upcoming Rule 30(b)(6) depositions on complaints/compliance, performance evaluation policies, compensation policies, and promotion policies, scheduled for June 28-30.  We request that you produce these documents as soon as possible because these documents are a critical basis for questions asked at these depositions.  If we cannot receive these documents before the depositions, we will need to leave the depositions open to resume once we have received them.  We also requested that, to the extent you

May 26, 2016
Page 4

categorically object to production of any of these documents, please let us know as soon as possible—and no later than during our meet and confer call on June 1, 2016.  That way, if necessary, we may raise this issue with the Court with sufficient time for the Court to rule prior to the 30(b)(6) depositions scheduled at the end of June.

For your convenience, the relevant portion of the April 11 letter—with additional information in italics—is reproduced below:

In the course of reviewing Microsoft's production of documents to date, we have identified additional documents that are responsive to Plaintiffs' First Set of Requests for Production (served November 12, 1015, amended February 6, 2016), but which we believe have not yet been produced.

*TABLE 1*

| Document | Reference | Responsive to RFPs |
|---|---|---|
| 1. EEO and Affirmative Action Executive Summary for Managers | MSFT_MOUSSOURIS_000 03861 | 19, 20 |
| 2. OFCCP Compliance Review | MSFT_MOUSSOURIS_000 03861 | 19, 20 |
| 3. Diversity Data Standard Reports | MSFT_MOUSSOURIS_000 03986 | 4, 5, 6, 10, 12 |
| 4. Assessment Tool Surveys[2] | MSFT_MOUSSOURIS_000 01652 | 6, 10, 12 |

Additionally, Microsoft has not yet produced any of the following documents:

*TABLE 2*

| Documents | Responsive to RFP(s) |
|---|---|
| 1. Documents related to validation studies of Microsoft's compensation, promotion, or performance evaluation systems | 10, 13, 14, and 15 |
| 2. Documents related to job analyses and competency models (or piloting of such job analyses and competency models) for the roles filled by Technical Employees | 10, 13, 14, 15 |
| 3. Documents relating to the development and implementation of | 14, 15 |

---

[2] *We recognize that during our meet and confer call on May 25, 2016 you indicated that you are investigating our requests for survey questions.*

4

May 26, 2016
Page 5

|  |  |
|---|---|
| Microsoft's stack ranking system, including documents reflecting the internal and external personnel involved with the creation and implementation of this system |  |
| 4. Documents relating to the development and implementation of Microsoft's Connect system, including documents reflecting the internal and external personnel involved with the creation and implementation of this system | 14, 15 |
| 5. Documents related to Microsoft's monitoring of the impact of its performance evaluation, compensation, or promotion systems on women[3] | 10 |

## MSMOMs Anonymous Sharepoint

We explained that this forum contains posts about gender discrimination at Microsoft and pointed you to Holly Muenchow's responses to interrogatories for further information about MSMOMs Anonymous.  Having learned about this forum recently, we specifically request responsive documents now.  These documents are covered by RFP #24.  You said you would investigate this request but did not provide a timeline.

## Plaintiffs' First Production Following a Different Bates Naming Convention

We asked you to confirm that you deleted Plaintiffs' first production, which was reproduced later using a different Bates naming convention, which has been maintained since then.  You told us you would investigate and follow up with us.

## Missing Performance Evaluation Documents

We did not discuss the topic of missing performance evaluation documents during our call, but we raise it in this letter in an effort to streamline our communications per your request.  We have been unable to locate in Microsoft's productions certain performance evaluation-related documents for the Named Plaintiffs.  Please produce the documents identified below as soon as possible in light of the Named Plaintiffs' upcoming depositions.  We understand that the type and form of performance-related documentation have changed over time.  If Microsoft is unable to provide any of the documents listed below, please advise us as soon as possible so that we can meet and confer about comparable documents that may reflect the same or similar information about the named plaintiffs' performance, or confirm that we have the complete universe of relevant documents.

---

[3] Including, but not limited to, documents and communications relating and referring to the analysis and data behind Kathleen Hogan's April 11, 2016 announcement that for every $1 earned by male employees, female employees with the same job title and level earned $0.998.

5

May 26, 2016
Page 6

| Named Plaintiff | Missing Documents |
|---|---|
| Katherine Moussouris | • FY2012 Annual Performance Review |
| Holly Muenchow | • FY2009 Mid-Year Check-In<br>• FY2014<br>    ○ FY2014 Mid-Year Check-In or equivalent<br>    ○ FY2014 Annual Performance Review or equivalent<br>    ○ FY2014 Individual Results Report or equivalent<br>• FY2015<br>    ○ We are unable to locate any performance-related documents for FY2015 other than a "Feedback" results summary.<br>• FY2016<br>    ○ We are unable to locate any performance-related documents for FY2016. |
| Dana Piermarini | • FY2014 Annual Performance Review.  We have located a FY2014 End-of-Year Check-In (MSFT_MOUSSOURIS_00000567, dated August 20, 2014).  Please confirm whether this document is the equivalent of Plaintiff Piermarini's Annual Performance Review for FY2014.<br>• FY 2015<br>    ○ We are unable to locate any performance-related documents for FY2015 other than a "Feedback" results summary.<br>• FY2016<br>    ○ We are unable to locate any performance-related documents for FY2016. |

## Next Meet and Confer Call

We again to meet and confer again on June 1, 2016 at 1:00 PM PDT.

Sincerely,

Michael Levin-Gesundheit

cc:    Plaintiffs' counsel

1305915.2

6