# Exhibit P

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

June 2, 2016

Anne B. Shaver
Partner
ashaver@lchb.com

**VIA ELECTRONIC MAIL**

Lynne C. Hermle
Jessica R. Perry
Megan M. Lawson
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
lchermle@orrick.com
jperry@orrick.com
megan.lawson@orrick.com

Wendy Butler Curtis
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, NW
Washington, DC 20005
wcurtis@orrick.com

Lauri A. Damrell
Orrick Herrington & Sutcliffe LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
ldamrell@orrick.com

Mark S. Perris
Orrick Herrington & Sutcliffe LLP
701 5th Avenue, #5600
Seattle, WA 98104
mparris@orrick.com

RE:    *Moussouris, et al. v. Microsoft Corp.*, No 2:15-cv-01483 (JLR)

Dear Counsel:

Thank you for meeting and conferring with us on June 1, 2016. Below I summarize the issues we discussed.

**Attorneys' Eyes Only ("AEO") Designations**

Plaintiffs maintain that Microsoft's designation of the Named Plaintiffs' performance review documents as AEO is unwarranted under the stipulated Protective Order, as the documents do not constitute "extremely sensitive confidential information" like "[c]ompany trade secrets protected by law," "[n]on-public company strategic initiatives regarding commercial products or services," or "[p]ersonnel and compensation data and information of third-party non-litigants." § 3(D). The information reflected is feedback of Plaintiffs' work performance, and the evaluation of Plaintiffs is a core issue in the case.

1

June 2, 2016
Page 2

You have asserted that the individuals providing feedback had an expectation of privacy when writing the reviews – however, that cannot be true as the feedback was designed to be reviewed by managers during the performance review cycle.  Even if such individuals had an expectation that their comments would not be attributed to them in the eyes of the Plaintiffs, the fact that litigation has commenced where the Plaintiffs' performance is directly at issue outweighs any possible "good cause" to keep the documents confidential.  *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011).  Regardless, the overwhelming majority of the feedback is positive, and there is no credible "particularized harm" that Microsoft could assert if Plaintiffs were to learn the substance or source of the feedback received.  *Id.*

We disagree that Plaintiff Holly Muenchow's Interrogatory Responses are analogous to the Plaintiffs' performance review documents in terms of the AEO designation.  Ms. Muenchow is a current employee, and her Responses contain "extremely sensitive confidential information" regarding her co-workers and her managers.  Should the AEO designation be removed, her Responses would not be protected from dissemination to employees of Microsoft who could use the information contained therein to harm Ms. Muenchow's career and/or professional relationships.  Plaintiffs can thus demonstrate the "good cause" and "particularized harm" prongs necessary to justify the AEO designation.

## Scope of Class Discovery

We asked whether Microsoft would be raising any objection to our discovery definition of "Technical Employees" as reflected in our Second Set of Requests for Production served on May 19, 2016.  You said that you did not expect to but would confirm shortly.  We ask that you do so by the end of next week, since this issue is foundational to the scope of data and documents to be produced, and if we have a disagreement we need to resolve it immediately.

## Custodian Discovery

Regarding category 15 , you reported that HRBP representatives who are assigned to the HR department work for HR employees who raise issues within the ambit of HRBP's work; they do not support their counterparts assigned to external organizations.  Based on your representation, we will withdraw our request that such HR representatives be included in the sample of HRBP custodians, reserving our right to re-visit the issue should subsequent discovery indicate that such individuals should have been included.

Regarding category 16, we sent you a list of revised search terms on May 27, 2016.  I understand that Wendy Curtis will reach out to me directly when you are ready to discuss this.  I asked that you consider that Microsoft's production to date shows that many of the 26(a) witnesses are already custodians in Microsoft's own searches for responsive materials, including the following: Emily Anderson; Chris Betz; Jerry Bryant; Devindra Chainani; Alex Chi; Melinda De Lanoy; Orna Edgar; Andrew Gross; Dick Hoell; Curt Kolcun; Bryna McCool; Merrie McGaw;

2

June 2, 2016
Page 3

Judy Mims; Alain Raitt; Mike Reavey; Ken Reppart; Noah Sandidge; Nina Somerville; Jing Sun; Dietrich Thompson; Adrian Vinca; David Walker; and Jim Warner.

Since these individual's electronic files have already been gathered and reviewed, we expect that the additional burden of running five to ten search terms on each will be minimal.

## Employee Surveys

On our call and in our letter last week, we noted that we are still waiting to receive lists of survey questions asked of Microsoft employees, and until we receive those lists, Plaintiffs cannot identify the questions for which they seek a report of aggregated or anonymized employee responses. You indicated yesterday that you are continuing to look into this issue and did not have an update as to when the questions would be provided.

## Missing Documents Identified in Yaman Salahi's April 11, 2016 Letter

During our call last week, we asked to discuss the documents identified as missing in Yaman Salahi's April 11, 2016 letter. You said Microsoft was not prepared to do so then, but that we could discuss them next time. However, you let us know in advance of yesterday's call that you still were not ready to give us Microsoft's position on whether it would produce some, all, or none of these documents, or for those it would produce, when. We reiterated again yesterday that a response on this is urgent and unfortunately cannot wait until the Named Plaintiff discovery is finished, due to the upcoming 30(b)(6) depositions scheduled for the end of this month. The documents identified in Table 1, including EEO summaries and OFCCP Compliance Review, are relevant to the Complaints and Compliance deposition scheduled for June 28. The documents identified in Table 2, including validation studies, job analyses and competency models, and documents related to the development of Microsoft's performance review systems, are relevant to the Performance Review deposition scheduled for June 29. If Microsoft either cannot produce these documents sufficiently in advance of the depositions (two weeks), or intends to withhold some or all of them, we need to know immediately as it will impact the deposition schedule. We note that you have been on notice that we requested these general types of documents since last November, and that we provided you with specific references to the exact documents needed on April 11, but you have still not set forth a position or timetable for production of these documents. We understand that you have been working diligently on the Named Plaintiff discovery, but we cannot afford further delay here.

You did say that the Diversity Data Standard Reports is a tool for running data analytics on the MS People database. You were not aware of any standard reports that are run that Microsoft intends to produce. We said that we would consider this information and how best to proceed with discovery related to this tool, which may involve a 30(b)(6) deposition and custodial ESI searches for such reports contained in custodian's files and transmitted by e-mail.

June 2, 2016
Page 4

### MSMOMs Anonymous Sharepoint

You did not have an update on our request that you investigate this source of responsive documents.

### Plaintiffs' First Production Following a Different Bates Naming Convention

Thank you for confirming that you deleted Plaintiffs' first production, which was reproduced later using a different Bates naming convention.

### Missing Performance Evaluation Documents

You provided the following information regarding the missing evaluation documents identified in our May 26 letter:

- Plaintiff Moussouris did not have a FY2012 Annual Performance Review because she took maternity leave that year and therefore did not work enough days to eligible for a review;
- Plaintiff Muenchow's 2009 Mid-Year Check In is missing from Microsoft's systems. You are investigating whether her manager at that time has a copy.
- Plaintiff Piermarini's 2014 End-of-Year Check In is her only annual performance review document for 2014.  Her group used a hybrid approach between the old stack ranking system and the new Connect system in 2014, and that is why the documentation looks slightly different.
- 2014-2016 review materials: because the performance review system changed starting 2014, the documents that were produced for former years do not exist for these years.  You are investigating what performance review documentation does exist for these years and will provide it to us asap. Please note that we have reason to believe that our clients received written records of their Connects in 2014-2016 that are similar to the Mid-Year Check Ins and Annual Performance Reviews.

### Internal Complaint Documents

We still have not received your position on why Microsoft maintains that some portion of employee internal complaints are subject to the attorney-client privilege and will be withheld from production, or a description of which complaints are allegedly privileged and which are not.  We have been requesting clarification on this from you since April 19, 2016, and are now less than a month away from the 30(b)(6) deposition on this topic.  You also have not yet produced any internal complaint files, even those Microsoft does not consider privileged, and could not say when such documents would be produced.  If you cannot confirm that we will receive these materials by June 15, we will need to seek relief from the Court.

4

June 2, 2016
Page 5

## Next Meet and Confer Call

You are not available for a meet and confer next week to continue our discussions on these topics. We asked that you notify us of your earliest availability as we would like to keep making progress.

Very truly yours,

Anne B. Shaver

ABS/wp
cc:      Plaintiffs' counsel

1306651.1

5