# Exhibit R

**Lieff**
**Cabraser**
**Heimann&**
**Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

June 15, 2016

**VIA ELECTRONIC MAIL**

Lynne C. Hermle
Jessica R. Perry
Megan M. Lawson
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
lchermle@orrick.com
jperry@orrick.com
megan.lawson@orrick.com

Wendy Butler Curtis
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, NW
Washington, DC 20005
wcurtis@orrick.com

Lauri A. Damrell
Orrick Herrington & Sutcliffe LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
ldamrell@orrick.com

Mark S. Perris
Orrick Herrington & Sutcliffe LLP
701 5th Avenue, #5600
Seattle, WA 98104
mparris@orrick.com

RE:    *Moussouris, et al. v. Microsoft Corp.*, No 2:15-cv-01483 (JLR)

Dear Counsel:

Thank you for meeting and conferring with us on June 13, 2016.  Below I summarize the issues we discussed.

**Internal Complaints/Internal Audits**

You confirmed that you are collecting internal complaints for production, and we reiterated that Plaintiffs need a complete production of internal complaints before their Rule 30(b)(6) deposition on the topic of complaints and compliance, currently scheduled for June 28, 2016.  You confirmed that Microsoft is producing internal complaints alleging gender discrimination, sexual harassment, and pregnancy discrimination.  We asked you to confirm that class member complaints of retaliation are included in Microsoft's production.  You stated that you believed so, but that you need to confirm and will report back to us.

1

June 15, 2016
Page 2

We noted that Plaintiffs also seek internal complaints made by non-class members alleging that managers of class members have engaged in sexual harassment.  We explained that complaints involving the managers of class members are probative of a culture of discrimination affecting our clients.  You said that you would consider that request.

Because of the consequences of raising a discrimination complaint, the complaints of professional women often do not include specific references to gender discrimination.  We, therefore, reiterated our request that Microsoft produce class member complaints of unfair treatment in pay, performance evaluation, and promotion even if they do not specifically say the words "discrimination."  We asked you to provide the volume of that subset of class member complaints that were not coded as gender-related.  With this information, Plaintiffs will be able to make an informed decision regarding how to proceed.

On the topic of attorney-client privilege, Plaintiffs reiterated that they are unwilling to accept a categorical privilege log for internal complaints and gender-related audits and related documents.  For internal complaint investigations Microsoft deems privileged, Plaintiffs asked whether Microsoft would produce the underlying complaints themselves or, where no written complaints exist, redacted documents allowing Plaintiffs to understand the facts alleged, which the parties agree are not privileged.  You said you would investigate and follow up with us.  For internal audits, Plaintiffs likewise maintain that a categorical privilege log is inappropriate, but as an interim measure, Plaintiffs request that you provide a list of the internal audits Microsoft deems privileged and the number of documents associated with each audit. You agreed to do so but were unable to provide a timeline.  Please also advise how many of those associated documents are something other than an attorney-authored communication (such as analyses or reports of some type created by others).  This may allow us to narrow any dispute.

Finally, you told us that Microsoft would produce missing instruction and policy documents related to the internal complaint process this week.

**Attorneys' Eyes Only ("AEO") Designations**

Plaintiffs' reiterated that in order to have an adequate opportunity to pursue their claims, the Named Plaintiffs need to be able to read comments about their performance that Microsoft has marked as AEO.  You said you would consider a proposal that commenter names be redacted and that the confidentiality designation of these comments be changed from AEO to Confidential to allow the Named Plaintiffs to review these materials.

Turning to the Named Plaintiffs' interrogatory responses, Plaintiffs maintain that the AEO designation is appropriate to protect both the Named Plaintiffs who currently work at Microsoft and other female employees identified in their responses.  In order to protect these women, but provide greater access to the information contained within the interrogatory responses, we asked whether Microsoft would be willing to identify a specific list of individuals

2

June 15, 2016
Page 3

whom we would allow to view these responses on a need-to-know basis.  You said you would consider doing so.

## Initial Disclosures

You noted that because there are many individuals with the name Chris Davis affiliated with Microsoft, you have not been able to identify the Chris Davis listed in Plaintiffs' initial disclosures as a witness related to Plaintiff Holly Muenchow.  Below is additional information that should help you identify Mr. Davis:

- In 2012, he was a Senior Program Manager, reporting to Christine Ruana and working on a .Net team.
- He no longer works at Microsoft.
- His Microsoft alias was "cdavi."

## Data Discovery

You indicated that Microsoft's database expert is available for a phone call with Adam Klein on June 29, June 30, or July 1, and that you will follow up with Adam Klein.  This additional delay in scheduling the call that we discussed last week is very troubling given our pressing discovery deadlines.  You also indicated your intention to produce and to withhold certain MS People fields from the class data pull.  Adam Klein will respond to you about these items in a separate letter.

## Missing Documents Identified in Yaman Salahi's April 11, 2016 Letter

We discussed the documents identified as missing in Yaman Salahi's April 11, 2016 letter. In the tables below, we identify the documents and your responses.  We note that it has been over two months since Plaintiffs requested these missing documents, and for many categories of documents you still have not provided a timeline for production.  As we stated in our May 26, 2016 letter, we reiterate that the documents identified in Table 2 below will be especially important to the upcoming Rule 30(b)(6) depositions on complaints/compliance, performance evaluation policies, compensation policies, and promotion policies, scheduled for June 28-30. We request that you produce these documents as soon as possible because these documents are critical for these depositions.[1]

---

[1] We also note that in the event that Plaintiffs do not receive internal complaints, internal audits, and related documents sufficiently prior to the Rule 30(b)(6) deposition on complaints and compliance, Plaintiffs will be unable to take the deposition as currently scheduled for June 28, 2016.  We, therefore, request that in an abundance of caution you provide us with backup dates the witness is available in July should we need to reschedule.

3

June 15, 2016
Page 4

**Table 1**

| Documents | Reference | Responsive to RFPs | Your Response |
|---|---|---|---|
| 1. EEO and Affirmative Action Executive Summary for Managers | MSFT_MOUSSO URIS_00003861 | 19, 20 | You said these documents would be produced this week. |
| 2. OFCCP Compliance Review | MSFT_MOUSSO URIS_00003861 | 19, 20 | You said you are still investigating this request and did not provide a timeline for production. |
| 3. Diversity Data Standard Reports | MSFT_MOUSSO URIS_00003986 | 4, 5, 6, 10, 12 | You said you are still investigating this request and did not provide a timeline for production. |
| 4. Assessment Tool Surveys | MSFT_MOUSSO URIS_00001652 | 6, 10, 12 | You said you are still investigating this request and did not provide a timeline for production. |

**Table 2**

| Documents | Responsive to RFPs | Your Response |
|---|---|---|
| 1. Documents related to validation studies of Microsoft's compensation, promotion, or performance evaluation systems | 10, 13, 14, 15 | You said these documents would be produced next week. |
| 2. Documents related to job analyses and competency models (or piloting of such job analyses and competency models) for the roles filled by Technical Employees | 10, 13, 14, 15 | You said these documents would be produced next week. |
| 3. Documents relating to the development and implementation of Microsoft's stack ranking system, including documents reflecting the internal and external personnel involved with the creation and implementation of this | 14, 15 | You said you are still investigating this request and did not provide a timeline for production. |

4

June 15, 2016
Page 5

| | | |
|---|---|---|
| system | | |
| 4. Documents relating to the development and implementation of Microsoft's Connect  system, including documents reflecting the internal and external personnel involved with the creation and implementation of this system | 14, 15 | You noted that you found a database, but you said you are still investigating this request and did not provide a timeline for production. |
| 5. Documents related to Microsoft's monitoring of the impact of its performance evaluation, compensation, or promotion systems on women | 10 | You noted that Microsoft contends documents responsive to this request are privileged.  We reiterated our request for a privilege log.  (See the discussion above regarding Plaintiffs' requests for gender-related audits.) |

## Next Meet and Confer Call

We have agreed to meet and confer again on June 20 or 21, 2016, and we are currently discussing the exact time.

Sincerely,

Michael Levin-Gesundheit

cc:    Plaintiffs' counsel

1308127.2

5