# Exhibit A

Sharon M. Lee (Wa. State Bar No. 37170)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121-1843
Telephone: (206) 739-9059
Email: slee@lchb.com

Kelly M. Dermody (*admitted pro hac vice*)
Anne B. Shaver (*admitted pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: slee@lchb.com
Email: kdermody@lchb.com
Email: ashaver@lchb.com

Adam T. Klein (*admitted pro hac vice*)
Ossai Miazad (*admitted pro hac vice*)
Katrina L. Eiland (*admitted pro hac vice*)
OUTTEN & GOLDEN, LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Email: ATK@outtengolden.com
Email: OM@outtengolden.com
Email: keiland@outtengolden.com

*Counsel for Plaintiffs Katherine Moussouris, Holly Muenchow, Dana Piermarini, and the Proposed Class*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHERINE MOUSSOURIS, HOLLY MUENCHOW, and DANA PIERMARINI on behalf of themselves and a class of those similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>        Defendant. | Case No. 2:15-cv-01483-JLR<br><br><br>**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:  KATHERINE MOUSSOURIS, HOLLY MUENCHOW, and DANA PIERMARINI on behalf of themselves and a class of those similarly situated**

**RESPONDING PARTY:  MICROSOFT CORPORATION**

**SET NUMBER:  ONE**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiffs Katherine Moussouris, Holly Muenchow, and Dana Piermarini ("PLAINTIFFS"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, propound the following document requests, which require Defendant Microsoft Corporation ("DEFENDANT"), within thirty (30) days of the parties Fed. R. Civ. P. 26(f) conference, to serve a written response to these requests and to produce for inspection and copying the documents and other tangible objects described below at the offices of Plaintiff's counsel Lieff, Cabraser, Heimann & Bernstein, LLP, 275 Battery Street, 29th Floor, San Francisco, California 94111, or at such other place as is agreed by counsel.

## DEFINITIONS

1.      Except as otherwise defined or broadened in this request for production of documents, Plaintiffs incorporate by reference the definitions set forth in Fed. R. Civ. P. 26.

2.      The term "DEFENDANT" shall mean Microsoft Corporation, and all of its subsidiaries and operating holdings, and all of its divisions, predecessors, officers, agents, and all other persons acting or purporting to act on behalf of it or its subsidiaries or predecessors, including all past or present employees exercising discretion in making policies or decisions. The terms "you" and "your" shall mean DEFENDANT.

3.      The term "NAMED PLAINTIFFS" shall mean Katherine Moussouris, Holly Muenchow, and Dana Piermarini, and any named plaintiffs who are added at a later date.

4.      The term "TECHNICAL EMPLOYEES" shall mean Microsoft Corporation employees in the United States working in technical and engineering roles, including technical sales and service positions.

5.      The term "DOCUMENT(S)" shall mean any "writing" of any kind (either original or duplicate) as defined in Fed. R. Civ. P. 34. The term "DOCUMENTS(S)" shall also

mean any written, recorded, or graphic matter or recording of symbols in tangible or electronic form, however produced or reproduced, of every kind and regardless of where located, including but not limited to any correspondence, handwriting, records, transcripts, minutes, agreements, contracts, memoranda, notes, statements, maps, diagrams, illustrations, photographs, pictures, shopping bags, telegrams, letters, postcards, written analyses, reports, tape recordings, papers, books, computer printouts, diaries, journals, schedules, databases, worksheets, records of oral communications, including information of any kind contained in machine-readable form, including computer records (including but not limited to e-mails and any other computer or electronically stored data, including data used to create spreadsheets or databases, as well as such spreadsheets and databases themselves), including material stored in any readable medium, including but not limited to paper and equivalent materials, hard drives, floppy disks, diskettes, CD-ROMs, optical discs, magnetic tapes, zip discs, jazz discs, flash memory, DVDs, videotapes, audiotapes, and any other removable electronic or magnetic storage media. The term "DOCUMENT(S)" as used in these demands also includes, but is not limited to, copies with different markings, such as handwritten notes, drafts thereof, and previous versions.

6.    The terms "INDIVIDUAL," "PERSON," or "PERSONS" include natural persons, firms, partnerships, associations, joint ventures, and corporations, or any business, legal, or government entities, organizations, or associations.

7.    The terms "RELATES TO" and "REFERS TO" (including other tense forms of those terms) mean evidencing, constituting, reflecting, showing, comprising, including, containing, describing, considering, discussing, regarding, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part.

1280140.5                                    -3-

8.    The term "CORRESPONDENCE" includes all letters, telegrams, notices, messages, e-mails, text messages, instant messages, other written communications or memoranda, or other records of conversations, meetings, conferences, or other oral communications.

9.    The term "COMPUTER-READABLE FORMAT" shall mean Microsoft Word, Microsoft Excel, text only, rich text format, and/or comma-separated variable format, with information and data supplied on CD-ROMs.  The information and/or data supplied should not be zipped, compressed, encrypted, or otherwise restricted or proprietarily protected for specific use.

10.    The conjunctions "AND" and "OR" shall be interpreted conjunctively and shall not be interpreted disjunctively to exclude any information otherwise within the scope of this set of demands for inspection of documents.

11.    The term "STUDIES" includes all reports, analyses, memoranda, statistical compilations, reviews, and other types of written or printed submissions of information.

12.    The terms "POLICY" and "POLICIES" shall mean each rule, procedure, or directive, formal or informal, and each common understanding or course of conduct that was recognized as such by your present or former officers, agents, employees, or other persons acting or purporting to act on your behalf, that was in effect at any time during the period covered by these demands.  These terms include any change of policy.

13.    The term "COMMUNICATION" shall mean any conveyance of information from one or more persons to one or more other persons and shall include but not be limited to oral, written, electronic, verbal, and nonverbal modes.

14.     The term "MEETING" shall mean any encounter between two or more persons during which a communication of any kind occurred and shall include but not be limited to formal gatherings, conversations, and telephone calls.

## INSTRUCTIONS

1.     If you assert that any document responsive to these Requests for production of documents is protected from discovery by virtue of the attorney-client privilege, work product doctrine, or any other privilege, state in your written responses the following:

a.     Which privilege is claimed;

b.     A precise statement of the facts upon which said claim of privilege is based;

c.     The following information describing each purportedly privileged document:

i.      the date of the document;

ii.     the date it was received;

iii.    the date it was sent;

iv.     the date it was prepared;

v.      the identity of the person who prepared it;

vi.     the identity of the person sending it;

vii.    the nature of the document (*e.g.*, letter, report, etc.);

viii.   the subject matter of the document;

ix.     a precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file; and

x.    the number of the demand for inspection of documents to which the document is responsive.

2.    Unless otherwise specified, the relevant time period is January 1, 2008 to the present (the "RELEVANT TIME PERIOD"), and, unless otherwise identified, these demands for inspection of documents are intended to cover documents that concern your operations throughout the United States.

3.    Pursuant to Fed. R. Civ. P. 34, the documents shall be produced as they are kept in the usual course of business or shall be organized and labeled with the categories in these Requests.

4.    All Requests for computerized data are to be produced in a COMPUTER-READABLE FORMAT.

5.    All Requests should be read to include a request for all metadata associated with all documents responsive to the Request.

6.    These Requests shall be deemed continuing so as to require reasonable supplemental responses as DEFENDANT or its attorneys obtain further information or materials from the time its answers are served until the time of trial.

### DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS that REFER OR RELATE TO the NAMED PLAINTIFFS, including, but not limited to, their entire personnel files, performance reviews, Human Resources files, any DOCUMENTS DEFENDANT provided to any administrative agency in relation to a charge of discrimination filed by any Plaintiff, any documents containing information AND data used as the basis for the documents DEFENDANT provided to any administrative agency, AND any communication used in analyzing the data and preparing the DOCUMENTS DEFENDANT

provided to any administrative agency.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS identifying, describing, AND/OR listing the various offices, regions, units, OR divisions within DEFENDANT, including but not limited to organizational charts, lists of DEFENDANT'S office locations, AND telephone OR e-mail lists OR directories.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, including but not limited to organizational charts, showing reporting relationships among TECHNICAL EMPLOYEES, including, if available, the job title, department/division, group, product team, AND/OR internal level code (e.g., Level 61, 62, etc.) of each INDIVIDUAL in each reporting relationship.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS reflecting the year each TECHNICAL EMPLOYEE at the Principal Level OR above was promoted to his OR her position AND the gender of each INDIVIDUAL.

**REQUEST FOR PRODUCTION NO. 5:**

COMPUTER-READABLE FORMAT databases AND reports containing personnel, payroll, AND gender data for DEFENDANT'S TECHNICAL EMPLOYEES. Data should include payroll AND/OR personnel masterfiles showing: names; addresses; telephone numbers; email addresses; gender; dates of hire; job title(s); department/division categories; group categories; product team categories; salary/wage rates; commissions; bonuses; stock option award data (including date of award, number of shares awarded, exercise price, AND vesting schedule); deferred compensation; benefits; full-time/part-time/flex-time/telecommute status; maternity leave status; hours; internal level codes; performance evaluation scores; ranking

scores; calibration information; office locations; termination codes; AND other information fields compiled for Microsoft's personnel AND/OR payroll functions along with documentation AND codes necessary for interpretation, including but not limited to data confirmation reports AND/OR data dictionaries.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING OR REFERRING TO the representation rates of employees, by gender, in positions with DEFENDANT.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that REFER OR RELATE TO compensation plans, AND methods OR procedures for determining the compensation of TECHNICAL EMPLOYEES in every year during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 8:**

All standardized human relations AND/OR employment relations forms, including but not limited to application, payroll, AND performance evaluation forms.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that REFER OR RELATE TO POLICIES, procedures, guidelines, OR instructions regarding wage/salary compensation, commission compensation, stock option compensation, AND/OR bonuses; maternity leave; objective job assignments (including but not limited to department/division, group, product team, AND/OR client assignments); office assignments; training; mentoring; AND/OR other terms AND conditions of employment, including but not limited to employee handbooks, personnel POLICY handbooks, manuals, AND/OR guidelines.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS OR CORRESPONDENCE RELATED TO all gender-related statistical audits, analyses, STUDIES, OR reports regarding compensation, promotion, performance evaluations, AND/OR job OR work assignments for TECHNICAL EMPLOYEES that DEFENDANT has performed, including but not limited to the underlying data for such audits, analyses, STUDIES, OR reports.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that REFER OR RELATE TO the professional training of TECHNICAL EMPLOYEES, including but not limited to POLICIES, training materials, videotapes, handbooks, AND/OR records of attendance, including DOCUMENTS for training on equal employment opportunity or harassment, diversity, people management, maternity leave, compensation, promotion, and performance evaluation.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that REFER OR RELATE to hiring AND/OR retention plans, AND/OR methods OR procedures for determining the hiring AND/OR retention of female TECHNICAL EMPLOYEES, including gender data.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that REFER OR RELATE to POLICIES AND procedures for determining the level (e.g., Level 61, 62, etc.) for incoming (e.g., newly hired) employees.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that REFER OR RELATE TO the POLICIES, procedures, guidelines, AND/OR instructions for conducting performance reviews OR evaluations of TECHNICAL EMPLOYEES, including but not limited to DOCUMENTS REFERRING OR

RELATING to the "stack ranking" system, "internal impact" metric, "calibration" process, AND/OR "connect" meetings.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS REFERRING OR RELATING  guidelines, standards, instructions, AND/OR POLICIES regarding performance reviews OR evaluations conducted of TECHNICAL EMPLOYEES, including but not limited to DOCUMENTS reflecting the standards by which the performance of TECHNICAL EMPLOYEES is evaluated, rated, ranked, AND/OR analyzed.

**REQUEST FOR PRODUCTION NO. 11:**

All notes OR other DOCUMENTS REFERRING OR RELATING TO the purpose, function, structure, AND operation of calibration meetings.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS constituting exit interviews that REFER OR RELATE TO gender, discrimination, sexual harassment, pregnancy discrimination, retaliation, AND/OR unfair treatment against a female employee.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS reflecting OR discussing the promotion process for TECHNICAL EMPLOYEES, including but not limited to Career Stage Profiles or other outlines or descriptions reflecting criteria for advancement.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that REFER OR RELATE TO compliance AND/OR record-keeping pursuant to Title VII of the Civil Rights Act of 1964 OR state discrimination statutes prepared by DEFENDANT, including all EEO-1 reports, all compliance reports, audits,

1380140.5                                     -10-

affirmative action plans, AND/OR under-utilization reports, pursuant to Executive Orders 11246 AND 11375, submitted by DEFENDANT, to the United States Department of Labor, Office of Federal Contract Compliance Programs, AND/OR any other federal, state, OR local agency concerning employment.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATING OR REFERRING TO DEFENDANT'S affirmative action, diversity, non-discrimination, AND/OR equal employment opportunity POLICIES, statements, guidelines, practices, plans, AND/OR training programs, including surveys AND/OR reports regarding employee attitudes, recruitment, retention, diversity, sex discrimination, harassment, retaliation, assignments, promotion, compensation, training, mentoring, administrative support, supervisors, AND/OR evaluations.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS (including but not limited to investigation files, logs, OR databases) that REFER OR RELATE TO internal requests, inquiries, demands, claims, grievances, concerns, protests, OR complaints made by DEFENDANT'S applicants, employees, AND/OR managers against DEFENDANT, REFERRING OR RELATING TO unfair treatment against any woman, including gender discrimination, sexual harassment, pregnancy discrimination, hostile work environment, AND/OR retaliation, including investigations of such requests, inquiries, demands, claims, grievances, concerns, protests, AND/OR complaints. This document request includes all forms of COMMUNICATIONS—either in writing OR orally (where such COMMUNICATIONS have been taped, logged, noted AND/OR investigated and described through records of the investigation), formal OR informal, to DEFENDANT OR to any other party.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that REFER OR RELATE TO the POLICIES AND procedures for raising a complaint of unfair treatment, gender discrimination, sexual harassment, pregnancy discrimination, hostile work environment, AND/OR retaliation, AND all DOCUMENTS that REFER OR RELATE TO DEFENDANT'S procedures for investigating AND addressing such complaints.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS COMPRISING, REFERRING OR RELATING TO legal proceedings concerning employment OR personnel issues of TECHNICAL EMPLOYEES, including but not limited to civil lawsuits, arbitrations, AND/OR administrative charges of discrimination, harassment OR retaliation, such as charges filed with the Equal Employment Opportunity Commission AND/OR other state equal employment OR human rights OR unemployment agencies, filed against DEFENDANT alleging gender discrimination, pregnancy discrimination, sexual harassment, hostile work environment, retaliation, OR unfair treatment against any woman.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS concerning COMMUNICATIONS from, OR MEETINGS with, DEFENDANT'S employees (including but not limited to schedules, agendas, minutes, notes, AND records of attendance), including but not limited to the "Women Employee Resource Group," "Women in Architecture," and Yammer concerning (1) the status of female employees at Microsoft; (2) professional opportunities AND/OR pay or promotional opportunities at Microsoft; (3) whether women at Microsoft have been OR should be assigned certain work opportunities AND/OR compensation OR promotion opportunities, OR have been underutilized

2280140.5

OR underrepresented OR denied certain professional opportunities OR compensation OR promotion opportunities, including but not limited to raises, bonuses, options, promotions, AND/OR assignments; (4) the effect OR potential effect on women of changes, OR proposed changes, to compensation POLICIES OR promotion POLICIES AND/OR performance review OR evaluation POLICIES; (4) retaliation against employees, including whether any employees at Microsoft have complained of retaliation for raising a concern OR lodging a complaint about unfair treatment, discrimination, OR harassment; (5) compensation AND/OR promotion AND/OR performance evaluation disparities between men AND women at Microsoft; AND (6) whether women at Microsoft have had adverse outcomes OR been treated unfairly for taking maternity leave AND/OR having children.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that REFER OR RELATE TO the demographics of the employees of any Microsoft competitor—whether by office, region, AND/OR the nation as a whole.

**REQUEST FOR PRODUCTION NO. 17:**

All applicable insurance agreements under which any insurer may be liable to satisfy all OR part of any judgment which may be entered in this action OR to indemnify OR reimburse for payments made to satisfy all OR part of any judgment.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS REFERRING TO OR RELATING TO DEFENDANT'S DOCUMENT retention OR destruction POLICY.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that REFER OR RELATE TO DOCUMENT preservation

2280140.5

orders OR stipulations agreed to OR entered in any case that address DEFENDANT'S records.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS signed by any Microsoft agent, which purport to release, settle, OR compromise any employment-related claims brought by groups of TECHNICAL EMPLOYEES on a class basis.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that REFER OR RELATE TO any of DEFENDANT'S affirmative defenses.

Respectfully submitted,

Dated: November 12, 2015          LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By:    */s/ Anne B. Shaver*

Sharon M. Lee (Wa. State Bar No. 37170)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121-1843
Telephone: (206) 739-9059
Email: slee@lchb.com

Kelly M. Dermody (*admitted pro hac vice*)
Anne B. Shaver (*admitted pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: slee@lchb.com
Email: kdermody@lchb.com
Email: ashaver@lchb.com

Adam T. Klein (*admitted pro hac vice*)
Ossai Miazad (*admitted pro hac vice*)
Katrina L. Eiland (*admitted pro hac vice*)
OUTTEN & GOLDEN, LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Email: ATK@outtengolden.com
Email: OM@outtengolden.com
Email: keiland@outtengolden.com

*Counsel for Plaintiffs Katherine Moussouris, Holly
Muenchow, Dana Piermarini, and the Proposed Class*