# Exhibit C

69

**Lieff
Cabraser
Heimann&
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

April 19, 2016

**VIA ELECTRONIC MAIL**

Lynne C. Hermle
Jessica R. Perry
Megan M. Lawson
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
lchermle@orrick.com
jperry@orrick.com
megan.lawson@orrick.com

Wendy Butler Curtis
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, NW
Washington, DC 20005
wcurtis@orrick.com

Lauri A. Damrell
Orrick Herrington & Sutcliffe LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
ldamrell@orrick.com

Mark S. Perris
Orrick Herrington & Sutcliffe LLP
701 5th Avenue, #5600
Seattle, WA 98104
mparris@orrick.com

RE:    *Moussouris, et al. v. Microsoft Corp.*, No 2:15-cv-01483 (JLR)

Dear Counsel:

Thank you for meeting and conferring with us yesterday, April 18, 2016. Below I summarize the issues we discussed, as well as a small number of follow-up requests.

**30(b)(6) Depositions**

The parties confirmed the following deposition scheduling:

- May 10, 2016: Corporate Organizations Witness
- May 11, 2016: Martin Loughlin (MS People)
- May 12, 2016: Larrissa Johnson and Shreejit Sugathan (MRT, Performance@Microsoft, NRP)

April 19, 2016
Page 2

**Pay/performance/compensation:** Microsoft also stated that it intended to produce one witness in response to three separate 30(b)(6) deposition notices concerning Microsoft's policies and practices regarding, respectively, compensation, performance evaluations, and promotions on June 29, 2016.  Plaintiffs stated that one day would be insufficient to adequately cover all three of these substantive subject areas, and that we anticipate one day per topic will be necessary, as noticed.  You disagreed but stated that you would be willing to hold the deposition open at the end of June 29, 2016 if additional time was required.  We asked that you please reserve at least two consecutive days with the witness in advance, as we can guarantee that one day will not be sufficient, and in order to avoid the expense of multiple trips to Seattle and the delay inherent in finding additional dates later on.  You agreed to speak with your client about reserving June 30, 2016 for a second day of deposition, and will get back to us.

**Complaints/compliance:** Microsoft expressed concern that the deposition noticed for testimony on Microsoft's internal complaints and compliance systems might intrude on the attorney-client or attorney work product privileges to the extent it seeks a witness to testify about the policies and practices of the legal department.  We understand that Microsoft's Employee Relations Investigations Team (ERIT) is responsible for handling internal employee complaints on topics including gender discrimination, pregnancy discrimination, and sexual harassment, but we have not yet received sufficient information from Microsoft to confirm that this is solely the province of ERIT or to understand the nature or scope of the relationship between the ERIT and Microsoft's legal department.  We stated that it would be helpful to understand more about the extent to which Microsoft considers the ERIT or other responsible employees to include attorneys working in a privileged capacity. With that information as well as receipt of Microsoft's affirmative defenses, we can exchange meet and confer letters to attempt to resolve potential disagreements, or bring them to the Court's attention if necessary, prior to the deposition.  You agreed to send us your position on the extent to which Microsoft asserts that internal complaint and investigation procedures regarding the above topics are privileged and why.

Relatedly, you stated that the 30(b)(6) deponent on complaints and compliance would be limited to compensation, promotions, and performance evaluation complaints, but not "irrelevant" issues like sexual harassment, maternity leave, or other unfair treatment on the basis of gender.  We disagree that these issues are not relevant and will send you legal authority to begin the meet and confer process in the near future.

We also asked that disputes over the 30(b)(6) depositions be resolved with the Court's assistance together at one time to avoid multiple motions, to which you agreed.

## Class Scope Issues

We repeated our request to prioritize discovery on issues related to the foundational issue of class scope, to which you agreed.  You stated that Microsoft should be able to provide Plaintiffs with a list of all professions, disciplines, and job titles at the company, including

71

April 19, 2016
Page 3

whether or not Microsoft reports each of those job titles to be "technical" positions, within a couple days.  You stated that Microsoft also plans to provide "career guides" and "career profiles" for each of the positions it considers to be "technical" positions, and that Plaintiffs would be able to request additional career guides/profiles for the other positions after reviewing these materials if necessary.

We also reminded you that you had asked whether we would agree that employees level 80 and above be excluded from the class scope. You stated that you are continuing to gather information that you plan to send to us to help us evaluate that request.

**Contention Interrogatories**

We responded to your contention interrogatories on April 11, 2016.  You have taken the position that further response is required at this time, and that you are going to raise the issue with the Court.  Accordingly, we agreed to cooperate with the expedited discovery dispute process contemplated by the local rules and Judge Robart's standing order.  You said you would send Anne Shaver dates and times for a joint call to chambers in the next few days.

**Data In Advance Of Depositions**

Wendy Curtis, for Microsoft, and Adam Klein, for Plaintiffs, met and conferred separately on this issue on April 19.

**Custodians/Search Terms**

Anne Shaver sent you an amended proposal tracking Plaintiffs' Requests for Production, as you requested, on April 14, 2016, including proposed cut-off dates for the search terms.

On our call yesterday, you provided certain updates about your analysis of the proposal. You informed us that there are over 153,000 distribution lists total at Microsoft, and over 645 with the words "mom, mother, parent, woman, or women" in their name; and that the custodians for categories 6 and 8 cover 71 people.  You also stated that you are not aware of any "Diversity Leadership Teams" (category 7).

We stated we would work with you to help narrow the scope of the ESI search, but that we would need additional information from you to do so.  You agreed to provide us with a list of the 645 distribution lists that include the words "mom, mother, parent, woman, or women" in their name so we can determine which to prioritize.  In addition, please tell us how many custodians exist for categories 6 and 8, separately.  You stated that together these cover 71 people, but a separate count will assist us in narrowing the scope of our request.  We also requested the titles and job descriptions for each custodian.

April 19, 2016
Page 4

You stated that after the parties are able to narrow the scope of custodians, it may be possible to provide us the number of "hits" for the search terms, to assist in narrowing those down as well if necessary.

If there are other categories of custodians which you would like us to consider narrowing, please identify them promptly.

**<u>Defendant's Response to Plaintiffs' Requests for Production</u>**

I have re-produced the relevant paragraphs from Michael Levin-Gesundheit's April 4, 2016 e-mail and from my letter of April 11, 2016. Updates from yesterday's discussion are included below those paragraphs.

<u>Requests 2 & 3:</u>

**March 29, 2016:** You indicated that you would provide a list reflecting profession, discipline, and job title for employees within the company, and you indicated that you believe the corporate organization charts we seek do not exist. We asked if any intranet pages explain corporate organization or structure to employees. You indicated that you would investigate if anything exists besides the "Dr. Whom" intranet tool. We suggested the director of human resources or marketing may maintain documents reflecting an understanding of corporate organization. We also suggested that budget documents might indicate corporate organization or structure. You stated that you would ask for these types of documents from your client.

**April 8, 2016 update:** Microsoft is still looking into this issue, and did not have an update since last week.

***April 18, 2016 update:*** *You did not provide us an update on this issue yesterday.*

<u>Request 4:</u>

**March 29, 2016:** On the topic of promotion lists, you explained that it is your position that the data requested in RFP #5 should cover this information. We indicated we agreed your position, so long as the data set produced in response to RFP #5 contains all the content that would be present in promotion lists. For example, if Microsoft does not include names in the data, but names are included in the promotion lists, then Plaintiffs seek production of those lists. They are relevant, among other reasons, to track actors who are the subject of internal complaints and individuals whom our witnesses may know by name.

**April 8, 2016 update:** Microsoft is still exploring whether it has such lists, and did not have an update since last week.

73

April 19, 2016
Page 5

*April 18, 2016 update: You stated that you believe this data would be included in the broader data request.  Your search thus far has not revealed a list that already exists, but you stated that Microsoft would create a list and produce it to us.*

Request 10:

**March 29, 2016:** You requested agreement that a categorical privilege log be appropriate for gender-related statistical audits, analyses, studies, or reports, and that you believe it is likely that everything within this category is privileged.  We did not agree.  We also stated our position that emails between employees discussing these reports and reports transmitted to government agencies are certainly not privileged and fall within the scope of this request as well.

**April 8, 2016 update:** We confirmed we would not consider a categorical privilege log for this type of document to be appropriate.

*April 18, 2016 update: You did not provide us with an update on this issue.*

Request 12:

**March 29, 2016:** You asked whether we would agree to limit the scope of our request for documents relating to hiring and retention plans for female employees to documents created by the human resources department.  We indicated that we could not agree to that limitation, and that while we do not expect Microsoft to search manager by manager for these documents, the scope must include documents produced by the diversity and women's initiatives.  You also asked whether we would agree to limit the scope of our request to gender-based retention plans, as opposed to also gender-based hiring plans.  We explained that hiring and retention go hand in hand because women's hiring initiatives are often undertaken in light of high attrition rates among female employees.  You indicated you would give our position some thought.

**April 8, 2016 update:** Microsoft is still looking into this, and did not have an update since last week.

*April 18, 2016 update: You stated that additional meet-and-confer is required to help narrow the scope of the ESI search terms and custodians.  This update is summarized in a separate ESI section above.  The parties will continue to meet-and-confer on this issue.*

Request 13:

**March 29, 2016:** We asked if you could look for job descriptions that also describe levels, and you indicated that you would search for these documents.

74

April 19, 2016
Page 6

**April 8, 2016 update:** You stated that Microsoft has career guides that may have additional information about job levels. You are still reviewing these documents to determine whether they are helpful, but you stated you would produce them.

*April 18, 2016 update: You did not provide us an update for this request.*

Request 16:

**March 29, 2016:** You stated that you had not found documentation of the content of calibration meetings, whether in the form of notes or audio/video recordings. We indicated that from our review of your document production, HR partners attend, participate in, and take notes at calibration meetings and are responsible for collecting materials, such as Calibration Workbooks and other documentation, from the meetings. We suggested that you seek such documentation from the Microsoft HR department. You said you would take this request to your client.

**April 8, 2016 update:** Microsoft is still looking into this, and did not have an update since last week.

*April 18, 2016 update: You stated that you were not aware of centrally located notes of calibration meetings, and suggested that Plaintiffs might consider including this in their search of ESI, but noted that could include dozens of custodians within HR alone. We asked you if calibration meetings had designated official notetakers, and you stated you were not sure but would follow-up. We stated that we are amenable to a sampling approach here, once we receive additional information from you. However, we also stated that we are not amenable to sampling when it comes to the "Calibration Workbooks," which include data about employee performance score recommendations and promotion recommendations. You said this might be burdensome, and we requested some exemplars so we could better understand the nature of these documents. You said you would look into providing Plaintiffs with exemplar "Calibration Workbooks." We also asked whether this data (scores/promotions before and after calibration meetings) might be stored in another database or format, and you stated you would look into it. We will be better able to engage with you in a discussion of burden once we understand how and where Microsoft maintains this information, which is directly relevant to the allegations in our complaint that the calibration process specifically has an adverse impact on female technical employees.*

Request 19:

**March 29, 2016:** We indicated we would not accept a categorical privilege log for EEO-1 reports and similar internal reports.

**April 8, 2016 update:** No update.

*April 18, 2016 update: No update.*

75

April 19, 2016
Page 7

Request 20:

**March 29, 2016:** You indicated that you would produce the policy documents we have requested. We clarified that we are not seeking all individual-level responses to surveys, but we do seek reports or summaries of results, including those discussing or analyzing the results of employee surveys that may be circulated via email. We did not commit to accepting anonymized responses, but we are willing to consider that request.

**April 8, 2016 update:** Microsoft stated that it is still in the process of determining whether any records are available, and did not have an update since last week. Plaintiffs stated their understanding, based on Microsoft's prior document production, that there is more than one employee survey. Plaintiffs will provide Microsoft names of surveys they have seen referenced in the company's documents.

*April 18, 2016 update: Plaintiffs provided you with the names of surveys we have identified in Microsoft's document production on April 12, 2016. You did not have an update on Microsoft's position yesterday.*

Request 23:

**March 29, 2016:** You stated that you are still investigating whether a log of formal legal complaints exists. You did not give a timeline for when your investigation will be complete. We request a response this week, as this has been outstanding for several months.

**April 8, 2016 update:** You stated that Microsoft was still looking into this, and did not have an update since last week. Plaintiffs re-iterated that we would like a deadline to keep the parties on schedule for the discovery calendar. You stated that Microsoft would provide a response the week of April 11, 2016.

*April 18, 2016 update: You informed us that Microsoft will produce a log of formal legal complaints filed against Microsoft. You stated that Microsoft would also provide copies of complaints that were not filed on a public docket (i.e., Microsoft will produce complaints filed with administrative agencies, but not those filed in court on a public docket).*

Request 24:

**March 29, 2016:** We indicated that we expect documents responsive to this request largely to come from certain women's groups within the company, and we expect Microsoft to look to content produced by those groups or employees administering those groups at different points in time. We agreed that custodian searches likely would be required for those individuals leading/administering these groups, but if a repository of information from these employee groups exists, we expect Microsoft to produce responsive documents from there as well.

76

April 19, 2016
Page 8

**April 8, 2016 update:** You stated that you are still reviewing this issue, did not have an update since last week, and that some responsive documents may better be located pursuant to an ESI custodial search.

*April 18, 2016 update: Our discussion on this issue is memorialized in the preceding section on ESI issues.*

Request 25:

**March 31, 2016:** You confirmed that you are investigating what documents exist referring or relating to the demographics of Microsoft competitors. You did not give a timeline for when this investigation will be complete. Please let us know.

**April 8, 2016 update:** You did not have an update since last week, but stated you would be able to share more information about this issue with us the week of April 11, 2016.

*April 18, 2016 update: You stated that Microsoft objects to this request on relevance and proportionality grounds. We explained that this information is relevant to Plaintiffs' intentional discrimination claims. We stated we will review Microsoft's supplemental responses and determine at a later point whether to move to compel.*

Request 30:

**March 31, 2016:** We agreed to discuss documents related to affirmative defenses during the next meet and confer call.

**April 8, 2016 update:** You stated that additional time was needed before Microsoft would be ready to discuss this.

*April 18, 2016 update: You stated that Microsoft would respond to this request when it supplements its responses.*

## **Supplementing Responses**

Although you stated that Microsoft would supplement its responses in our April 8, 2016 meet and confer, Microsoft has not yet done so. However, you clarified that Microsoft does not, at this time, wholly object to any requests other than Request for Production No. 25.

## **Temporal Scope**

You stated that in response to RFP # 5, Microsoft is willing to produce data back to January 1, 2010 for employees who worked at Microsoft between September 16, 2012 and the present (i.e., the putative class and their comparators). We do not understand this proposal, since the Court has already ordered class discovery from May 14, 2011 forward, and we are

77

April 19, 2016
Page 9

entitled to a look back period of at least two years.  We maintain that Microsoft should produce data back to May 14, 2009. Please confirm whether we have reached impasse on this issue.

We also noted that class members' comparators may have worked outside the relevant period, and you responded that you would get back to us with your position on producing data for class member comparators outside the relevant period.

With respect to the temporal scope for document production, you asked whether there are specific requests for production on which Plaintiffs are willing to limit the time period to January 1, 2010.  We will agree to do so for RFPs 2, 3, 4, 8, 11, 20, 25, 27, 28, and 29.

**Next Meet and Confer Call**

We agreed to schedule a call next week over e-mail.  We want to draw your attention to my letter of April 11, 2016, discussing certain categories of documents responsive to our Requests for Production Microsoft has not yet produced.  We request that you be prepared to address Microsoft's investigation and anticipated production (or objections thereto) of such documents on our next call.

Sincerely,

Yaman Salahi

cc:     Plaintiffs' counsel