# Exhibit G

95

## Damrell, Lauri A.

| | |
|---|---|
| **From:** | Anne B. Shaver |
| **Sent:** | Tuesday, May 24, 2016 12:39 PM |
| **To:** | Damrell, Lauri A.; Curtis, Wendy Butler; Perry, Jessica R. |
| **Cc:** | Kelly M. Dermody; Adam Klein |
| **Subject:** | RE: Moussouris v. Microsoft - meet and confer letter |

Lauri,

Regarding the scope of class discovery, though we received your list of professions on April 17, we did not receive the corresponding job descriptions ("career profiles") until May 2, with a few coming as late as May 16.  We also just took the corporate organization deposition on May 10, which was important to our understanding of these issues.  Promptly thereafter, on May 19, we served Plaintiffs' Second Set of Requests for Production of Documents with a revised definition of "Technical Employees" that reflects the scope of class discovery Plaintiffs seek for these individuals.  To re-state, this includes current and former Microsoft Corporation employees in the United States working in the following organizations: 1) Cloud and Enterprise; 2) Applications and Services; 3) Windows and Devices; 4) Technology and Research, and 5) Sales and Marketing; AND who worked in the following Professions: 1) Engineering; 2) Evangelism; 3) Hardware Engineering; 4) Hardware Manufacturing Engineering; 5) IT Operations; 6) Research; 7) Services; 8) Technical Sales; and 9) Sales - Solutions Sales Discipline only; AND who held a pay scale level of 79 or below.

We understand your goal for streamlining communications.  However, we have been holding two separate meet and confer calls (approximately) each week – one on data, and one on other discovery issues.  We send a letter after each call.  The data letters come from Adam Klein's office. The letters on other discovery issues come from my office.  There is so much material to cover that proceeding on these two tracks makes sense to us and has seemed to work well for both parties.  We did, and do, agree that we will try to the extent feasible to address miscellaneous issues that arise throughout  the week in these weekly letters – but we cannot always wait for a week to raise an issue with you, given the timeline imposed by the court.

Custodian Categories:

- Category 15 – as we understand it, all of the members of this group work for HR. Some of the key custodians from this group are likely not assigned to any organization outside of HR, but rather play a supporting role for the other members, from within HR.  That might be people who, for example, are responsible for developing agendas, for tracking results, for communicating projects and timelines, for driving the projects that the group as a whole takes on.  We do not want to exclude such people from this custodial category.
- Category 16 – we have considered this issue further.  In light of the court's admonition that it "does not favor bifurcated discovery in a putative class action and expects the parties to proceed with discovery on class issues and other topics relevant to the litigation," (Dkt. 52 at 29), we think the court will want us to develop as full a record as possible in this current discovery phase.  Rather than postpone discovery of these custodians, we think a better way to approach this is to narrow the set of search terms we propose to apply to them. We will send you a revised search term proposal for these custodians in advance of tomorrow's call.

We look forward to receiving your position on internal complaints, employee surveys, and internal audits/studies/reports of gender disparities, which you have indicated  are being partially or wholly withheld for privilege.  On the surveys, we are still waiting for the list of survey questions which we requested on March 29 and that you agreed to give us on April 28. If our last letter projects frustration at the pace of discovery, it is not because we don't understand how much there is to work through and how much has been accomplished, but because we consider these to be critical categories of documents, and we have not been able to get a clear statement from you regarding if or when they, or certain subsets of them, will be produced. Again, because of the timeframe imposed by the court, we feel that we need to move very soon if we cannot reach agreement on these documents.

1

96

Finally, thank you for sending the following proposed agenda for tomorrow's call:
1) Plaintiffs' production (following up on my 5/19/16 email)
2) Scope of class
3) AEO designations
4) Request in amended deposition notices to track production by bates number
5) Next meet and confer:  6/1 at 1pm PDT

We are happy to discuss these, and would like to add the following:
6) missing documents raised in Yaman Salahi's April 11, 2016 letter
7) a sharepoint called MSMOMS anonymous, and related sharepoints, where documents responsive to RFP 24 are stored, but would not be accessed through custodial searches

Thank you,
Anne

---

**From:** Damrell, Lauri A. [mailto:ldamrell@orrick.com]
**Sent:** Monday, May 23, 2016 9:41 AM
**To:** Shaver, Anne B.; Curtis, Wendy Butler; Perry, Jessica R.
**Cc:** Dermody, Kelly M.; Adam Klein
**Subject:** RE: Moussouris v. Microsoft - meet and confer letter

Counsel,

Thank you for your letter dated May 17, 2016.  We write to follow up on this letter and provide additional clarification as necessary.

As an initial matter, we note that your May 17 letter makes apparent your frustration at the pace of discovery.   First, we believe that it is appropriate to step back and acknowledge how productive our meet and confer sessions have been so far.  We hope to continue in this spirit and, as stated on our May 16 teleconference, we are making every effort to proceed as efficiently as possible.  Indeed, we are acutely aware of the time pressures and note that the duration of our meet and confer negotiations is a result of the time it has taken both parties to respond to requests.  By way of example:  we provided you with a list of Microsoft professions on April 17, 2016.  Yet, as of your May 17 letter, you have failed to propose which professions should be included in your class definition.  Please provide your proposal as soon as possible.  Please also provide the career levels you believe are relevant to this dispute.

On our May 16 call, we discussed the merits of streamlining communications to maximize efficiency.  To this end, we proposed confining our written communications to one per week.  You recognized the value of streamlining communications and agreed to work any miscellaneous issues into your letters memorializing our meet and confer teleconferences, to the extent feasible.  In spite of having agreed to streamline communications, we received two letters from you on May 17.  As we stated on our May 16 call, your cooperation in consolidating communications will facilitate efficient discovery.  We reiterate our request that you consolidate your communications going forward.

**Custodian Categories:**

- Categories 2 and 3 – As you wrote in your May 17, 2016 letter, we agreed to conduct an analysis of the Yammer and distribution lists to identify lists from which we do not have custodial representation (if any).  However, we remind you that we continue to meet and confer in order to identify the relevant custodians for this matter.  We cannot complete this analysis until we finalize the list of custodians in this matter.
- Category 15 – Thank you for your proposal regarding the organizations from which you seek the HR Managers' documents.  Please provide an explanation as to why HR is included as an organization for purposes of category 15.  We previously agreed that HR is outside the scope of the class in this case.

2

97

- Category 16 – In your May 18 letter, you suggest postponing custodial searches for the individuals identified in your initial disclosures until the merits phase of the case.  We are open to this option.  Please provide your proposal at your earliest convenience.

**RFP Responses**

As stated on our May 16, 2016 meet and confer call, we will not be in a position to finalize our Responses to your Requests for Production until we reach final agreement on the scope of the class.

**Privilege Log**

We will produce a privilege log this week.  As we have agreed, we will continue to produce the log on a rolling basis.

**Privilege Protection for Internal Complaints**

On our May 5, 2016 meet and confer teleconference, we agreed to provide a proposal regarding privilege protection for internal complaints.  We continue to work to formulate a proposal, but we note that this issue is tied to our ongoing negotiations regarding the scope of the class.   We continue to object to producing complaints outside the relevant time period and that are irrelevant to the case.  As we stated during our May 17 teleconference, we will make a proposal soon.

**Temporal Scope**

We will plan for a joint call to chambers today at 11:00 a.m.

We look forward to continuing to work with you.

Best regards,

Lauri

---

**From:** Shaver, Anne B. [mailto:ashaver@lchb.com]
**Sent:** Tuesday, May 17, 2016 5:21 PM
**To:** Damrell, Lauri A. <ldamrell@orrick.com>; Curtis, Wendy Butler <wcurtis@orrick.com>; Perry, Jessica R. <jperry@orrick.com>
**Cc:** Kelly M. Dermody <kdermody@lchb.com>; Adam Klein <atk@outtengolden.com>
**Subject:** Moussouris v. Microsoft - meet and confer letter

Counsel,

Please see the attached letter following up on yesterday's call, as well as attached employee distribution list and Yammer group search terms.

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Anne B. Shaver**
ashaver@lchb.com
t 415.956.1000
f 415.956.1008

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com

3

98

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

4

99