# Exhibit H

100



**ORRICK, HERRINGTON & SUTCLIFFE** LLP
400 CAPITOL MALL
SUITE 3000
SACRAMENTO, CALIFORNIA  95814-4497

*tel*  +1-916-447-9200
*fax*  +1-916-329-4900
WWW.ORRICK.COM

June 20, 2016

Lauri A. Damrell
(916) 329-7914
ldamrell@orrick.com

VIA EMAIL

Kelly M. Dermody
Anne B. Shaver
Michael Levin Gesundheit
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

Adam T. Klein
Cara E. Greene
Ossai Miazad
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016

Sharon M. Lee
Lieff Cabraser Heimann & Bernstein, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121

Jahan C. Sagafi
Katrina L. Eiland
Outten & Golden LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111

Michael Subit
Frank Freed Subit & Thomas LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104

Re: *Moussouris v. Microsoft Corporation*, W.D. Wash. Case No. 2:15-cv-01483 (JLR)

Dear Counsel:

We write to provide our position as to the scope of production for complaints investigated by ERIT and the applicable privilege protections.  We also provide our proposed categorical privilege log and our authority therefor.

**Scope of Complaints for Production**

Prior to the Complaints and Compliance 30(b)(6) deposition on June 28, 2016, Microsoft will produce a log of internal complaints of gender discrimination, sexual harassment, and pregnancy discrimination made by putative class members that the Employee Resources Investigation Team ("ERIT") investigated for the time period January 1, 2010 to the present.  This log will reflect the complainant's job title, the basis for the complaint, and the year the complaint was received. This is more than ample information to allow you to prepare for the deposition on June 28.

101



ORRICK

June 20, 2016
Page 2

Indeed, we do not believe that the complaints are necessary at all for your preparation, particularly since the deposition will be related to process rather than the complaints themselves. Should you have any general questions related to the investigation process for complaints of gender discrimination, pregnancy discrimination and sexual harassment, and such questions do not seek privileged information, you can ask them during the deposition.

Only complaints related to gender discrimination, pregnancy discrimination, and sexual harassment are relevant. Microsoft will not include complaints regarding allegations of discrimination on the basis of race, sexual orientation, age, or religion. Such complaints are irrelevant to the present matter and, as such, beyond the scope of discovery in this case. *See, e.g., Walech v. Target Corp.*, No. C11-254 RAJ, 2012 WL 1068068, at *8 (W.D. Wash. Mar. 28, 2012) (in a case involving FMLA interference, disability discrimination, failure to accommodate, and retaliation, limiting discovery to similar claims); *Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 692 (D. Kan. 2007) (denying motion to compel identification of claims of sexual harassment, Title VII violations, ADA violations, and ADEA violations in FMLA case); *Pleasants v. Allbaugh*, 208 F.R.D. 7, 15 (D.D.C. 2002) ("the proper scope of discovery seeking other complaints of discrimination against defendant must be limited in time, type of action complained of or type of discrimination alleged").[1] Microsoft will also not include complaints regarding retaliation because Plaintiffs have not alleged class-wide retaliation, and such complaints would be outside the scope of this action. If the complaint underlying the retaliation complaint is based on gender discrimination, sexual harassment, or pregnancy discrimination, they will be included in the complaints that Microsoft has agreed to include in its production.

Microsoft will also not search for or include generic complaints of "unfair treatment" because a search for such complaints would be extraordinarily burdensome and go well beyond the scope of this litigation. Such complaints could arise in a variety of contexts, both formally and informally, orally and in e-mail and other written communications, with managers, HR, and possibly others. Microsoft does not track these complaints in any centralized manner because it would be extraordinarily difficult if not impossible to do so. Undergoing the burden of tracking down any such complaints for production in this case is not warranted given their low probative value. Plaintiffs have provided no law to support such an overbroad search, nor is Microsoft aware of any.

---

[1] In addition, to the extent that any documents Microsoft agrees to produce in this case reference issues related to any type of discrimination not alleged in Plaintiffs' complaint (e.g., race, sexual orientation, age, religion), Microsoft will redact such references.

102



ORRICK

June 20, 2016
Page 3

The gender discrimination, sexual harassment, and pregnancy discrimination complaints that Microsoft has agreed to produce are more than broad enough to include any complaints that could possibly be relevant to this lawsuit. ERIT undertakes investigations when an employee raises complaints related to potential violations of Microsoft's policies regarding: (1) anti-harassment or anti-discrimination; (2) non-retaliation; (3) avoidance of conflicts of interest related to family or romantic relationships in the workplace; (4) equal employment opportunity; or (5) sexually explicit or offensive material. Complaints may fall within this scope regardless whether the complainant expressly uses specific terms like "discrimination," or "gender," or "harassment." HR undergoes training to help them determine if an issue raised by an employee is in ERIT's scope. When a complaint is potentially ambiguous on its face, Microsoft's HR professionals can and do ask questions (e.g., "why do you think you are being treated this way?") to help them evaluate further whether a complaint is tied to a possible policy violation. ERIT investigators are also available to consult with HR to help them determine whether complaints are within scope. Ultimately, if the employee provides information that would somehow connect a generic complaint of "unfair treatment" to any protected category, HR is trained to contact ERIT to initiate an investigation.

**Privileged Documents in ERIT Investigation Files**

Microsoft's Employment Law Group ("ELG") is typically involved in every ERIT investigation, to varying degrees, depending upon the specific investigation. In some cases, ELG attorneys designate the investigation as "attorney-directed" or "attorney-requested," in which case the investigation is protected by the attorney-client privilege and/or attorney work-product doctrines, and thus, are not subject to production. An investigation may be designated as "attorney-directed" or "attorney-requested" at any stage of the investigation. In addition, even when an investigation is not "attorney-directed" or "attorney-requested," ERIT investigators generally consult with ELG attorneys during an investigation on a variety of issues. Those privileged communications are often included in the investigation file. Thus, determining whether any given document within an investigation file (which may be hundreds of pages long) is protected by the attorney-client and/or work product privileges is an extraordinarily time consuming process that requires a sophisticated review and extensive quality control given the highly sensitive nature of the material.

Plaintiffs have not explained why the contents of investigation files are so probative that Microsoft should be required to conduct such a burdensome review. This is particularly concerning in light of the highly private nature of these files. Had the employees who raised these complaints wanted to engage counsel and pursue their claims in a lawsuit, they could have

103



ORRICK

June 20, 2016
Page 4

done so.  They had no reason to believe when making these complaints that they would be produced to attorneys in a lawsuit they did not choose to bring.  Given that these concerns far outweigh Plaintiffs' need for them, Microsoft will not agree to produce them.

**Categorical Privilege Log**:

The volume of privileged documents created in connection with complaints and compliance at Microsoft is vast and involves dozens of attorneys, as well as employees and consultants working at the direction of attorneys, both in-house at Microsoft and outside the Company. Accordingly, a document-by-document privilege log is unduly burdensome and a categorical privilege log is appropriate.  Microsoft offers the following categorical log:

| Category | Description | Privilege Type |
|---|---|---|
| 1 | Correspondence between Microsoft attorneys and Microsoft employees regarding Microsoft's gender-related diversity and compliance efforts from January 1, 2010 to present for purposes of obtaining legal advice. | Attorney-Client Communication; Attorney Work Product |
| 2 | Documents created at direction of counsel regarding Microsoft's gender-related diversity and compliance efforts from January 1, 2010 to present. | Attorney-Client Communication; Attorney Work Product |
| 3 | Communications between Microsoft attorneys and outside counsel regarding Microsoft's gender-related diversity and compliance efforts from January 1, 2010 to present for purposes of obtaining legal advice. | Attorney-Client Communication; Attorney Work Product |

The Committee Notes regarding the 1993 amendments to Federal Rule 26 explicitly contemplate that a categorical privilege log may be appropriate when producing an item-by-item log would be unduly burdensome.  Fed. R. Civ. P. 26(b)(5) advisory committee notes, 1993 amends. ("Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.").  Similarly, the Western District of Washington's Model Agreement Regarding Discovery of Electronically

104



ORRICK

June 20, 2016
Page 5

Stored Information suggests that a document-by-document log may not be appropriate in all cases. *See* Western District of Washington, Model Agreement Regarding Discovery of Electronically Stored Information, *available at* http://www.wawd.uscourts.gov/sites/wawd/files/ModelESIAgreement.pdf. Moreover, courts have approved categorical privilege logs when the burden of producing a log listing each individual document is too great, so long as the log contains sufficient information to permit the opposing party to evaluate the privilege claims. *See In re Phenylpropanolamine Prods. Liab. Litig.*, MDL No. 1407, 2002 U.S. Dist. LEXIS 26794 (W.D. Wash. Oct. 3, 2002)); *see also Schmidt v. Levi Strauss & Co.*, No. C04-01026 RMW (HRL), 2007 U.S. Dist. LEXIS 18787 (N.D. Cal. Feb. 28, 2007).

Even quantifying the burden associated with creating a document-by-document privilege log is burdensome. Correspondence between attorneys and clients for the purposes of obtaining legal advice are presumptively privileged, as are documents created at the direction of counsel. Such documents would have to be collected just to create the privilege log. Collecting files that are presumptively privileged would be unnecessarily time consuming. Such obviously privileged documents can be and are described in the categorical log above in sufficient detail for Plaintiffs to evaluate our privilege claims. Accordingly, because creating a document-by-document log would be unduly burdensome and because our privilege calls are adequately described above, a categorical log is appropriate.

Please let us know if you have any specific issues with the points raised above, please let us know so that we can schedule a joint call to raise these issues with the court.

Very truly yours,

Lauri A. Damrell

105