# Exhibit I

106

**Lieff**
**Cabraser**
**Heimann**&
**Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

June 22, 2016

**VIA ELECTRONIC MAIL**

Lynne C. Hermle
Jessica R. Perry
Megan M. Lawson
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
lchermle@orrick.com
jperry@orrick.com
megan.lawson@orrick.com

Wendy Butler Curtis
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, NW
Washington, DC 20005
wcurtis@orrick.com

Lauri A. Damrell
Orrick Herrington & Sutcliffe LLP
400 Capitol Mall
Suite 3000
Sacramento, CA 95814
ldamrell@orrick.com

Mark S. Perris
Orrick Herrington & Sutcliffe LLP
701 5th Avenue, #5600
Seattle, WA 98104
mparris@orrick.com

RE:     *Moussouris, et al. v. Microsoft Corp.*, No 2:15-cv-01483 (JLR)

Dear Counsel:

Thank you for meeting and conferring with us on June 21, 2016.  Below I summarize the issues we discussed and set forth Plaintiffs' position on outstanding issues.

**Internal Complaints**

We received your letter on June 21 stating, for the first time since Plaintiffs originally served their requests for production on November 12, 2015, that Microsoft will not produce internal complaints, but will only produce a log of internal complaints of gender discrimination, sexual harassment, or pregnancy discrimination, reflecting the complainant's job title, the basis for the complaint, and the year the complaint was received.  Thus, Microsoft intends to withhold the underlying facts of class member complaints and their investigations by the company.  You also stated for the first time that you will not produce complaints regarding retaliation against

June 22, 2016
Page 2

class members for complaining to Human Resources, unless the complaint underlying the retaliation is based on gender discrimination, sexual harassment, or pregnancy discrimination. You further affirmed that you will not produce complaints of unfair treatment, nor complaints made by non-putative class members alleging sexual harassment by managers who also supervise class members.

Since serving our requests for production, we have repeatedly requested Microsoft's position on these issues since our February 26, 2016 meet and confer. *See, e.g.*, February 29, 2016 Letter from Michael Levin, p. 4-5; March 30, 2016 Email from Lauri Damrell, ¶ 22; April 4, 2016 Letter from Anne Shaver, pp. 2 & 4; April 11, 2016 Letter from Yaman Salahi, p. 7; April 19, 2016 Letter from Yaman Salahi , pp. 2 & 7; April 29, 2016 Letter from Michael Levin, p. 6; May 5, 2016 Letter from Michael Levin; May 17, 2016 Letter from Anne Shaver, p. 3; May 24, 2016 Email from Anne Shaver.

More recently, as the 30(b)(6) deposition on complaints and compliance approached, we let you know that your on-going failure to produce relevant documents, or to give us your position as to whether such documents were being withheld or would be produced, might cause the deposition to have to be re-scheduled. *See, e.g.*, May 26, 2016 Letter from Michael Levin, p. 3-4 ("If you categorically object to production of any of these documents, please let us know as soon as possible – and no later than during our meet and confer call on June 1, 2016. That way, if necessary, we may raise this issue with the Court with sufficient time for the Court to rule prior to the 30(b)(6) depositions scheduled at the end of June."); June 2, 2016 from Anne Shaver p. 4 ("We have been requesting clarification on this from you since April 19, 2016, and are now less than a month away from the 30(b)(6) deposition on this topic. You also have not yet produced any internal complaint files, even those Microsoft does not consider privileged, and could not say when such documents would be produced. If you cannot confirm that we will receive these materials by June 15, we will need to seek relief from the Court."); June 15, 2016 Letter from Michael Levin, fn. 1.

In response, Microsoft either did not respond at all, or promised to produce documents in advance of the deposition and promised a position statement as to the attorney-client privilege issue. *See* May 23, 2016 Email from Lauri Damrell ("We agreed to provide a proposal regarding privilege protection for internal complaints. . . . As we stated during our May 17 teleconference, we will make a proposal soon."); June 9, 2016 Email from Lauri Damrell ("We can confirm that we will be producing relevant, non-privileged internal complaints prior to the scheduled deposition date: June 28, 2016."); June 15, 2016 Letter from Michael Levin, p. 1, & fn. 1 ("You confirmed that you are collecting internal complaints for production, and we reiterated that Plaintiffs need a complete production of internal complaints before their Rule 30(b)(6) deposition on the topic of complaints and compliance, currently scheduled for June 28, 2016. You confirmed that Microsoft is producing internal complaints alleging gender discrimination, sexual harassment, and pregnancy discrimination. We asked you to confirm that class member complaints of retaliation are included in Microsoft's production. You stated that you believed so, but that you need to confirm and will report back to us.").

108

June 22, 2016
Page 3

Unfortunately, despite the commitments you made in these meet and confer conferences, you told us for the first time yesterday, one week before the 30(b)(6) deposition, that Microsoft was reversing course and would not produce internal complaint files, whether it considered them privileged or not; would not produce retaliation complaints; and would only give us a non-compliant "summary" privilege log with scanty, incomplete information, not even including the name or a unique identifier of the complainant and the subject(s) of the complaint.  You also told us, for the first time, that you had no additional non-privileged policy and procedure documents pertaining to the internal complaint process to produce, though you had been promising to produce the same as recently as last week.   *See* June 15 Letter, p.2 ("Finally, you told us that Microsoft would produce missing instruction and policy documents related to the internal complaint process this week.")  Yet, you continue to insist that the 30(b)(6) deposition take place next week as scheduled.  This would be highly prejudicial to Plaintiffs, who currently have a mere handful of relevant documents, including Microsoft's employee handbook, a one page print out of the ERIT's intranet page, and the investigation files relating to the complaints made by Plaintiffs Moussourris and Piermarini.  This is not a sufficient record on which to take a productive 30(b)(6) deposition, particularly as you have cautioned us that the witness will not be allowed to answer questions regarding any part of the process that Microsoft considers privileged.  What is even more disappointing is that you have had a 30(b)(6) deposition notice on complaints and audits since April 8, 2016 which sets forth Plaintiffs' clear request to have these materials in advance of this deposition.

We have asked when your team is available to call chambers to request the Court's assistance resolving this dispute.  Plaintiffs intend to challenge Microsoft's designation of facts relating to the process/procedure for investigating internal complaints as privileged, as well as the complaint files themselves; Microsoft's refusal to produce complaint files; Microsoft's refusal to produce a privilege log; and the scope of the complaints subject to discovery.

**Internal Audits**

The parties have also reached impasse with respect to Microsoft's refusal to produce internal audits, or a privilege log for the same, which we have also been requesting for six months, and for which you only gave us your position for the first time yesterday.  You have also refused to produce a privilege log on this material. We believe that it would be most efficient to raise this dispute with the Court now as well, so that we do not have to bother the Court more than necessary with discovery disputes.

**Attorneys' Eyes Only ("AEO") Designations**

With regard to our proposal that commenter names be redacted from the Named Plaintiffs' performance review documents, and that the confidentiality designation of these comments be changed from AEO to Confidential to allow the Named Plaintiffs to review these materials, you said you would consider this on a document by document basis and asked that we send you an example of one such redacted document for you to review with your client.  We do

June 22, 2016
Page 4

not think it is our burden to redact documents that Microsoft has designated, but are considering your request.

Turning to the Named Plaintiffs' interrogatory responses, you said that you are preparing a proposed specific list of individuals who would be allowed to view these responses on a need-to-know basis.

## Missing Documents Identified in Yaman Salahi's April 11, 2016 Letter

You said that you are still investigating whether responsive documents exist. You stated that you did not expect to produce any additional documents in advance of the 30(b)(6) depositions next week. We reiterate that these documents are highly relevant to the depositions, in particular the performance review process deposition, and that your failure to search for and produce these documents in a timely fashion is prejudicial to Plaintiffs. Nonetheless, we are willing to go forward with the depositions as scheduled, though we will hold the depositions open subject to Microsoft's production of these documents. We anticipate that we will seek additional time with the witness if and when such documents are produced.

## Sharepoint Searches

Yesterday you provided us with a list of Sharepoints with the words "women," "parent," or "mom" in the title. We will review this list and let you know which Sharepoints we would like included in the search term process.

## Next Meet and Confer Call

You stated that you are not available any time next week during business hours for a next meet and confer call. We will check whether we can accommodate an 8 am PT start time next week and let you know.

Sincerely,

Anne B. Shaver

cc:    Plaintiffs' counsel

1308974.1

110