The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| KATHERINE MOUSSOURIS, HOLLY MUENCHOW, and DANA PIERMARINI, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No. 2:15-cv-01483-JLR<br><br>**SUPPLEMENTAL DECLARATION OF LAURI A. DAMRELL IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' REQUEST FOR INTERNAL ANALYSES AND APPROVE USE OF A CATEGORICAL PRIVILEGE LOG**<br><br>**NOTE ON MOTION CALENDAR: AUGUST 2, 2016** |

DECLARATION OF LAURI A. DAMRELL IN SUPPORT
OF MOTION TO QUASH:  2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

I, Lauri A. Damrell, hereby declare:

1. I am a member of the State Bar of California and a partner in the law firm of Orrick, Herrington & Sutcliffe LLP, and am lead counsel of record in this action for defendant Microsoft Corporation. I make this declaration in support of Defendant's Supplemental Motion to Quash Plaintiffs' Request for Internal Audits and Approve Use of a Categorical Privilege Log. I have personal knowledge of the matters contained in this declaration, except where expressly stated to be alleged on information and belief, and, if called to testify as a witness as to those matters, could do so competently. As to the matters stated to be declared on the basis of information and belief, I am informed and believe those matters to be true.

2. When the parties called the Court on June 23, 2016 to request a telephonic hearing, the parties asked the Court to address two issues: (1) Plaintiffs' request for Microsoft's discrimination complaint investigation files and (2) Plaintiffs' demand for an itemized (rather than categorical) privilege log. Plaintiffs did not reference "internal audits" in this discussion.

3. Microsoft's proposal to provide a categorical log is one of many reasonable solutions offered to accommodate Plaintiffs' need for discovery, while also being mindful of proportionality and the Court's reasonable deadlines.

4. If Microsoft were required to respond to all of Plaintiffs' excessively ambitious and disproportionate discovery, it could not meet the Court's August 12, 2016 discovery deadline.

5. From the outset, Microsoft has made every effort to meet and confer with Plaintiffs to produce relevant, proportionate, and reasonable discovery at this pre-certification stage of the case. To date, Microsoft has produced over 140,800 pages of documents (10.6 GB), which required review of over 7,800,000 (78 GBs), costing Microsoft over $525,000 for review and production alone, not including the time invested by internal Microsoft staff or outside counsel fees.

6. The parties have also spent months negotiating the scope of custodian-level searches. Microsoft has agreed to an extensive search of 60 custodians (negotiated down from

DECLARATION OF LAURI A. DAMRELL IN SUPPORT
OF MOTION TO QUASH: 2:15-CV-01483-JLR

- 1 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1-206-839-4300

Plaintiffs' original request for over 500) involving an additional review of at least another 20,000,000 pages (200 GBs).

7. Microsoft has also agreed to produce relevant data used in conducting the statistical analyses in question. It has spent hundreds of hours answering Plaintiffs' questions on Microsoft's databases, providing detailed declarations from IT personnel, presenting multiple witnesses at deposition, and retaining an outside data consultant to confirm Microsoft witness testimony on the burdens associated with Plaintiffs' requests. Based on the parties' discussions, Microsoft has agreed to produce 235 data fields from 7 databases for over 66,000 employees for a time period spanning over more than six years. *See* Letter from L. Damrell dated July 12, 2016, a true and correct copy of which is attached hereto as **Exhibit A**.

8. Six of the seven databases are archived, and pulling the data from those databases requires the expertise of a structured database consultant, at a cost of over $30,000 (not including additional time and effort expended by Microsoft employees and outside counsel fees).

9. Although it has taken the parties several months to negotiate the terms of these productions, Microsoft has committed to completing its production by the August 12, 2016 deadline. *See* **Exhibit A**.

10. On July 15, 2016, Microsoft produced 201 data fields for over 66,000 employees from its MS People database, totaling 9.4GBs of structured data.

11. Microsoft has explained to Plaintiffs that this July 15, 2016 data production includes data pertaining to putative class members that was used to arrive at the results of Microsoft's internal compensation study published on April 11, 2016. *See* http://blogs.microsoft.com/blog/ 2016/04/11/ensuring-equal-pay-equal-work/#sm.00018rjue6d6bdejy2p2c4g1bzwrl.

12. Nevertheless, Plaintiffs continue to seek more discovery, most recently requesting an additional 56 fields of structured data, as well as detailed information for at least 80 more. *See* Letter from A. Klein dated July 14, 2016, a true and correct copy of which is attached hereto as **Exhibit B**. This is particularly troubling given the vast opportunities

DECLARATION OF LAURI A. DAMRELL IN SUPPORT
OF MOTION TO QUASH: 2:15-CV-01483-JLR                    - 2 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1-206-839-4300

Plaintiffs have already had over the past several months to address these issues. At Microsoft's suggestion, the parties have engaged in telephonic meet and confer discussions approximately once per week for the past six months. Microsoft has spent hundreds of hours answering Plaintiffs' questions on Microsoft databases, provided data dictionaries and other guides and instructional materials related to its databases, six detailed declarations from IT personnel, deposition testimony from these same witnesses, and the opportunity to communicate directly with the outside data consultant Microsoft retained (who reiterated and confirmed what Microsoft witnesses already explained regarding the databases and the burdens associated with Plaintiffs' requests).

13.     A document review for privilege takes more time than a review for responsiveness. A reviewer can often review 50-60 documents per hour for responsiveness but potentially privileged data is reviewed at 30-40 documents per hour. This increases the overall costs from $1 per document for a responsiveness review to $1.50-$2.00 per document for a privilege review. Reviewing for privilege also requires more redactions, increasing the overall costs exponentially.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 20, 2016 in Sacramento, California.

_____*s/ Lauri A. Damrell*_____
Lauri A. Damrell

DECLARATION OF LAURI A. DAMRELL IN SUPPORT
OF MOTION TO QUASH: 2:15-CV-01483-JLR

- 3 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1-206-839-4300

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2016, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record.

DATED:  July 20, 2016                                ORRICK, HERRINGTON & SUTCLIFFE LLP


By:   _s/ Mark S. Parris_
        Mark S. Parris (WSBA No. 13870)
        mparris@orrick.com

        701 Fifth Avenue, Suite 5600
        Seattle, WA  98104-7097
        Telephone:   206-839-4300
        Facsimile:    206-839-4301

DECLARATION OF LAURI A. DAMRELL IN SUPPORT
OF MOTION TO QUASH:  2:15-CV-01483-JLR                - 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300