# <u>EXHIBIT A</u>



**Orrick, Herrington & Sutcliffe LLP**
2121 Main Street
Wheeling, WV 26003-2809

+1 304 231 2500
orrick.com

July 12, 2016

VIA EMAIL

Kelly M. Dermody
Anne B. Shaver
Michael Levin Gesundheit
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

Sharon M. Lee
Lieff Cabraser Heimann & Bernstein, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121

Michael Subit
Frank Freed Subit & Thomas LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104

Adam T. Klein
Cara E. Greene
Ossai Miazad
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016

Jahan C. Sagafi
Katrina L. Eiland
Outten & Golden LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111

Re: *Moussouris v. Microsoft Corporation*, W.D. Wash. Case No. 2:15-cv-01483 (JLR)

Dear Counsel:

We write regarding Microsoft's production of custodial and structured data. Specifically, we write to inform Plaintiffs of the following:

(1) Microsoft will use technology assisted review ("TAR") in its review of data collected from the 60 agreed-upon custodians, and

(2) the content of and timeline for Microsoft's structured data production.

Microsoft intends to complete the productions outlined below by the August 12, 2016 discovery deadline and does not agree to an extension on discovery or briefing.

6



July 12, 2016
Page 2

**Technology Assisted Review ("TAR")**

The parties have spent months negotiating the scope of custodian-level searches, which, based on the latest iteration, would include a collection from 60 custodians (negotiated down from Plaintiffs' original request of over 500) and would involve an additional review of at least another 20,000,000 pages (200GBs). Given the extensive time and effort Microsoft has expended in refining the custodian list and the burden of the collection for these 60 custodians, Microsoft is not willing to consider additional custodians beyond the 60 already agreed upon by the parties. If Plaintiffs seek additional custodians, they may ask the Court for an extension of the discovery cutoff and pay for the collection, review, and production of any additional custodians. It is one month before the discovery cutoff date of August 12th and it is unreasonable to add any further custodians to the already expansive discovery that the parties have agreed upon to date. Indeed, in addition to the 60 agreed-upon custodians, Microsoft has already reviewed over 500,000 pages (78GBs) and produced over 17,000 pages (10 GBs). That brings the total volume of custodial data searched and reviewed to approximately 20,500,000 pages (278 GBs) and does not include the data Microsoft will be producing from structured databases.

Microsoft will employ TAR in its review of the 60 agreed-upon custodians. The cost of a document-by-document review is unduly burdensome: Microsoft estimates it would cost $650,000 -$800,000 to conduct a document-by-document review of the 20,000,000 pages (200GBs). Moreover, the burden of collecting and reviewing documents from additional custodians or conducting a document-by-document review is disproportionate to any possible benefit given what Microsoft has already produced and its proposed production. *See* Fed. R. Civ. P. 26(b)(1). Considering the significant, burdensome, and disproportionate costs, Microsoft's review will employ TAR and will be limited to the 60 agreed-upon custodians.

"[C]omputer-assisted review [i.e. TAR] is an acceptable way to search for relevant ESI in appropriate cases." *Da Silva Moore v. Publicis Groupe & MSL Group*, 287 F.R.D. 182, 187 (S.D.N.Y. 2012). Indeed, "it is now black letter law that where the producing party wants to utilize TAR for document review, courts will permit it." *Rio Tinto PLC v. Vale S.A.*, 306 F.R.D 125 (S.D.N.Y 2015). Here, Microsoft will collect data from the 60 agreed-upon custodians, apply the agreed-upon search terms, and employ Equivio in its review of the resulting documents. By employing TAR, Microsoft expects to start making rolling productions of custodial data by the end of July and anticipates completing production by August 12, 2016. Even if some data is produced after August 12, however, Microsoft will not agree to an extension



July 12, 2016
Page 3

of the deadline for Plaintiffs to file their motion for class certification, as the voluminous custodial data requested by Plaintiffs is not sufficiently probative to class certification to justify a delay in the motion deadline, particularly given the extraordinary burden imposed on Microsoft to produce this data and the Court's admonition that "the failure to complete discovery within the time allowed will not ordinarily constitute good cause." That Plaintiffs have been overly ambitious in their discovery requests is not enough to provide the "good cause" required by the Court.

Microsoft will update its responses to Plaintiffs' requests for production to include revised production dates. Microsoft will further update its responses to indicate that it will produce a privilege log no later than 30 days after the close of discovery.[1]

## Structured Data Production

As with custodial data, the parties have spent months negotiating Microsoft's production of structured data but these negotiations are no longer productive. The discovery deadline is quickly approaching and Plaintiffs' evolving requests are unduly burdensome and harassing. Indeed, one week ago, Microsoft offered Plaintiffs an opportunity to inspect the structured data but Plaintiffs have not responded. The discovery deadline is in five weeks—Microsoft cannot continue to negotiate with Plaintiffs and meet this deadline.

Microsoft will produce the data outlined below by August 12, 2016. This structured data is the most probative information for class certification. If Plaintiffs would like additional data beyond what is outlined below, they may ask the Court for an extension of the discovery cutoff and pay for the collection, review, and production. Because Microsoft will produce the structured data outlined below by the discovery deadline, Microsoft does not agree to an extension on either production or Plaintiffs' motion for class certification.

---

[1] Given the delay in negotiating search terms and custodians, Microsoft can no longer produce the privilege log before the close of discovery. Producing the log 30 days after close of discovery, however, is consistent with the Western District of Washington Model Order. Western District of Washington, Model Agreement Regarding Discovery of Electronically Stored Information, *available at* http://www.wawd.uscourts.gov/sites/wawd/files/ModelESIAgreement.pdf ("The parties agree that privilege logs shall be provided 30 days after the date agreed upon for final production in this matter.").

8



July 12, 2016
Page 4

***Summary of Microsoft's Production of Structured Data***

1. MSPeople
   a. 201 fields[2]
   b. Projected production date:  Week of July 18, 2016
   c. Date Range: January 1, 2010 through the present
   d. Scope:  66,035 (male and female) U.S. employees employed by Microsoft between September 16, 2012 and May 31, 2016 and meeting Plaintiffs' definition of 'technical employees' confirmed on May 24th.

2. Connect and Me.Microsoft
   a. Sample set of 20 employees
   b. Projected production date:  Week of July 25, 2016

3. ManageRewardsTool ("MRT"), Performance@Microsoft, Non-Reward Promotion Databases
   a. Projected production date:  Week of August 8, 2015
   b. Microsoft will copy the data from restored point-in-time snapshots of the following six databases:
      i. MRT for FY 2016
      ii. MRT for FY 2015
      iii. MRT for FY 2014
      iv. MRT Promotions
      v. Performance@Microsoft
      vi. NRP
   c. The copied records will reflect user changes to the exported fields. System changes to these fields will not be exported.
   d. The exported back-end fields will not necessarily be named as listed below (the field names below are from the audit reports).

---

[2] This includes the fields we confirmed we would produce in our June 28, 2016 letter.  In addition, Plaintiffs requested a 'sample' report of four fields on July 5th.  Due to the time constraints involved and the burden of running an additional report for 66,035 employees for just four fields, we will include those four fields in our July 15th production.  As in the past, however, we object to Plaintiffs' use of these fields in any analysis because they are irrelevant.



July 12, 2016
Page 5

    e. As audit reports are not available for NRP, we are producing fields from NRP that are equivalent to the fields from MRT Promotions

    f. Microsoft will produce only the following fields from the back-end system for the same 66,035 employees referenced above for the scope of the MS People pull:

        i. <u>MRT FY 2014, FY 2015, and FY 2016</u>
1. Updated by
2. Action
3. Updated Date
4. Promotion (Y/N indicator field)
5. Rewards Justification
6. Personnel #
7. Manager in Control
8. Non Promotion Reason
9. Promotion Justification
10. Reward Outcome
11. Current Position of Slider

        ii. <u>MRT Promotions and NRP</u>
1. Personnel Number
2. Updated by
3. Acton
4. Updated Date
5. Manager in Control
6. Original Requestor
7. Promotion (Y/N indicator field)
8. Promotion Justification Comments

        iii. <u>Performance@Microsoft</u>
1. Action
2. Review Entry Status
3. Current Approver
4. Commitment Rating
5. Promotion Indicator Flag
6. Promotion Recommended By
7. Rating Comments
8. Salary Comments

10



July 12, 2016
Page 6

          9.  Promotion Comments
          10. Bonus Comments
          11. Stock Comments
          12. Promotion Justification Comment
          13. Non Promotion Reason
          14. Updated By
          15. Updated Date

Very truly yours,

Lauri A. Damrell