# Exhibit A



July 15, 2016

**Orrick, Herrington & Sutcliffe LLP**
400 Capitol Mall
Suite 3000
Sacramento, CA 95814-4497

*VIA EMAIL & FIRST-CLASS MAIL*

+1 916 447 9200

**orrick.com**

Sharon M. Lee
Lieff Cabraser Heimann & Bernstein, LLP
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121

Adam T. Klein
Cara E. Greene
Ossai Miazad
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016

**Lauri A. Damrell**

**E** ldamrell@orrick.com
**D** +1 916 329 7914
**F** +1 916 329 4900

Kelly M. Dermody
Anne B. Shaver
Michael Levin Gesundheit
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

Jahan C. Sagafi
Katrina L. Eiland
Outten & Golden LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111

Michael Subit
Frank Freed Subit & Thomas LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104

Re:     *Moussouris v. Microsoft Corporation* **- Response to Plaintiffs' July 7, 2016 Meet and
Confer Email**

Dear Counsel:

I write in response to your July 7, 2016 email regarding Plaintiffs' requests for production of documents.
Below I address each issue raised in your email.

1.  Request 4: DOCUMENTS reflecting the year each TECHNICAL EMPLOYEE at the
    Principal Level OR above was promoted to his OR her position AND the gender of
    each INDIVIDUAL.

-   Microsoft agreed to create and produce a list that includes names. See April 19 Letter
    from Yaman Salahi, p. 4-5; and April 20 Email from Lauri Damrell. Has not been
    produced yet.

Microsoft never agreed to produce a list that included the names of each Technical Employee promoted
to principal level or above.  As Microsoft stated in its April 20 email, it will produce "a list of employees
promoted to principal level and above." Accordingly, Microsoft will produce an anonymized list next week.

OHSUSA:765562128.2



July 15, 2016

Page 2

2. Request 12: All DOCUMENTS that refer or relate to hiring AND/OR retention plans, AND/OR methods or procedures for determining the hiring AND/OR retention of female TECHNICAL EMPLOYEES, including gender data.

- Microsoft agreed to provide hiring and retention plans to the extent they are located through the custodian ESI.  See April 19 Letter from Yaman Salahi, p. 5.  Please confirm you are conducting searches for the purpose of locating such plans.

Again, Plaintiffs misrepresent the parties' meet and confer discussions.  Microsoft never agreed to produce hiring documents.  Microsoft has always stated that hiring is irrelevant to the issues in this case.  *See* Responses to Plaintiffs' First Set of RFPs; April 1 Email from L. Damrell.  As for retention plans, Plaintiffs acknowledged on March 29, 2016 that they would not be expecting Microsoft to search manager by manager for such documents, but that they wanted documents produced by the diversity and women's initiatives.  Plaintiffs also acknowledged in Mr. Salahi's April 19 letter that the documents sought in this request would be tied into the parties' meet and confer efforts regarding ESI search terms and custodians. Consistent will all meet-and-confer discussions to date, Microsoft is not conducting—and never agreed to conduct—a search separate and apart from the ESI custodian search that the parties have been negotiating over the past several months.  If plaintiffs wished to include additional custodians or search terms regarding retention plans, they should have raised this during the numerous discussions the parties had regarding the ESI custodian search. As Microsoft explained in its July 12, 2016 letter, it is no longer willing to consider adding to the collection from 60 custodians that the parties have negotiated.

In light of the above, Microsoft is reviewing and evaluating centrally-located documents related to the retention of "technical women" (as Plaintiffs have defined that term).  Information not related to the retention of female technical employees will be redacted.  Microsoft anticipates that it will produce any relevant, responsive, non-privileged, centrally-located documents regarding Microsoft's efforts to retain female technical employees the week of July 25, 2016.

3. Request 17: All DOCUMENTS constituting exit interviews that REFER OR RELATE TO gender, discrimination, sexual harassment, pregnancy discrimination, retaliation, AND/OR unfair treatment against a female employee.

Microsoft produced exit survey questions on July 11, 2016.  *See* MSFT_MOUSSOURIS_00058504; MSFT_MOUSSOURIS_00058506 and MSFT_MOUSSOURIS_00058502.

orrick

July 15, 2016

Page 3

4. Request 19: All DOCUMENTS that refer or relate to compliance and/OR record-keeping pursuant to Title VII of the Civil Rights Act of 1964 or state discrimination statutes prepared by DEFENDANT, including all EEO-1 reports, all compliance reports, audits, affirmative action plans, AND/OR under-utilization reports, pursuant to Executive Orders 11246 and 11375, submitted by DEFENDANT, to the United States Department of Labor, Office of Federal Contract Compliance Programs, and/or any other federal, state, or local agency concerning employment.

Microsoft already produced its EEO-1 reports representing the years 2010-2015 on June 1, 2016. *See* MSFT_MOUSSOURIS_00037168; MSFT_MOUSSOURIS_00037169; MSFT_MOUSSOURIS_00037170; MSFT_MOUSSOURIS_00037171; MSFT_MOUSSOURIS_00037172 and MSFT_MOUSSOURIS_00037173. Microsoft is currently reviewing documents it prepared and submitted to OFCCP, and it anticipates producing relevant, responsive, non-privileged documents next week.

5. Request 20: All DOCUMENTS relating or referring to DEFENDANT'S affirmative action, diversity, non-discrimination, AND/or equal employment opportunity policies, statements, guidelines, practices, plans, AND/OR training programs, including surveys and/OR reports regarding employee attitudes, recruitment, retention, diversity, sex discrimination, harassment, retaliation, assignments, promotion, compensation, training, mentoring, administrative support, supervisors, and/or evaluations.

- Microsoft agreed to produce a list of the questions from various employee surveys so that Plaintiffs can determine which are relevant and request responses for those questions. See April 29, 2016 Letter from Michael Levin-Gesundheit, p. 6; May 26, 2016 Letter from Michael Levin-Gesundheit, p. 3; June 2, 2016 Letter from Anne Shaver, p. 3. Has not been produced yet.

As stated above, Microsoft has already produced exit survey questions. Additionally, Microsoft has produced MS Poll questions for FY2012 on July 11, 2016, the MS360 questions on June 27, 2016, and the Assessment Tool Survey questions on June 23, 2016. *See* MSFT_MOUSSOURIS_00058510; MSFT_MOUSSOURIS_00058095 and MSFT_MOUSSOURIS_00058114. Additional responsive, non-privileged documents representing internal Microsoft survey questions will be produced next week.

OHSUSA:765562128.2



July 15, 2016

Page 4

6. Request 23: All DOCUMENTS COMPRISING, referring or relating to legal proceedings concerning employment or personnel issues of TECHNICAL EMPLOYEES, including but not limited to civil lawsuits, arbitrations, and/OR administrative charges of discrimination, harassment or retaliation, such as charges filed with the Equal Employment Opportunity Commission and/or other state equal employment or human rights OR unemployment agencies, filed against DEFENDANT alleging gender discrimination, pregnancy discrimination, sexual harassment, hostile work environment, retaliation, or unfair treatment against any woman.

- Microsoft agreed to produce a log of formal legal complaints filed against it, and also copies of complaints that were not filed on a public docket, e.g., with administrative agencies. See April 19, 2016 Letter from Yaman Salahi, p. 7. While this log is not sufficient to comply with Microsoft's discovery obligations even that has not been produced yet.

Microsoft will produce its log of formal legal complaints and copies of administrative complaints (as described by Microsoft in its July 7, 2016 brief) next week.

7. Request 25: All DOCUMENTS that refer or relate to the demographics of the employees of any Microsoft competitor—whether by office, region, and/or the nation as a whole.

- Microsoft has objected on basis of relevance. Plaintiffs maintain that Microsoft's collection of gender data is relevant to Microsoft's attitude toward gender diversity and inclusion and documents containing such information are likely to contain relevant analyses about Microsoft's own position in the market as an employer of women. Please advise what documents exist so we can understand the scope of material the parties are debating.

To the extent Microsoft has documents reflecting demographics of its competitors, it is data that is publicly available and relates only to the number of employees. The documents do not relate to compensation, performance or promotions. In light of that, we would like to better understand why plaintiffs believe such documents are relevant.



July 15, 2016

Page 5

8.  Manager training histories in response to RFP No. 11.  *See* Feb. 29, 2016 Letter from Michael Levin-Gesundheit.

Plaintiffs are incorrect.  During the parties' February 26, 2016 meet and confer, Microsoft agreed to produce the training histories for the named Plaintiffs' managers.  Microsoft produced these training histories on July 11, 2016.  Relevant Bates numbers are listed below:

- MSFT_MOUSSOURIS_00058490

- MSFT_MOUSSOURIS_00058521

- MSFT_MOUSSOURIS_00058537

- MSFT_MOUSSOURIS_00058977

- MSFT_MOUSSOURIS_00058981

- MSFT_MOUSSOURIS_00058985

- MSFT_MOUSSOURIS_00058989

- MSFT_MOUSSOURIS_00058993

- MSFT_MOUSSOURIS_00058997

- MSFT_MOUSSOURIS_00058999

- MSFT_MOUSSOURIS_00059017

- MSFT_MOUSSOURIS_00059021

- MSFT_MOUSSOURIS_00059027

- MSFT_MOUSSOURIS_00059031



July 15, 2016

Page 6

- MSFT_MOUSSOURIS_00059055

- MSFT_MOUSSOURIS_00059059

- MSFT_MOUSSOURIS_00059063

- MSFT_MOUSSOURIS_00059067

- MSFT_MOUSSOURIS_00059085

- MSFT_MOUSSOURIS_00059087

- MSFT_MOUSSOURIS_00059091

- MSFT_MOUSSOURIS_00059097

- MSFT_MOUSSOURIS_00059103

- MSFT_MOUSSOURIS_00059109

- MSFT_MOUSSOURIS_00059115

9. Exit interview records in response to RFP No. 17.  See Feb. 29, 2016 Letter from Michael Levin-Gesundheit.

Microsoft did not agree to produce exit interview records, generally.  As stated above, Microsoft agreed to produce exit survey questions during the parties' April 8, 2016 meet and confer.  Microsoft produced these documents on July 11, 2016.

10. Severance agreement information in response to RFP No. 29.  See Feb. 29, 2016 Letter from Michael Levin-Gesundheit.

Microsoft agreed to produce representative severance agreements for each year during the relevant class discovery period.  Microsoft produced these severance agreements on July 11, 2016.  *See* MSFT_MOUSSOURIS_00058445; MSFT_MOUSSOURIS_00058453; MSFT_MOUSSOURIS_00058463

OHSUSA:765562128.2



July 15, 2016

Page 7

and MSFT_MOUSSOURIS_00058467.  Additional relevant, responsive, non-privileged agreements will be produced the week of July 25, 2016.

> 11.  Exemplar Calibration Workbooks relating to the named Plaintiffs in response to RFP 16.  See April 20, 2016 E-mail from Lauri A. Damrell.

Microsoft has already produced exemplar calibration workbooks prior to Plaintiffs' depositions on June 1, 2016.  *See* MSFT_MOUSSOURIS_00042334; MSFT_MOUSSOURIS_00044849; MSFT_MOUSSOURIS_00042335 and MSFT_MOUSSOURIS_00045100.

Finally, Microsoft confirms that it has produced all documents that it agreed to produce in response to Plaintiffs' Request for Production 1.  Specifically, Microsoft produced the named Plaintiffs' personnel files, performance reviews, mid-year check-ins, individual results reports, compensation histories, training transcripts, job histories, review audit reports, and time and absence reports, Microsoft's position statement filed in response to Plaintiff Moussouris's EEOC charge and documents referenced therein. Additionally, Microsoft performed targeted email searches to produce relevant, responsive, non-privileged emails related to the named Plaintiffs prior to their depositions.

Microsoft can also confirm that it has finalized its productions in response to Plaintiffs' Request for Production 7 and 14. Microsoft is in the process of reviewing additional relevant, responsive non-privileged documents regarding Plaintiffs' Request for Production 15 and anticipates making an additional production the week of August 8, 2016.

Very truly yours,

Lauri A. Damrell