The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| KATHERINE MOUSSOURIS, HOLLY MUENCHOW, and DANA PIERMARINI, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No. 2:15-cv-01483-JLR<br><br>**DEFENDANT MICROSOFT CORPORATION'S OPENING BRIEF RE CLASS DISCOVERY PERIOD**<br><br>**NOTE ON MOTION CALENDAR: SEPTEMBER 30, 2016**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANT MICROSOFT CORPORATION'S
OPENING BRIEF RE CLASS DISCOVERY PERIOD
Case No. 2:15-cv-01483-JLR

OHSUSA:765769616.1

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

## I.   INTRODUCTION AND STATEMENT OF THE ISSUE

Microsoft submits this Brief regarding its production of structured data pursuant to the Court's August 26, 2016 Minute Order.  The question posed by the parties for resolution here is: Did the Court's June 6, 2016 Order establishing January 2010 as the beginning date for class-related discovery require Microsoft to provide employee data from its personnel databases for U.S. "technical employees" employed at Microsoft between the start of class-related discovery on January 1, 2010 and September 16, 2012, if those employees did not also work at Microsoft during what Microsoft argues is the WLAD liability period (i.e., September 16, 2012 to present)?  Microsoft has produced structured data from the period January 1, 2010 to May 31, 2016 from its personnel databases only for those male and female U.S. employees (a) meeting Plaintiffs' definition of "technical employees" and (b) who were also employed by Microsoft between September 16, 2012 and May 31, 2016.  As set forth below, the answer to this question is clearly no.  Further, Plaintiffs should not be permitted to challenge the scope of the production after the fact, effectively asking Microsoft to redo months of expensive work, when Plaintiffs were expressly informed of the scope before the work was done and failed to challenge it then.

## II.   STATEMENT OF FACTS

From the outset, the parties have disputed the relevant liability period for Plaintiffs' state law claims.  This issue was briefed in Microsoft's motion to dismiss, but left open by the Court's March 7, 2016 order.  On June 1, 2016, the parties sought clarity on this liability period and the appropriate discovery period.  (*See* Dkt. No. 81.)  On June 6, 2016, the Court entered an order ("June 6 Order") "hold[ing] that the class discovery period shall begin on January 1, 2010." (*See* Dkt. No. 82.)  The June 6 Order expressly does not define the relevant liability period.  The parties submitted further briefing on this topic on August 26, 2016. (Dkt. No. 109.)

On November 12, 2015, Plaintiffs propounded Requests for Production of Documents on Microsoft, including a request for "COMPUTER-READABLE FORMAT databases AND reports containing personnel, payroll, AND gender data for DEFENDANT'S TECHNICAL EMPLOYEES." (Declaration of Jessica Perry ["Perry Decl."] at ¶2, Exh. A.)  On April 15,

DEFENDANT MICROSOFT CORPORATION'S
OPENING BRIEF RE CLASS DISCOVERY PERIOD      - 1 -
Case No. 2:15-cv-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

OHSUSA:765769616.1

2016, after five months of meet and confer discussions, Microsoft agreed to produce data from structured databases "dating back to January 1, 2010 for employees who worked for Microsoft between September 16, 2012 to present." (*See id.* at ¶ 4, Exh. B.)  Plaintiffs did not raise any issues as to the scope of this population. (*See id*. at ¶ 4.)  Following the June 6 Order, Microsoft defined its production as including "66,035 (male and female) U.S. employees employed by Microsoft between September 16, 2010 and May 31, 2016 and meeting Plaintiffs' definition of 'technical employees' confirmed on May 24th." (*See id.* at ¶ 5; Exh. C.)  Again, Plaintiffs did not express any concerns regarding this definition. (*See id.* at ¶ 5.)  Given the size and complexity of Plaintiffs' structured data demands, Microsoft hired a database consultant at considerable cost to create the data exports, which took several months to complete.  On August 8, 2016, Microsoft produced the structured data and, in its cover letter enclosing the production – *for the third time* – defined its production in writing to include data "for all U.S. employees employed by Microsoft since September 16, 2012 and meeting Plaintiffs' definition of 'technical employees' confirmed on May 24, 2016." (*See id.* at ¶ 6, Exh. D.)

Inexplicably, Plaintiffs waited until August 25, 2016, <u>*more than four months after*</u> Microsoft defined the proposed scope of its production, to accuse Microsoft of improperly limiting the scope of discovery. (*See id*. at ¶ 7, Exh. E.)  Microsoft quickly explained the inherent difference between the "class discovery period" defined in the June 6 Order and the "relevant liability period" for the putative class, stating that "employees terminated before the relevant liability period cannot possibly be putative class members and therefore, discovery related to them is irrelevant[.]" (*See id*. at ¶ 8, Exh. F.)  Microsoft also confirmed the temporal scope for Microsoft's non-structured data productions is January 1, 2010 to the present.  That same day, Plaintiffs' counsel contacted the Court to request a telephonic hearing on this matter.

### III. LEGAL DISCUSSION

#### A. Microsoft Did Not Violate The June 6 Order.

The law is clear that the appropriate liability period for Plaintiffs' state law claims is three years from the filing of the Complaint.  Microsoft respectfully refers the Court to its prior

DEFENDANT MICROSOFT CORPORATION'S
OPENING BRIEF RE CLASS DISCOVERY PERIOD    - 2 -
Case No. 2:15-cv-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

OHSUSA:765769616.1

briefing. *See Milligan v. Thompson*, 953 P.2d 586, 596-97 (Wash. Ct. App. 1998); *see also, generally,* Dkt. Nos. 23, 29, & 80. Indeed, the Court already recognized that Plaintiffs "cite no authority" for their assertion that the liability period runs from the date that Plaintiff Moussouris filed her administrative charge, a position that the Court described as "a novel application of law without any legal support." (Dkt. No. 52 at 13:19-14:8.) Because Microsoft produced data for all individuals within the liability period as defined above for the entire discovery period as defined by the June 6 Order, Microsoft did not violate this Order.

At best, Plaintiffs have identified an issue that flows from their unsupported challenge to the liability period. But this issue has been known for months and was, at least in part, the parties' motivation to seek clarity from the Court in June and again in August. Given that the Court has not yet ruled on this underlying issue, it cannot find that Microsoft violated the June 6 Order by producing data consistent with its well-supported definition of the liability period.

### B. Plaintiffs Waived Any Objection To Scope By Not Timely Raising It.

By ignoring Microsoft's meet and confer efforts on this topic for more than four months, Plaintiffs have utterly failed to raise this issue in a timely manner. Thus, they should not be permitted to raise this issue now, after Microsoft has spent considerable time and money producing data that is more than sufficient to allow them to file for class certification, and which is also in accordance with well-established law regarding the applicable liability period.[1] This additional information is not only irrelevant, but will needlessly increase Microsoft's litigation costs[2] and further extend the discovery[3] and certification deadlines, none of which is warranted.

### IV. CONCLUSION

Microsoft did not violate the Court's June 6 Order and this Court should deny Plaintiffs' request to compel Microsoft to produce additional data and/or extend the discovery deadline.

---

[1] Even if this Court finds Microsoft's production to be deficient, Microsoft produced this data in good faith and did not willfully violate the June 6 Order. Thus, the Court should not impose any requested sanctions.

[2] Additional exports from Microsoft's personnel databases will require significant duplicative work and time by Microsoft's database consultant, who has already spent months on this data production. For example, producing additional data for just one database will require at least 3-4 days of machine time to complete.

[3] In the unlikely event that the Court adopts Plaintiffs' "novel" position and a class is certified encompassing the longer liability period, then Microsoft can supplement its production accordingly.

DEFENDANT MICROSOFT CORPORATION'S
OPENING BRIEF RE CLASS DISCOVERY PERIOD
Case No. 2:15-cv-01483-JLR

- 3 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

OHSUSA:765769616.1

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 30, 2016 | **ORRICK, HERRINGTON & SUTCLIFFE LLP** |
| 3 | | |
| 4 | | By:    *s/Mark S. Parris*<br>         *s/Lynne C. Hermle*<br>         *s/Jessica R. Perry* |
| 5 | | Mark S. Parris (WSBA No. 13870)<br>mparris@orrick.com |
| 6 | | |
| 7 | | 701 Fifth Avenue<br>Suite 5600<br>Seattle, Washington 98104-7097<br>Telephone:  206-839-4300<br>Facsimile:   206-839-4301 |
| 8 | | |
| 9 | | |
| 10 | | Lynn C. Hermle (*Admitted Pro Hac Vice*)<br>Jessica R. Perry (*Admitted Pro Hac Vice*)<br>lchermle@orrick.com<br>jperry@orrick.com |
| 11 | | |
| 12 | | 1000 Marsh Road<br>Menlo Park, California 94025<br>Telephone:  650-614-7400<br>Facsimile:   650-614-7401 |
| 13 | | |
| 14 | | |
| 15 | | *Attorneys for Defendant Microsoft Corporation* |

DEFENDANT MICROSOFT CORPORATION'S
OPENING BRIEF RE CLASS DISCOVERY PERIOD      - 4 -
Case No. 2:15-cv-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

OHSUSA:765769616.1

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2016, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record.

DATED: August 30, 2016

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *s/Mark S. Parris*
Mark S. Parris (WSBA No. 13870)
mparris@orrick.com

701 Fifth Avenue, Suite 5600
Seattle, WA  98104-7097
Telephone:   206-839-4300
Facsimile:   206-839-4301

DEFENDANT MICROSOFT CORPORATION'S
OPENING BRIEF RE CLASS DISCOVERY PERIOD
Case No. 2:15-cv-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

OHSUSA:765769616.1