# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| KATHERINE MOUSSOURIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | CASE NO. C15-1483JLR <br><br> ORDER APPOINTING SPECIAL MASTER |

Pursuant to Rule 53 of the Federal Rules of Civil Procedure and the terms of this order, the court appoints Michelle Peterson to serve as Special Master.

1. **Appointment and Scope.** Pursuant to Rule 53(a)(1)(C) and the parties' agreement, the court appoints Michelle Peterson as Special Master to assist with Plaintiffs' motion to compel (Dkt. ## 145 (sealed), 147 (redacted)) and other matters as the court may assign after notice to the parties.

2. **No Grounds for Disqualification.** Pursuant to Rules 53(a)(2) and 53(b)(3), the court attaches to this order the Special Master's declaration identifying any

relationship to the parties, counsel, action, or court that would require disqualification of a judge under 28 U.S.C. § 455.

3. **Fairness Considerations.** Pursuant to Rule 53(a)(3), the court considered the fairness of imposing the likely expenses on the parties and concludes that appointing a Special Master will materially advance the litigation in an efficient manner. The court will protect against unreasonable expense and delay through communication with the Special Master and the parties as appropriate.

4. **Notice.** Pursuant to Rule 53(b)(1), the court provided notice to the parties of its intent to appoint a Special Master and provided an opportunity to be heard on the appointment. (*See* Dkt. # 187.) The parties have agreed to have Michelle Peterson serve as the Special Master. (*Id.*)

5. **Diligence.** Pursuant to Rule 53(b)(2), the court directs the Special Master to proceed with all reasonable diligence.

6. **Special Master's Duties and Scope of Authority.** Pursuant to Rule 53(b)(2)(A), the Special Master shall assist with certain matters, as the court may determine after notice to the parties. The Special Master shall have the authority provided in Rule 53(c), except that the Special Master may recommend but not issue sanctions, *cf.* Fed. R. Civ. P. 53(c)(2), and the Special Master may issue reports and recommendations but not orders, *cf.* Fed. R. Civ. P. 53(c)-(d).[1] A court reporter shall record any proceedings before the Special Master.

---

[1] The court has already provided notice (*see* Dkt. ## 136, 187-90) that the Special Master would issue a report and recommendation regarding Plaintiffs' pending motion to compel (Dkt.

7. *Ex Parte* Communications. Pursuant to Rule 53(b)(2)(B), the Special Master may communicate *ex parte* with the court without restriction. The Special Master shall not communicate *ex parte* with any party, except (1) with respect to administrative and procedural matters; (2) to the extent the Special Master determines *ex parte* communication is necessary to maintain the confidentiality of privileged communications (for example, in conducting in-camera review); and (3) as mutually agreed to by the parties. The Special Master must report any *ex parte* communication with a party that is undertaken to maintain the confidentiality of privileged communications. When the Special Master communicates *ex parte* with a party for the other purposes identified in this paragraph, the Special Master may report that communication to the extent and in the manner the Special Master deems appropriate. To the extent and in the manner the Special Master deems appropriate, the Special Master may offer the party to whom the report is supplied an opportunity to respond.

8. **Preservation of Materials.** Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to her by the parties and of her written reports and recommendations.

9. **Review of the Special Master's Reports and Recommendations.** Pursuant to Rule 53(b)(2)(D), the court orders the following:

    a. **Time Limits.** Pursuant to Rule 53(f)(1), a party must file any objection to a report and recommendation within ten (10) days of the report

---

## 145, 147). The court therefore directs the Special Master to proceed with all reasonable diligence in preparing a report and recommendation on that motion.

and recommendation's entry on the docket. *Cf.* Fed. R. Civ. P. 53(f)(2). The parties shall note and brief any objections as second-Friday motions pursuant to the court's Local Civil Rules. *See* Local Rules W.D. Wash. LCR 7(d)(2), 7(e)(2).

b. **Method of Filing the Record.** The parties' submissions to the Special Master shall be sent to the Special Master and not filed on the court's docket. Pursuant to Rule 53(e), the Special Master shall serve any reports and recommendations on the parties by filing the report and recommendation on the docket. If any party objects to a report and recommendation of the Special Master, it shall be the objecting party's responsibility to file on the docket the objection and the record materials necessary to review the report and recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's report and recommendation. Failure to provide the record shall constitute grounds for the court to overrule the objection.

c. **Standards of Review of the Special Master's Decisions.** Pursuant to Rule 53(f)(3)-(4), the court shall review de novo all objections to findings of fact and conclusions of law recommended by the Special Master. Pursuant to Rule 53(f)(5), the court may set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

10. **Compensation.** Pursuant to Rule 53(b)(2)(E), the Special Master's hourly fee shall be $375.00 an hour, and the Special Master may propose to the court the use of associates and administrative staff at a lower billing rate. At the end of each month in which the court utilizes the Special Master's services, the Special Master shall prepare and provide an invoice to counsel for Microsoft and Plaintiffs. The Special Master shall bill each side for half of the hourly fees unless the court directs otherwise. The Special Master may recommend terms as part of her reports and recommendations. The parties may object to any bill from the Special Master, and the court will review any challenged bill. In the absence of a challenge, the parties shall pay the Special Master's invoices within fourteen (14) days of receipt.

11. **Amendments.** Pursuant to Rule 53(b)(4), the court may amend this order at any time after notice to the parties and an opportunity to be heard.

Dated this 2nd day of May, 2017.

JAMES L. ROBART
United States District Judge