THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

KATHERINE MOUSSOURIS, HOLLY
MUENCHOW, and DANA PIERMARINI,
on behalf of themselves and a class of
those similarly situated,

               Plaintiffs,

     v.

MICROSOFT CORPORATION,

               Defendant.

Case No.  2:15-cv-01483-JLR

**PLAINTIFFS' REPLY RE MOTION TO
SEAL**

NOTE ON MOTION CALENDAR:
DECEMBER 15, 2017

PLAINTIFFS' REPLY RE MOTION TO SEAL
Case No.  2:15-cv-01483-JLR

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

# TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION ..............................................................................................................1

II.     LEGAL STANDARD .........................................................................................................2

     A.      The "Compelling Reasons" Standard Applies to Sealing Here...............................2

     B.      In Arguing for a "Good Cause" Standard, Microsoft Misrepresents the Law. .......3

III.    ARGUMENT .......................................................................................................................4

     A.      Microsoft Has Provided No Reason For Sealing The Number of Complaints. ......4

     B.      Microsoft Has Not Shown that Compelling Reasons Support Sealing Human
         Resources Communications about Diversity Initiatives and Strategies. .................5

     C.      The OFCCP's Notices of Violation Should Be Unsealed. ......................................6

IV.    CONCLUSION ....................................................................................................................6

PLAINTIFFS' REPLY RE MOTION TO SEAL
Case No.  2:15-cv-01483-JLR

-i-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Baker v. SeaWorld Enter., Inc.*,
No. 14-2129, 2017 WL 5029612 (S.D. Cal. Nov. 3, 2017) ..................................3

*Bund v. Safeguard Properties*,
No. 16-920, ECF No. 89 (W.D. Wash. July 5, 2017) .....................................5

*Christopher Corcoran v. CVS Health*,
No. 15-3504, 2017 WL 3873709 (N.D. Cal. Sep. 5, 2017) ................................3

*Cohen v. Trump*,
No. 13-2519, 2016 WL 3036302 (S.D. Cal. May 27, 2016) ..............................3

*Cryer v. Franklin Templeton Res., Inc.*,
No. 16-4265, 2017 WL 4023149 (N.D. Cal. July 26, 2017).........................3, 4, 7

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
809 F.3d 1092 (9th Cir. 2016) ...............................................................passim

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
331 F.3d 1122 (9th Cir. 2003) ..................................................................2, 4

*In re Google Gmail Litig.*,
13-MD-2430, 2014 WL 10537440 (N.D. Cal. Aug. 6, 2016) .............................3

*Kamakana v. Honolulu*,
447 F. 3d 1172 (9th Cir. 2006)..................................................................4, 6

*Kautsman v. Carrington Morg. Servs., LLC*,
No. 16-1940, ECF No. 51 (W.D. Wash. Sep. 19, 2017) ...................................5

*Lucas v. Breg, Inc.*,
No. 15-258, 2016 WL 5464549 (S.D. Cal. Sep. 28, 2016) ................................3

*Nixon v. Warner Comms., Inc.*,
435 U.S. 589 (1978) .................................................................................2

*Opperman v. Path, Inc.*,
No. 13-453, 2017 WL 1036652 (N.D. Cal. Mar. 17, 2017) ...............................3

*Phillips v. Ford Motor Co.*,
No. 14-2989, 2016 WL 7374214 (N.D. Cal. Dec. 20, 2016) .............................3

*Pintos v. Pac. Creditors Ass'n*,
605 F.3d 665 (9th Cir. 2010)......................................................................1

*Prime Healthcare Centinela, LLC v. Kimberly-Clark Corp.*,
No. 14-8390, 2016 WL 7177531 (Mar. 24, 2016) .........................................3

*Shahinian v. Kimberly-Clark Corp.*,
No. 14-8390, 2016 WL 7177533 (C.D. Cal. July 29, 2016) ..............................3

*Stoba v. Saveology.com, LLC*,
No. 13-2925, 2016 WL 1257501 (S.D. Cal. Mar. 31, 2016)..............................5

*Valley Broad. Co. v. U.S. Dist. Ct.*,
798 F.2d 1289 (9th Cir. 1986).....................................................................2

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) .................................................................................3

PLAINTIFFS' REPLY RE MOTION TO SEAL
Case No. 2:15-cv-01483-JLR

-ii-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1   **Rules**

2   W.D. Wash. L.R. 5(g)(3)(B)..................................................................................................3

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' REPLY RE MOTION TO SEAL
Case No.  2:15-cv-01483-JLR
-iii-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

## I.      **INTRODUCTION**

Pursuant to the Court's order entered at Dkt. 275, Plaintiffs submit this Reply brief to the Motion to Seal filed with Plaintiffs' Motion for Class Certification. *See* Dkt. 227. As previously noted, Plaintiffs filed substantial judicial records[1] under seal because Microsoft had designated the materials as "Confidential" or "Highly Confidential," but Plaintiffs disputed that sealing is appropriate. *Id.* On November 29, 2017, Microsoft filed its Response to the Motion to Seal with a proposed sealing plan. Dkt. 269. Notably, Microsoft's Response asserted the wrong legal standard for sealing here, arguing that Microsoft only need meet the "good cause" standard. *Id.* at 2. In fact, last year the Ninth Circuit rejected the "good cause" standard for any motion more than tangentially related to the merits, adopting the "compelling reasons" standard instead.[2] Plaintiffs respectfully submit that Microsoft is not able to satisfy the compelling reasons standard for any of the three areas of dispute concerning sealing.[3]

*First*, Microsoft seeks to seal the number of internal complaints of gender discrimination lodged during the class period, as well as the number of such complaints that the company found substantiated, without providing evidence of potential harm or any argument at all as to why the numbers should be redacted. *Second*, Microsoft has failed to provide compelling reasons to seal human resources communications reflecting the shortcomings of its diversity and inclusion programs. While these materials may be embarrassing for Microsoft, embarrassment is not a compelling reason to justify sealing of judicial records. *Third*, Microsoft has sought to seal the OFCCP's Notices of Violation to Microsoft even though it is already public knowledge that the OFCCP has issued these Notices to Microsoft for gender discrimination.  Microsoft seeks to seal the details of the OFCCP's investigation and findings, which are themselves evidence of

---

[1] Where, as here, documents received in discovery are filed in conjunction with a motion that is "more than tangentially related to the merits of the case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), these documents "become part of the judicial record," *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

[2] *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016).

[3] The scope of disputed materials has narrowed since Microsoft's November 29, 2017 filing.  *See* Declaration of Anne B. Shaver ("Shaver Decl."), filed herewith, ¶5.

PLAINTIFFS' REPLY RE MOTION TO SEAL
Case No.  2:15-cv-01483-JLR
-1-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1   systemic gender discrimination and are relevant to understanding the parties' approaches to the

2   data analysis at class certification in this case. Plaintiffs' request to unseal should be granted.[4]

3   **II.    LEGAL STANDARD**

4           **A.    The "Compelling Reasons" Standard Applies to Sealing Here.**

5           Courts addressing sealing requests "start with a strong presumption in favor of access to

6   court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

7   This is because "[i]t is clear that courts in this country recognize a general right to inspect and

8   copy public records and documents, including judicial records and documents." *Nixon v. Warner*

9   *Comms., Inc.*, 435 U.S. 589, 597 (1978). The presumption of public access "promot[es] the

10  public's understanding of the judicial process and of significant public events," *Valley Broad.*

11  *Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986).

12          Whereas some lower courts previously employed a "good cause" standard to sealing

13  requests connected to non-dispositive motions, in 2016 the Ninth Circuit found that was in error.

14  *Chrysler*, 809 F.3d at 1098-02. In *Chrysler*, the Court held the "compelling reasons" standard

15  applies to sealing requests associated with any motion that is "more than *tangentially* related to

16  the merits of the case." *Id.* at 1101 (emphasis added). Analysis of a motion for class certification

17  under Federal Rule of Civil Procedure 23 "will entail some overlap with the merits of the

18  plaintiff[s'] underlying claims[s]."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).

19  Consequently, "[s]ince the Ninth Circuit's decision in *Center for Auto Safety v. Chrysler Group*,

20  district courts considering the question have found that a motion for class certification is 'more

21  than tangentially related to the underlying cause of action' and therefore merits application of the

22  'compelling reasons' standard." *Phillips v. Ford Motor Co.*, No. 14-2989, 2016 WL 7374214, at

23  *2 (N.D. Cal. Dec. 20, 2016) (collecting cases and applying "compelling reasons" to motion for

24  _____

25  [4] For the Court's reference, the specific docket entries and the parties' respective positions on each item are set forth in the accompanying Shaver Declaration.  In addition, Plaintiffs have prepared a visually-friendly graphic, *see* id.,

26  Ex. A, showing side-by-side the difference that would occur between sealing and unsealing the material at issue to the few pages where these materials are cited in Plaintiffs' brief.

PLAINTIFFS' REPLY RE MOTION TO SEAL
Case No.  2:15-cv-01483-JLR                                          -2-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1   class certification).[5]

2        To satisfy the "compelling reasons" standard, the party seeking to seal a document must

3   "identify the specific harm that would come from disclosure . . . to justify sealing." *Cryer*, 2017

4   WL 4023149, at *3. The proponent of sealing must provide sufficient evidence to a court so that

5   it may "articulate[] compelling reasons supported by factual findings," *Foltz*, 331 F.3d at 1135,

6   showing the specific harm that would result from public disclosure with more than "hypothesis

7   or conjecture," *Kamakana v. Honolulu*, 447 F. 3d 1172, 1179 (9th Cir. 2006).[6] Courts then

8   "conscientiously balance[] the competing interests of the public and the party who seeks to keep

9   certain judicial records secret," considering whether the information at issue will "promote

10  public scandal, circulate libelous statements," or result in disclosure of "business information

11  that might harm a litigant's competitive standing." *Chrysler*, 809 F.3d at 1097 (quotations

12  omitted). Of note, "[t]he mere fact that the production of records may lead to a litigant's

13  embarrassment, incrimination, or exposure to further litigation will not, without more, compel

14  the court to seal its records." *Kamakana*, 447 F.3d at 1179.

15      **B.**    **In Arguing for a "Good Cause" Standard, Microsoft Misrepresents the Law.**

16       In an effort to subject its sealing requests to the less burdensome "good cause" standard,

17  Microsoft has misrepresented the law, including a decision of this Court. Preliminarily,

18  Microsoft provides an inaccurate summary of the Ninth Circuit's decision in *Chrysler*,

19  erroneously citing it for the proposition that the "good cause standard applies" when the matter

20  [5] *See also Baker v. SeaWorld Enter., Inc.*, No. 14-2129, 2017 WL 5029612, at *3 (S.D. Cal. Nov. 3, 2017) (applying "compelling reasons" standard to sealing requests associated with motion for class certification); *Christopher*

21  *Corcoran v. CVS Health*, No. 15-3504, 2017 WL 3873709, at *1 n.1 (N.D. Cal. Sep. 5, 2017) (same) (*see also* ECF No. 331 in 15-3504); *Cryer v. Franklin Templeton Res., Inc.*, No. 16-4265, 2017 WL 4023149, at *2 (N.D. Cal. July

22  26, 2017) (same); *Opperman v. Path, Inc.*, No. 13-453, 2017 WL 1036652, at *3 (N.D. Cal. Mar. 17, 2017) (same) ; *Lucas v. Breg, Inc.*, No. 15-258, 2016 WL 5464549, at *1 (S.D. Cal. Sep. 28, 2016) (same); *In re Google Gmail*

23  *Litig.*, 13-MD-2430, 2014 WL 10537440, at *4 (N.D. Cal. Aug. 6, 2016) (same); *Shahinian v. Kimberly-Clark Corp.*, No. 14-8390, 2016 WL 7177533, at *1 (C.D. Cal. July 29, 2016) (same); *Cohen v. Trump*, No. 13-2519, 2016

24  WL 3036302, at *3 (S.D. Cal. May 27, 2016) (same); *Prime Healthcare Centinela, LLC v. Kimberly-Clark Corp.*, No. 14-8390, 2016 WL 7177531, at *2 (Mar. 24, 2016) (same).

   [6] The Western District of Washington Local Rule echoes this standard, requiring a proponent of sealing to explain:

25  the legitimate private or public interests that warrant the relief sought; the injury that will result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not sufficient. W.D. Wash. L.R. 5(g)(3)(B).

26

1  before the court "is a non-dispositive motion." Microsoft's Resp. at 2, Dkt. 269. In fact, *Chrysler*

2  states just the opposite. The Ninth Circuit made clear that *Chrysler* represented a turning point in

3  the law on sealing, yet Microsoft cites to 13 cases decided *before Chrysler*.  Resp. at 2-4.

4       Microsoft cites to only three cases decided after *Chrysler*, and the citation to each is

5  misleading.  In *Bund v. Safeguard Properties*, No. 16-920, ECF No. 89, at 3 (W.D. Wash. July 5,

6  2017), a case before this Court, Microsoft misrepresents the argument section of a stipulated

7  motion to seal as the opinion of the Court. Resp. at 3. While in *Bund* the parties requested that

8  the Court apply the "good cause" standard, there is no holding endorsing the parties' argument.[7]

9  *Id.* Instead, the Court's one-sentence order merely reflects that the Court granted the parties'

10  joint request to seal certain documents. *Id.* at 11. The two other post-*Chrysler* cases that

11  Microsoft cites—*Kautsman v. Carrington Morg. Servs., LLC*, No. 16-1940, ECF No. 51 (W.D.

12  Wash. Sep. 19, 2017), and *Stoba v. Saveology.com, LLC*, No. 13-2925, 2016 WL 1257501, at *2

13  (S.D. Cal. Mar. 31, 2016)—do not even mention *Chrysler* at all, much less distinguish it.

14  *Kautsman* and *Stoba* therefore cannot be construed as alternative lower-court applications of

15  *Chrysler* to the standard for sealing at the class certification stage. Simply put, contrary to

16  Microsoft's contention, the "compelling reasons" standard applies to motions to seal associated

17  with motions for class certification.

18  **III.   ARGUMENT**

19       **A.   Microsoft Has Provided No Reason For Sealing The Number of Complaints.**

20       Microsoft's proposed redactions to Plaintiffs' class certification brief include the number

21  of internal complaints of gender discrimination and sexual harassment filed during the class

22  period, as well as the number of times Microsoft concluded the complaints were substantiated.[8]

23  Yet in its Response, Microsoft argues only that the names and other identifying information of

24  third parties should be redacted from the internal complaint files (Resp. at pp.5-7), a position

25  [7] Furthermore, the parties in Bund *stipulated* that "compelling reasons" *and* "good cause" existed to seal the material at issue.  *Bund v. Safeguard Props.,* LLC, No. 16-920, ECF No. 89, at 9 (W.D. Wash. July 5, 2017).

26  [8] *See* Shaver Decl., Ex. A  at 2:13-14; 21:17-22:2; 23:24-24:2; and 24:6-7.

PLAINTIFFS' REPLY RE MOTION TO SEAL
Case No.  2:15-cv-01483-JLR                    -4-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

joined by Plaintiffs.  Microsoft has not asserted any justification, let alone a compelling reason,

for sealing the contested information, nor could it. The only potential harm to Microsoft is

embarrassment or incrimination, which the Ninth Circuit has held is not a justification to seal

material in which the public has an interest. *Kamakana*, 447 F.3d at 1179. Here, as with the

allegations in the complaints – which Microsoft concedes should be unsealed – the overall

numbers of complaints and the number Microsoft upheld are relevant to understanding Plaintiffs'

intentional discrimination claims, and should be made public.

**B.**      **Microsoft Has Not Shown that Compelling Reasons Support Sealing Human Resources Communications about Diversity Initiatives and Strategies.**[9]

Microsoft seeks to seal a collection of human resources communications reflecting

internal concerns about the shortcomings of its diversity and inclusion programs.[10] Microsoft

makes two unsupported, hypothetical arguments with respect to these materials. First, it asserts

that competitors could use this information in recruiting efforts against the company. Dkt. 272, ¶

5. Yet Microsoft presents no specific examples of how this material could be used in this way.  If

Microsoft is suggesting that competitors with a greater commitment to diversity might take

advantage of Microsoft's lack of success in this area, that does not create a compelling reason to

hide Microsoft's shortcomings – indeed, shortcomings that are the subject of this class action.

Second, Microsoft asserts that the information could be misconstrued to make "uninformed

conclusions about the cause, meaning, or significance" of the information, which could

"improperly confuse and/or influence Microsoft's customers, employees, or potential employee

applicants."  *Id.*  This justification merely suggests that Microsoft finds the content of these

documents embarrassing and does not want its customers, employees, or potential employees to

see them.  That is not a compelling reason, let alone evidence of a "specific harm," *Cryer*, 2017

---

[9] While Plaintiffs do not agree that sealing is appropriate for any of the underlying diversity and inclusion documents, because the public interest in disclosure is strongest with respect to Plaintiffs' Class Certification Brief, Plaintiffs submit that the Court could alternatively unseal only the references to these documents cited within the brief itself and defer the question of unsealing the complete documents attached in the file for later in the case, if appropriate.

[10] *See* Shaver Decl. Ex. A at 14:8; 16:4-10; 17:8-26; 18:3-26; 21:2-4; 27:15-24; 28:3-15.

PLAINTIFFS' REPLY RE MOTION TO SEAL
Case No.  2:15-cv-01483-JLR                                    -5-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1   WL 4023149, at \*3, that would justify denying the well-recognized public right of access to

2   judicial documents.

3         **C.**      **The OFCCP's Notices of Violation Should Be Unsealed.**

4        Although the fact that the OFCCP investigated Microsoft and issued Notices of Violation

5   ("NOVs") is already public, Microsoft maintains that the NOVs and discussion thereof in the

6   brief should be sealed.[11] However, the only justification Microsoft asserts for sealing is that

7   disclosure of the NOVs could harm the government's investigation. Yet when Plaintiffs asked

8   the OFCCP about this dispute, the agency stated that it was aware of the motion to seal and

9   would not file a motion to intervene here.[12] Microsoft's assertion that ongoing DOL

10   investigations are exempt under FOIA § 7(a) is irrelevant here. The government may well have a

11   compelling interest in exempting on-going investigations from disclosure, whether the request be

12   from parties under investigation who might be trying to learn about and quash government audits

13   mid-stream or from non-parties poking around DOL investigations for any number of reasons

14   unrelated to DOL's mission.  Here, the NOVs have already been issued to Microsoft, and

15   Microsoft does not assert any reason why public disclosure could possibly harm an investigation

16   which already determined that violations occurred. By contrast, the public has a significant

17   interest in these materials. The OFCCP is charged with enforcing the anti-discrimination laws

18   with respect to companies that receive federal contracts – *e.g.*, taxpayer money. If the agency has

19   found that a government vendor is non-compliant, the public has a right to know. In addition, the

20   public right of access is strong here because the NOVs contain information that is relevant to

21   Plaintiffs' claim that Microsoft has maintained a continuing pattern and practice of gender

22   discrimination, as well as to the parties' arguments as to the proper statistical analyses.

23   **IV.**    **CONCLUSION**

24        For the reasons stated above, Plaintiffs respectfully request the Court unseal as described.

25

26

---

[11] *See* Shaver Decl., Ex. A at 11:12-15; 11:19-13:2.
[12] Shaver Decl., ¶ 4.

Dated: December 8, 2017

**FRANK FREED SUBIT & THOMAS LLP**

By:___*Michael Subit*_____
Michael Subit (Wash. Bar No. 29189)
705 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone: (206) 682-6711
Facsimile: (206) 682-0401
E-Mail: msubit@frankfreed.com

**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
Kelly M. Dermody (admitted  *pro hac vice*)
Anne B. Shaver (admitted *pro hac vice*)
Michael Levin-Gesundheit (admitted  *pro hac vice*)
Tiseme Zegeye (admitted *pro hac vice*)
Michelle Lamy (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: ashaver@lchb.com
E-Mail: mlevin@lchb.com
E-Mail: tzegeye@lchb.com
E-Mail: mlamy@lchb.com

Sharon M. Lee (Wash. Bar No. 37170)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
2101 Fourth Avenue, Suite 1900
Seattle, WA  98121
Telephone:  (206) 739-9059
Facsimile:   (415) 956-1008
E-Mail: slee@lchb.com

PLAINTIFFS' REPLY RE MOTION TO SEAL
Case No.  2:15-cv-01483-JLR

-7-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1   Rachel J. Geman (admitted *pro hac vice*)
2   **LIEFF CABRASER HEIMANN &**
    **BERNSTEIN, LLP**
3   250 Hudson Street, 8th Floor
    New York, NY  10013-1413
4   Telephone:  (202) 355-9500
    Facsimile:   (202) 355-9592
5   E-Mail: rgeman@lchb.com

6   Adam T. Klein (admitted *pro hac vice*)
    Ossai Miazad (admitted  *pro hac vice*)
7   Rachel Bien (admitted *pro hac vice*)
    Elizabeth V. Stork (admitted *pro hac vice*)
8   **OUTTEN & GOLDEN LLP**
9   3 Park Avenue, 29th Floor
    New York, NY  10016
10  Telephone:  (212) 245-1000
    Facsimile:  (212) 977-4005
11  E-Mail: ATK@outtengolden.com
    E-Mail: OM@outtengolden.com
12  E-Mail: RMB@outtengolden.com
    E-Mail: estork@outtengolden.com
13

14  Pamela Disney (admitted *pro hac vice*)
    **OUTTEN & GOLDEN LLP**
15  601 Massachusetts Avenue, Northwest
    Second Floor, West Suite
16  Washington, DC  20001
17  Telephone:  (202) 847-4400
    E-Mail: pdisney@outtengolden.com
18

19  Paul W. Mollica (admitted *pro hac vice*)
    **OUTTEN & GOLDEN LLP**
20  161 North Clark Street
    Suite 1600
21  Chicago, IL  60601
    Telephone: (312) 809-7010
22  E-Mail: pwmollica@outtengolden.com
23  *Attorneys for Plaintiffs and the proposed Class*

24

25

26

PLAINTIFFS' REPLY RE MOTION TO SEAL
Case No.  2:15-cv-01483-JLR
-8-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1

## **CERTIFICATE OF SERVICE**

2    I hereby certify that a true and correct copy of the foregoing and all documents attached

3  hereto were served December 8, 2017 upon counsel of record via service by ECF.

4

5                                                    s/ *Anne B. Shaver*
                                                     Anne Shaver
6

7

8  1377695.6

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' REPLY RE MOTION TO SEAL
Case No.  2:15-cv-01483-JLR                         -9-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008