The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| KATHERINE MOUSSOURIS, HOLLY MUENCHOW, and DANA PIERMARINI, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No. 2:15-cv-01483-JLR<br><br>**MICROSOFT'S LOCAL RULE 7(g) SURREPLY SEEKING TO STRIKE PORTIONS OF PLAINTIFFS' REPLY BRIEF AND ACCOMPANYING DOCUMENTS** |

MICROSOFT'S SURREPLY SEEKING TO STRIKE
PORTIONS OF PLAINTIFFS' REPLY                    -i-
Case No. 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1-206-839-4300

This Court should strike the following material submitted in connection with Plaintiffs' Class Certification Reply, Dkt. 342.  *See* L.R. 7(g).

**I. Exhibit A to, and Paragraph 5 of, the Declaration of Anne Shaver (Dkts. 343, 343-1)** constitute improper legal argument beyond the Court-ordered page limit.

**II. Dr. Ryan's Reply Report (Dkt. 345)** is not responsive to a competing expert report and therefore does not constitute a "rebuttal" report as permitted by the Federal Rules and this Court's order

**III. Footnote 35 of Plaintiffs' Reply (Dkt. 342)** makes assertions regarding alleged pay discrepancies without any evidentiary support.

**I.   Exhibit A To, And Paragraph 5 Of, The Shaver Declaration Constitute Impermissible Legal Argument Beyond The Court-Ordered 25 Page Limit.**

Following extensive negotiations between the parties, this Court approved Plaintiffs' request to expand the page limit for their class certification reply from 12 pages to 25.  *See* Dkt. 108 at 2; L.R. 7(e)(3).  Exceeding this allotment, Plaintiffs improperly attached to their attorney declaration a 10-page chart of legal argument and included impermissible legal argument in the declaration itself.  Shaver Decl., Dkt. 343; Ex. A., Dkt. 343-1.

Declarations "should not be used to make an end-run around the page limitations … by including legal arguments outside of the briefs."  *King Cty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) (affirming motion to strike).[1]  Shaver Exhibit A does just that.  Even the chart's title shows it is legal argument: "Microsoft's alleged variation in the pay and promotion process is not material and/or is not supported by the evidence it cites to."  Dkt. 343-1 at 1.  Exhibit A articulates point-by-point Plaintiffs' arguments in response to assertions in Microsoft's Opposition.  As just one example, Plaintiffs argue (wrongly) that one declarant's testimony "reflects the common problem in the system" and so supports certification.  *Id.* at 3.  Accordingly, this Court should strike Exhibit A.  The chart is also misleading and inaccurate because it quotes statements out of context, ignores relevant evidence, and contradicts

---

[1] *See also, e.g.*, *Silver v. Exec. Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 731 n.2 (9th Cir. 2006); *Singh v. Soraya Motor Co.*, 2017 WL 4843598, at *4 (W.D. Wash. Oct. 26, 2017); *Sierra Club v. BNSF Ry. Co.*, 2017 WL 3141899, at *1 (W.D. Wash. July 25, 2017); *Rinky Dink Inc. v. Elec. Merch. Sys. Inc.*, 2014 WL 5880170, at *4 n.1 (W.D. Wash. Sept. 30, 2014); *GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F. Supp. 3d 1007, 1026 (C.D. Cal. 2017); *Apple, Inc. v. Samsung Elecs. Co.*, 2014 WL 252045, at *10 (N.D. Cal. Jan. 21, 2014).

MICROSOFT'S SURREPLY SEEKING TO STRIKE
PORTIONS OF PLAINTIFFS' REPLY            - 1 -
Case No. 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1-206-839-4300

Plaintiffs' own arguments.

Likewise, paragraph 5 of the Shaver Declaration—in which Plaintiffs impugn Lane Powell's representation of putative class member declarants (a firm not counsel to Microsoft here)—should be stricken as improper legal argument beyond the Court-ordered 25-page limit.

## II.     The Ryan Report Should Be Stricken As An Improper Reply Report.

The scheduling order in this case only permits Plaintiffs to submit "rebuttal" expert reports. Dkt. 226 at ¶ 8. Under Federal Rule of Civil Procedure 26(a)(2)(D)(ii), a rebuttal report is appropriate only if it is "intended solely to contradict or rebut evidence on the same subject matter" submitted by an opposing party's expert under Rule 26(a)(2)(B) or (C). Plaintiffs acknowledge that Microsoft offered no expert to oppose Dr. Ryan, so there is nothing to rebut. Dkt. 340 at 4. ("Microsoft leaves Dr. Ryan's opinions *unrebutted*, offering no expert opinion opposing hers."). Calling the report a "reply" does not save it, as there is no such thing as a "reply report" under the Rules. *See K&N Eng'g, Inc v. Spectre Performance*, 2011 WL 13131157, at *9 (C.D. Cal. May 12, 2011) ("[N]either this Court's Scheduling Order, nor the Federal Rules of Civil Procedure permit 'reply' reports.").

A party cannot "offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief." *Cage v. City of Chi.*, 2012 WL 5557410, at *2 (N.D. Ill. Nov. 14, 2012). A rebuttal report must respond to "an opposing party's expert." *Theoharis v. Rongen*, 2014 WL 3563386, at *1 (W.D. Wash. July 18, 2014); *Tuuamalemalo v. Las Vegas Metro. Police Dep't*, 2017 WL 1550235, at *1 (D. Nev. Apr. 28, 2017) (rebuttal reports must "refute the previous expert's conclusions."). Because Dr. Ryan does nothing to advance Plaintiffs' case and, if anything, supports Microsoft's position, *see* Dkt. 286 at 20, it did not offer any expert in response to Dr. Ryan. And Plaintiffs used Dr. Goldberg to rebut Microsoft expert Rhoma Young. Dkt. 346. Where the opposing party does not "offer an expert witness in his opposition, there is nothing to 'rebut'" and the reply report should be stricken. *Johnson v. Hartford Cas. Ins. Co.*, 2017 WL 2224828, at *3 (N.D. Cal. May 22, 2017); *cf. Smart Skins LLC v. Microsoft Corp.*, 2016 WL 4148091, at *2 (W.D. Wash. July 1, 2016); *Fed. Trade Comm'n v. Amazon.com, Inc.*, 2016 WL 4154284, at *1 (W.D. Wash. Feb. 9, 2016).

MICROSOFT'S SURREPLY SEEKING TO STRIKE
PORTIONS OF PLAINTIFFS' REPLY                 - 2 -
Case No. 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

Just as Dr. Ryan's initial report demonstrates why commonality does not exist, so too does her improper "reply." As she opines, Microsoft's performance review standards are "ill-defined and/or *not defined to a common standard* related to the job requirements of each job." Dkt. 345 at 1 (emphasis added). This, she explains, "reinforces [her] conclusion that *common criteria are not applied consistently* by the reviewing managers." *Id.* (emphasis added). While the report only provides further support for Microsoft's opposition to class certification, it is nonetheless improper rebuttal and should be stricken.

### III.  Footnote 35 Of Plaintiffs' Reply Should Be Stricken Because It Lacks Any Evidentiary Foundation.

Footnote 35 of Plaintiffs' Reply states: "Plaintiffs observed in the data produced by Microsoft that Class members witnesses have been paid less than comparable male coworkers." Dkt. 340 at 17 n.35. As Microsoft noted in its Opposition, the Rules of Evidence apply at class certification. Dkt. 286 at 31 n.21. Yet, Plaintiffs offer no evidence or citation for their conclusory statement in Footnote 35. Allegations unsupported by evidence should be stricken and disregarded by the Court. *See e.g.*, *Redwind v. W. Union, LLC,* 2016 WL 1732871, at *5 (D. Or. May 2, 2016) (striking where "[plaintiff did] not sufficiently lay an evidentiary foundation for her assertion"); *Wilbur v. City of Mount Vernon*, 2012 WL 600727, at *2 (W.D. Wash. Feb. 23, 2012) (court will not consider unsupported arguments); *Semper v. JBC Legal Grp.*, 2005 WL 2172377, at *4 n.4 (W.D. Wash. Sept. 6, 2005) (same).

Microsoft has no way to know how Plaintiffs allegedly reached this conclusion and no way to test the methodology behind it. Microsoft's expert Dr. Saad explained how Plaintiffs' declarants were not generally paid less or promoted less frequently than what Plaintiffs' own expert's model predicted. Dkt. 286 at 37-38 & n.31; Dkt. 290 at ¶¶ 39-43, 47-49; Appx. 1 at pp.1-2. But Plaintiffs offer no evidence or explanation whatsoever for their statement, much less a comparable expert conclusion. Accordingly, Footnote 35 should be stricken.

### CONCLUSION

The Court should strike the improper material Plaintiffs submitted in or with their Reply.

MICROSOFT'S SURREPLY SEEKING TO STRIKE
PORTIONS OF PLAINTIFFS' REPLY  - 3 -
Case No. 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1-206-839-4300

| | | |
|---|---|---|
| 1 | Dated: February 14, 2018 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 2 | | |
| 3 | | By: */s/ Mark S. Parris* |
| 4 | | */s/ Lynne Hermle*<br>*/s/ Jessica R. Perry* |
| 5 | | Mark S. Parris (WSBA No. 13870)<br>mparris@orrick.com |
| 6 | | 701 Fifth Avenue |
| 7 | | Suite 5600<br>Seattle, Washington 98104<br>Telephone: +1-206-839-4300 |
| 8 | | Facsimile: +1-206-839-4301<br>Attorneys for Defendant |
| 9 | | |
| 10 | | Lynne C. Hermle (Admitted Pro Hac Vice)<br>lchermle@orrick.com |
| 11 | | Jessica R. Perry (Admitted Pro Hac Vice) |
| 12 | | jperry@orrick.com |
| 13 | | 1000 Marsh Road<br>Menlo Park, California 94025 |
| 14 | | Telephone: 650-614-7400<br>Facsimile: 650-614-7401 |
| 15 | | |
| 16 | Dated: February 14, 2018 | MICROSOFT CORPORATION |
| 17 | | |
| 18 | | By: */s/ David Howard* |
| 19 | | David Howard (WSBA No. 45211)<br>Corporate Vice President and Deputy General<br>Counsel, Litigation |
| 20 | | dhoward@microsoft.com |
| 21 | | 1 Microsoft Way<br>Redmond, Washington 98052 |
| 22 | | Telephone: +1-425-704-768 |

MICROSOFT'S SURREPLY SEEKING TO STRIKE
PORTIONS OF PLAINTIFFS' REPLY
Case No. 2:15-CV-01483-JLR

- 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1-206-839-4300

1 **CERTIFICATE OF SERVICE**

2 I hereby certify that on February 14, 2018, I caused the foregoing document to be

3 electronically filed with the Clerk of the Court using the CM/ECF system which will send

4 notification of the filing to all counsel of record.

5

6 DATED: February 14, 2018          ORRICK, HERRINGTON & SUTCLIFFE LLP

7

8                                    By:   *s/Mark S. Parris*
                                           Mark S. Parris (WSBA No. 13870)
9                                          mparris@orrick.com

10                                         701 Fifth Avenue, Suite 5600
                                           Seattle, WA  98104-7097
11                                         Telephone:   206-839-4300
                                           Facsimile:   206-839-4301
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICROSOFT'S SURREPLY SEEKING TO STRIKE
PORTIONS OF PLAINTIFFS' REPLY            - 5 -
Case No. 2:15-CV-01483-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300