THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHERINE MOUSSOURIS, HOLLY
MUENCHOW, and DANA PIERMARINI,
on behalf of themselves and a class of those
similarly situated,

                    Plaintiffs,

   v.

MICROSOFT CORPORATION,

                  Defendant.

Case No. 15-cv-1483 JLR

**REPORT AND
RECOMMENDATION ON
MOTIONS TO SEAL**

## I.    INTRODUCTION

This matter is before the special master on Plaintiffs Katherine Moussouris, Holly Muenchow, and Dana Piermarini's (collectively, "Plaintiffs") motion to seal Plaintiffs' motion to certify class (dkt. # 228 (sealed)), Exhibit C to the Declaration of Anne B. Shaver ("First Shaver Decl.") filed in support of Plaintiffs' motion to certify class and portions of Exhibits A, F, and H and references thereto (dkt ## 229 (sealed) and 233 (redacted)), the Expert Report of Dr. Henry S. Farber (dkt. # 230 (sealed)) and the Errata to the Expert Report of Dr. Henry S. Farber (dkt. # 332 (sealed)), and the Expert Report of Dr. Ann Marie Ryan (dkt. # 231

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 1

(sealed)). Plaintiffs' Mot. (Dkt. # 227). Plaintiffs are not the proponents of this motion to seal. Plaintiffs move to seal these documents pursuant to the parties' stipulated protective order (dkt. # 48) regarding the filing of confidential material under seal and LCR 5(g)(3). Defendant Microsoft Corporation's ("Microsoft") response to the opposition (dkt. # 269) sets forth the grounds for filing these materials under seal. The special master also reviewed Plaintiffs' reply (dkt. # 277), which is essentially the opposition to Microsoft's request to seal, and Microsoft's sur-reply (dkt. # 280).

Also before the special master is Microsoft's unopposed motion to seal documents submitted in support of its opposition to Plaintiffs' motion for class certification, including a motion to seal the Errata to the Expert Report of Dr. Ali Saad Ph.D. Mot. (Dkt. # 283); Mot. to Seal Errata (Dkt. # 333). Microsoft moves to seal the portions of the following documents filed in support of its opposition to Plaintiffs' motion for class certification: (1) Exhibit 1 to the Declaration of Mark Parris (dkt. # 288); (2) portions of the Declaration of Shinder Dhillon and Exhibits C, E, F, H, I, J, and K attached thereto (dkt. ## 297 (sealed) and 298 (redacted)); (3) one sentence of the Declaration of Chris Helf (dkt. ## 301 (sealed) and 300 (redacted)); (4) Exhibit P to the Declaration of Amy M. Jantz (dkt. ## 305 (sealed) and 304 (redacted)); (5) Exhibit B to the Declaration of Joseph Whittinghill (dkt. ## 321 (sealed) and 320 (redacted)); (6) one sentence of the Declaration of Rukmini Iyer (dkt. ## 303 (sealed) and 302 (redacted)); and (7) portions of the Expert Report of Dr. Ali Saad, Ph.D (dkt. ## 290 (sealed) and 289 (redacted)) and portions of the Errata to the Expert Report of Dr. Ali Saad Ph.D (dkt. ## 336 (sealed) and 337 (redacted)).

Having considered the parties' submissions and the record before the special master, including the unredacted documents filed under seal, the special master recommends that the

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

Plaintiffs' motion to seal (dkt. # 227) and Microsoft's motions to seal (dkt. ## 283 and 333)[1] be GRANTED in part and DENIED in part, as described in detail in Sections E, F, and G. Neither party requests that the sealed document be withdrawn, rather than unsealed, if the motion to seal is denied pursuant to LCR 5(g)(6).

## II.    BACKGROUND

This is a putative class action filed in September 2015 by former Microsoft employees alleging gender-based employment discrimination. During discovery Microsoft produced a number of documents marked "confidential" or "highly confidential." Pursuant to the parties' stipulated protective order, these documents were required to be filed under seal. Plaintiffs seek to rely on these documents to support their motion for class certification. Microsoft similarly filed "confidential" or "highly confidential" material in opposition to Plaintiffs' motion to certify class. Microsoft requests that the Court consider the confidential and highly confidential documents filed in support and in opposition to the motion to certify class but not to allow public access to these court filings.

Microsoft also filed a notice of non-opposition by Plaintiffs to its motion to seal (dkt. # 326). As with a stipulation to seal material filed with the Court, a non-opposition also requires a ruling by the Court on a motion to seal. LCR 5(g)(2)(B).

On April 18, 2017, the Court indicated its intent to appoint a special master to assist the Court with certain matters as the Court may determine after notice to the parties. (*See* Dkt. ## 187, 191). The parties agreed to have the undersigned serve as a special master and, on January

---

[1] Objections to the appointment of the special master to assist with the remaining motions to seal (dkt. #333 and 339) are not due until February 19, 2018. Microsoft's motion to seal the Errata to the Expert Report of Dr. Ali Saad Ph.D. does not present any new arguments or request to seal new material. *Cf.* Mot. to Seal (dkt. # 283) with Mot. to Seal Errata (dkt. # 333). Accordingly, the special master includes the motion to seal Errata with these recommendations.

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 3

3, 2018 (dkt. # 282), January 9, 2018 (dkt. # 324), and February 15, 2018 (dkt. # 350), the Court ordered the special master to issue a report and recommendation regarding Plaintiffs' motion to seal and Microsoft's motion to seal.

## III.    ANALYSIS

The parties do not agree on the appropriate legal standard for determining whether materials filed in support and in opposition to a motion to certify class should be filed under seal. Microsoft argues that the Court should evaluate the motions to seal using the "good cause" standard for sealing documents and not the "compelling reasons" standard as argued by Plaintiffs. Microsoft correctly cites *Center for Auto Safety v. Chrysler Group, LLC*, as the Ninth Circuit's most recent authority on the question of standards for motions to seal. 809 F.3d 1092, 1096-97 (9th Cir. 2016), cert. denied sub nom. *FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). The special master, however, does not agree with Microsoft's application of *Chrysler* to the motions before the Court. The special master recommends that the Court employ the "compelling reasons" standard in its own analysis of the motions to seal.

## A.    Legal Standards

The district court in *Chrysler* was asked to rule on a third-party intervenor's motion to unseal materials filed in support of a motion for preliminary injunction. 809 F.3d at 1095. As a threshold question, the district court considered whether the motion to unseal was subject to a good cause or compelling reasons standard for sealing. *Id*. The district court relied on language from prior Ninth Circuit opinions that seemed to make a binary distinction between dispositive and non-dispositive motions. *Id.* Finding that the motion for preliminary injunction was non-dispositive because it could not "literally lead to the final determination on some issue," the

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

district court applied the "good cause" standard and sealed the materials at issue. *Id.* at 1096

(internal quotations omitted; emphasis omitted).

On appeal, the Ninth Circuit vacated and remanded the motion to seal finding that the

district court should have applied the compelling reason standard. *Id.* at 1103. In remanding the

motion, the Ninth Circuit stated that "permitting the public's right of access to turn on what

*relief* a pleading seeks—rather than on the relevance of the pleading—elevates form too far

beyond substance and over reads language on our case law." *Id.* (emphasis in original).

Historically, courts have recognized a "general right to inspect and copy public records and

documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc*., 435

U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,'

a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of

Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins.

Co*., 331 F.3d 1122, 1135 (9th Cir. 2003)). The Ninth Circuit's pre-*Chrysler* case law suggested

that there was a bright line rule regarding the applicable standard to apply to dispositive versus

non-dispositive motions. Generally, the court has held that because the public's interest in non-

dispositive motions is relatively low, a party seeking to seal a document attached to a non-

dispositive motion need only demonstrate "good cause." *Pintos v. Pac. Creditors Ass'n,* 605

F.3d 665, 678 (9th Cir. 2010). Conversely, "the resolution of a dispute on the merits, whether

by trial or summary judgment, is at the heart of the interest in ensuring the 'public's

understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at

1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289,

1294 (9th Cir. 1986)).

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 5

The basis for the *Chrysler* court's clarification that there is not a binary, bright-line rule based on the dispositive versus non-dispositive distinction, as the sole determination of what standard to apply, focused on the reasons for adopting the lower good cause standard in the first place. To begin, the court noted that the compelling standard is essentially the default standard because of the "strong presumption in favor of access to court records." *Id.* at 1096 (quoting *Foltz*, 331 F.3d at 1135). Despite the strong presumption for public access, the Ninth Circuit carved out a "good cause" exception for sealed material relating to discovery motions unrelated to the merits of the case. *Id.* at 1097. The good cause standard is derived from Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."). When the court is asked to rule on issues relating to discovery and whether materials must be disclosed or produced pursuant to a protective order, it is the good cause standard that applies to the analysis of whether the discovery dispute is a private or public matter. This distinction rests on the premise that discovery in our system is largely "conducted in private as a matter of modern practice," so the public is not presumed to have a right of access to it. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.").

The *Chrysler* court recognized that there were non-dispositive motions that may be directly related to the merits of the case. 809 F.3d. at 1099. Thus, the dispositive versus non-

dispositive distinction cannot be the ultimate determination.[2] Rather, the "focus in all of our cases is whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.*

## B.    Tangentially Related

Microsoft argues that a motion to certify class is not tangentially related to the underlying cause of action unless the denial of a motion for class certification would constitute the death knell of a case. Microsoft's Resp. at 4 (citing *Stoba v. Saveology.com, LLC*, No. 13-CV-02925-BAS(NLS), 2016 WL 1257501, at *2 (S.D. Cal. Mar. 31, 2016) (ruling that "the 'vast majority of [ ] courts within this circuit' treat motions for class certification as non-dispositive motions to which the 'good cause' sealing standard applies.") (quoting *Dugan v. Lloyds TSB Bank, PLC,* No. 12-CV-02549-WHA(NJV), 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013)). The origins of the *Dugan* court's statement that the vast majority of courts treat motions for class certification as non-dispositive, is derived from one line in *In re High–Tech Employee Antitrust Litig.*, in which the district court found that non-dispositive motions are analyzed under the good cause standard and also cited Federal Rule of Civil Procedure 26(c)'s standard for a protective order. 2013 U.S. Dist. L EX IS 6606, *8 at n.1 (N.D. Cal. Jan. 15, 2013). Accordingly, the cases discussing the "death knell" outcome for class certification rely

---

[2] While noting that "public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive,'" the *Chrysler* court nevertheless pointed out that the Ninth Circuit already considers motions for preliminary injunctions to be dispositive in the context of magistrate jurisdiction. Thereby suggesting that even under the dispositive non-dispositive distinction the preliminary injunction motion before the district court in *Chrysler* should have been treated as a dispositive motion. *Id.* at 1101 n.8 (citing *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015)). Motions to dismiss or to permit maintenance of a class action are also listed as not pretrial matters under the Federal Magistrate Act and therefore "dispositive" according to *Flam*. *See* 28 U.S.C. § 636(b)(1)(A).

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

on the dispositive versus non-dispositive distinction.[3]

Microsoft also relies on a September 19, 2017 opinion from this jurisdiction that finds the good cause standard applies to motions to certify class. Microsoft's Sur-Reply at 1-2; Microsoft Mot. to Seal at 3 (citing *Kautsman v. Carrington Mortg. Servs., LLC*, No. 16-1040, Dkt. # 51, (W.D. Wash. Sept. 19, 2017)). This case is significant, according to Microsoft, as it is the only one in this jurisdiction decided after *Chrysler*. In *Kautsman*, the court reasoned that a class certification motion primarily requires an analysis of whether the class device is appropriate and is not a motion on the merits. *Kautsman*, No. 16-1040, Dkt. # 51 at 2. The court also held that the reason it was applying the "good cause" standard was because the motion was non-dispositive. *Id*. The court in *Kautsman* therefore appears to have followed the binary approach rejected by *Chrysler* and did not analyze the motion to certify class based on whether it was more than tangentially related to the merits of the case.

The proper question before the Court is whether this motion to certify class is more than tangentially related to the merits of the underlying case. As the Supreme Court noted in *Wal-Mart Stores, Inc. v. Dukes*, the "rigorous analysis" district courts engage in to ensure that the prerequisites of Federal Rule of Civil Procedure 23(a) have been satisfied at the class certification stage "frequently . . . will entail some overlap with the merits of the plaintiff's underlying claim." 564 U.S. 338, 351 (2011) (internal quotation marks omitted). Moreover, after *Chrysler*, district courts that have addressed the issue have found that the "compelling reasons" standard applies to motions for class certification. *See e.g., Opperman v. Path, Inc.*,

---

[3] Microsoft argues that a denial of Plaintiffs' motion to certify class would not be the "death knell" of the case because the Plaintiffs allege damages of over $10,000 per individual. Microsoft's Resp. at 4. Even if the "death knell" standard applied, the special master is not persuaded by this argument as this matter is at its core a putative class action and not three individual claims for gender discrimination.

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

2017 WL 1036652, at *5 (N.D. Cal. Mar. 17, 2017) (ruling on a motion to seal exhibits attached to a motion to certify class under the compelling reason standard); *Lucas v. Breg, Inc.*, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) ("Thus, the Court finds that Plaintiffs' motion for class certification is more than tangentially related to the merits of the case, and that the compelling reasons standard applies.").

Here, at a minimum, the Court's determination of Plaintiffs' motion to certify class will involve considerations relating to whether Microsoft has maintained a common, discriminatory pay and promotions process coined the "Calibration Process" throughout the class period. According to Plaintiffs, this Calibration Process resulted in lower pay and fewer promotions for women compared to their male peers. In order to succeed on a class certification motion, Plaintiffs argue that the Calibration Process is a specific employment practice that causes broad gender-based pay and promotion outcomes that negatively affect women. Because the motion for class certification will involve an evaluation of Microsoft's pay and promotions process as part of the analysis of whether there are common questions of law or fact under Federal Rule of Civil Procedure 23(a), the special master recommends that the Court find that the motion to certify class is more than tangentially related to the merits of the case. The special master therefore recommends that the compelling reasons standard be applied to this motion.

C.    **Compelling Reasons Standard**

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The *Nixon* court also noted that the "common-law right of inspection

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 9

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598.

To overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. To do this, pursuant to the Court's local rules, the proponent of a motion to seal a document, even if it is a stipulated motion, must include the following: a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:

i. the legitimate private or public interests that warrant the relief sought;

ii. the injury that will result if the relief sought is not granted; and

iii. why a less restrictive alternative to the relief sought is not sufficient.

Evidentiary support from declarations must be provided where necessary. LCR 5(g)(3)(B). Accordingly, unopposed motions to seal are not presumptively sealed where there is no objection for sealing the document as implied by Microsoft in its notice of non-opposition. *See* Microsoft's Notice of Non-Opposition. A motion to seal that does not provide an explanation for sealing cannot be granted; a specific reason for sealing must be articulated by the Court. As explained in *Chrysler*, before the Court may seal a record, it must find a compelling reason to seal and be able to articulate the basis for its ruling without relying on hypothesis or conjecture. 809 F.3d at 1096-97 (quoting *Kamakana*, 447 F.3d at 1179). Nor would an unsupported motion to seal meet the requirements of LCR 5(g)(3)(B).

**D.    Meet and Confer Requirement**

Prior to filing their motion to seal documents filed in support of Plaintiffs' motion to certify class, pursuant to LCR 5(g), Plaintiffs met and conferred with Microsoft's counsel to

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 10

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

discuss whether certain documents that Microsoft had labeled "highly confidential" or "confidential" should be filed under seal. As a result of this process, Microsoft withdrew its confidential designations on forty-three of the one hundred and seventy documents that Plaintiffs provided to Microsoft. Declaration of Lauri A. Damrell ("Damrell Decl.") (Dkt. # 273) at ¶ 4. Based on the dates and times provided in paragraph four of the Damrell Declaration, it appears that Microsoft's counsel was very responsive when Plaintiffs proposed filing documents that had been designated confidential by Microsoft. *Id.* (Microsoft responded to Plaintiffs' list of confidential documents within approximately 24 hours from the time they received the complete list from Plaintiffs.).

Nevertheless, Plaintiffs still filed their motion to seal documents in support of class certification that included additional documents not previously discussed with Microsoft's counsel. Had Plaintiffs consulted with Microsoft before filing these documents under seal, they would have learned that Microsoft would agree to withdraw some of the confidential designations to the documents thereby avoiding sealing them. *Id.* For example, Exhibit D to the First Shaver Declaration should not have been filed under seal by Plaintiffs. In an attempt to rectify the situation, Microsoft attached Exhibit D in its entirety to the Damrell Declaration as Exhibit 2. Microsoft also revised its position with respect to Exhibits E, F, G, and H to the First Shaver Declaration. With respect to Exhibits E and G, Microsoft withdrew any confidentiality designations and filed Exhibits E and G in their entirety as Exhibits 3 and 5, respectively, to the Damrell Declaration. With respect to Exhibits F and H, Microsoft provided redacted versions of these documents attached as Exhibits 4 and 6 to the Damrell Declaration, respectively.

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

1

**E.      Analysis of Categories of Sealed Documents**

2

Before the Court may seal a record, it must find a compelling reason to seal and be able

3

4
to articulate the basis for its ruling without relying on hypothesis or conjecture. The Court must

5
then balance the compelling reasons found for sealing the document with the public's interest

6
in open access to the court's records. *Chrysler*, 809 F.3d at 1097. Microsoft's compelling

7
reasons for sealing the documents identified in the motions to seal generally fall into four

8
categories that it seeks to protect from disclosure: (1) the privacy interests of non-parties; (2)

9
confidential settlement agreements; (3) Office of Federal Contract Compliance Programs

10
("OFCCP") investigative information, notices of violations and responses thereto; and (4)

11
confidential business records and to prevent competitive harm. Microsoft's Resp. at 5-12. Each

12
category is analyzed separately.

13

*a.   Privacy Interests of Non-Parties*

14

15
Microsoft seeks to file under seal Exhibit C in its entirety and portions of Exhibit A to

16
the First Shaver Declaration because they reveal the names and other identifying information of

17
non-parties. First Shaver Decl., Exs. A and C. In its own motion to seal, Microsoft moves to

18
seal one sentence of the Iyer Declaration found at pages three and four and limited portions of

19
the Expert Report of Ali Saad Ph.D. and Errata also on the basis that they reveal the names and

20
other identifying information of non-parties. The special master finds that the privacy interests

21
of non-parties—most of whom raised allegations that they were discriminated against or

22
harassed while employed by Microsoft—outweighs the public's interest in knowing the identity

23
of the non-parties. "Such information is private to the individuals involved, who have not

24
sought to place that private information in the public sphere." *Nettles v. Farmers Ins. Exch.*,

25
No. C06-5164RJB, 2007 WL 858060, at *1 (W.D. Wash. Mar. 16, 2007). The names of non-

26

27

**MICHELLE PETERSON LAW, PLLC**
**1420 FIFTH AVENUE, SUITE 2200**
**SEATTLE, WA 98101**

parties and any other identifying information should be redacted from the public record as explained specifically below.

### i.  Exhibit A to First Shaver Declaration

With respect to Exhibit A to the First Shaver Declaration, Microsoft seeks to redact individuals' names to the greatest extent possible. Microsoft's Resp. at 6. Where redacting just the names of the non-party would not be sufficient to protect their identities, Microsoft seeks to redact further identifying information that would allow someone to identify the non-party. For example, unique job titles, specific client account information, and roles within the organization. *Id.* To determine what information should be redacted from Exhibit A to the First Shaver Declaration, the special master compared the sealed version of the First Shaver Declaration Exhibit A with the redacted version attached to the Damrell Declaration Exhibit 1 (dkt. # 273-1). The special master's recommendations are identified as "Non-Party Identifying Information" as the basis for granting the motion in the below charts titled "Exhibit A to First Shaver Declaration" in Section F.

### ii.  Exhibit C to First Shaver Declaration

Exhibit C to the First Shaver Declaration contains two summary charts revealing the names of Microsoft employees who asserted claims or allegations against Microsoft regarding themselves and others that were investigated by the Employee Relations Investigation Teams ("ERIT"). Specifically, Exhibit C consists of two ERIT logs produced by Microsoft. The "First ERIT Log" is dated October 14, 2016; the "Second ERIT Log" is dated January 9, 2017. First Shaver Decl. at ¶ 7. Although Plaintiffs initially agreed to the sealing of Exhibit C, arguing that Exhibit C meets the compelling reason standard (mot. to seal at 1), in their reply to the motion, Plaintiffs now move to unseal Exhibit C with appropriate redactions to remove the names and

identifiers of the complainants. Second Shaver Decl. (Dkt. ## 278 (redacted) and 279-3 (sealed)) ¶ 6 (chart prepared by Plaintiffs setting forth Plaintiffs' position with respect to sealed exhibits).

Even with the identifying information redacted from Exhibit C, Microsoft continues to object to unsealing Exhibit C on the basis that the charts reveal the number of internal complaints lodged by employees and the number of times that Microsoft found a company policy violation. Microsoft's Sur-Reply at 5. Microsoft's basis for sealing the number and outcomes of its investigations is confusing. Microsoft seems to argue that this type of information may be protected by attorney-client privilege or the work product doctrine. *Id.* These charts were produced to Plaintiffs without redaction so privilege cannot form the basis of its objections. Microsoft next argues that it keeps these investigations confidential and they are stored in confidential ERIT files or legal files which have restricted access. *Id.* This does not explain why, after redaction, there is a compelling reason to keep the numbers and outcomes sealed from the public view.

Microsoft also argues without explanation that the numbers and outcomes of its investigations could "easily be associated with frequent training and communications designed to encourage employees to come forward and may also reflect the positive reputation of the investigation process and staff as an effective problem solving mechanism." *Id.* It appears that Microsoft is implying that if the numbers and outcomes of its investigations, with the dates, is unsealed it could disclose how often it does trainings regarding harassment and discrimination. *Id.* The special master finds that argument too remote a possibility of harm to satisfy the compelling reasons standards for sealing documents.

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

1    Finally, Microsoft argues that Plaintiffs' attempts to paint a picture with just the raw

2  data as to the effectiveness of Microsoft's investigatory process may deter Microsoft employees

3  from taking advantage of the process in the future. *Id.* Again, Plaintiffs' ability to paint a

4  negative picture of the effectiveness of Microsoft's investigatory process and whether that

5  picture will deter future Microsoft employees from taking advantage of the process is far too

6  remote a competitive or business harm to meet the compelling reason standard. The special

7  master therefore recommends that the Complainant Alias, Complainant Name from the First

8  ERIT chart, and the Complainant's name in the Second ERIT attached to the First Shaver

9  Declaration as Exhibit C be redacted and the charts be filed on the public docket. *See, e.g.*,

10  Second Shaver Decl., Ex. D (redacted version of Exhibit C to First Shaver Declaration).

11    In other documents filed by Plaintiffs, Microsoft seeks to redact any reference to the

12  number of complaints it has received as well as the outcomes of those complaints. Microsoft

13  offers the same arguments for redacting this information as for First Shaver Declaration,

14  Exhibit C. The special master similarly finds Microsoft's arguments regarding its need to redact

15  the numbers and outcomes of internal investigations to fall short of the compelling reason

16  standard.

### iii.  One Sentence of the Iyer Declaration

17    Asserting the privacy interests of non-parties, Microsoft seeks to redact a sentence

18  found at paragraph nine of the Iyer Declaration wherein the declarant discusses a situation in

19  which she mentored a direct report through a difficult time. Iyer Decl., at ¶ 9. Because a

20  description of the employee's difficult period may reveal the identity of the employee, the

21  special master recommends that the one sentence of the Iyer Declaration remain redacted.

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

1

       iv.   Portions of the Expert Report of Dr. Ali Saad Ph.D. and Errata

2

     Microsoft also moves the Court to allow redactions of the Expert Report of Dr. Ali Saad

3

Ph.D. to protect the identity of non-parties to this lawsuit as they have not chosen to place this

4

information in the public record. Mot. at 7.[4] At paragraphs 41-42, including charts and

5

footnotes, Dr. Saad discusses Plaintiff Moussouris's total compensation, as well as the

6

compensation of non-parties to the lawsuit. Moussouris has put her compensation at issue by

7

filing this lawsuit and therefore her own compensation is not subject to protection on the basis

8

of protecting non-parties. However, as discussed below at Section E(d), Moussouris's

9

compensation as it relates to her peers does reveal information about Microsoft's confidential

10

compensation structure and therefore there is a compelling reason to keep this information

11

under seal.

12

     Paragraphs 161-165 of Dr. Saad's report gives a detailed description of multiple

13

employees' compensation, job duties, and performance evaluation. Although the employees are

14

identified by employee number, the descriptions in their evaluations and the references to their

15

first names in the evaluations would make it easy to identify the employee. The redactions in

16

paragraphs 161-165 protect non-party identifying information that meets the compelling

17

reasons standard.

18

     Paragraph 188-192 of Dr. Saad's report compares employees in the same role with their

19

corresponding salary. The personnel number for each employee is not redacted but the

20

descriptions of their roles and responsibilities is redacted. Thus, it is not clear whether

21

Microsoft is attempting to protect the employee non-parties or the description of their roles and

22

23

24

25

26

27

---

[4] Microsoft filed an Errata to the Expert Report of Dr. Ali Saad Ph.D. at 136. The Errata relates to errors in numbers and compensation figures only and does not change the analysis of non-party identifying information.

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 16

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

responsibilities. The special master recommends that Microsoft unredact the descriptions of the employees' roles and responsibilities unless the description reveals a trade secret relating to product development, as discussed further below.

### b. Confidential Settlement Agreements

Microsoft argues that portions of Exhibit A to the First Shaver Declaration should be sealed because they include settlement agreements in other cases. As pointed out by Microsoft, in another matter, this Court previously sealed the contents of confidential settlement negotiations from related litigation under a compelling reasons analysis. Microsoft's Resp. at 7 (citing *Microsoft v. Motorola*, No. 2:10-CV-01823-JLR, 2012 WL 5476846, at *2 (W.D. Wash. Nov. 12, 2012 (Robart, J.)). The Court in *Motorola* did find that the "importance of encouraging frank settlement negotiations outweighs the public's interest in knowing what was discussed in those settlement negotiations" and thus sealed the exhibit relating to the parties' prior negotiations. *Id.* The *Motorola* Court, however, viewed the sealing requirement from a Federal Rule of Evidence 408 basis. *Id.* (noting the purpose of Fed. R. Evid. 408 "encourages the compromise and settlement of existing disputes"). Here, Microsoft seeks to seal wholly unrelated confidential settlement agreements as opposed to settlement negotiations involving similar parties and allegations as was the case in *Motorola*.

In further support of its motion, Microsoft cites *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002), in which the court permitted the sealing of confidential settlement agreements. The Ninth Circuit in *Phillips* analyzed whether the confidential settlement agreements could be filed under seal pursuant to a "good cause" standard and found that they could. *Id.* at 1212. The court did not address whether the agreements would be filed under seal based on a compelling reason standard.

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

The only basis given by Microsoft for sealing all settlement negotiations and agreements in Exhibit A is that the parties agreed to keep these agreements confidential and for "attorneys eyes only." The existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal. *See e.g., Foltz*, 331 F.3d at 1136–38; *Select Portfolio Servicing v. Valentino*, No. C 12-0334 SI, 2013 WL 1800039, at *3 (N.D. Cal. Apr. 29, 2013) (that the parties agreed among themselves to make the settlement agreement confidential was insufficient to shield the information from public access); *Bernstein v. Target Stores, Inc.*, No. 13-CV-01018 NC, WL 5807581, at *3 (N.D. Cal. Oct. 28, 2013) ("The existence of a confidentiality provision [in a settlement agreement], without more, does not constitute good cause, let alone a compelling reason, to seal.").

The fact that the settlement agreements are confidential is not a sufficient basis for sealing the agreements. Microsoft does not explain the legitimate private or public interests that warrant the relief sought other than to say the that parties wanted them to be confidential. Nor does Microsoft explain what injury will result if the relief sought is not granted or whether there is a less restrictive alternative to the relief sought. *See* LCR 5(g)(3)(B). Without such information, the special master recommends that the Court find that the confidentiality provision in the settlement agreements is insufficient justification to grant the Microsoft's motion to seal the entire agreements where redaction of non-party identifying information would suffice.

### c. OFCCP Investigative Information

Microsoft argues that the OFCCP documents attached to Exhibit A to the Shaver Declaration are exempt from disclosure under Exemption 7A of the Freedom of Information Act ("FOIA") and should therefore be filed under seal. Microsoft's Resp. at 8 (citing 5 U.S.C. §

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 18

552(b)(7)(A)). Microsoft alternatively argues that the information it submitted to the OFCCP was confidential business information. Microsoft's Sur-Reply at 2. And, Microsoft argues that because they are in the conciliation and resolution process with OFCCP, the Notice of Violation ("NOV") is tantamount to a confidential settlement communication. *Id.* at 3.

Whether the OFCCP documents are protected from public release under FOIA is not dispositive on the issue of whether the documents must be filed under seal. Such exempt documents "are not automatically privileged in civil discovery." *Kamakana*, 447 F.3d at 1185 (citing *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1344 (D.C. Cir. 1984) ("If information in government documents is exempt from disclosure to the general public under FOIA, it does not automatically follow the information is privileged . . . and thus not discoverable in civil litigation.")). Even if discoverable, "FOIA is a statutory scheme directed to regulating the public access to documents held by the federal government; the public's 'need' for a document is unrelated to whether it will be disclosed." *Id.* (citations omitted). By contrast, the public right of access to *court* documents is grounded on principles related to the public's right and need to access court proceedings. According to the *Kamakana* court, "it is unsound to equate the FOIA exemptions and similar discovery privileges" because the two schemes serve different purposes. *Id.* (holding that the court would not import wholesale FOIA exemptions as new categories of documents that are traditionally kept secret for sealing purposes). The fact that the documents are exempt under FOIA is not support for sealing documents on the court docket under a compelling reasons standard.

As with the other confidential business information that is properly redacted by Microsoft, as discussed below, the business information that is revealed in the OFCCP documents that Microsoft would like to keep confidential can easily be redacted from the

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 19

public filing. Thus, the special master does not find that this basis is adequate to seal all the communications regarding the OFCCP investigation. *See* LCR 5(g)(3)(B).

The special master is persuaded, however, that the OFCCP conciliation process is an attempt to settle the claims by the OFCCP relating to similar allegations as are present in this case and therefore are confidential settlement communications. *See Motorola*, 2012 WL 5476846, at *2 ("The court views settlement negotiations between Microsoft and Motorola related to Motorola's standard essential patent portfolios in a similar light . . . the purpose of Federal Rule of Evidence 408 is to encourage the compromise and settlement of existing disputes. *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1064 (9th Cir. 2006)."). By preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement. *Id.* (citing *United States v. Contra Costa Cnty. Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982)).

Here, Microsoft seeks to seal the OFCCP NOV, Amended Notice of Violation ("ANOV"), and Microsoft's counsel's responses thereto. The OFCCP Compliance Manual explains that the NOV initiates the conciliation and resolution process. OFFICE OF FEDERAL CONTRACT COMPLIANCE PROGRAMS, FEDERAL CONTRACT COMPLIANCE MANUAL 264, §8F01 (2014). The conciliation and resolution process is a negotiation between a compliance officer and a contractor to resolve findings of noncompliance. *Id.* at 265, §8G. The process involves discussions using various methods of communication including the exchange of letters and e-mails, telephone conferences, and in-person meetings. *Id.* at §8G01. If these negotiations are successful, the compliance officer will document the terms of the settlement in a formal conciliation agreement. *Id.* The compliance evaluation is not complete until the compliance officer issues a closure letter to the contractor. *Id.* at §8G00. Given that the OFCCP documents

represent Microsoft's attempts to settle the NOV and ANOV with the OFCCP, the special master recommends that the Court find that the importance of encouraging frank settlement negotiations between the OFCCP and Microsoft outweighs the public's interest in knowing what was discussed in those settlement negotiations.[5] That said, if there is a final closure letter or final conciliation agreement, the analysis would change and the OFCCP closure documents would likely be made public.

### d. *Confidential Business Records and to Prevent Competitive Harm*

Microsoft moves to seal portions of Exhibits A, F, and H to the Second Shaver Declaration, the Expert Report of Dr. Ann Marie Ryan and the Expert Report of Dr. Henry S. Farber and its Errata on the basis that they reflect Microsoft's confidential business strategy. Microsoft's Resp. at 9 (citing First Declaration of Shinder Dhillon ("First Dhillon Decl.") (Dkt. # 272), ¶ 3; First Declaration of Joseph Whittinghill ("First Whittinghill Decl.") (Dkt. # 270), ¶ 3). Microsoft also seeks to seal portions of exhibits it filed in opposition to the motion to certify class: Exhibit 1 to the Declaration of Mark Parris ("Parris Decl."); Exhibit P to the Declaration of Amy M. Jantz ("Jantz Decl."); Exhibit B to the Second Whittinghill Declaration and portions of the Expert Report of Dr. Ali Saad Ph.D. and its Errata; lines 5:8-9 and 6:13-14 of the Second Dhillon Declaration (dkt. ## 296 (redacted); 297 (sealed)) and Exhibits C, E, F, H, I, J, and K also attached to the Second Dhillon Declaration. Specifically, Microsoft asserts that portions of these documents reflect its confidential business strategies relating to (1) product development; (2) confidential human resources strategies reflecting how Microsoft compensates and evaluates its employees; and (3) confidential diversity initiatives and strategies. *Id.* at 10-11.

---

[5] The recommendations regarding OFCCP documents are reflected in the chart of recommendations to Exhibit A to the First Shaver Declaration.

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 21

The special master has reviewed the materials filed in redacted form and begins the analysis with the understanding that "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana* at 1179 (citing *Foltz*, 331 F.3d at 1136). "In general, 'compelling reasons' . . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* (citing *Nixon*, 435 U.S. at 598). The Ninth Circuit adopted the Restatements' definition of "trade secret" for purposes of sealing, holding that "[a] 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir.2008) (quoting Restatement of Torts § 757, cmt. b). Additionally, "compelling reasons" may exist if sealing is required to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing." *Id.* at 569 (citing *Nixon*, 435 U.S. at 598) (holding that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing").

Thus, there is tension between what is considered information that may harm a litigant's competitive standing and information that is simply embarrassing or incriminating to the business. Although the special master does not find that Microsoft attempted to redact all embarrassing or incriminating materials, there is some material that may be harmful but is not a trade secret as the Ninth Circuit defines that term. When supported by argument or declarations, the special master recommends that Microsoft be permitted to redact materials

that relate to (1) current product development or product information that Microsoft keeps a secret; (2) confidential human resources strategies including compensation and evaluations; and (3) Microsoft's confidential diversity initiatives.

### i.   Current Product Development

Microsoft redacted confidential product development strategies related to the development, promotion, and implementation of new Microsoft product. These redactions are reflected below in Exhibit A to the Shaver Declaration as "Confidential Product Development." There are only two redactions that Microsoft requests in this category and the special master finds that the redactions are narrowly tailored to protect its confidential product development information.

### ii.   Confidential Human Resources Strategies

Microsoft argues that the information contained in the exhibits to the Shaver Declaration, as well as the Expert Reports of Dr. Ann Marie Ryan and Dr. Henry S. Farber reflect confidential human resources strategy describing how Microsoft compensates its employees and how Microsoft evaluates employees for compensation and promotion. First Whittinghill Decl., ¶ 3. The processes explained in these documents were developed by and for Microsoft management to further Microsoft's ability to meet strategic objectives. *Id.* Microsoft does not allow the general employee population to access these materials; they are only accessible by Human Resources and Microsoft management. *Id.* Also, Whittinghill declares that the information redacted from the Farber Report "could be used to reverse engineer the compensation of Microsoft's engineers and IT operations professionals." *Id.*

Microsoft's Director of Compensation, Amy M. Jantz, likewise submitted a declaration in support of Microsoft's motion to seal wherein she explained that "Microsoft is just one of

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 23

many companies competing for skilled engineering employees. Some of our primary competitors for engineers include Amazon, Facebook, Google, Oracle, and Salesforce. This competition for engineering employees is a factor that affects compensation at Microsoft in various ways." Jantz Decl. at ¶ 18. Jantz provided an example of a PowerPoint presentation entitled Project Inoculate II which provides details about this campaign to retain a specific type of highly sought-after engineering employees. *Id.* at ¶ 20 (Project Inoculate II as it relates to holographic computing – "there is a war for talent"). According to its declarants, human resource strategies is the type of information that Microsoft's competitors highly desire.

Accordingly, documents reflecting Microsoft's compensation structure and strategies to retain employees as reflected in the exhibits to the Shaver Declaration and the expert reports are designated as "Confidential Human Resource Strategies."

### iii.  Confidential Diversity Initiatives

Microsoft's position is that diversity and inclusion is a business imperative for it. Microsoft's Resp. at 11. Microsoft relies on the First Dhillon Declaration to support its explanation as to why its diversity initiatives are the equivalent of trade secrets for its business operations. Dhillon explains that Microsoft's diversity initiatives give it an advantage over its competitors. First Dhillon Decl., ¶ 4. These initiates help build the "emotional connection" employees need to demonstrate high-levels of commitment and contribution. *Id.* Microsoft's ability to foster greater diversity in the workforce and to recruit top diverse talent in a highly competitive labor market is important to its success. *Id.* To this end, Dhillon declares that Microsoft invests tens of millions of dollars in developing and implementing its diversity initiatives. *Id.* Dhillon also explains that Microsoft's competitors could unjustly gain access to

1    Microsoft's diversity initiatives, strategies, and representation data to implement on their own

2    and to try to recruit Microsoft's talent. *Id.* at ¶ 5.

3        Microsoft is also concerned that if its diversity data is released it could be misconstrued

4    by outsiders and cause unnecessary disruption to Microsoft's business or improperly confuse

5    and/or influence Microsoft's customers, employees, or potential employees. *Id.* To avoid this,

6    Dhillon explains that Microsoft treats the diversity metrics and related strategy and analytics in

7    Exhibit A as non-public and highly-sensitive. *Id.* at ¶ 6. Microsoft requires its employees that

8    have access to diversity data to sign non-disclosure agreements. *Id.* at ¶ 7.

9

10       The special master finds Microsoft's argument that its diversity initiatives and strategies

11   are trade secrets to be very persuasive and supported by the First Dhillon Declaration. The

12   argument that the actual raw diversity data is highly confidential and could cause competitive

13   harm and what is essentially business reputational harm is less persuasive. Microsoft's own

14   statements that releasing diversity demographic analyses could be misconstrued to cause

15   business harm, suggests that Microsoft's concern is that the release of the data would have a

16   negative effect on its reputation and not so much that it is a trade secret. Therefore, the special

17   master does not recommend that this information be redacted unless it also reveals confidential

18   information regarding Microsoft's diversity initiatives and strategies. The redactions based on

19   confidential diversity initiatives are identified in the First Dhillon Declaration at n.1.

20   Microsoft's Resp. at 11 n.6. These redactions are reflected below in Exhibit A to the Shaver

21   Declaration as "Confidential Diversity Initiatives."

22

23

24

25

26

27

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 25

**F.       Recommendations Regarding Plaintiffs' Motion to Seal (Dkt. # 227)**

**Exhibit A to First Shaver Declaration**
**(Dkt. # 229-1 (sealed); Dkt. # 233 (redacted))**

| Bates Number Prefix: MSFT-MOUSSOURIS | Description | Recommendation |
|---|---|---|
| 00002273-00002300 | Performance Calibration: Roles and Responsibilities by Phase – Chart and Guide | **GRANT** Trade Secret – Confidential Human Resource Strategies |
| 000022538-000022549 | Email string last dated June 19, 2015 regarding notes from another C&E WLC Dinner Redacted names and descriptions | **GRANT IN PART** Partially Trade Secret – Confidential Product Development This document is over redacted, for example Microsoft redacted benign statements such as "great opportunity to hear from *C&E leadership*" and the ratio of women to men on PM team. Appropriate redactions include conversations relating to business operations/trade secrets and business performance |
| 00059215-00059242 | Attorney letter regarding settlement of gender discrimination claim and attached exhibits | **GRANT** Non-Party Identifying Information |
| 00064918-00064931 | Attorney letter regarding settlement of gender discrimination claim | **GRANT IN PART** Non-Party Identifying Information except 00064918 – no basis to redact last sentence 00064292 – redacted portion of email that does not reveal third-party information |
| 00064978-00064983 | Attorney letter regarding settlement of gender discrimination claim and attached exhibits | **GRANT** Non-Party Identifying Information |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 26

| | | |
|---|---|---|
| 00064984-00064991 | Attorney letter regarding settlement of sexual harassment claim and attached exhibits | **GRANT**<br>Non-Party Identifying Information |
| 00065680-00065683 | EEOC Charge and attachments for sex discrimination and retaliation | **GRANT**<br>Non-Party Identifying Information |
| 00065719-00065738 | OFCCP Notice of Violation dated May 5, 2016 and attachments | **GRANT**<br>OFCCP Settlement Negotiation Fully redacted and Sealed version partially redacted (assuming as irrelevant) except for Violations 6 and 7 |
| 00067920 | PowerPoint Presentation produced in native titled Gender Retention Analysis Recommendations | **GRANT**<br>Trade Secret – Confidential Diversity Initiatives Fully redacted |
| 00072044-00072046 | Rainbow PUSH Coalition Forum + ChrisCap Marketing Call Draft Q&A dated December 3, 2014 | **GRANT IN PART**<br>Trade Secret – Confidential Diversity Initiatives except redaction of leadership team acronyms and pay equity percentage should not be redacted |
| 00074974 | Email regarding Women of Office dated November 5, 2011 | **GRANT**<br>Non-Party Identifying Information<br>Confidential Diversity Initiatives |
| 00074988-00074990 | Email regarding L3/L4 Diversity Snapshot dated October 25, 2012 | **DENY**<br>Not Trade Secret – Results of Diversity Initiatives |
| 00150613 | PowerPoint Presentation produced in native titled MOD Diversity & Inclusion Council Report dated March 2012 | **GRANT**<br>Trade Secret – Confidential Diversity Initiatives<br>Fully redacted |
| 00150735-00150754 | Microsoft on Yammer dated October 23, 2014 | **GRANT**<br>Trade Secret – Confidential Product Development Partially redacted business confidences |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 27

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| | | |
|---|---|---|
| 00166305-00166309 | Email string regarding Unconscious Bias Training dated last dated October 15, 2015 | **GRANT**<br>Non-Party Identifying Information<br>Partially redacted to remove names of third parties |
| 00187720 | PowerPoint Presentation produced in native titled Actions in Progress and Career Model | **GRANT**<br>Trade Secret – Confidential Human Resource Strategies<br>Fully redacted |
| 00201435 | Email dated February 15, 2010 regarding Data Dive Themes | **DENY**<br>Not Trade Secret – Partially redacted to remove information regarding promotions at Microsoft |
| 00231183 | Email string dated October 16, 2014 regarding Yesterday's Q&A Session | **GRANT IN PART**<br>Non-Party Identifying Information of individuals may be redacted. Division names within Microsoft are not Trade Secret |
| 00231184-00231185 | Email string last dated October 15, 2014 regarding Today's Q&A Session | **MOOT**<br>No redactions made to public filing |
| 00243465 | PowerPoint Presentation produced in native titled Women's Career Framework – Speaker name | **GRANT IN PART**<br>Trade Secret – Confidential Diversity Initiatives<br>Fully redacted – addresses concerns of female attrition and how to address it<br>Survey results are not Trade Secret and should not be redacted |
| 00259655-00259658 | Email string last dated July 26, 2010 regarding IT Diversity and Inclusion Recap and Next Steps | **GRANT**<br>Trade Secret – Confidential Diversity Initiatives<br>Fully redacted includes IT initiatives, next steps, mission statement |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 28

| 00278390 | PowerPoint Presentation produced in native titled FY 15 D&I Core Priorities and Action Plan | **GRANT**<br>Trade Secret – Confidential Diversity Initiatives Fully redacted includes action plan detailing accountabilities, key steps, timeline, etc. |
|---|---|---|
| 00284174-00284212 | PowerPoint slides titled One Engineering GD&I Strategy | **GRANT**<br>Trade Secret – Confidential Diversity Initiatives<br>Fully redacted – Detailed information regarding GD&I Strategy and Focus Areas, Hiring Trends and Goals |
| 00308243 - | Microsoft outside counsel July 29, 2016 letter to OFCCP regarding Amended NOV | **GRANT**<br>OFCCP Settlement Negotiation Fully redacted – includes confidential and proprietary business information – sealed version also redacted for nonresponsive – communications as part of the conciliation process |
| 00341320-00341400 | PowerPoint slides titled EVP Succession Planning Compensation Committee March 9, 2015 | **GRANT**<br>Trade Secrets – Confidential Diversity Initiatives<br>Fully redacted – Sensitive Business Information |
| 00342925-00342937 | PowerPoint slides titled ASG D&I Updated dated December 8, 2015 | **GRANT**<br>Trade Secret – Confidential Diversity Initiatives<br>Fully redacted – vision, strategy for Microsoft D&I, overview of competitors in the space |
| 00371657-00371660 | Email string last dated December 4, 2015 regarding Microsoft has a long way to go | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to remove names and roles that may identify the non-party |
| 00418344-0418345 | Email string last dated April 27, 2015 regarding | **GRANT**<br>Non-Party Identifying |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 29

| | ABI_TopCompanyForWomenInComputing | Information<br>Partially redacted to remove names and roles that may identify the third-party |
|---|---|---|
| 00420916-00420948 | PowerPoint slides titled MOD Diversity & Inclusion dated May 3, 2012 | **GRANT**<br>Trade Secret – Confidential Diversity Initiatives<br>Fully redacted – information regarding diversity strategy, including recruiting, leadership development, flexible work |
| 00432789-00432791 | Email string last dated April 16, 2014 regarding D&I update-diagnostics and planning for FY15 | **GRANT**<br>Trade Secret – Confidential Diversity Initiatives<br>Fully redacted relating to a Maturity Model Survey and Diagnostic effort regarding D&I |
| 00441086-00441090 | Email string last dated June 2, 2015 Diversity Transparency | **DENY**<br>Not Trade Secret – Fully redacted email string relating to response to email questioning diversity initiatives and an article regarding Google's announcement<br>Non-Party Identifying Information may be redacted |
| 00441092-00441097 | Email string last dated June 2, 2015 Diversity Transparency (part of string from above) | **DENY**<br>Not Trade Secret – Partially redacted email string relating to response to email questioning diversity initiatives<br>Non-Party Identifying Information may be redacted |
| 00561670-00561673 | Email string last dated November 30, 2014 regarding redacted names | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying information |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 30

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| 00562093-00562094 | Email string last dated October 15, 2014 "any comment on this" | **GRANT** Non-Party Identifying Information – Partially redacted to redact names and identifying information |
|---|---|---|
| 00563277-00563278 | Email string last dated October 15, 2014 regarding "Today's Q&A Session" | **GRANT** Non-Party Identifying Information – Partially redacted to redact names |
| 00592294 | Pay Equity Meeting March 11, 2016 | **DENY** Not Trade Secret – Fully redacted meeting notes relating to pay equity transparency Non-Party Identifying Information may be redacted |
| 00623396-00623399 | Email string last dated August 4, 2015 regarding redacted name investigation summary | **GRANT** Non-Party Identifying Information – Partially redacted to redact names and identifying information |
| 00631799-00631824 | ER Investigations Summary Memo Dated January 15, 2013 with attachments | **GRANT** Non-Party Identifying Information – Partially redacted to redact names and identifying information |
| 00632037-00632117 | ER Investigations Summary Memo Dated December 17, 2012 with attachments | **GRANT** Non-Party Identifying Information – Partially redacted to redact names and identifying information |
| 00632500-00632528 | ER Investigations Summary Memo Dated August 20, 2012 with attachments | **GRANT** Non-Party Identifying Information – Partially redacted to redact names and identifying info. |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 31

| 00645459 | Excerpt from OneNote file regarding Investigation | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying information |
| --- | --- | --- |
| 00646449 | Additional Excerpt from OneNote file regarding Investigation | **GRANT**<br>Non-Party Identifying Information –Partially redacted to redact names and identifying information (page 676 has a redaction of the date and time that should not be redacted) |
| 00677331 | PowerPoint Presentation produced in native titled Insight Diagnostic for Senior Level and Mid-Level Women Dated June 11, 2015 | **GRANT IN PART**<br>Trade Secret – Confidential Diversity Initiatives<br>Fully redacted Business strategy presentation on actionable pathways for gender inclusion and diversity in technical field except quotes from employees are not Trade Secret |
| 00677712-00667733 | PowerPoint slides dated One Engineering D&I Board Review Meeting March 3, 2016 | **GRANT**<br>Trade Secret – Confidential Diversity Initiatives Fully redacted business secrets regarding strategy and focus areas |
| 00678321-00678327 | Microsoft Diversity and Inclusion May 2015 progress update | **GRANT IN PART**<br>Trade Secret – Confidential Diversity Initiatives<br>Fully redacted strategies, Q&A marketing answers regarding diversity and inclusions should be redacted<br>Messaging about confidential diversity initiatives is not Trade Secret<br>(MSFT_MOUSSOURIS_0067832 2-3) |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 32

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| 00688508-00688523 | Career Guide FAQ for GHRO Only | **GRANT**<br>Trade Secret – Confidential Human Resource Strategies Fully redacted internal script on how to answer questions |
|---|---|---|
| 00703435-00703436 | Email string last dated April 11, 2016 regarding equal pay for equal work | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying information |
| 00705352-00705354 | Email string last dated April 20, 2016 regarding equal pay for equal work | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying information |
| 00705901-00705904 | Email string last dated April 21, 2016 regarding equal pay for equal work | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying information |
| 00708659-00708663 | Email string last dated April 25, 2016 regarding equal pay for equal work | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying information |
| 00714794-00715795 | Email string last dated April 21, 2016 regarding Missed conversation with redacted name | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying information |
| 00743994-00743995 | Email string last dated April 30, 2016 regarding Mid-Year 2016 Promotions in FUN PM | **GRANT IN PART**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 33

| | | information<br>Redacted ratios of men versus women promotions are – Not Trade Secret and should be unredacted |
|---|---|---|
| 00744097-00744099 | Email string last dated April 19, 2016 regarding Equal Pay for Equal Work | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying information |
| 00744107-00744109 | Email string last dated April 19, 2016 regarding Equal Pay for Equal Work | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying information |
| 00744109-00744111 | Email string last dated April 19, 2016 regarding Equal Pay for Equal Work | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying information |
| 00744230-00744232 | Email string last dated April 14, 2016 regarding Gender Equity | **GRANT IN PART**<br>Non-Party Identifying Information should be redacted<br>Redactions relating to marketing strategy conversations are not Trade Secret and should be unredacted |
| 00744437-0074438 | Email string last dated April 20, 2016 regarding Equal Pay for Equal Work | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying information |
| 00744437-0074438 | Email string last dated April 20, 2016 regarding Equal Pay for Equal Work | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying info. |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 34

| 00775226-00775228 | Email string last dated April 19, 2016 regarding Equal Pay for Equal Work - ACP | **DENY**<br>Partially redacted – legal advice redacted from sealed version<br>No explanation as to basis for redacting remaining portions of document |
|---|---|---|
| 00784718-00784732 | Responses to KH Equal Pay email – Batches 1-5 | **DENY**<br>Fully redacted – chart of responses that Microsoft received after sending out the email from 00744437-38 – internal collection of employee feedback on equal pay for equal work is not Trade Secret |
| 00792417-00792420 | Email string last dated October 15, 2011 regarding attorney client privilege – advice needed | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying information – privileged information redacted from sealed version |
| 00797920-00797924 | Email string last dated April 28, 2016 Equal Pay for Equal Work | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying information – privileged information redacted from sealed version |
| 00801714-00801714_0020 | US Department of Labor OFCCP letter to Microsoft Chief Executive Officer dated June 22, 2016 regarding Amended NOV | **GRANT**<br>OFCCP Settlement Negotiation – Fully redacted nonresponsive information redacted from sealed version |
| 00802741-00802741_0069 | US Department of Labor OFCCP letter to Microsoft Chief Executive Officer dated August 17, 2016 regarding Amended NOV | **GRANT**<br>OFCCP Settlement Negotiation – Fully redacted letter and nonresponsive information redacted from sealed version – |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 35

| | | |
|---|---|---|
| | | continue the conciliation process – attachments to letter not sealed |
| 00806770- 00806771 | Email string last dated April 11, 2016 regarding Early Coverage on Equal Pay | **GRANT** Non-Party Identifying Information – Partially redacted to redact names and identifying information |
| 00809030- 00809031 | Confidential Draft of Executive Summary dated March 1, 2016 | **GRANT** Non-Party Identifying Information – Partially redacted to redact names and identifying information |
| 00809046- 00809079 | Report of Investigation dated September 1, 2015 | **GRANT** Non-Party Identifying Information – Partially redacted to redact names and identifying information – large redactions are organizational charts that would identify the complainant |
| 00809106 | Excerpt from OneNote file regarding Investigation of Complaint | **GRANT** Non-Party Identifying Information – Partially redacted to redact names and identifying information |
| 00814864- 00814899 | Closure Information regarding Investigation of Complaint dated July 20, 2016 | **GRANT** Non-Party Identifying Information – Partially redacted to redact names and identifying information – large redactions are organizational charts that would identify the complainant |
| 00815228- 00815234 | ER Investigations Summary Memo dated April 14, 2014 | **GRANT** Non-Party Identifying Information – Partially redacted to redact |

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| | | names and identifying information – large redactions are organizational charts that would identify the complainant |
|---|---|---|
| 00815540-00815544 | ER Investigations Summary Memo dated April 20, 2010 | **GRANT** Non-Party Identifying Information – Partially redacted to redact names and identifying information – large redactions are organizational charts that would identify the complainant |
| 00816432-00816436 | ER Investigations Summary Memo dated September 23, 2013 | **GRANT** Non-Party Identifying Information – Partially redacted to redact names and identifying information – large redactions are organizational charts that would identify the complainant |
| 00818175-00819179 | ER Investigations Summary Memo dated March 20, 2014 | **GRANT** Non-Party Identifying Information – Partially redacted to redact names and identifying information – large redactions are organizational charts that would identify the complainant |
| 00819252-00819286 | Closure Information regarding Investigation of Complaint dated October 19, 2016 | **GRANT** Non-Party Identifying Information – Partially redacted to redact names and identifying information – large redactions are organizational charts that would identify the complainant |
| 00825924-00825929 | Microsoft Global Diversity and Inclusion Messaging and Narrative – April 2015 progress update Draft | **GRANT** Trade Secret – Confidential Diversity Initiatives Fully redacted – strategy, initiatives, and business ops. |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 37

| 00859406-<br>00859426 | Microsoft outside counsel September 27, 2013 letter to law firms regarding results of commitments it made in *Codwell, et al. v. Microsoft Corporation* | **DENY**<br>Not Confidential Settlement Negotiations<br>If there is Confidential Diversity Initiatives revealed in the letter that should be redacted |
|---|---|---|
| 00865592- | Attorney letter regarding settlement of gender discrimination claim | **GRANT**<br>Non-Party Identifying Information –<br>Partially redacted to redact names and identifying information |

**Excerpts from Deposition of John Ritchie**
**(Dkt. # 229-6 (sealed); Dkt. # 273-10 (redacted))**

| Page: Line- | Recommendation |
|---|---|
| 137:2-3, 9-10 | **GRANT -** Size of cohort in stack ranking system – Trade Secret |
| 139:3-9, 13-16, 24-25 | **GRANT -** Guidance regarding size of cohort in stack ranking system – Trade Secret |
| 150:5-8 | **GRANT -** Confidential Human Resource Strategies – Calibration Groupings - Trade Secret |
| 156:15-17 | **GRANT -** Confidential Human Resource Strategies – Calibration Groupings - Trade Secret |
| 221:7-19 | **GRANT -** Confidential Human Resource Strategies – Calibration Groupings - Trade Secret |
| 222:3-223:12; 223:16 | **GRANT -** Confidential Human Resource Strategies – Microsoft's internal process for finalizing its Calibration Groupings – Trade Secret |
| 228:25-229:6 | **DENY -** Difference between a people discussion and calibration discussion – Not Trade Secret |
| 229:11-22 | **GRANT -** Confidential Human Resource Strategies – Calibration Groupings - Trade Secret |
| 230:2-25 | **GRANT -** Confidential Human Resource Strategies – Discussion of tool used to manage rewards – Trade Secret |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 38

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| 233:25-235:15 | **GRANT -** Confidential Human Resource Strategies – Discussion of MRT tool and rating process – Trade Secret |
| 236:11-12; 236:23-25; 237:2-12 | **GRANT -** Confidential Human Resource Strategies – Discussion of tool used to manage rewards, budget constraints and who is a recipient of the tool – Trade Secret |
| 267:24-25; 268:5-23; 269:8-25 | **GRANT -** Confidential Human Resource Strategies – Discussion of who sees the final rewards information – Trade Secret |
| 308:9-13 | **DENY -** Description of who is on Ritchie's team – Not Trade Secret |
| 358:6-10 | **GRANT -** Confidential Human Resource Strategies – Guidance on salary increases – Trade Secret |
| 392:15-25; 393:1-23 | **DENY -** Discussion of historical salary ranges at Microsoft – Not Trade Secret |
| 394:6-11; 39422-24 | **GRANT -** Confidential Human Resource Strategies – Discussion regarding salary ranges – Trade Secret |
| 447:15 | **DENY -** Name of employee at Microsoft does not reveal any private information about the employee – Not Trade Secret |
| 447:19-23 | **GRANT -** Confidential Human Resource Strategies – Discussion of tool used to manage rewards – Trade Secret |
| 448:4-449:8 | **GRANT -** Confidential Human Resource Strategies – Discussion of tool used to manage rewards – Trade Secret |
| 520:1-3 | **DENY -** An expectation regarding promotion – Not Trade Secret |
| 520:17-25 | **GRANT -** Confidential Human Resource Strategies – Discussion of promotion tool – Trade Secret |
| 521:15-25 | **GRANT -** Confidential Human Resource Strategies – Discussion of promotion tool – Trade Secret |
| 522:6-7; 522:11-15; 52220-21; 522:24-25 | **GRANT -** Confidential Human Resource Strategies – Discussion of promotion tool – Trade Secret |
| 526:23-527:1 | **GRANT -** Confidential Human Resource Strategies – Discussion of rewards calculations – Trade Secret |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 39

| 527:13-17; 528:12 | **GRANT -** Confidential Human Resource Strategies – Discussion of which department has final review of compensation and promotion decision – Trade Secret |
|---|---|
| 528:16-17 | **DENY -** Discussion of whether Microsoft attempted to determine whether there was pay equity – Not Trade Secret |

Both sides provided a list of pages and lines where redactions where made to the deposition transcript of John Ritchie. *See* Dkt. ## 278-3, 269-1. None of the page and line cites provided match up to any of the redactions from the Ritchie transcript. Accordingly, the special master went through each page to determine what had been redacted.

**Excerpts from Deposition of Melinda De Lanoy**
**(Dkt. # 229-8 (sealed); (Dkt. # 273-11 (redacted))**

| Page: Line- | Recommendation |
|---|---|
| 89:3; 89:6-10 | **DENY -** The term Senior Leadership Team – Not Trade Secret |
| 89:11-17; 89:19-25; 91:2-25 | **GRANT -** Confidential Diversity Initiatives (although Microsoft referred to this discussion as Confidential Human Resources Strategies) – discussion of diversity reports, who it goes to, etc. – Trade Secret |
| 92:1-5; 92:25 | **DENY -** Nonresponsive answer and "I don't know" – Not Trade Secret |
| 96:16-20; 96:24 | **DENY -** Questions regarding witness's knowledge – Not Trade Secret |
| 97:2-9; 97:15-25 | **DENY -** Questions relating to witness's knowledge regarding tracking diversity and inclusion priorities – Not Trade Secret |
| 98:2-28 | **DENY -** Questions relating to witness's knowledge changes to tracking promotions – Not Trade Secret |
| 99:3-4; 99:8-10; 13-18; 99:19-25; | **DENY -** Questions relating to witness's knowledge regarding focus groups relating to diversity and inclusion – Not Trade Secret |
| 118:1-20 | **DENY -** Discussion of results of diversity initiatives – Not Trade Secret |
| 118:22-119:1 | **GRANT -** Confidential Diversity Initiatives – Discussion of how the initiative works – Trade Secret |

**MICHELLE PETERSON LAW, PLLC**
**1420 FIFTH AVENUE, SUITE 2200**
**SEATTLE, WA 98101**

| 119:3-24 | **DENY -** Discussion of results of diversity initiatives – Not Trade Secret |
| 120:1-15 | **DENY -** Discussion of results of diversity initiatives – Not Trade Secret |
| 120:17-21 | **GRANT -** Confidential Diversity Initiatives – Discussion of specific metrics – Trade Secret |

Both sides provided a list of pages and lines where redactions where made to the deposition transcript of Melinda De Lanoy. *See* Dkt. ## 278-3, 269-1. None of the page and line cites provided match up to any of the redactions from the Lanoy Ritchie transcript. Accordingly, the special master went through each page to determine what had been redacted.

### Expert Report of Dr. Henry S. Farber
### (Dkt. ## 230 (sealed); 273-14 (Microsoft's redactions); 279-2 (sealed version with Plaintiffs' proposed redactions) Errata # 332 (sealed))[6]

Microsoft's primary concern is that Dr. Farber's report reflects Microsoft's confidential business strategy. Specifically, Microsoft's confidential human resources strategy reflecting how it compensates its employees and how it evaluates and promotes them. Microsoft's Resp. (Dkt. # 269) at 11 n.5. Accordingly, Microsoft seeks to redact all compensation figures stated in the report or for which a reverse engineer analysis would lead to the discovery of compensation figures. The special master relies entirely on the declarations of Joseph Whittinghill (dkt. # 270) for the proposition that revealing person-year numbers that correspond to the compensation class and advancement class would allow for a reverse engineering of the figures to identify specific compensation rates. If this assertion turns out to be not accurate, then the special master would recommend that the figures be unredacted.

---

[6] The Errata to the Expert Report Henry S. Farber does not alter any of Microsoft's requested redactions to the report.

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 41

| Paragraph- | Description | Recommendation |
|---|---|---|
| Report at ¶ 11 | Microsoft seeks to redact the number of person-year that correspond to the putative compensation class and the putative advancement class numbers | **GRANT –** Trade Secret – Confidential Human Resource Strategies – potential to reverse engineer compensation data. Whittinghill Decl. ¶ 3 |
| Report at ¶ 26 | Microsoft seeks to redact the ratings scale used to measure performance | **GRANT –** Trade Secret – Confidential Human Resource Strategies – reflects information that is part of the back-end logic used to calculate employee compensation. Whittinghill Decl. ¶ 3 |
| Report at ¶ 50 | Microsoft seeks to redact the actual dollar amount of Dr. Farber's findings regarding the differences in average total compensation | **GRANT –** Trade Secret – Confidential Human Resource Strategies – potential to reverse engineer compensation data. Whittinghill Decl. ¶ 3 |
| Report at ¶ 75 | Microsoft seeks to redact the number of person-year observations and woman-year observations | **GRANT –** Trade Secret – Confidential Human Resource Strategies – potential to reverse engineer compensation data. Whittinghill Decl. ¶ 3 |
| Report at ¶¶ 79, 80 | Microsoft seeks to redact the amount that the compensation class earned during the class period | **GRANT –** Trade Secret –Confidential Human Resource Strategies – potential to reverse engineer compensation data. Whittinghill Decl. ¶ 3 |
| Report at Table | Microsoft seeks to redact all references to Employee Years numbers and Woman Years numbers from Dr. Farber's tables, | **GRANT –** Trade Secret – Confidential Human Resource Strategies – |

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| | the difference in mean total compensation from Table 2 and his conclusions on damages | potential to reverse engineer compensation data. Whittinghill Decl. ¶ 3 |
|---|---|---|

**Expert Report of Dr. Ann Marie Ryan**
**(Dkt. # 231 (sealed); 273-13 (Microsoft's Redactions))**

| Paragraph- | Description | Recommendation |
|---|---|---|
| Report at ¶ 19 | Microsoft seeks to redact two sentences from the Dr. Ryan report on the grounds that it reveals confidential human resource strategy reflecting how Microsoft compensates its employees and how Microsoft evaluates employees for compensation and promotion. Microsoft's Resp. at 11, n.5 | **DENY** Not Trade Secret – *see reference* Shaver Decl., Ex. A at 00859406 |

**G.    Recommendations Regarding Microsoft's Motions to Seal (Dkt. ## 283 and 333)**

**Exhibit 1 to Parris Declaration**
**(Dkt. ## 288-1 parts 1, 2, and 3 (sealed); 287-1,-2,-3 (redacted))**

| Bates Number Prefix: MSFT-MOUSSOURIS- | Description | Recommendation |
|---|---|---|
| 00001595 | Performance Calibration: Roles and Responsibilities by Phase (Not Bates Numbered) | **GRANT –** Trade Secret – Confidential Human Resource Strategies – Fully Redacted |
| 00001955-00001956 | Methods of Calibration | **GRANT –** Trade Secret – Confidential Human Resource Strategies – Fully Redacted |
| 00001984-00001985 | Promotion Philosophy and Guidelines | **GRANT –** Trade Secret – Confidential Human Resource Strategies – Fully Redacted |
| 00002269-00002300 | HR and Manger Performance Calibration Guide | **GRANT –** Trade Secret – Confidential Human Resource Strategies – |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 43

| | | Partially Redacted |
|---|---|---|
| 00004097-00004113 | Microsoft's Performance and Development Philosophy, Objectives, Strategies | **GRANT –** Trade Secret – Confidential Human Resource Strategies – Fully Redacted |
| 00004281-00004288 | Promotion Overview, Guidelines, Budgets, | **GRANT –** Trade Secret – Confidential Human Resource Strategies – Partially Redacted |
| 00004299 | Human Resource Process & Tasks | **GRANT –** Trade Secret – Confidential Human Resource Strategies – Fully Redacted |
| 00022538-00022549 | Email string last dated June 19, 2015 regarding Notes from another great C+E WLC Dinner Series dinner | **GRANT -** Non-Party Identifying Information – Partially Redacted Unrelated Product Development Discussion |
| 00065921 | Independent Analysis of Microsoft's Technology & Strategy -Corporate Organization Chart with names | **GRANT -** Non-Party Identifying Information – Trade Secret – Confidential Human Resource Strategies – Fully Redacted |
| 00123431-00123433 | Email string last dated August 9, 2012 regarding FINAL . . . 5 PPComms | **GRANT -** Non-Party Identifying Information – Trade Secret – Confidential Human Resource Strategies Both sealed version and public version are Partially Redacted |
| 00238536-00238542 | Diversity and Inclusion at Microsoft Goals redacted | **GRANT –** Trade Secret – Confidential Human Resource Strategies – Partially Redacted |
| 00306526-00306530 | Hiring & Attrition Slides and FY13 Diversity & Inclusion Execution Plan | **GRANT –** Trade Secret – Confidential Human |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 44

| | | Resource Strategies – Fully Redacted |
|---|---|---|
| 00677331 | PowerPoint Presentation produced in native titled Insight Diagnostic for Senior Level and Mid-Level Women dated June 11, 2015 | **GRANT -** Trade Secret – Confidential Human Resource Strategies – Fully redacted |
| 00822237-00822333 | Executive Retreat Slides – Diversity & Inclusion at Microsoft – Overview of D&I Challenges & Opportunities for Microsoft; D&I Investments and Initiatives | **GRANT** – Trade Secret – Confidential Human Resource Strategies – Fully redacted |
| 00835957-00835964 | Slides titled "D&I Path Forward: A Proposal for Strategic Transformation | **GRANT -** Trade Secret – Confidential Human Resource Strategies – Fully redacted except Title |
| P007578 | Correspondence to Moussouris from EEOC | **GRANT –** Trade Secret – Confidential Human Resource Strategies – Partially Redacted Salary information |

There are many redactions in the exhibits to the Parris Declaration that are redacted in both the public version and the sealed version. For example, MSFT_MOUSSOURIS_00029679 and MSFT_MOUSSOURIS_00029690 are redacted in both versions. As Microsoft is not asking the Court to rely on information that it has redacted from both the public and judicial view, there is no compelling reason analysis required. Redactions in both the public record and the sealed judicial record do not implicate the public's right of access to judicial records. *See* Microsoft Mot. to Seal at 1, n.1.

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 45

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

**Excerpts from Deposition of Katie Moussouris**
**(Dkt. ## 287-3 (redacted); 288-5 (sealed))**

Before filing excerpts from the Deposition of Katie Moussouris on the public record,

Microsoft contacted Plaintiffs' counsel and provided them with a copy of the documents it

intended to file in opposition to the motion to certify class. Damrell Decl., ¶ 3. In response,

Plaintiffs provided a list of deposition excerpts that should be filed under seal. *Id.* Pursuant to

LCR 5(g)(3)(B), Microsoft filed the depositions in redacted form but did not provide the

justification for sealing leaving that task to Plaintiffs as the proponents of sealing this

information. Plaintiffs failed to provide an explanation for sealing this information.

Accordingly, because neither party offered an articulable justification for sealing the excerpts,

the special master recommends that the entire Exhibit 9 to the Parris Declaration be unsealed.

*See Kamakana*, at 1178–79.

**Excerpts from the Second Declaration of Shinder Dhillon**
**(Dkt. ## 296 (redacted); 297 (sealed))**
**Exhibit C, E, F, H, I, J, and K to Dhillon Declaration**

| Excerpt/Exhibit | Description | Recommendation |
|---|---|---|
| Declaration 5:8-9 | Statement as to why high-level employees were leaving Microsoft | **DENY -** Not Trade Secret |
| Declaration 6:13-14 | Description of specific diversity initiatives for particular groups within Microsoft | **GRANT –** Trade Secret – Confidential Diversity Initiatives |
| Exhibit C | Collective guidance for facilitators using Microsoft's Inclusive Dialogues Toolkit | **GRANT –** Trade Secret – Confidential Diversity Initiatives – Fully Redacted |
| Exhibit E | PowerPoint presentation explaining the Microsoft's Maturity Model Framework tool assessment results | **GRANT –** Trade Secret – Confidential Diversity Initiatives – Fully Redacted |

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| Exhibit F | PowerPoint presentation explaining Microsoft's Infusing D&I program tool | **GRANT –** Trade Secret – Confidential Diversity Initiatives – Partially Redacted |
|---|---|---|
| Exhibit H | Engineering 5-Point Plan – Key Execution Slides for 3 Year GD&I Plan | **GRANT –** Trade Secret – Confidential Diversity Initiatives – Fully Redacted |
| Exhibit I | SLT D&I Core Priorities plan for ASG | **GRANT –** Trade Secret – Confidential Diversity Initiatives – Partially Redacted |
| Exhibit J | C&E Guidance | **GRANT –** Trade Secret – Confidential Diversity Initiatives – Partially Redacted |
| Exhibit K | Q&A regarding D&I Basics; The Business Case for Diversity; Cultural Awareness; Hiring; Leadership; Legal; Data; and Cost | **GRANT –** Trade Secret – Confidential Diversity Initiatives – Fully Redacted |

**Declaration of Chris Helf**
**(Dkt. ## 300 (redacted); 301 (sealed))**

| Excerpt- | Description | Recommendation |
|---|---|---|
| Declaration 14:17-18 | Statement regarding the percentage target for top rewards | **GRANT –** Trade Secret – Confidential Human Resource Strategies |

**Exhibit P to the Jantz Declaration**
**(Dkt. ## 304 (redacted); 305 (sealed))**

| Exhibit | Description | Recommendation |
|---|---|---|
| Exhibit P | PowerPoint presentation entitled Project Inoculate II details Microsoft's campaign to retain highly sought-after engineering employees | **GRANT –** Trade Secret – Confidential Human Resource Strategies – Fully Redacted |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 47

1
2

**Exhibit B to the Whittinghill Declaration**
**(Dkt. ## 320 (redacted); 321 (sealed))**

3
4
5
6

| Exhibit | Description | Recommendation |
|---|---|---|
| Exhibit B | Data for employees in the United States in Engineering and IT Operations Professions in roles at Stock Levels 59-67 for years 2013-2016 | **DENY** - Not Trade Secret – Data is not a Confidential Human Resource Strategies |

7

This exhibit is a detailed chart of employees and provides the following information: Standard

8

Title, Career Stage, Stock Level, Org Exec. Summary, Org Exec, Org Exec Detail And

9

Function Exec Summary. Whittinghill Declaration, Ex. B. Microsoft argues that this exhibit

10

"describe[s] processes developed by and for Microsoft management to further its ability to

11

meet strategic objectives and advance its competitive interests." Microsoft's Mot. to Seal at 4.

12

The special master is not convinced that the raw, underlying data constitutes confidential

13

human resources strategies. Accordingly, the special master recommends that Exhibit B be

14
15

unsealed.

16
17

**Declaration of Rukmini Iyer**
**(Dkt. ## 302 (redacted); 303 (sealed))**

18

| Excerpt- | Description | Recommendation |
|---|---|---|
| Declaration 3:27-4:2. | *See* Section E(a)(iii) above | **GRANT -** Non-Party Identifying Information |

19
20

21

**Expert Report of Dr. Ali Saad Ph.D.**
**(Dkt. ## 290 (sealed); 289 (redacted); Errata 336 (sealed); 337 (redacted)**

22
23

| Paragraph- | Description | Recommendation |
|---|---|---|
| Report at ¶ 7 | Microsoft seeks to redact the proportion of promotions that take place during the annual review cycle | **DENY** Not Trade Secret – This fraction alone does not identify a human resources strategy and Microsoft does not otherwise articulate why |

24
25
26
27

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 48

| | | this is a trade secret |
|---|---|---|
| Report at ¶¶ 8, 14, 19, 26, 27, table at 28, 43, 50 | Microsoft redacted compensation numbers for a group of employees and total compensation | **GRANT** – Trade Secret – Confidential Human Resource Strategies |
| Report at ¶¶ 52 table, 55 table, 56, 57 table, 97 table, 104 table, 167 table, 175 table, 186 table, Appendix 2 | Redacted "Employee Years" column and other mentions of this category throughout the report | **DENY** Not Trade Secret – No articulated basis for redacting the employee years variable from the entire report |
| Report at ¶¶ 14, 104 table, 118 table, 119, 120, 122 table | Microsoft seeks to redact the percentage of promotions during the annual review period versus mid-year review and other periods | **DENY** Not Trade Secret – This fraction alone does not identify a human resources strategy and Microsoft does not otherwise articulate why this is a trade secret |
| Report at ¶¶ 41, 42, including tables and footnotes | Microsoft seeks to redact compensation information of the Plaintiffs as compared to her peers | **GRANT** – Trade Secret – Confidential Human Resource Strategies |
| Report at ¶ 54 | Report discusses business strategy information as to how stock awards, reward bonuses and merit increases are calculated | **GRANT** – Trade Secret – Confidential Human Resource Strategies |
| Report at ¶ 71 | Microsoft seeks to redact its reward outcome measures for 2014-2016 as it reveals Microsoft's reward outcome measures for this period | **GRANT** – Trade Secret – Confidential Human Resource Strategies |
| Report at ¶¶ 76, 81, 81 table, 82 table | Microsoft seeks to redact reward outcome various and review ratings range and how they correlate to Annual bonus Stock awards and merit increases as well as the number of female employees to male employees in the table at ¶ 82 | **GRANT IN PART**– Trade Secret – Confidential Human Resource Strategies as it relates to the reward outcome various and review ratings range and how they correlate to Annual bonus Stock awards and merit |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 49

| | | increases as well<br>The number of female verses male employees is not Trade Secret |
|---|---|---|
| Report at ¶ 92 | Microsoft seeks to redact discussions relating to the number of promotions that occur in connection with the annual fiscal year performance rating process | **DENY** – Not Trade Secret – The number of promotions that occur at the annual performance review does not identify a human resources strategy and Microsoft does not otherwise articulate why this is a trade secret |
| Report at ¶ 103 | Promotion Budget Numbers | **GRANT** – Trade Secret – Confidential Human Resource Strategies |
| Report at ¶ 109 | The report, in searching for other justifications for variable, provides examples of business developments at Microsoft that are not public knowledge | **GRANT** – Trade Secret generally |
| Report at ¶ 110, table | Microsoft seeks to redact the proportion of promotions that take place during the annual review cycle versus other times | **DENY**<br>Not Trade Secret – This information does not identify a human resources strategy and Microsoft does not otherwise articulate why this is a trade secret |
| Report at ¶ 113 | Microsoft seeks to redact detailed discussion of how managers nominate their employees for promotion within Microsoft | **GRANT** – Trade Secret – Confidential Human Resource Strategies |
| Report at ¶ 131 | Microsoft seeks to redact the average velocity for female employees and male employees | **DENY**<br>Not Trade Secret – This information does not identify a human resources strategy and Microsoft does not otherwise articulate why this is a trade secret |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 50

| Report at ¶¶ 138, 143 and table, 146 table, 152 and table, 153, 157 table, 158 table, 159 table, 189, 193 and table,194 table, 201, 202 and 209 Appendix 1 & 2 table 8 | These redactions represent Microsoft's compensation structures, including salaries for specific positions and total compensation numbers | **GRANT –** Trade Secret – Confidential Human Resource Strategies |
|---|---|---|
| Report at ¶ 144 and table | Report summarizes employee educational data – including advanced degrees etc. | **GRANT –** Trade Secret – Confidential Human Resource Strategies |
| Report at ¶ 167 | Microsoft seeks to redact the number of data points used in the analysis | **DENY** Not Trade Secret – This information does not identify a human resources strategy and Microsoft does not otherwise articulate why this is a trade secret |
| Report at ¶ 176 | Microsoft seeks to redact the number of observations used in the analysis | **DENY** Not Trade Secret – This information does not identify a human resources strategy and Microsoft does not otherwise articulate why this is a trade secret |

## IV.    CONCLUSION

With respect to Plaintiffs' motion to seal (dkt. # 227), the special master recommends that the

Court order as follows:

1. Microsoft file a revised Exhibit A to the First Shaver Declaration (dkt. # 233) consistent with recommendations in Section F above;

2. The Clerk partially unseal Exhibit C to the First Shaver Declaration by unsealing the version of Exhibit C that is attached to the Second Shaver Declaration as Exhibit D (dkt. # 279-3) as discussed in Section E(ii) above;

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 51

3. The Clerk unseal Exhibits D (dkt. # 229-4), E (dkt. #229-5), and G (dkt. # 229-7) to the First Shaver Declaration as discussed in Section D above;

4. Microsoft file a revised version of the Excerpts from the Deposition of John Ritchie (dkt. # 273-10) consistent with recommendations in Section F above;

5. Microsoft file a revised version of the Excerpts from the Deposition of Melinda De Lanoy (dkt. # 273-11) consistent with recommendations in Section F above;

6. Microsoft file a revised Expert Report of Dr. Henry S. Farber's Errata (dkt. # 332) consistent with recommendations in Section F above; and

7. Microsoft file a revised Expert Report of Dr. Ann Marie Ryan (dkt. # 273-13) consistent with recommendations in Section F above.

With respect to Microsoft's motions to seal (dkt. ## 333; 227), the special master recommends that the Court order as follows:

1. No revisions recommended to Exhibit 1 to the Parris Declaration (dkt. # 288-1, 2, 3) consistent with recommendations in Section G above;

2. The Clerk unseal Exhibit 9 (excerpts from the Deposition of Katie Moussouris) (dkt. # 288-5) consistent with recommendations in Section G above;

3. Microsoft file a revised Dhillon Declaration (dkt. # 296) consistent with recommendations in Section G above;

4. No revisions recommended to Exhibits C, E, F, H, I, J, and K of the Second Dhillon Declaration (dkt. # 296-1, 2) consistent with recommendations in Section G above;

5. No revisions recommended to the Helf Declaration (dkt. # 300) consistent with recommendations in Section G above;

6. No revisions recommended to Exhibit P to the Jantz Declaration (dkt. # 304) consistent with recommendations in Section G above;

7. Microsoft file a revised Exhibit B to the Whittinghill Declaration (dkt. # 320) consistent with recommendations in Section G above;

8. No revisions recommended to Iyer Declaration (dkt. # 302) consistent with recommendations in Section G above; and

9. Microsoft file a revised Expert Report of Dr. Ali Saad Ph.D. Errata (dkt. # 337) consistent with recommendations in Section G above.

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

1

2

       Objections to this Report and Recommendation, if any, should be filed with the clerk

and served upon all parties to this suit by no later than February 26, 2018. Failure to file

3

objections within the specified time may affect the parties' right to appeal. Objections should

4

be noted for consideration on the Court's motion calendar for the second Friday after they are

5

6

filed. Responses and replies to objections may be filed in accordance with LCR 7(d)(2). If no

7

timely objections are filed, the matter will be ready for consideration by the Court on February

8

27, 2018.

9

       The special master further recommends that the Court order the parties to file revised

10

redacted version of the motion to certify class (dkt. # 232) and Microsoft's opposition (dkt. #

11

285) within 10 days of the final order of the Court on the motions to seal.

12

13

       DATED this 16th of February, 2018

14

                 MICHELLE PETERSON LAW, PLLC

15

16

             By  _____

17

                 Michelle Peterson, WSBA No. 33598
                 Special Master

18

19

20

21

22

23

24

25

26

27

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 53