THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHERINE MOUSSOURIS, HOLLY MUENCHOW, and DANA PIERMARINI, on behalf of themselves and a class of those similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Case No.  2:15-cv-01483-JLR<br><br>**RESPONSE TO MOTION TO SEAL**<br><br>NOTE ON MOTION CALENDAR:<br>MARCH 23, 2018 |

RESPONSE TO MOTION TO SEAL
Case No.  2:15-cv-01483-JLR

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

Below Plaintiffs briefly respond to Microsoft's Motion to Seal with respect to its Motion for Summary Judgment, filed on March 15, 2018, at Dkt. 398.

### *Areas of Agreement*

Since Microsoft filed its Motion to Seal, the Parties have met and conferred and reached agreement on two areas of previous disagreement:

First, with respect to page 16, lines 4 to 25, of Plaintiff Katherine Moussouris's deposition, Plaintiffs have agreed to unseal this content in its entirety with the exception of the names of two prospective employers at line 4.  Microsoft has indicated it does not oppose sealing at line 4.  "[C]ompelling reasons" exist to seal the names of these prospective employers because this is "business information that might harm [Ms. Moussouris]'s competitive standing" in the field of cybersecurity.  R&R, Dkt. 351, at 22.  A replacement for the redacted version of the excerpts from Ms. Moussouris's deposition transcript is attached herewith as Exhibit 1.

Second, the Parties have agreed that the name of Judy Mims, a member of Microsoft's Employee Relations Investigation Team ("ERIT"), appearing in Ms. Moussouris's interrogatory responses may be filed publicly.  Ms. Mims's identity has already been disclosed in the report of Ms. Rhoma Young, and Ms. Young relies on the statements of Ms. Mims to render findings about the quality of ERIT.  *See* Dkt. 394 at ¶ 4, pp. 25-26, 44.  A replacement for the redacted version of Ms. Moussouris's interrogatory responses is attached herewith as Exhibit 2.

Apart from the area of disagreement described below, the Parties are otherwise in agreement with respect to Microsoft's Motion to Seal.

### *Area of Disagreement*

Plaintiffs do not believe "compelling reasons" exist to support the breadth of sealing Microsoft has sought for the Named Plaintiffs' interrogatory responses, filed at Dkts. 402-14, 402-15, 402-16.  Microsoft's sole argument in support of sealing is the protection of "identifying information of non-parties."  Mot. to Seal, Dkt. 398, at 2.  Plaintiffs are mindful of the Special Master's guidance regarding the redactions of names and limited additional identifying

RESPONSE TO MOTION TO SEAL
Case No.  2:15-cv-01483-JLR

1

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1  information to protect the privacy of third parties within documents Microsoft produced in
2  discovery and that Plaintiffs cited in support of their Motion for Class Certification.  In fact,
3  Plaintiffs do not contest the sealing of any third-party names (other than Ms. Mims, as stipulated
4  by Microsoft, above).  Plaintiffs do object to the sealing of certain third-party, generic job titles
5  (*e.g.*, that the third party is, for example, a manager of Plaintiffs) or other descriptions wholly
6  unrelated to a third-party name or job title.

7  All of the material in dispute is contained in Plaintiffs' interrogatory responses.  Plaintiffs
8  submit that this makes this dispute fundamentally different from the previous issue, where names
9  and/or job titles were merely listed in company documents.  By contrast, the interrogatory
10 responses are sworn testimony by the *parties*—that is, the Named Plaintiffs themselves.  They
11 contain the Named Plaintiffs' own observations and impressions.   For this reason, Plaintiffs
12 believe that sealing should be more carefully circumscribed and limited (if at all), to the names
13 of third parties, but not generic job titles, positions relative to the Named Plaintiffs, years of
14 experience, or facts surrounding allegations of discrimination that are unrelated to name or job
15 title.

16 Plaintiffs have attempted to meet and confer with Microsoft about what Plaintiffs contend
17 is the over-breadth of its redactions, inviting Microsoft to propose alternative redactions aimed at
18 non-party identities, while still allowing the Named Plaintiffs' stories to be told and understood
19 on the public docket.  Microsoft declined to do so.  In a further effort at compromise, Plaintiffs
20 hereby propose only that the following portions of the Named Plaintiffs' interrogatory responses
21 described below be further unsealed from what Microsoft filed on the public docket at Dkts. 402-
22 14, 402-15, 402-16.  Plaintiffs' complete proposed redactions are filed herewith under seal as
23 Exhibit 3.

24 ***a. Allegations About the Named Plaintiffs' Managers Already on the Public Docket***

25 A discrimination lawsuit is in its essence a public allegation of discrimination.  Thus, it is
26 axiomatic that Named Plaintiffs in a discrimination lawsuit may *publicly* allege their managers

RESPONSE TO MOTION TO SEAL
Case No.  2:15-cv-01483-JLR

2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1  have discriminated against them and other women—*i.e.*, that these managers have engaged in
2  misconduct directed by Microsoft's common, discriminatory system of employee management.
3  In fact, the Named Plaintiffs have already done so in the operative complaint and Ms.
4  Moussouris's publicly-filed EEOC charge.  Puzzlingly, Microsoft has sought to seal references
5  to such allegations, despite the fact that Plaintiffs' counsel reminded Microsoft during the
6  attempted meet and confer that such allegations are already public and pointed Microsoft to
7  specific paragraphs of the operative complaint and Ms. Moussouris's EEOC charge.  There is no
8  conceivable rationale for sealing material that is already public, and therefore Plaintiffs propose
9  unsealing the portions of the Named Plaintiffs' interrogatory responses addressing allegations
10 that are already on the public docket as shown in the chart below.

| **Publicly-Filed Document** | **Microsoft's Proposed Redaction (bolded)** | **Plaintiffs' Proposed Redaction (bolded)** |
|---|---|---|
| For example, in May 2012, Ms. Moussouris's manager told her that she had outstanding performance and had earned a rating of 2. However, after the forced ranking process, she instead received a 3.<br><br>Second Amend. Compl. ¶ 63. | For example, in ███████, ███, told her that she had outstanding performance and had earned a rating of 2. However, after the stack ranking process, Plaintiff instead received a 3.<br><br>Moussouris Interrogatory Responses, Dkt. 402-14, 9:5-7. | For example, in ███████, ███ told her that she had outstanding performance and had earned a rating of 2. However, after the stack ranking process, Plaintiff instead received a 3.<br><br>*See* Exhibit 3 attached herewith. |
| Similarly, in May 2013, Ms. Moussouris's manager again commended her performance and told her she deserved a 1. After the forced ranking process, Ms. Moussouris received a 2.<br><br>Second Amend. Compl. ¶ 64. | Similarly, in ███████ again commended her performance and told her that her performance warranted a 1. However, Plaintiff received a 2 after the stack ranking process because managers at the calibration meeting found Plaintiff's communication style too aggressive.<br><br>Moussouris Interrogatory Responses, Dkt. 402-14, 9:7-10. | Similarly, in ███████ again commended her performance and told her that her performance warranted a 1. However, Plaintiff received a 2 after the stack ranking process because managers at the calibration meeting found Plaintiff's communication style too aggressive.<br><br>*See* Exhibit 3 attached herewith. |

RESPONSE TO MOTION TO SEAL
Case No. 2:15-cv-01483-JLR

3

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

| | *Publicly-Filed Document* | *Microsoft's Proposed Redaction (bolded)* | *Plaintiffs' Proposed Redaction (bolded)* |
|---|---|---|---|
| 1,2 | | | |
| 3–12 | Starting in 2013, Ms. Moussouris's manager systematically undermined Ms. Moussouris by reducing the scope of her role, even though her high performance never changed. For example, he took away several of Ms. Moussouris's responsibilities and re-assigned them to a less-qualified and less-experienced man, two levels below Ms. Moussouris. He also began to assign Ms. Moussouris low-level tasks that he never asked men at Ms. Moussouris's level to do.<br><br>Second Amend. Compl. ¶ 71. | For example, starting in ███, ███ systematically undermined her by ███ even though her high performance never changed. For example, he ███ ███ to a less-qualified and less-experienced man two ███ ███ Plaintiff. He also began to ███ ███ low-level tasks that he never asked men at Plaintiff's level to do.<br><br>Moussouris Interrogatory Responses, Dkt. 402-14, 17:24-18:5. | "For example, starting in ███, ███ systematically undermined her by ███ even though her high performance never changed. For example, he ███ ███ to a less-qualified and less-experienced man two ███ ███ Plaintiff. He also began to ███ ███ low-level tasks that he never asked men at Plaintiff's level to do."<br><br>See Exhibit 3 attached herewith. |
| 13–19 | In or around November 2014, Ms. Piermarini asked her manager where she stood in terms of the next level promotion. He told her that she needed to take on a "big project."<br><br>Second Amend. Compl. ¶ 86. | In November 2014, Plaintiff told ███ that she believed she deserved a promotion. ███ told Plaintiff that he did not think she was ready for the promotion and that she needed to execute a high visibility project first.<br><br>Piermarini Interrogatory Responses, Dkt. 402-16, 12:24-13:1. | In November 2014, Plaintiff told ███ that she believed she deserved a promotion. ███ told Plaintiff that he did not think she was ready for the promotion and that she needed to execute a high visibility project first.<br><br>See Exhibit 3 attached herewith. |
| 20–24 | In May 2013, [redacted] put me up for promotion to Principal Security Strategist (Level 65). This promotion was denied.<br><br>EEOC Charge of Katherine Moussouris ¶ 14. | The following year, in ███ ███ put her up for promotion to Principal Security Strategist (Level 65), but the promotion was denied.<br><br>Moussouris Interrogatory Responses, Dkt. 402-14 12:10-11. | The following year, in ███ ███ put her up for promotion to Principal Security Strategist (Level 65), but the promotion was denied.<br><br>See Exhibit 3 attached herewith. |
| 25,26 | Microsoft's Legal Counsel and Affairs ("LCA") | Microsoft HR spoke with Plaintiff and investigated the | Microsoft HR spoke with Plaintiff and investigated the |

RESPONSE TO MOTION TO SEAL
Case No. 2:15-cv-01483-JLR

4

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

| | Publicly-Filed Document | Microsoft's Proposed Redaction (bolded) | Plaintiffs' Proposed Redaction (bolded) |
|---|---|---|---|
| | department investigated and concluded that he in fact had been sexually harassing female employees. Microsoft transferred [redacted] to a different part of the Trustworthy Computing Security Group and took away some of his managerial privileges. However, before he was transferred, he penalized me with a low bonus. I complained about retaliation, but the company allowed this unfair decision to stand. Since that time, [redacted] has had his managerial privileges reinstated and has been promoted to Senior Director.<br><br>EEOC Charge of Katherine Moussouris ¶ 19. | allegations, concluding that ■■■ had in fact been sexually harassing female employees. Yet Microsoft's response was to re-assign ■■■ to another ■■■, while retaining his level and opportunities for advancement. Before he was transferred, however, ■■■ retaliated against Plaintiff by assigning her a low bonus. Plaintiff complained about retaliation but Microsoft took no action. Since that time, ■■■ have been reinstated and he has been promoted to ■■■ Director.<br><br>Moussouris Interrogatory Responses, Dkt. 402-14, 14:10-11. | allegations, concluding that ■■■ had in fact been sexually harassing female employees. Yet Microsoft's response was to re-assign ■■■ another the ■■■ while retaining his level and opportunities for advancement. Before he was transferred, however, ■■■ retaliated against Plaintiff by assigning her a low bonus. Plaintiff complained about retaliation but Microsoft took no action. Since that time, ■■■ have been reinstated and he has been promoted to ■■■ Director.<br><br>See Exhibit 3 attached herewith. |
| | On January 28, 2014, I complained to Human Resources that [redacted] was unfairly reducing the scope of my responsibilities and sending intimidating and accusatory email messages. Microsoft has not taken any corrective actions.<br><br>EEOC Charge of Katherine Moussouris ¶ 20. | In January 2014, Plaintiff complained about this unfair treatment to ■■■, but Microsoft did nothing to stop ■■■ behavior.<br><br>Moussouris Interrogatory Responses, Dkt. 402-14 18:3-5. | In January 2014, Plaintiff complained about this unfair treatment to ■■■ but Microsoft did nothing to stop ■■■ behavior.<br><br>See Exhibit 3 attached herewith. |

### b. Allegations About the Named Plaintiffs' Managers Not Yet On Public Docket

Ultimately, for the reasons stated above, it is not appropriate to seal allegations of discrimination on the part of the Named Plaintiffs' managers, regardless of whether these allegations already appear on the public docket. Allegations of manager discrimination patterned

RESPONSE TO MOTION TO SEAL
Case No. 2:15-cv-01483-JLR

5

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

1  on a company-wide system of gender bias are quintessential to an employment discrimination
2  case, and there are not compelling reasons to seal non-identifying details of these allegations.
3  Below Plaintiffs provide representative examples of allegations of manager conduct that
4  Plaintiffs seek to unseal, still without revealing the identity of these managers.

| Microsoft's Proposed Redaction (bolded) | Plaintiffs' Proposed Redaction (bolded) |
|---|---|
| ▮▮▮▮ has made multiple demeaning comments about various women in ▮▮▮▮. For instance, on various occasions in early ▮▮▮▮ called his ▮▮▮▮, an ▮▮▮▮ in front of Plaintiff and several other members of ▮▮▮▮ in an attempt to undermine her as a professional and leader. His comments were made in reference to ▮▮▮▮ cheerful demeanor and the fact that she sometimes brought ▮▮▮▮ and other ▮▮▮▮ to meetings to share with the group. In Plaintiff's view, his comment was intended to suggest that ▮▮▮▮ was all ▮▮▮▮ [] was good for. In addition to making demeaning comments about ▮▮▮▮, Plaintiff understands that ▮▮▮▮ was frequently uncooperative and, at times, insubordinate to ▮▮▮▮ when ▮▮▮▮ was ▮▮▮▮ in approximately ▮▮▮▮. See Piermarini Interrogatory Responses, Dkt. 402-16, 10:6-15. | ▮▮▮▮ has made multiple demeaning comments about various women in ▮▮▮▮. For instance, on various occasions in early ▮▮▮▮ called his t▮▮▮▮, an ▮▮▮▮ in front of Plaintiff and several other members of ▮▮▮▮ in an attempt to undermine her as a professional and leader. His comments were made in reference to ▮▮▮▮ cheerful demeanor and the fact that she sometimes brought ▮▮▮▮ and other ▮▮▮▮ to meetings to share with the group. In Plaintiff's view, his comment was intended to suggest that ▮▮▮▮ was all ▮▮▮▮ [] was good for. In addition to making demeaning comments about ▮▮▮▮, Plaintiff understands that ▮▮▮▮ was frequently uncooperative and, at times, insubordinate to ▮▮▮▮ when ▮. ▮▮▮▮ was ▮n approximately ▮▮▮▮. See Exhibit 3 attached herewith. |
| In Plaintiff's ▮▮▮▮ states that her "[c]ommunication style can be too direct at times." See Muenchow Interrogatory Responses, Dkt. 402-15, 6:16-17. | In Plaintiff's ▮▮▮▮, states that her "[c]ommunication style can be too direct at times." See Exhibit 3 attached herewith. |
| ▮▮▮▮ asked her to be a "cheerleader" to | ▮▮▮▮ asked her to be a "cheerleader" to |

RESPONSE TO MOTION TO SEAL
Case No. 2:15-cv-01483-JLR
6
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

| Microsoft's Proposed Redaction (bolded) | Plaintiffs' Proposed Redaction (bolded) |
|---|---|
| encourage other teams to meet quality criteria for Visual Studio software. Plaintiff has never heard a man instructed to be a "cheerleader" at Microsoft.<br><br>See Muenchow Interrogatory Responses, Dkt. 402-15, 19:18-20. | encourage other teams to meet quality criteria for Visual Studio software. Plaintiff has never heard a man instructed to be a "cheerleader" at Microsoft.<br><br>See Exhibit 3 attached herewith. |
| On several occasions, ▮▮▮▮ has ▮▮▮▮ plaintiff for getting overly "emotional" when she has tried to address her concerns about his unfair treatment of her, in a manner that Plaintiff believes is demeaning and gender-based.<br><br>See Piermarini Interrogatory Responses, Dkt. 402-16, 11:8-10. | On several occasions, ▮▮▮▮ has ▮▮▮▮ plaintiff for getting overly "emotional" when she has tried to address her concerns about his unfair treatment of her, in a manner that Plaintiff believes is demeaning and gender-based.<br><br>See Exhibit 3 attached herewith. |

### c. Descriptions of Discrimination Against Other Women

The Named Plaintiffs have offered sworn testimony about a pervasive culture of discrimination at Microsoft in part through their recounting of episodes of discrimination against others that they have observed. There are compelling reasons to protect the privacy of other women who have suffered discrimination at Microsoft, and Plaintiffs agree that the names of these women and certain projects on which the women work should be kept under seal so as not to reveal their identifies. Microsoft, however, has sought to seal much more, including generic job titles and, in some cases, the nature of harassing conduct and Microsoft's failure to adequately address it. Below Plaintiffs provide representative examples of allegations of discrimination against other women that Plaintiffs seek to unseal, still without revealing the identity of these women or the men accused of misconduct. Plaintiffs do not seek to unseal complex group or job titles that may be more likely to reveal an individual's identity.

| Microsoft's Proposed Redaction (bolded) | Plaintiffs' Proposed Redaction (bolded) |
|---|---|
| Additionally, Plaintiff learned in approximately 2005 of a serious incident of | Additionally, Plaintiff learned in approximately 2005 of a serious incident of |

RESPONSE TO MOTION TO SEAL  
Case No. 2:15-cv-01483-JLR  
7  
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP  
275 Battery Street, 29th Floor  
San Francisco, CA 94111-3339  
Tel. 415.956.1000 • Fax 415.956.1008

| Microsoft's Proposed Redaction (bolded) | Plaintiffs' Proposed Redaction (bolded) |
|---|---|
| sexual harassment affecting ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, asked her out on a date, making her uncomfortable, and she reported the incident to human resources. ▓▓▓ had to ▓▓▓▓ to get away from the situation. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, then treated her differently and spread rumors that she was "difficult to work with."<br><br>See Muenchow Interrogatory Responses, Dkt. 402-15, 7:18-23. | sexual harassment affecting ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, asked her out on a date, making her uncomfortable, and she reported the incident to human resources. ▓▓▓ had to ▓▓▓▓s to get away from the situation. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, then treated her differently and spread rumors that she was "difficult to work with."<br><br>See Exhibit 3 attached herewith. |
| Plaintiff has also learned that ▓▓▓▓▓, a former ▓▓▓▓▓▓▓, made inappropriate comments and unwanted advances at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in approximately ▓▓▓▓. Some of these inappropriate comments were made in front of other Microsoft employees who reported the conduct to Human Resources. ▓▓▓ subsequently left the company.<br><br>See Piermarini Interrogatory Responses, Dkt. 402-16, 8:20-24. | Plaintiff has also learned that ▓▓▓▓▓, a former ▓▓▓▓▓▓▓, made inappropriate comments and unwanted advances at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, in approximately ▓▓▓▓. Some of these inappropriate comments were made in front of other Microsoft employees who reported the conduct to Human Resources. ▓▓▓ subsequently left the company.<br><br>See Exhibit 3 attached herewith. |

### d. Comparisons to Men Microsoft Has Treated More Favorably

The Named Plaintiffs allege claims of disparate treatment—*i.e.*, intentional discrimination. At the core of their disparate treatment claims is the allegation that Microsoft, via a company-wide system of gender bias, has treated similarly situated men more favorably than the Named Plaintiffs. Despite the clear importance of comparisons between the outcomes of men and women to the claims at issue in this lawsuit, Microsoft has sought to seal a multitude of facts in the Named Plaintiffs' interrogatory responses that do not identify these comparison men but instead make clear the appropriateness and persuasiveness of the comparisons

RESPONSE TO MOTION TO SEAL
Case No. 2:15-cv-01483-JLR
8
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

themselves. These facts include generic job titles, the years of promotions, relative job experience, and the nature of the comparator men's work vis-à-vis the Named Plaintiffs' work. In a lawsuit alleging disparate treatment on the basis of gender, there are no compelling reasons to keep facts under seal that illustrate disparate treatment. Below Plaintiffs provide representative examples of comparisons between the Named Plaintiffs and male Microsoft employees that Plaintiffs seek to unseal, still without revealing the identity of these male employees. Again, Plaintiffs do not seek to unseal complex group or job titles that may be more likely to identify an individual Microsoft employee.

| *Microsoft's Proposed Redaction (bolded)* | *Plaintiffs' Proposed Redaction (bolded)* |
|---|---|
| The following men started at approximately the same time as Plaintiff did in ▮▮▮ at Microsoft in similar roles and have been promoted to the title of Principal while Plaintiff has not, despite similar or better performance: ▮▮▮ started more than ▮▮▮ Plaintiff and eventually became a Principal (Level 65) at Microsoft; ▮▮▮ joined the ▮▮▮ Plaintiff and became a Principal (level 65) in or around ▮▮▮; ▮▮▮ started employment with Microsoft ▮▮▮ Plaintiff, and he was promoted to Principal in or around ▮▮▮ and ▮▮▮ joined Microsoft in ▮▮▮ and has been promoted to a Principal (level 65).<br><br>See Moussouris Interrogatory Responses, Dkt. 402-14, 20:17-25. | The following men started at approximately the same time as Plaintiff did in ▮▮▮ at Microsoft in similar roles and have been promoted to the title of Principal while Plaintiff has not, despite similar or better performance: ▮▮▮ started more than ▮▮▮ Plaintiff and eventually became a Principal (Level 65) at Microsoft; ▮▮▮ joined the ▮▮▮ Plaintiff and became a Principal (level 65) in or around ▮▮▮; ▮▮▮ started employment with Microsoft ▮▮▮ Plaintiff, and he was promoted to Principal in or around ▮▮▮ and ▮▮▮ joined Microsoft in ▮▮▮ and has been promoted to a Principal (level 65).<br><br>See Exhibit 3 attached herewith. |
| Plaintiff observed that ▮▮▮ rose through the ranks much faster than her despite performing work of the same or similar scope. He started working at Microsoft directly out of college in ▮▮▮ Plaintiff—and was | Plaintiff observed that ▮▮▮ rose through the ranks much faster than her despite performing work of the same or similar scope. He started working at Microsoft directly out of college in ▮▮▮ Plaintiff—and was |

RESPONSE TO MOTION TO SEAL
Case No. 2:15-cv-01483-JLR

9

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

| Microsoft's Proposed Redaction (bolded) | Plaintiffs' Proposed Redaction (bolded) |
|---|---|
| promoted to ▇▇▇▇▇▇▇ after less than one year of work; it took Plaintiff three years to achieve this promotion. He is currently a ▇▇▇▇▇▇▇. Nevertheless, Plaintiff and ▇▇▇ perform work of similar quality. In fact, in ▇▇ Plaintiff and ▇▇▇ had been responsible for the same scope of work (coordinating multiple teams' testing and validation for monthly ▇▇▇ to ensure they did not break ▇▇▇), while Plaintiff believes ▇▇▇ was paid more than Plaintiff.<br><br>See Muenchow Interrogatory Responses, Dkt. 402-15, 16:15-25. | promoted to ▇▇▇▇▇▇▇ after less than one year of work; it took Plaintiff three years to achieve this promotion. He is currently a ▇▇▇▇▇▇▇. Nevertheless, Plaintiff and ▇▇▇ perform work of similar quality. In fact, in ▇▇ Plaintiff and ▇▇▇ had been responsible for the same scope of work (coordinating multiple teams' testing and validation for monthly ▇▇▇ to ensure they did not break ▇▇▇), while Plaintiff believes ▇▇▇ was paid more than Plaintiff.<br><br>See Exhibit 3 attached herewith. |
| Plaintiff also has observed that ▇▇▇ rose through the ranks much faster than she did despite having a shorter tenure with the company and fewer years of relevant experience. Mr. ▇▇▇ started working for Microsoft in approximately ▇▇ as a ▇▇▇ – approximately ▇▇ years after Plaintiff started working for the company. In approximately ▇▇ ▇▇▇ became a ▇▇▇ ▇▇▇ was promoted to Level 65, despite having only ▇▇ of experience as a ▇▇▇ and only ▇▇ of tenure with the company.<br><br>See Piermarini Interrogatory Responses, Dkt. 402-16, 15:23-16:5. | Plaintiff also has observed that ▇▇▇ rose through the ranks much faster than she did despite having a shorter tenure with the company and fewer years of relevant experience. Mr. ▇▇▇ started working for Microsoft in approximately ▇▇ as a ▇▇▇ – approximately ▇▇ years after Plaintiff started working for the company. In approximately ▇▇ ▇▇▇ became a ▇▇▇ ▇▇▇ was promoted to Level 65, despite having only ▇▇ of experience as a ▇▇▇ and only ▇▇ of tenure with the company.<br><br>See Exhibit 3 attached herewith. |

RESPONSE TO MOTION TO SEAL
Case No. 2:15-cv-01483-JLR

10

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

*Conclusion*

For the stated reasons, Plaintiffs respectfully request that the Special Master recommend that Microsoft's Motion to Seal be granted in part and denied in part in accordance with Plaintiffs' proposed redactions of the Named Plaintiffs' interrogatory responses as filed herewith in Exhibit 3.

Dated: March 21, 2018

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

By:   */s Sharon M. Lee*
Sharon M. Lee (Wash. Bar No. 37170)
2101 Fourth Avenue, Suite 1900
Seattle, WA  98121
Telephone: (206) 739-9059
Facsimile:  (415) 956-1008
E-Mail: slee@lchb.com

Kelly M. Dermody (admitted *pro hac vice*)
Anne B. Shaver (admitted *pro hac vice*)
Michael Levin-Gesundheit (admitted *pro hac vice*)
Tiseme Zegeye (admitted *pro hac vice*)
Michelle Lamy (admitted *pro hac vice*)
**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone: (415) 956-1000
Facsimile:  (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: ashaver@lchb.com
E-Mail: mlevin@lchb.com
E-Mail: tzegeye@lchb.com
E-Mail: mlamy@lchb.com

RESPONSE TO MOTION TO SEAL
Case No.  2:15-cv-01483-JLR

11

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel. 415.956.1000 • Fax 415.956.1008

| | |
|---|---|
| 1 | Rachel J. Geman (admitted *pro hac vice*) |
| 2 | **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP** |
| 3 | 250 Hudson Street, 8th Floor<br>New York, NY 10013-1413 |
| 4 | Telephone: (202) 355-9500<br>Facsimile: (202) 355-9592 |
| 5 | E-Mail: rgeman@lchb.com |
| 6 | Adam T. Klein (admitted pro hac vice) |
| 7 | Ossai Miazad (admitted pro hac vice)<br>**OUTTEN & GOLDEN LLP** |
| 8 | 3 Park Avenue, 29th Floor<br>New York, NY 10016 |
| 9 | Telephone: (212) 245-1000<br>Facsimile: (212) 977-4005 |
| 10 | E-Mail: ATK@outtengolden.com<br>E-Mail: OM@outtengolden.com |
| 11 | |
| 12 | Pamela Disney (admitted *pro hac vice*)<br>**OUTTEN & GOLDEN LLP** |
| 13 | 601 Massachusetts Avenue, N.W.<br>Second Floor, West Suite |
| 14 | Washington, DC 20001<br>Telephone: (202) 847-4400 |
| 15 | E-Mail: pdisney@outtengolden.com |
| 16 | Michael Subit (Wash. Bar No. 29189)<br>**FRANK FREED SUBIT & THOMAS LLP** |
| 17 | 705 Second Avenue, Suite 1200<br>Seattle, WA 98104 |
| 18 | Telephone: (206) 682-6711<br>Facsimile: (206) 682-0401 |
| 19 | E-Mail: msubit@frankfreed.com |
| 20 | *Attorneys for Plaintiffs and the proposed Class* |

1528365.2

RESPONSE TO MOTION TO SEAL
Case No. 2:15-cv-01483-JLR
12
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel. 415.956.1000 • Fax 415.956.1008