THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| KATHERINE MOUSSOURIS, HOLLY MUENCHOW, and DANA PIERMARINI, on behalf of themselves and a class of those similarly situated, | ) ) ) ) ) | Case No. 15-cv-1483 JLR **REPORT AND RECOMMENDATION ON MOTIONS TO SEAL** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| MICROSOFT CORPORATION, | ) ) | |
| Defendant. | ) ) | |

## I.    INTRODUCTION

This matter is before the special master on various motions to seal filed by Plaintiffs Katherine Moussouris, Holly Muenchow, and Dana Piermarini (collectively, "Plaintiffs") and Defendant Microsoft Corporation ("Microsoft"). *See* Dkt. ## 366, 375, 393, 414, 421 and 435. On March 19, 2018 and April 3, 2018, the Court requested the assistance of the special master with respect to the motions to seal. *See* Dkt. ## 423 and 449. Having received no objections by March 21, 2018 and April 6, 2018, respectively, the special master provides this Report and Recommendation on Motions to Seal for the Court's consideration.

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 1

The categories of materials that the parties seek to file under seal in these motions were the subject of the special master's previous Report and Recommendation on Motions to Seal (dkt. # 351) and the Court's Order Adopting Report and Recommendation (dkt. # 369) (collectively "R&R I"). Where appropriate the parties have cross-referenced the recommendations made in R&R I to support their arguments regarding sealing. Accordingly, the special master will do the same when providing recommendations to the Court on the instant motions to seal.

## II.    ANALYSIS

As explained in R&R I, the appropriate standard for the class certification motion is the higher compelling reason standard. This standard would likewise apply to the summary judgment motion filed by Microsoft on March 15, 2018 and the documents filed in support and in opposition to that motion (dkt. ## 400 (redacted) and 403 (sealed)). The parties, however, do not explain whether the confidential and highly confidential materials filed in support and in opposition to the various motions to exclude expert opinions should also be analyzed under the compelling reason standard. *See* Dkt. ## 362, 364, 367 (sealed), and 368 (redacted). Although motions to exclude expert opinions are likely only tangentially related to the merits of the underlying case and thus would require only a "good cause" analysis for sealing, the parties do not argue this point. It is likely that the parties did not argue the lower standard on the motions to exclude because there is overlap in these filings with the filings relating to the motions for class certification and summary judgment. Accordingly, the Court should apply the heightened compelling reason standard to the documents submitted in support and opposition to the motions to exclude.

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 2

Applying the compelling reason standard, the special master recommends as follows:

**A.  Plaintiffs' Motion to Seal (Dkt. # 366) Plaintiffs' Motion to Exclude Opinion of Defendant's Expert Rhoma Young (Dkt. ## 367 (sealed); 368 (redacted))**

Microsoft has designated the number of internal complaints and their resolutions as "Highly Confidential" under the parties' Stipulated Protective Order (dkt. # 48). This motion to seal was filed before the recommendations in R&R I. In R&R I, the special master recommended, and the Court adopted, that raw numbers relating to internal complaints and the resolutions of complaints be unsealed. *See* R&R I at 15 ("The special master similarly finds Microsoft's arguments regarding its need to redact the numbers and outcomes of internal investigations to fall short of the compelling reason standard."). Accordingly, the special master recommends that the motion to seal the citations to these numbers in Plaintiffs' Motion to Exclude the Report of Expert Rhoma Young (dkt. ## 367 (sealed) and 368 (redacted)) be denied and the motion be unsealed.

**B.  Microsoft's Motion to Seal (Dkt. # 375) its Opposition to Motion to Exclude Defendant's Expert Dr. Ali Saad (Dkt. ## 372 (redacted); 376 (sealed))**

Microsoft moves to seal portions of its opposition to Plaintiffs' Motion to Exclude Microsoft's Expert Dr. Ali Saad. Microsoft argues that the information contained in its opposition brief reflects confidential human resources strategy describing how Microsoft evaluates employees for compensation and promotion and disclosure of this confidential business information would cause Microsoft competitive harm. *See* Mot. at 1. Microsoft previously moved to seal confidential business information on this basis and incorporated by reference its previous arguments. *See* Dkt. ## 269 at 9-12, 283 at 4-7, and 358 at 2-4. Microsoft seeks to seal a description of a document that the Court previously held was subject to sealing. Specifically, MSFT_MOUSSOURIS_00004281-4288 which is a detailed overview of the

promotion process at Microsoft. In R&R I, the recommendation, as adopted by the Court, was to seal this document as a trade secret in that it disclosed confidential human resource strategies of Microsoft. The special master's recommendation with respect to this document remains the same. Here, Microsoft seeks to redact even a high-level summary of this document from its opposition brief. The summary at page 2:18-20 does not reveal a trade secret. *See* Dkt. ## 372 (redacted) and 376 (sealed) at 2. The summary, at a minimum, only provides the topics that are discussed during the promotion process. The summary does not appear to reveal any trade secrets in the form of confidential human resource strategies. The special master recommends that Microsoft's motion to seal its opposition (dkt. # 375) be denied and the opposition be unsealed (dkt. # 376).

## C. Microsoft's Motion to Seal (Dkt. # 393) the Corrected Expert Rhoma Young Report (Dkt. ## 394 (redacted); 395 (sealed))

On January 5, 2018, Microsoft filed the Rhoma Young's Expert Report. *See* Dkt. # 291 (listing the ERIT files by document number and not name). On February 9, 2018, Microsoft filed a corrected version of Exhibit 3 to Young's Expert Report. *See* Dkt. # 338 (listing the ERIT files by complainant name). Microsoft thereafter determined that the names of eighteen non-parties in Exhibit 3 to Young's Corrected Expert Report appeared on the public docket. Microsoft contacted the ECF help desk to request that docket number 338 be sealed in its entirety. *See* Minute Entry to Dkt. # 338 ("Modified on 2/15/2018 to administratively seal per Counsel's request as it contains confidential information. Counsel to file motion to seal.").

Microsoft moves the Court to seal the names of the eighteen non-parties identified in Exhibit 3 but publish the remainder of the Young Expert Report to the docket. *See* Dkt. # 338 at 25. Microsoft previously moved to seal the names and identifying information of nonparties and incorporates by reference its prior arguments. The special master recommends that the

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 4

Court continue to seal docket number 338 and replace it with the redacted version of the

Corrected Young Expert Report at docket number 394.

**D. Microsoft's Amended Motion to Seal (Dkt. # 414 (amending Dkt. # 398)) the Declaration of Carolyn Lee (Dkt. ## 401 (redacted); 404 (sealed)); Exhibits to the Declaration of Mark Parris (Dkt. ## 402 (redacted); 405 (sealed)); and Microsoft's Motion for Summary Judgement (Dkt. ## 403 (sealed); 418 (redacted))**

Microsoft's Amended Motion to Seal (dkt. # 414) (substituted for dkt. # 398) seeks to

seal portions of the documents submitted in support of its Motion for Summary Judgment.

Microsoft moves to seal portions of the documents because they contain either third party

identification information, Microsoft's human resource strategy as a trade secret, and one of the

named Plaintiff's job prospects or business harm. *See* Microsoft Mot. to Seal (Dkt. # 414) at 1-

2. Plaintiffs oppose Microsoft's motion to seal the names of all third parties mentioned in the

documents. Opp'n (Dkt. # 433) at 2-3. Specifically, Plaintiffs object to sealing information in

their interrogatory responses on the basis that it reveals non-party identifying information of

Plaintiffs' managers. *Id.*

The special master agrees with Plaintiffs that Microsoft takes the protection of non-

party identifying information too far. As explained in R&R I, the category of information

analyzed as "privacy interests of non-parties" was primarily based on privacy concerns of

individuals who had raised allegations that they had been discriminated against or harassed

while employed at Microsoft. R&R I at 12.[1] These individuals did not seek to place their

private information in the public sphere and therefore the special master recommended that

their names be redacted from the public record. *Id.* at 12-13. In Microsoft's Reply, it argues that

---

[1] Additional redactions were permitted to redact names of individuals involved in diversity initiatives and other roles at Microsoft. The special master reasoned that the public's interest in knowing the specific names of Microsoft employees, who were only tangentially involved in the instant suit, was outweighed by the employee's privacy rights.

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 5

the Court already ruled that this precise information should be redacted citing to R&R I at 31 (sealing portions of MSFT_MOUSSOURIS_ 00631799-00631824). *See* Microsoft's Reply (Dkt. # 429) at 2. The document relied upon by Microsoft, however, was an ER Investigations Summary Memo relating to an unrelated non-party who previously complained of discrimination or harassment at Microsoft. Here, Microsoft seeks to redact the names of individuals directly involved in Plaintiffs' claims of discrimination. As Plaintiffs point out, many names or references to these individuals are already publicly available. More importantly, the names of individuals that had more than a tangential role in Plaintiffs' employment with Microsoft and whom Plaintiffs claim discriminated against them should not be redacted. This is a discrimination lawsuit against Microsoft who acts through its employees. This Court previously ruled that the public had a right to know the identity of an alleged harasser in an employment lawsuit. *Price v. Equilon Enterprises LLC*, No. C11-1553-JCC, 2012 WL 12846100, at *1 (W.D. Wash. Nov. 20, 2012) ("[W]hile Fox is not a party to this lawsuit, his behavior as attested to in document number 3 goes directly to Plaintiffs' claim").

The non-parties' interest in not being publicly accused of discrimination is an important consideration. Under the good cause standard, the special master would recommend protecting these employees from annoyance or embarrassment by redacting their names from the public view. *But see Price*, 2012 WL 12846100 at *1 (finding even under the good cause standard that the public has an interest and right to know the identity of the non-party whose actions go directly to Plaintiff's claims). The compelling reason standard as applicable here requires a more rigorous analysis to overcome the public's right to access. Microsoft has not articulated a compelling reason for redacting the names of employees who were directly involved in Plaintiffs' employment and allegations of discrimination as managers and other decision-

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 6

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

makers. Practically speaking, it would be difficult to adjudicate a discrimination case without ever identifying the alleged discriminator. Accordingly, the special master recommends the Court find that the public's right to access outweighs the privacy interest of non-party employees who were directly involved in Plaintiffs' employment at Microsoft as managers or as human resource personnel that were involved in investigations relating to Plaintiffs. The special master therefore recommends as follows:

   i.   <u>Exhibit 1 to Parris Declaration (Dkt. ## 402 (redacted); 405 (sealed))</u>

| Bates Number Prefix: MSFT-MOUSSOURIS- | Description | Recommendation |
|---|---|---|
| 00000154 | Moussouris FYI Performance Summary – Manager's Name Redacted | **DENY** – Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 00000311 | Muenchow FYI Performance Summary – Manager's Name Redacted | **DENY** – Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 00000320 | Muenchow FYI 2013 Performance Summary – Manager's Name Redacted | **DENY** – Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 00000334 | Muenchow Annual Performance Review 2006 | **DENY** – Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 00000363 | Muenchow Annual Performance Review 2003 | **MOOT** – No redactions |
| 00000371 | Muenchow Annual Performance Review 2004 | **DENY** – Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 00000381 | Muenchow Annual Performance | **DENY** – Manager directly |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 7

| | Review 2005 | involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
|---|---|---|
| 00000435 | Dana Tucker Offer Letter August 28, 2006 | **MOOT -** Redactions in both public and sealed versions are not subject to LCR 5(g) |
| 00000497 | Piermarini FYI 2011 Performance Summary – Manager's Name Redacted | **DENY –** Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 00000862 | Microsoft's Policies | **MOOT –** No redactions |
| 00000881 | Microsoft's Policy – Elements of Performance Assessment | **MOOT –** No redactions |
| 00001984 | Microsoft's Promotion Guidelines - Managers Only | **GRANT –** Trade Secret – Confidential Human Resources Strategies |
| 00002235 | Microsoft's Promotion Criteria | **MOOT –** No redactions |
| 00002269 | HR and Manager Performance Calibration Guide | **GRANT –** Trade Secret – Confidential Human Resources Strategies |
| 00004097 | Performance and Development Philosophy | **GRANT –** Trade Secret – Confidential Human Resources Strategies |
| 00011019 | Q4 Connect - Dana | **MOOT -** Redactions in both public and sealed versions are not subject to LCR 5(g) |
| 00011027 | Q2 FY16 Connect - Dana | **MOOT -** Redactions in both public and sealed versions are not subject to LCR 5(g) |
| 00023102 | September 14, 2015 Email from Melinda De Lanoy to Dana Piermarini – allegation against manager and who to report complaints to | **DENY –** Manager and Human Resource Personnel directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| 00023269 | September 15, 2011 Email from Dana Piermarini | **MOOT -** Redactions in both public and sealed versions are not subject to LCR 5(g) |
| 00058110 | EEO and Affirmative Action Executive Summary for Senior Managers | **MOOT -** Redactions in both public and sealed versions are not subject to LCR 5(g) |
| 00842201 | 2014 Feedback Report for Moussouris | **DENY –** Manager or Colleagues directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |

| Bates Number Prefix: P | Description | Recommendation |
|---|---|---|
| 000037 | Microsoft Review History for Moussouris | **MOOT -** Redactions in both public and sealed versions are not subject to LCR 5(g) |
| 000083 | 2008 Annual Performance Review for Muenchow | **DENY –** Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 000791 | 2010 Annual Performance Review for Muenchow | **DENY –** Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 000800 | 2009 Annual Performance Review for Muenchow | **DENY –** Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 000806 | 2014 My Feedback for Muenchow | **MOOT -** Redactions in both public and sealed versions are not subject to LCR 5(g) |
| 000856 | 2007 Annual Performance Review for Muenchow | **DENY –** Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 000864 | 2012 Annual Performance Review | **DENY –** Manager directly |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 9

| | | |
|---|---|---|
| | for Muenchow | involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 000874 | 2015 My Feedback for Muenchow | **DENY** – Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 005947 | Notes | **DENY** – Manager or Colleagues directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |

    ii.    <u>Exhibit 5 Excerpts from Katie Moussouris Deposition (Dkt. ## 402-9 (redacted); 406 (sealed)); Exhibit 6 Excerpts from Holly Muenchow Deposition (Dkt. ## 402-10 (redacted); 407 (sealed)); and Exhibit 7 to Parris Declaration Excerpts from Dana Piermarini Deposition (Dkt. ## 402-11 (redacted); 408 (sealed))</u>

Plaintiffs agreed to unseal the contents of the Moussouris Deposition in its entirety except for the names of two of Moussouris's prospective employers that they argue should be redacted as revealing information that may harm Moussouris's competitive standing. *See* Moussouris Dep. (Dkt. ## 402-9 and 406) at 16:4. Plaintiffs do not address the redactions to the Muenchow or Piermarini Depositions. Microsoft does not articulate why any portion of the three depositions should be sealed other than to state generally that the excerpts contain third party identification information, Microsoft's human resource strategy as a trade secret, and one of the named Plaintiff's job prospects as business harm. Microsoft Mot. to Seal (Dkt. # 414) at 1-2. It appears that the majority of redactions that remain in the three depositions are the names of individuals at Microsoft. As discussed above, the identity of individuals that are directly related to this lawsuit and for whom the Plaintiffs allege discriminated against them is not protected information and should not be redacted. Private information about non-parties that are only tangentially related to this litigation may be redacted. Microsoft however does not

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

1    present articulable facts or argument identifying why any particular individual's identity should

2    be redacted in the deposition transcript.

3        On February 21, 2018, the parties and the special master agreed to streamline future

4    motions to seal by incorporating by reference prior arguments, recommendations, and orders of

5    the Court. This agreement was not intended to alleviate the proponent's burden of articulating

6    why a redaction meets the standard set forth in the prior R&R and Court Orders. The contrast

7    between Microsoft's evidence in support of sealing portions of Exhibits 10-12 and the lack of

8    evidence or argument for sealing Exhibits 5-8 illustrates the importance of articulating a basis

9    for sealing. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1181 (9th Cir. 2006)

10   (proponent is required to present "articulable facts" identifying the interests favoring continued

11   secrecy). For example, Microsoft's Proposed Order for the three depositions states only

12   "Excerpts from the deposition transcript of [Moussouris/Muenchow/Piermarini]" should be

13   "sealed" without any information or argument as to the basis for sealing. *See* Microsoft Prop.

14   Order (Dkt. # 414-1) at 1-2.

15       Given that the parties may have misinterpreted what streamlining the arguments was

16   intended to mean, the special master recommends that Microsoft be permitted an additional five

17   days after the Court's ruling on this report to submit a revised proposed order on redactions to

18   docket numbers 402-9 (Mousourris Dep.), 402-10 (Muenchow Dep.), and 402-11 (Piermarini

19   Dep.) before the depositions are unsealed. If Microsoft chooses to file an amended proposed

20   order and the special master is requested to issue another report and recommendation, the

21   special master recommends that the Court require Microsoft to incur the special master's fees

22   for reviewing the depositions in reference to the amended proposed order.

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 11

iii.    Exhibit 8 to Parris Declaration Excerpts from John Ritchie Deposition (Dkt. ## 402-12 (redacted); 409 (sealed))

The John Ritchie Deposition suffers from the same inadequacy of the three named Plaintiffs' depositions as discussed above. *See* Microsoft Mot. to Seal (Dkt. # 414) at 1-2. Only one page is at issue in the Ritchie Deposition and it is obvious without argument from Microsoft that the basis for sealing the excerpts on this page is that it discusses Microsoft's human resource strategies and targets for promotions and is therefore a trade secret. The special master recommends that the redactions to the Ritchie Deposition (dkt. # 402-12) be granted.

| Page: Line- | Recommendation |
|---|---|
| 477:12-16, 477:22, 477:25 | **GRANT** – Trade Secret – Confidential Human Resources Strategies |

iv.    Exhibit 10 to Parris Declaration Moussouris Interrogatory Responses (Dkt. ## 402-14 (redacted); 410 (sealed))

In contrast to Exhibits 5-8 of Declaration of Mark S. Parris ("Parris Declaration"), Microsoft does articulate why portions of Moussouris Interrogatory Responses should be sealed. Specifically, Microsoft relies on the Declaration of Jacinda Chislum in support of its motion to seal Exhibit 10 to the Parris Declaration. *See* Declaration of Jacinda Chislum in Support of Microsoft's Mot. to Seal ("Chislum Decl.") (Dkt. # 430). Chislum declares that portions of Exhibit 10 contain identifying information of third parties. The identifying information, according to Chislum, extends beyond names to include unique job titles, dates, and roles within the organization that would otherwise identify the individual. Chislum Decl. at ¶ 3. The special master compared the redactions suggested by Plaintiffs at docket number 428-3 with the redactions proposed by Microsoft at docket number 402-14 using the sealed unredacted version of the responses at docket number 410 and recommends as follows:

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| Page: Line- | Recommendation |
|---|---|
| 7:8-9 | **DENY** – Manager directly involved |
| 8:6, 8:10, 8:14-15, 8:21-22 | **DENY** – Manager directly involved. No basis for redacting the year of the performance review other than to keep secret the manager directly involved in the review |
| 9:5-6, 9:8, 9:10, 9:25-26 | **GRANT IN PART** – Grant Microsoft's version of the redaction as it relates to the experiences of another employee who allegedly suffered discrimination and is not part of this lawsuit (9:25-26). Deny as to the manager directly involved |
| 10:1-3, 10:5-6, 10:8-12, 10:14-25 | **GRANT** – Grant Microsoft's version of the redaction as it relates to the experiences of another employee who allegedly suffered discrimination and is not part of this lawsuit |
| 11:1-2, 11:5-8, 11:12-13, 11:20 | **GRANT** – Grant Microsoft's version of the redaction as it relates to the experiences of another employee who allegedly suffered discrimination and is not part of this lawsuit |
| 12:10-16, 12:20-21 | **GRANT IN PART** – Grant Microsoft's version of the redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 13:11-22, 13:25-26 | **GRANT** – Grant Microsoft's version of the redaction as it relates to the experiences of employees who allegedly suffered harassment and are not part of this lawsuit |
| 14:3, 14:5-6, 14:10-17, 14:19-21 | **GRANT IN PART** – Grant Microsoft's version of the redaction as it relates to other employees who allegedly suffered harassment and are not part of this lawsuit. Deny as to the manager directly involved in Plaintiffs' allegations |
| 15:2, 15:4, 15:13-14, 15:16, 15:20-24 | **DENY** – Manager directly involved |
| 16:7 | **GRANT** – Grant as it relates to the experiences of another employee who allegedly suffered harassment and is not part of this lawsuit |
| 17:2-4, 17:6-9, 17:24-26 17:24-18:5 | **GRANT IN PART** – Grant Microsoft's version of the redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to the manager directly involved |
| 18:1-4, 18:17 | **DENY** – Manager directly involved |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 13

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| | |
|---|---|
| 19:19, 19:25 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who allegedly suffered discrimination or are comparators and not part of this lawsuit |
| 20:7, 20:9, 20:12, 20:15, 20:18, 20:20-25 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who allegedly suffered discrimination or are comparators and not part of this lawsuit |
| 21:3-4, 21:6-8, 21:10 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who allegedly suffered discrimination or are comparators and not part of this lawsuit |
| 22:9-10 | **DENY** – Manager directly involved |
| 23:22-23 | **GRANT** – Grant Microsoft's version of the redaction as it relates to other employees' experiences. If these employees become witnesses, the identities should not be sealed |
| 24:6-7, 24:9, 24:11, 24:26 | **GRANT IN PART** – Grant Microsoft's version of the redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to the manager directly involved |
| 25:1-4, 25:6-7, 25:9-13, 25:15-26 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who allegedly suffered discrimination or are comparators and not part of this lawsuit |
| 26:2-3, 26:6-9, 26:13-14, 26:21 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who allegedly suffered discrimination or are comparators and not part of this lawsuit |
| 27:14-17 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who allegedly suffered discrimination or are comparators and not part of this lawsuit |
| 30:6, 30:9-10, 30:14, 30:16-17, 30:20 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of other employees who allegedly suffered discrimination and are not part of this lawsuit |
| 31:11, 31:19 | **GRANT IN PART** – Grant Microsoft's version of the redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to human resource employees directly involved |
| 32:15, 32:18-19 | **GRANT IN PART** – Grant Microsoft's version of the redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to human resource employees directly |

**MICHELLE PETERSON LAW, PLLC**
**1420 FIFTH AVENUE, SUITE 2200**
**SEATTLE, WA 98101**

| | |
|---|---|
| | involved. The parties also agree that Judy Mims' name is already public therefore it should be unredacted |
| 36:13-16, 36:24-26 | **GRANT** – Grant Microsoft's version of the redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |
| 37:1-3, 37:6-17, 37:19-21 | **GRANT** – Grant Microsoft's version of the redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |

v.    Exhibit 11 to Parris Declaration Muenchow Interrogatory Responses (Dkt. ## 402 (redacted); 411 (sealed))

Microsoft relies on the Declaration of Bryna McCool in support of its motion to seal Exhibit 11 to the Parris Declaration. *See* Declaration of Bryna McCool in Support of Microsoft's Mot. to Seal ("McCool Decl.") (Dkt. # 431). Similar to Chislum, McCool declares that portions of Exhibit 11 contain identifying information of third parties. The identifying information extends beyond names to include unique job titles, dates, and roles within the organization that would otherwise identify the individual. McCool Decl. at ¶ 3. The special master compared the redactions suggested by Plaintiffs at docket number 428-3 with the redactions proposed by Microsoft at docket number 402-15 using the sealed unredacted version of the responses at docket number 411 and recommends as follows:

| Page: Line- | Recommendation |
|---|---|
| 6:10, 6:12-13, 6:16, 6:19-20 | **DENY** – Manager directly involved. No basis for redacting the year of the performance review other than to keep secret the manager directly involved in the review |
| 7:14, 7:19, 7:21-22 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of employees who allegedly suffered harassment and are not part of this lawsuit |
| 8:5-8, 8:13-20 | **GRANT IN PART** – Grant Microsoft's version of the redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to managers directly involved |
| 9:5, 9:8, 9:26 | **GRANT**– Grant Microsoft's version of the redaction as it relates |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 15

| | to the experiences of employees who allegedly suffered discrimination and are not part of this lawsuit |
|---|---|
| 14:12 | **GRANT** – Grant Microsoft's version of the redaction as it relates to other employees' experiences and are not part of this lawsuit |
| 15:10, 15:12-18, 15:20-26 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who allegedly suffered discrimination or are comparators and not part of this lawsuit |
| 16:1-3, 16:5-9, 16:11-12, 16:15, 16:17-18, 16:20-21, 16:23-24 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who allegedly suffered discrimination or are comparators and not part of this lawsuit |
| 17:17, 17:22-26 | **DENY** – Manager directly involved. No basis for redacting the year of the performance review other than to keep secret the manager directly involved in the review |
| 18:1 | **DENY** – Manager directly involved. No basis for redacting the year of the performance review other than to keep secret the manager directly involved in the review |
| 19:11-13, 19:16-18 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who allegedly suffered discrimination or are comparators and not part of this lawsuit |
| 21:24-25 | **DENY** – Deny as to human resource employees directly involved |
| 22:24-25 | **DENY** – Deny as to human resource employees directly involved |
| 24:15-16 | **DENY** – Deny as to human resource employees directly involved |
| 28:16-21 | **GRANT** – Grant Microsoft's version of the redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |
| 29:3-9, 29:11-16, 29:18-20, 29:22-26 | **GRANT** – Grant Microsoft's version of the redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |
| 30:1-17 | **GRANT** – Grant Microsoft's version of the redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 16

vi.    Exhibit 12 to Parris Declaration Piermarini Interrogatory Responses (Dkt. ## 402 (redacted); 412 (sealed))

Microsoft relies on the Declaration of Noah Sandidge in support of its motion to seal Exhibit 12 to the Parris Declaration. *See* Declaration of Noah Sandidge in Support of Microsoft's Mot. to Seal ("Sandidge Decl.") (Dkt. # 432). Similar to Chislum, Sandidge declares that portions of Exhibit 11 contain identifying information of third parties. The identifying information extends beyond names to include unique job titles, dates, and roles within the organization that would otherwise identify the individual. Sandidge Decl. at ¶ 3. The special master compared the redactions suggested by Plaintiffs at docket number 428-3 with the redactions proposed by Microsoft at docket number 402-16 using the sealed unredacted version of the responses at docket number 412 and recommends as follows:

| Page: Line- | Recommendation |
|---|---|
| 6:13, 6:19-20, 6:26 | **DENY –** Manager directly involved |
| 7:2-3, 7:7, 7:9, 7:17-20, 7:22 | **GRANT IN PART –** Grant Microsoft's version of the redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to managers directly involved |
| 8:3-4, 8:6, 8:16, 8:18, 8:20-23 | **GRANT–** Grant Microsoft's version of the redaction as it relates to the experiences of employees who allegedly suffered harassment and are not part of this lawsuit |
| 9:9-12, 9:14-18, 9:22-23 | **GRANT–** Grant Microsoft's version of the redaction as it relates to the experiences of employees who allegedly suffered harassment and are not part of this lawsuit |
| 10:6-17, 10:20-22, 10:25 | **GRANT IN PART –** Grant Microsoft's version of the redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to managers directly involved |
| 11:1-3, 11:5, 11:8, 11:18-19, 11:25 | **GRANT IN PART –** Grant Microsoft's version of the redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to managers directly involved |
| 12:3, 12:23-25 | **GRANT IN PART –** Grant Microsoft's version of the redaction as it relates to other employees' experiences and are not part of |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 17

| | |
|---|---|
| | this lawsuit. Deny as to managers directly involved |
| 13:2-6, 13:8-13, 13:20-21 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who allegedly suffered discrimination or are comparators and not part of this lawsuit |
| 15:1-4, 15:6-11, 15:13-20, 15:23. 15:25-26 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who allegedly suffered discrimination or are comparators and not part of this lawsuit |
| 16:1-4, 16:6-8, 16:11 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who are comparators and not part of this lawsuit |
| 18:8-9 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who are comparators and not part of this lawsuit |
| 20:2-4, 20:8-10 | **DENY** – Deny as to managers and human resource employees directly involved |
| 21:15 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who are comparators and not part of this lawsuit |
| 25:7-10, 25:18-22, 25:24-26 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who are comparators and not part of this lawsuit |
| 26:1-2, 26:4-7, 26:9-12 | **GRANT**– Grant Microsoft's version of the redaction as it relates to the experiences of another employee who are comparators and not part of this lawsuit |

vii.    Declaration of Carolyn Lee (Dkt. ## 401 (redacted); 404 (sealed))

Microsoft does not articulate why any portion of Declaration of Carolyn Lee ("Lee Decl.") should be sealed other than to state generally that the excerpts contain third party identification information, Microsoft's human resource strategy as a trade secret, and one of the named Plaintiff's job prospects as business harm. Microsoft Mot. to Seal (Dkt. # 414) at 1-2. Unlike the deposition testimony discussed above, the Lee Declaration is clearly redacted due to

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

the detailed information regarding non-parties to the lawsuit. The identity of individual

employees, who are not parties, that reveal private information should be redacted from public

view. Accordingly, the special master recommends as follows:

| Page: Line- | Recommendation |
| --- | --- |
| 3:16-22, 3:24 | **GRANT**– Grant as it relates to the experiences of another employee who are comparators and not part of this lawsuit |
| 4:1-2, 4:5-6, 4:8-10, 4:12-13, 4:15, 4:17, 4:19-22, 4:24-26 | **GRANT**– Grant as it relates to the experiences of another employee who are comparators and not part of this lawsuit |
| 5:1-2, 5:4-5, 5:7, 5:9-12, 5:14-19, 5:21, 5:23-26 | **GRANT**– Grant as it relates to the experiences of another employee who are comparators and not part of this lawsuit |
| 6:1, 6:3-6, 6:8, 6:10-13, 6:15, 6:17, 6:19, 6:21-24, 6:26-27 | **GRANT**– Grant as it relates to the experiences of another employee who are comparators and not part of this lawsuit |
| 7:1-2, 7:4, 7:6-7, 7: 9, 7:11, 7:13-14, 7:16-20 | **GRANT**– Grant as it relates to the experiences of another employee who are comparators and not part of this lawsuit |

**E. Microsoft's Motion to Seal (Dkt. # 421) Exhibit A to the Declaration of Mark Parris (Dkt. ## 420-1 (redacted); 422 (sealed))**

Microsoft requests that the Court seal portions of Exhibit A to the Parris Declaration

containing the types of compensation figures the Court previously ruled should be sealed.

Compelling reasons exist to seal the compensation figures in Exhibit A to the Parris

Declaration. The information contained in these tables reflects confidential human resources

strategy on approaching compensation and promotion. The special master recommends that the

Court find that disclosure of this confidential business information would cause Microsoft

competitive harm. Exhibit A to the Parris Declaration contains two tables that display excerpts

of the data produced by Microsoft in this case that relate to select individual employees

(including their specific compensation information) that were introduced as an exhibit at the

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 19

deposition of Dr. Farber. The information in Table 2, including the specific compensation information, was also presented in paragraph 152 of the Expert Report of Ali Saad, Ph.D. *See* Dkt. 354-1 at ¶ 152.2. R&R I granted Microsoft's motion to seal the compensation figures in paragraph 152 because "[t]hese redactions represent Microsoft's compensation structures, including salaries for specific positions and total compensation numbers." *See* R&R I (Dkt. # 351) at 21-24, 51. The special master recommends sealing Exhibit A to the Parris Declaration for the same reasons.

**F. Plaintiffs' Motion to Seal (Dkt. # 435) 1) Portions of Plaintiffs' Opposition to Microsoft's Motion for Summary Judgment; 2) A portion of the Declaration of Michelle Lamy; 3) Exhibits A, B, C, D, E, F, and I to the Declaration of Michelle Lamy; 4) Portions of Exhibits G and H to the Declaration of Michelle Lamy; and 5) Portions of the Declaration of Adam T. Klein**

With the exception of the names of third parties and personally identifiable information of the named Plaintiffs (e.g., home addresses, phone numbers, and birth dates), Plaintiffs argue that sealing is unwarranted for these materials under the applicable "compelling reasons" standard that Microsoft must meet at summary judgment. Pls.' Mot. (Dkt. # 435) at 2-3 (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016)). After reviewing Plaintiffs' proposed redactions, which were only provided to Microsoft a few hours before filing (Declaration of Marc R. Shapiro in Support of Microsoft's Response ("Shapiro Decl.") (dkt. # 453) at ¶ 3), Microsoft lifted many of its confidentiality designations and refiled all of Plaintiffs' documents in revised versions. Microsoft requests that the Court seal the following: (1) portions of Plaintiffs' Opposition (dkt. ## 436 (sealed); 447 (redacted)); (2) a portion of the Lamy Declaration (dkt. ## 437 (sealed); 442 (redacted)); (3) portions of Exhibits A-H to the Lamy Declaration (dkt. ## 437-1 to 437-8 (sealed); 442-1 to 442-8 (redacted)); (4) Exhibit I to the Lamy Declaration (dkt. ## 437-9 (sealed); 442-9 (redacted)); (5) portions of the

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 20

Klein Declaration (dkt. ## 439 (sealed); 443 (redacted)); (6) portions of the Farber Rebuttal

Report (dkt. ## 438 (sealed); 444 (redacted)); and (7) portions of the Gilgenbach Declaration

(dkt. ## 440 (sealed); 448 (redacted)). Having reviewed the arguments on the revised

submissions, the special master recommends at follows:

i.   Declaration of Michelle Lamy (Dkt. ## 437 (sealed); 442 (redacted)); Microsoft's
     Revised Redacted Version (Dkt. # 453-2)

| Page: Line- | Recommendation |
|---|---|
| 3:7 | **DENY –** Manager directly involved |

ii.  Exhibit A to Lamy Declaration (Dkt. ## 437-1(sealed); 442-1 (redacted));
     Microsoft's Revised Redacted Version (Dkt. # 454-1 (sealed); 457 (redacted))

| Bates Number Prefix: MSFT-MOUSSOURIS- | Description | Recommendation |
|---|---|---|
| 00000142-00000146 | Moussouris's FY12 Check-In | **DENY –** Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 00000275-00000282 | Muenchow's FY11 Check-In | **DENY –** Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 00000311-00000319 | Muenchow's FY13 Annual Performance Review | **DENY –** Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 00000320-00000325 | Muenchow's FY13 Check-In | **DENY –** Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 00000435-00000445 | Piermarini's 2006 Offer Letter | **MOOT -** Redactions in both public and sealed versions are not subject to LCR 5(g) |
| 00000449- | Piermarini's FY07 Annual | **DENY IN PART –** Deny as to |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 21

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| 00000455 | Performance Review | managers directly involved. Moot as to redactions in both public and sealed versions are not subject to LCR 5(g) |
|---|---|---|
| 00000459-00000465 | Piermarini's FY08 Annual Performance Review | **DENY** – Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 00000473-00000477 | Piermarini's FY09 Annual Performance Review | **DENY** – Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 00000481-00000487 | Piermarini's FY10 Annual Performance Review | **DENY** – Manager directly involved (Redactions in both public and sealed versions are not subject to LCR 5(g)) |
| 00000595-00000598 | Piermarini's 2015 Feedback on HrWeb | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to the manager directly involved |
| 00011027-00011033 | Piermarini's Q2 FY16 Connect | **MOOT -** Redactions in both public and sealed versions are not subject to LCR 5(g) |
| 00016284 | Email exchange re: Moussouris's coaching | **GRANT** – Non-Party Identifying Information |
| 00023269-00023271 | Email exchange re: Piermarini's 2011 promotion | **MOOT -** Redactions in both public and sealed versions are not subject to LCR 5(g) |
| 00842201-00842203 | Moussouris's 2013 Feedback Report | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to the manager directly involved |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 22

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

iii.     Exhibit B to Lamy Declaration (Dkt. ## 437-2 (sealed); 442-2 (redacted));
Microsoft's Revised Redacted Version (Dkt. # 454-2 (sealed); 453-4 (redacted))

| Bates Number Prefix: P- | Description | Recommendation |
|---|---|---|
| 000037 | Moussouris's Review History | **DENY** – Manager directly involved (redacted in Microsoft's sealed version at dkt. # 454-2 but not redacted in dkt. # 437-2) |
| 000676-000677 | Muenchow's resume | **GRANT** – Unrelated, non-party identifying information |
| 000864-000873 | Muenchow's FY12 Annual Performance Review | **DENY** – Manager directly involved (partially redacted in Microsoft's sealed version at dkt. # 454-2 but not redacted in dkt. # 437-2) |

iv.     Exhibit C to Lamy Declaration Excerpts from Katie Moussouris Deposition (Dkt. ## 437-3 (sealed); 442-3 (redacted)); Microsoft's Revised Redacted Version (Dkt. # 453-5)

Microsoft asserts that the following deposition excerpts should be redacted because they reveal non-party identifying information. *See* Shapiro Decl. at 4.

| Page: Line- | Recommendation |
|---|---|
| 34:20 | **DENY** – Manager directly involved |
| 35:23 | **DENY** – Manager directly involved |
| 37:4, 6-7, 12, 16-17, 25 | **GRANT IN PART** – Grant Microsoft's version of the redaction as it relates to other employees Plaintiffs spoke to and are not part of this lawsuit. Deny as to the manager directly involved |
| 140:3-5, 8, 12-15, 19, 21, 24-25 | **GRANT IN PART** – Grant Microsoft's version of the redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to the manager directly involved |
| 141:4 | **GRANT** – Grant Microsoft's version of the redaction as it relates to other employees' experiences and are not part of this lawsuit |
| 142:4-5 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 23

| | |
|---|---|
| | other employees' experiences and are not part of this lawsuit. Deny as to the manager directly involved |
| 176:5, 8 | **GRANT**– Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |
| 177:3, 10, 14, 16 | **GRANT**– Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |
| 194:21 | **GRANT**– Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |
| 195:13, 20-21 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to manager directly involved (not even named) |
| 196:1-2, 6-8, 11, 13, 15, 21, 25 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to the manager and human resource employee directly involved |
| 197:7, 12-13, 20, 22 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to the manager directly involved |
| 198:13-14, 16-17, 20-21 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to the manager and human resource employee directly involved |
| 199:2, 9-10, 12-13, 18, 20 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to the manager and human resource employee directly involved |
| 202:8, 10 | **DENY** – Human resource employee directly involved |
| 203:11, 14-17, 21, 25 | **DENY** – Managers and human resource employees, including Judy Mims, directly involved |
| 204:4, 11-12, 18-19 | **DENY** – Managers and human resource employees, including Judy Mims, directly involved |
| 205:1, 4, 6-8, 11, 15, 21 | **DENY** – Managers and human resource employees, including Judy Mims, directly involved |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 24

| 206:1, 3-4, 6-7, 12, 21 | **DENY** – Managers and human resource employees, including Judy Mims, directly involved |
|---|---|
| 207:2 | **DENY** – Human resource employee directly involved |
| 246:1, 5, 11, 18-20 | **DENY** – Managers directly involved |
| 247:4, 13, 17, 21-23 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to the manager directly involved |
| 248:17-18 | **GRANT** – Grant Microsoft's redaction as it relates to another employee's experiences and are not part of this lawsuit |
| 249:25 | **DENY** – Managers directly involved |
| 253:6, 23, 25 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to the manager directly involved |
| 254:1-6, 12 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to the manager directly involved |
| 256:1-3, 12 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to the manager directly involved |
| 259:12-14, 19 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit. Deny as to the manager directly involved |
| 265:20 | **DENY** – Managers directly involved |
| 267:5, 14-19 | **DENY** – Managers directly involved |
| 280:1, 11, 13-15, 22, 24 | **GRANT** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit |
| 281:1, 24 | **GRANT** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit |
| 294:7, 9, 12, 15 | **GRANT** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 25

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| 295:5 | **GRANT** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit |

v.   Exhibit D to Lamy Declaration Excerpts from Holly Muenchow Deposition (Dkt. ## 437-4 (sealed); 442-4 (redacted)); Microsoft's Revised Redacted Version (Dkt. # 453-6)

| Page: Line- | Recommendation |
| --- | --- |
| 28:2, 4, 6, 8 | **DENY** – Managers directly involved |
| 37:10, 12 | **DENY** – Managers directly involved |
| 56:8-9 | **DENY** – Managers directly involved |
| 57:4-6 | **GRANT**– Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |
| 58:2, 7 | **DENY** – Managers directly involved |
| 59:4, 12-13, 16 | **DENY** – Managers directly involved |
| 61:1, 12 | **DENY** – Managers directly involved |
| 67:1, 4, 12 | **GRANT**– Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |
| 68:3-5, 7-8 | **DENY** – Managers directly involved |
| 69:3-4, 6-8, 10-13 | **GRANT**– Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |
| 82:4 | **DENY** – Managers directly involved |
| 83:16, 19 | **GRANT**– Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |
| 92:12, 20-21 | **DENY** – Managers directly involved |
| 93:17, 22-23 | **GRANT**– Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not |

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| | |
|---|---|
| | part of this lawsuit |
| 154:7, 15, 24 | **DENY** – Managers directly involved |
| 155:7 | **DENY** – Managers directly involved |
| 156:6 | **GRANT**– Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |
| 168:25 | **DENY** – Managers directly involved |
| 169:19, 23 | **DENY** – Managers directly involved |
| 171:6 | **DENY** – Managers directly involved (assumed the name mentioned is a manager from the context) |
| 176:22 | **DENY** – Managers directly involved |
| 177:3 | **DENY** – Managers directly involved |
| 178:16 | **GRANT**– Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |
| 179:20 | **DENY** – Managers directly involved |
| 180:1, 3-4, 22 | **DENY** – Managers directly involved (assumed the named individuals were in managerial or decision-making positions with regard to Plaintiff) |
| 193:4-5, 8, 20 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 194:18-19 | **GRANT** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |
| 259:4, 9, 21 | **DENY** – Managers directly involved |
| 260:6, 16-17 | **DENY** – Managers directly involved |
| 261:4-5, 10, 13, 15 | **DENY** – Managers directly involved |

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| 267:4 | **GRANT** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit |
| 268:1-5, 10-11, 13-18, 20-21, 23-25 | **GRANT** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit |

vi.    Exhibit E to Lamy Declaration Excerpts from Dana Piermarini Deposition (Dkt. ## 437-5 (sealed); 442-5 (redacted)); Microsoft's Revised Redacted Version (Dkt. # 454-3 (sealed); 453-7 (redacted))

| Page: Line- | Recommendation |
| --- | --- |
| 28:21-22 | **DENY IN PART** – Deny as to managers directly involved. Moot as to redactions in both public and sealed versions are not subject to LCR 5(g) |
| 29:13, 16-17, 21, 24-25 | **DENY** – Managers directly involved |
| 30:10, 20-21, 23 | **DENY** – Managers directly involved |
| 31:9 | **DENY** – Managers directly involved |
| 33:15-16 | **DENY** – Managers directly involved |
| 56:3, 13-14, 24-25 | **DENY** – Managers directly involved |
| 57:3, 5, 12, 17 | **DENY** – Managers directly involved |
| 58:13, 19, 22 | **DENY** – Managers directly involved |
| 60:8-10, 12-16, 19, 21-23, 25 | **DENY** – Managers directly involved |
| 61:1-2 | **DENY** – Managers directly involved |
| 62:11-12, 16, 18-19 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 63:8, 18, 22 | **GRANT** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit |
| 64:1, 3, 6-8 | **GRANT** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit |

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| | |
|---|---|
| 78:18-19, 21 | **DENY** – Managers directly involved |
| 79:12, 16-21, 24-25 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 80:1, 4-5, 7-8, 10-12, 16, 18 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 88:20-22, 24 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 89:2, 6-7, 17-18, 21 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 90:2, 8, 10-11 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 94:13, 15, 18 | **DENY** – Managers directly involved |
| 95:5, 9, 11, 20 | **DENY** – Managers directly involved |
| 96:1, 23 | **DENY** – Managers directly involved |
| 97:12 | **DENY** – Managers directly involved |
| 98:3, 8, 10, 13, 15, 20 | **DENY** – Managers directly involved |
| 110:13 | **DENY** – Managers directly involved |
| 111:16-17 | **DENY** – Managers directly involved |
| 132:8, 15, 20 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 133:3, 6, 15-16, 21 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 134:1, 11, 17 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 29

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| | |
|---|---|
| | other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 135:5-6, 15 | **DENY** – Managers directly involved |
| 136:24 | **DENY** – Managers directly involved |
| 137:21-22, 25 | **DENY** – Managers directly involved |
| 138:3 | **DENY** – Managers directly involved |
| 139:13, 17 | **DENY** – Managers directly involved |
| 140:10, 17 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 141:3 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 142:5-7, 19 | **DENY** – Managers directly involved |
| 143:5, 8, 22, 24-25 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 144:4-5, 9, 18 | **DENY** – Managers directly involved |
| 149:14-15, 17, 20, 22 | **DENY** – Managers directly involved |
| 150:3, 9, 19-21 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 151:4, 7-8, 12-13, 17 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 152:2-3, 11, 17-18, 22 | **DENY** – Deny as to managers and human resource employees directly involved |
| 153:14, 17 | **DENY** – Managers directly involved |
| 154:6, 11, 13, 18, 24 | **DENY** – Deny as to managers and human resource employees |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 30

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| | directly involved |
|---|---|
| 155:3-6, 8, 12, 17 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 156:11 | **DENY** – Managers directly involved |
| 158:8, 12-13, 17-18, 22 | **DENY** – Human resource employees directly involved |
| 159:3-4, 7, 10, 13, 19-20 | **DENY** – Human resource employees directly involved |
| 160:2 | **DENY** – Human resource employees directly involved |
| 161:1, 3, 6, 11, 14-15, 18, 24-25 | **DENY** – Deny as to managers and human resource employees directly involved |
| 162:10-11, 16, 23 | **DENY** – Deny as to managers and human resource employees directly involved |
| 164:4 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 165:4, 13, 15, 20 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to managers and human resource employees directly involved |
| 166:15, 21, 23, 25 | **GRANT** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit |
| 167:2, 4, 6-7, 12, 15, 20 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to managers and human resource employees directly involved |
| 168:12 | **DENY** – Human resource employees directly involved |
| 193:9 | **DENY** – Managers directly involved |
| 194:5, 8, 10, 22, 24 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 31

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| | |
|---|---|
| | not part of this lawsuit. Deny as to the manager directly involved |
| 195:1, 4, 7-8, 18, 23-24 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 216:7-8, 21-22 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 217:1, 4, 6, 9-12, 14-15, 19, 22 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 218:2-3, 5, 11, 13-15, 18-19, 22 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 219:1, 8, 10, 12 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 220:10, 19 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 226:2, 18, 20 | **DENY** – Managers directly involved |
| 228:6-7 | **DENY** – Managers directly involved |
| 229:15-17, 19 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 230:9-10, 15, 17-19, 23 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 231:1-3, 5-7, 10-11 | **GRANT IN PART** – Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit. Deny as to the manager directly involved |
| 232:25 | **DENY** – Managers directly involved |
| 234:15, 21 | **GRANT** – Grant Microsoft's redaction as it relates to other employees' experiences and are not part of this lawsuit |

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

| 235:8, 13 | **DENY –** Managers directly involved |

vii.  Exhibit F to Lamy Declaration Excerpts from John Ritchie Deposition (Dkt. ## 437-6 (sealed); 442-6 (redacted)); Microsoft's Revised Redacted Version (Dkt. # 453-8)

| Page: Line- | Recommendation |
|---|---|
| 107:2-3, 5, 7-8, 11, 13, 15-24 | **DENY –** Vague discussion of training – Not Confidential Human Resource Strategies |
| 230:2-25 | **GRANT -** Confidential Human Resource Strategies – Trade Secret |
| 231:1-13, 15-16, 18-25 | **GRANT -** Confidential Human Resource Strategies – Trade Secret |
| 324:1-2, 7-16, 19-20, 22-24 | **GRANT -** Confidential Human Resource Strategies – Trade Secret |
| 325:20-24 | **GRANT -** Confidential Human Resource Strategies – Trade Secret |
| 326:15-17, 19, 22-25 | **GRANT -** Confidential Human Resource Strategies – Trade Secret |

viii.  Exhibit G to Lamy Declaration Dana Piermarini Charge of Discrimination (Dkt. ## 437-7 (sealed); 442-7 (redacted)); Microsoft's Revised Redacted Version (Dkt. # 453-9)

Microsoft seeks to seal portions of Piermarini's EEOC Charge. Specifically, ¶¶ 11-15, 17-18. According to Microsoft the basis for sealing these paragraphs is that it reveals non-party identifying information. Shapiro Decl. at 6. Because the non-parties discussed by Piermarini in her EEOC Charge are her managers and the individuals that she claims committed discrimination, the special master does not recommend sealing any material from the EEOC Charge.

ix.  Exhibit H to Lamy Declaration Dana Piermarini Amended Charge of Discrimination (Dkt. ## 437-8 (sealed); 442-8 (redacted)); Microsoft's Revised Redacted Version (Dkt. # 453-10)

Microsoft seeks to seal portions of Piermarini's Amended EEOC Charge. Specifically, it seeks to seal ¶¶ 10-12, 14-20, 23, and 25-31. According to Microsoft, the basis for sealing

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 33

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

these paragraphs is that it reveals non-party identifying information. Shapiro Decl. at 6. The identity of the non-parties discussed by Piermarini in her Amended EEOC Charge that are her managers or human resource personnel that she claims committed discrimination should not be redacted. Other non-party identities discussed in the Amended EEOC Charge should be redacted. For example, a discussion in ¶ 11 regarding another employee that received a promotion Piermarini believed should have gone to her should be redacted. The special master recommends granting the redaction of identifying information of non-parties in ¶¶ 11, 17-20 and denying the redactions to the remaining paragraphs.

     x.    <u>Exhibit I to Lamy Declaration LinkedIn Profile (Dkt. ## 437-9 (sealed); 442-9 (redacted)); Microsoft's Revised Redacted Version (Dkt. # 453-11)</u>

Microsoft seeks to seal a public LinkedIn profile of a non-party, downloaded from LinkedIn on April 2, 2018. According to Microsoft, the basis for sealing this public document is that it reveals non-party identifying information. Shapiro Decl. at 7. The non-party, however, is similar to the non-party in *Price*, 2012 WL 12846100. The non-party's alleged behavior in this case goes directly to Plaintiffs' claims of discrimination. Accordingly, the special master recommends that the LinkedIn profile not be redacted.

     xi.    <u>Declaration of Adam T. Klein (Dkt. ## 439 (sealed); 443 (redacted)); Microsoft's Revised Redacted Version (Dkt. # 453-12)</u>

| Page: Line- | Recommendation |
|---|---|
| 1:15-19; 2:5-6 | **GRANT –** Grant Microsoft's redaction as it relates to other employees who are used as comparators to Plaintiffs and are not part of this lawsuit |

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

xii.    Rebuttal Report of Dr. Henry S. Farber (Dkt. # 438 (sealed); Dkt. # 444 (redacted));
Microsoft's Revised Redacted Version (Dkt. # 453-13)

| Paragraph- | Description | Recommendation |
|---|---|---|
| Report at Tables 1 and 2 | Microsoft seeks to redact all references to Employee Years numbers from Dr. Farber's tables | **GRANT –** Trade Secret – Confidential Human Resource Strategies – potential to reverse engineer compensation data. Whittinghill Decl. (dkt. # 270) ¶ 3 |

xiii.    Declaration of Dr. Ruth Gilgenbach (Dkt. # 440 (sealed); Dkt. # 448 (redacted));
Microsoft's Revised Redacted Version (Dkt. # 453-14); Plaintiff's Revised
Redacted Version (Dkt. # 460-2)

| Paragraph- | Description | Recommendation |
|---|---|---|
| ¶¶ 3-5 | Microsoft seeks to redact all references to the number of comparable men or male employee years | **DENY –** The raw numbers relating to comparable men is not a trade secret |
| ¶¶ 7-8 | Microsoft seeks to redact all references to third-party comparators' names and compensation figures | **GRANT** – Grant Plaintiffs' version of the redactions as Non-Party Identifying Information – no evidence that salaries of comparable men can be reversed engineered to reveal Microsoft's compensation structure |
| Report at Tables 1-3 | Microsoft seeks to redact these tables concerning yearly compensation and promotions for Microsoft employees that have the same or similar years of experience, title, profession, discipline, and level as Named Plaintiffs | **GRANT** – Grant Microsoft's version of the redactions as Trade Secret – Confidential Human Resource Strategies and Non-Party Identifying Information – the tables reveal detailed information about Microsoft's compensation structure |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 35

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

## III.    CONCLUSION

With respect to parties' motions to seal (dkt. ## 366, 375, 393, 414, 421 and 435), the special master recommends that the Court order as follows:

A.   Deny (dkt. # 366) Plaintiffs' Motion to Seal their Motion to Exclude Opinion of Defendant's Expert Rhoma Young: docket # 367 should be unsealed.

B.   Deny (dkt. # 375) Microsoft's Motion to Seal its Opposition to Motion to Exclude Defendant's Expert Dr. Ali Saad: docket # 376 should be unsealed.

C.   Grant (dkt. # 393) Microsoft's Motion to Seal the Corrected Expert Rhoma Young Report: docket ## 338 and 395 should remain sealed and replaced with docket # 394.

D.   Grant in part, deny in part (dkt. # 414 (amending dkt. # 398)) Microsoft's Amended Motion to Seal as follows:

    i.   Grant in part, deny in part the motion to seal Exhibit 1 to the Declaration of Mark Parris as discussed in Section D(i) above;

    ii.   Deny with leave to refile the motion to seal Exhibits 5-7 to the Declaration of Mark Parris as discussed in Section D(ii) above (grant the redaction as it relates to page 16 of the deposition);

    iii.   Grant the motion to seal Exhibit 8 to the Declaration of Mark Parris as discussed in Section D(iii) above;

    iv.   Grant in part, deny in part the motion to seal Exhibit 10 to the Declaration of Mark Parris as discussed in Section D(iv) above;

    v.   Grant in part, deny in part the motion to seal Exhibit 11 to the Declaration of Mark Parris as discussed in Section D(v) above;

    vi.   Grant in part, deny in part the motion to seal Exhibit 12 to the Declaration of Mark Parris as discussed in Section D(vi) above;

    vii.   Grant the motion to seal portions of the Declaration of Carolyn Lee as discussed in Section D(vii) above: docket # 404 should remain sealed; and

    viii.   Grant in part, deny in part Microsoft's Motion for Summary Judgement: Microsoft should file a revised brief within five days of the Court's ruling on these recommendations.

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

E.  Grant (dkt. # 421) Microsoft's Motion to Seal Exhibit A to the Declaration of Mark Parris: docket # dkt. # 422 should remain sealed.

F.  Grant in part, deny in part (dkt. # 435) Plaintiffs' Motion to Seal as follows:

    i.  Deny the motion to seal portions of the Declaration of Michelle Lamy as discussed in Section F(i) above: docket #437-main should be unsealed;

    ii.  Grant in part, deny in part the motion to seal Exhibit A to Lamy Declaration as discussed in Section (F)(ii) above;

    iii.  Grant in part, deny in part the motion to seal Exhibit B to Lamy Declaration as discussed in Section (F)(iii) above;

    iv.  Grant in part, deny in part the motion to seal Exhibit C to Lamy Declaration as discussed in Section (F)(iv) above;

    v.  Grant in part, deny in part the motion to seal Exhibit D to Lamy Declaration as discussed in Section (F)(v) above;

    vi.  Grant in part, deny in part the motion to seal Exhibit E to Lamy Declaration as discussed in Section (F)(vi) above;

    vii.  Grant in part, deny in part the motion to seal Exhibit F to Lamy Declaration as discussed in Section (F)(vii) above;

    viii.  Deny the motion to seal Exhibit G to Lamy Declaration as discussed in Section (F)(viii) above: docket #437-7 should be unsealed;

    ix.  Deny the motion to seal Exhibit H to Lamy Declaration as discussed in Section (F)(ix) above: docket #437-8 should be unsealed;

    x.  Deny the motion to seal Exhibit I to Lamy Declaration as discussed in Section (F)(x) above: docket #437-9 should be unsealed;

    xi.  Grant the motion to seal portions of the Declaration of Adam T. Klein as discussed in Section F(xi) above: docket #439 should remain sealed;

    xii.  Grant the motion to seal portions of the Rebuttal Report of Dr. Henry S. Farber as discussed in Section F(xii) above: docket #438 should remain sealed;

    xiii.  Grant in part, deny in part the motion to seal portions of the Declaration of Dr. Ruth Gilgenbach as discussed in Section (F)(xiii) above; and

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

xiv.  Grant in part, deny in part the motion to seal portions of Plaintiffs'
Opposition to Microsoft's Motion for Summary Judgment: Plaintiffs
should file a revised brief within five days of the Court's ruling on these
recommendations.

Objections to this Report and Recommendation, if any, should be filed with the clerk

and served upon all parties to this suit by no later than April 26, 2018. Failure to file objections

within the specified time may affect the parties' right to appeal. Objections should be noted for

consideration on the Court's motion calendar for the second Friday after they are filed.

Responses and replies to objections may be filed in accordance with LCR 7(d)(2). If no timely

objections are filed, the matter will be ready for consideration by the Court on April 27, 2018.

The docket is currently cluttered with documents that have been refiled, corrected,

amended, or filed under separate docket numbers. Consequently, some of the briefing for the

pending motions no longer refers to the correct docket number for documents cited. The special

master recommends that the Court order the parties to meet and confer within 10 days of the

Court's final rulings on these recommendations. The purpose of the meet and confer is to give

the parties an opportunity to stipulate to a comprehensive reference sheet that will be filed with

the Court that lists – by title and docket number – the documents that the parties are relying on

in support or in opposition to the Motion for Class Certification, Motion for Summary

Judgment, and Motions to Exclude.

DATED this 16th of April, 2018

MICHELLE PETERSON LAW, PLLC

By _____

Michelle Peterson, WSBA No. 33598
Special Master

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 38