THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHERINE MOUSSOURIS, HOLLY MUENCHOW, and DANA PIERMARINI, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No. 15-cv-1483 JLR<br><br>**REPORT AND RECOMMENDATION ON MOTION TO SEAL** |

## I.  INTRODUCTION

This matter is before the special master on Plaintiffs Katherine Moussouris, Holly Muenchow, and Dana Piermarini's (collectively, "Plaintiffs") Motion to Seal (dkt. # 339): portions of Plaintiffs' Reply to Microsoft's Opposition to Plaintiffs' Motion for Class Certification (dkt. ## 340 (sealed); 348 (redacted)); portions of the Declaration of Anne B. Shaver ("Third Shaver Declaration") (dkt. ## 341 (redacted); 343 (sealed)); portions of Exhibit A to the Third Shaver Declaration (dkt. ## 341-1 (redacted); 343-1 (sealed)); Exhibits B, F, G, J, and K to the Third Shaver Declaration (dkt. ## 341-2, 6, 7, 10, and 11 (redacted); 343-2, 3, 4,

5, and 6 (sealed)); the Expert Rebuttal Report of Henry S. Farber, Ph.D. (dkt. # 344 (sealed)); the Reply Expert Report of Ann Marie Ryan, Ph.D. (dkt. # 345 (sealed)); and the Rebuttal Expert Report of Caren B. Goldberg, Ph.D. (dkt. # 346 (sealed)). After filing, counsel notified the Court that Exhibit H to the Third Shaver Declaration should be sealed (2/13/2018 Notice on Docket). Exhibit H was administratively sealed and a redacted version of it was filed by Microsoft. Dkt. ## 341-8 (administratively sealed); 359-7 (redacted)).

Plaintiffs are not the proponents of this motion to seal. Plaintiffs move to seal these documents pursuant to the parties' stipulated protective order (dkt. # 48) regarding the filing of confidential material under seal and LCR 5(g)(3). Unfortunately, Plaintiffs afforded Microsoft only four hours to review the documents Plaintiffs intended to file in support of their reply to the motion for class certification before filing. Declaration of Marc R. Shapiro ("Shapiro Declaration") (Dkt. # 359) at ¶ 3. Microsoft was unable to complete the review in that limited period and therefore requested that Plaintiffs file the documents designated as confidential under seal. *Id.* As the proponent for sealing these documents, Microsoft responded to the motion (dkt. # 358) setting forth the grounds for filing these materials under seal and agreeing to unseal some of the confidential materials. The special master also reviewed Plaintiffs' reply (dkt. # 361), which is essentially the opposition to Microsoft's request to seal. Having received no objections to the Court's order referring the motion by February 19, 2018, the special master provides this Report and Recommendation on Motion to Seal for the Court's consideration.

## II.     ANALYSIS

As explained in the special master's previous Report and Recommendation on Motions to Seal (dkt. # 351) and the Court's Order Adopting Report and Recommendation (dkt. # 369) (collectively "R&R I"), the appropriate standard for sealing documents filed in support of this

1  motion class certification is the higher compelling reason standard. Applying that standard, the
2  special master recommends as follows:

3  **A. Portions of the Third Shaver Declaration (dkt. ## 341 (redacted); 343 (sealed))**

4  Microsoft requests page 2 at line 23 be redacted. This line refers to and quotes portions
5  of Exhibit B to the Third Shaver Declaration discussed in Section C as the Lane Powell
6  Engagement letters. As explained further below, the special master recommends that the Court
7  permit the redaction from the quote in the Lane Powell Engagement letters. Microsoft has
8  provided a revised redacted version of the declaration for the docket. *See* Shapiro Decl. (Dkt. #
9  359-2) at Ex. 2. The Third Shaver Declaration at docket number 343 should remain sealed.

10 **B. Portions of Exhibit A to the Third Shaver Declaration (dkt. ## 341-1 (redacted); 343-1 sealed))**

11 Microsoft moves to seal portions of Exhibit A to the Third Shaver Declaration that is a
12 table showing Microsoft's assertions regarding variations in the pay and promotion calibration
13 process, and an explanation as to why each one is either immaterial and/or unsupported by the
14 evidence. Third Shaver Decl., ¶ 4. Specifically, Microsoft seeks to seal Plaintiffs' description of
15 the evidence in Assertions 3 and 6 of the Chart and Plaintiffs' responses thereto on the basis
16 that they reflect confidential business strategy. Microsoft Resp. at 2. The special master agrees
17 that the redactions are appropriate to protect Microsoft's confidential business strategy as it
18 relates to the target percentage of employees that should receive top awards and allocation of
19 ratings during performance reviews. The special master recommends that this information be
20 redacted from Exhibit A to the Third Shaver Declaration Microsoft has provided a revised
21 redacted version for the docket. *See* Shapiro Decl. (Dkt. # 359-3) at Ex. 3. The Third Shaver
22 Declaration at docket number 343-1 should remain sealed.

**C. Exhibits B, F, G, J, and K to the Third Shaver Declaration (dkt. ## 341-2, 6, 7, 10, and 11 (redacted); 343-2, 3, 4, 5, and 6 (sealed)); Rebuttal Expert Report of Caren B. Goldberg, Ph.D. (dkt. # 346 (sealed))**

The Plaintiffs seek to seal Exhibit B to the Third Shaver Declaration on the basis that it reveals private information of non-parties. Exhibit B consists of copies of the engagement letters entered into between attorneys for the law firm Lane Powell and three Microsoft employee declarants. The special master agrees with the parties that the information contained in Exhibit B is private information of non-parties Lane Powell and its clients. The exhibit also reveals confidential business information of a non-party. The special master recommends that Exhibit B at docket number 343-2 remain sealed in its entirety.

Microsoft does not seek to seal Exhibit F to the Shaver Declaration and has provided an unredacted version for the docket. *See* Shapiro Decl. (Dkt. # 359-5) at Ex. 5. Exhibit F to the Third Shaver Declaration at docket number 343-3 should also be unsealed.

Microsoft seeks to seal Exhibits G and H to the Third Shaver Declaration on the basis that the documents reflect Microsoft's confidential business strategy. Microsoft Resp. at 2. Exhibit G are excerpts of the deposition transcript of Microsoft's 30(b)(6) witness on compensation and promotions, John Ritchie, Vol II, dated June 30, 2016 and Exhibit H are excerpts of the deposition transcript of Microsoft's expert Dr. Ali Saad, dated January 31, 2018. *See* Third Shaver Decl., ¶¶ 10, 11. With respect to the Ritchie Deposition, Microsoft seeks to seal the following:

| Page: Line- | Recommendation |
|---|---|
| 447:19-23 | **GRANT** – Trade Secret – Confidential Human Resources Strategies |
| 448:4-6, 448:11-12, 448:14-22, 448:24 | **GRANT** – Trade Secret – Confidential Human Resources Strategies |
| 449:1-8 | **GRANT** – Trade Secret – Confidential Human Resources |

| Page: Line | Recommendation |
|---|---|
| | Strategies |
| 496:10-12, 496:15-21, 496:24 | **GRANT** – Trade Secret – Confidential Human Resources Strategies |
| 497:1-2; 497:5-16, 497:18-21, 497:23, 497:25 | **GRANT** – Trade Secret – Confidential Human Resources Strategies, except 497:23 states "can you restate the question" and should not be redacted |
| 498:1, 498:4, 498:18-20 | **GRANT** – Trade Secret – Confidential Human Resources Strategies |

The special master recommends that this information be redacted from Exhibit G to the Third Shaver Declaration. Microsoft has provided a revised redacted version for the docket. *See* Shapiro Decl. (Dkt. # 359-6) at Ex. 6. Exhibit G to the Third Shaver Declaration at docket number 343-4 should remain sealed.

With respect to the Saad Deposition, Microsoft seeks to seal the following:

| Page: Line- | Recommendation |
|---|---|
| 72:12 | **GRANT** – Trade Secret – Confidential Human Resources Strategies |
| 73:13 | **GRANT** – Trade Secret – Confidential Human Resources Strategies |
| 306:13, 306:18 | **GRANT** – Trade Secret – Confidential Human Resources Strategies, assuming potential to reverse engineer compensation data. Whittinghill Decl. (dkt. #270) ¶ 3 |
| 307:1-3, 307:8, 307:12, 307:19 | **GRANT** – Trade Secret – Confidential Human Resources Strategies, assuming potential to reverse engineer compensation data. Whittinghill Decl. (dkt. #270) ¶ 3 |
| 308:4-5, 308:9-10, 308:12 | **GRANT** – Trade Secret – Confidential Human Resources Strategies |

The special master recommends that this information be redacted from Exhibit H to the Third Shaver Declaration. Microsoft has provided a revised redacted version for the docket. *See*

Shapiro Decl. (Dkt. # 359-7) at Ex. 7. Exhibit H to the Third Shaver Declaration at docket number 341-8 should remain sealed.

Microsoft seeks to seal Exhibit J to the Third Shaver Declaration and the Rebuttal Expert Report of Caren B. Goldberg, Ph.D. on the basis that they reveal private information of non-parties. Microsoft Resp. at 4. Exhibit J is the deposition transcript of Microsoft's expert Rhoma Young dated February 2, 2018. *See* Third Shaver Decl., ¶ 13. With respect to the Young Deposition and the Goldberg Rebuttal Report, Microsoft seeks only to seal the names of employees and former employees that have alleged some form of discrimination or harassment while employed by Microsoft. Consistent with the special master's prior recommendation in R&R I at Section E(a), the special master recommends that these names be redacted from Exhibit J to the Third Shaver Declaration and the Goldberg Rebuttal Report. Microsoft has provided a revised redacted version for the docket. *See* Shapiro Decl. (Dkt. # 359-8) at Ex. 8 and (Dkt. # 359-12) at Ex. 12. Exhibit J to the Third Shaver Declaration at docket number 343-5 and Rebuttal Expert Report of Caren B. Goldberg, Ph.D. at docket number 346 should remain sealed.

Microsoft seeks to seal Exhibit K to the Third Shaver Declaration in its entirety. Exhibit K is a document produced in this case numbered MSFT_MOUSSOURIS_00859173. Exhibit K is correspondence relating to Office of Federal Contract Compliance Programs ("OFCCP") settlement negotiations and should be sealed in accordance with Section E(c) of R&R I.

**D. Expert Rebuttal Report of Henry S. Farber, Ph.D. (dkt. # 344 (sealed))**

Microsoft seeks to seal portions of the Expert Rebuttal Report of Henry S. Farber that would reveal Microsoft's confidential business records and potentially cause competitive harm to it. Microsoft Resp. at 2. This issue was raised in R&R I with respect to redactions to the first

Expert Report of Henry S. Farber, Ph.D. In R&R I, the special master recommended that "Microsoft's confidential human resources strategy reflecting how it compensates its employees and how it evaluates and promotes them" should be redacted. R&R I at 41-42. In support of its arguments, Microsoft submitted the Declaration of Joseph Whittinghill ("First Whittinghill Declaration") (dkt. # 270) who testified that revealing person-year numbers that correspond to the compensation class and advancement class would allow for a reverse engineering of the figures to identify Microsoft's compensation rates. Whittinghill Decl., ¶ 3. Plaintiffs did not object and the Court adopted the recommendations regarding redactions to the first Expert Report of Henry S. Farber, Ph.D. *See* Order (dkt. # 369) at 2.

Currently before the special master are similar redactions to the Expert Rebuttal Report of Dr. Farber (dkt. # 343). On April 24, 2018, the special master and counsel for the parties participated in a telephone conference to discuss clarifications to R&R II (dkt. # 462). During this conference call, the special master raised the issue of whether the redactions to the Expert Rebuttal Report of Dr. Farber (dkt. # 343) were supported by the First Whittinghill Declaration. Plaintiffs argued that Microsoft's proposed redactions to the Expert Rebuttal Report of Dr. Farber were overbroad. Plaintiffs' position is that to reverse engineer the figures, one would need both the employee years column and the difference in compensation in dollar figures column. 4/24/2018 Rough Tr. at 23-24.[1] Accordingly, Plaintiffs argue that Microsoft should only be permitted to redact one of the columns. *Id.*

---

[1] As required by the Court's Order Appointing Special Master (dkt. # 191), "[i]f any party objects to a report and recommendation of the Special Master, it shall be the objecting party's responsibility to file on the docket the objection and the record materials necessary to review the report and recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's report and recommendation." Order at 4. An objecting party should order and file a copy of the transcript from this conference call with their objections.

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 7

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101

In response, Microsoft provided the special master with an updated Joseph Whittinghill Declaration ("Second Whittinghill Declaration") attached to this R&R as Exhibit A. In the Second Whittinghill Declaration, Mr. Whittinghill testified that, similar to Dr. Farber's initial report, information in Table 2 of Dr. Farber's Expert Rebuttal Report "could be used to reverse engineer the compensation of Microsoft's engineers and IT operations professionals." *See* Ex. A at ¶ 3. Removing just one of the columns would not completely foreclose the possibility of reverse engineering the compensation figures. Mr. Whittinghill explains that reverse engineering "could be done in multiple ways, including independently using Columns 1 and 5." *Id.* at ¶ 4. For example, "using Table 2 from Dr. Farber's first report, it could be performed using just Columns 1 and Columns 3. Likewise, taking the total damages figures identified by Plaintiffs in conjunction with the figures in Column 5 would allow one to reverse engineer total compensation." *Id.* Based on the Whittinghill declarations, the special master recommends as follows:

| Paragraph- | Description | Recommendation |
|---|---|---|
| Report at ¶¶ 3 & 4 | Microsoft seeks to redact the number of employee-years that correspond to manager of managers that were excluded | **GRANT** – Trade Secret – Confidential Human Resource Strategies – potential to reverse engineer compensation data. Whittinghill declarations |
| Report at ¶ 9 footnote 14 | Microsoft seeks to redact actual compensation figures for a representative employee | **GRANT** – Trade Secret – Confidential Human Resource Strategies – |
| Report at ¶ 39 footnote 39 | Microsoft seeks to redact confidential information regarding business goals, business needs and the names of companies Microsoft views as competitors for talent | **GRANT** – Trade Secret –Confidential Business Records |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 8

| | | |
|---|---|---|
| Report at ¶ 49 | Microsoft seeks to redact the number of employee-year observations | **GRANT** – Trade Secret – Confidential Human Resource Strategies – potential to reverse engineer compensation data. Whittinghill declarations |
| Report at ¶ 56 | Microsoft seeks to redact a description of the contents of an OFCCP correspondence | **GRANT** – OFCCP Investigative Information and Settlement Negotiations |
| Report at ¶ 64 | Microsoft seeks to redact the damage calculations for the class | **GRANT** – Trade Secret – Confidential Human Resource Strategies – potential to reverse engineer compensation data. Whittinghill declarations |
| Report at ¶¶ 75 & 77 footnotes 90 & 92 | Microsoft seeks to redact all references to employee year observations and the level of education by percentage for Microsoft employees | **GRANT** – Trade Secret – Confidential Human Resource Strategies potential to reverse engineer compensation data. Whittinghill declarations |
| Tables 2, 2A, 2B, 8A, 8B, 2C, 8C, and Figures 1, 2 | Microsoft seeks to redact all references to compensation and salary figures from Dr. Farber's tables | **GRANT** – Trade Secret – Confidential Human Resource Strategies potential to reverse engineer compensation data. Whittinghill declarations |
| Tables 5, 6, 7, 10, 11, 12, 13, 14, 15, 1A, 2A, 3A, 4A, 6A, 8A, 1B, 2B, 3B, 4B, 6B, 8B, 1C, 2C, 3C, 4C, 6C, and 8C | Microsoft seeks to redact all references to figures in Employee Years column from Dr. Farber's tables | **GRANT** – Trade Secret – Confidential Human Resource Strategies potential to reverse engineer compensation data. Whittinghill declarations |

REPORT AND RECOMMENDATION
ON MOTIONS TO SEAL- 9

| Table 8A, 8B, and 8C | Microsoft seeks to redact all references to damages figures from Dr. Farber's tables | **GRANT** – Trade Secret – Confidential Human Resource Strategies potential to reverse engineer compensation data. Whittinghill declarations |

The special master recommends that this information be redacted from the Expert Rebuttal Report of Henry S. Farber. Microsoft has provided a revised redacted version for the docket. *See* Shapiro Decl. (Dkt. # 359-10) at Ex. 10. The Expert Rebuttal Report of Henry S. Farber at docket number 344 should remain sealed.

### E. Reply Expert Report of Ann Marie Ryan, Ph.D. (dkt. # 345 (sealed))

Microsoft does not seek to seal the Ryan Reply Report and has provided an unredacted version for the docket. *See* Shapiro Decl. (dkt. # 359-11) at Ex. 11. The report at docket number 345 should be unsealed.

### III.   CONCLUSION

With respect to Plaintiffs' motion to seal (dkt. # 339), the special master recommends that the Court order as follows:

Grant in part and deny in part (dkt. # 339) Plaintiffs' Motion to Seal as follows:

   i. Grant the motion to seal portions of the Third Shaver Declaration as discussed in Section A above: dkt. # 343 should remain under seal and replaced with dkt. # 359-2;

   ii. Grant the motion to seal portions of Exhibit A to the Third Shaver Declaration as discussed in Section B above: dkt. # 343-1 should remain under seal and replaced with dkt. # 359-3;

   iii. Grant in part, deny in part the motion to seal Exhibits B, F, G, H, J and K to the Third Shaver Declaration as discussed in Section C above: dkt. # 343-2 should remain under seal; dkt. # 343-3 should be unsealed or replaced with dkt. # 359-5; dkt. # 343-4 should remain under seal and replaced with dkt. # 359-6; dkt. # 341-8 should remain under seal and

  replaced with dkt. # 359-7; dkt. ## 343-5 and 346 should remain under seal and replaced with dkt. ## 359-8 and 359-12; and dkt. ## 343-6 and 341-11 should remain under seal;

  iv. Grant the motion to seal the Expert Rebuttal Report of Henry S. Farber, Ph.D. as discussed in Section D above: dkt. # 344 should remain under seal and replaced with dkt. # 359-10; and

  v. Deny the motion to seal the Reply Expert Report of Ann Marie Ryan, Ph.D. as discussed in Section E above: dkt. # 345 should be unsealed or replaced with dkt. # 359-11.

Objections to this Report and Recommendation, if any, should be filed with the clerk and served upon all parties to this suit by no later than May 7, 2018. Failure to file objections within the specified time may affect the parties' right to appeal. Objections should be noted for consideration on the Court's motion calendar for the second Friday after they are filed. Responses and replies to objections may be filed in accordance with LCR 7(d)(2). If no timely objections are filed, the matter will be ready for consideration by the Court on May 8, 2018.

DATED this 25th of April, 2018

MICHELLE PETERSON LAW, PLLC

By _/s/ Michelle Peterson_
Michelle Peterson, WSBA No. 33598
Special Master

REPORT AND RECOMMENDATION ON MOTIONS TO SEAL- 11

MICHELLE PETERSON LAW, PLLC
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WA 98101