1

2

3

4

5

6

7
          The Honorable James L. Robart

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9
AT SEATTLE

10

11
KATHERINE MOUSSOURIS, HOLLY
PIERMARINI, and DANA PIERMARINI,
12
on behalf of themselves and a class of
those similarly situated,

13
          Plaintiff,

14
          v.

15
MICROSOFT CORPORATION,

16
          Defendant.

17

Case No. 2:15-cv-01483-JLR

**PLAINTIFF DANA PIERMARINI
OBJECTIONS AND RESPONSES TO
DEFENDANT MICROSOFT
CORPORATION'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF
DANA PIERMARINI**

18
      PROPOUNDING PARTY:   Defendant MICROSOFT CORPORATION

19
      RESPONDING PARTY:    Plaintiff DANA PIERMARINI

20
      SET NUMBER:      ONE (1)

21
      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, by her attorneys,

22
Lieff Cabraser Heimann & Bernstein, LLP and Outten & Golden LLP, makes the following

23
responses and objections to Defendant Microsoft Corporation's First Set of Interrogatories to

24
Plaintiff Dana Piermarini (the "Document Requests"), dated May 3, 2016.

25
               **PRELIMINARY STATEMENT**

26
      Plaintiffs have not completed their investigation of the facts related to this case, have not

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-1-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1   completed discovery in this action, and have not completed preparation for trial.  Plaintiff

2   reserves her right to supplement these responses and objections at an appropriate time before

3   trial, as Plaintiff discovers additional facts relevant to her claims.

4          Plaintiff's responses or objections to any Interrogatory or part of an Interrogatory are not

5   an admission of any fact set forth or assumed by that Interrogatory.  In addition, each of

6   Plaintiff's responses to an Interrogatory or part of an Interrogatory is not a waiver of part or all of

7   any objection she might make to that Interrogatory, or an admission that such answer or

8   objection constitutes admissible evidence.

9          This preliminary statement is incorporated into each response by this reference.

10                          **GENERAL OBJECTIONS**

11         The following General Objections are applicable to and incorporated into each

12   interrogatory response:

13         1.     Plaintiff objects to each Interrogatory to the extent that it is premature at

14   this early stage in discovery.

15         At this time, most material facts supporting Ms. Piermarini's contentions remain uniquely

16   in Defendant's custody and control.  To date, Defendant has not produced a substantial quantity

17   of documents responsive to Plaintiffs' requests, few Rule 30(b)(6) depositions have taken place,

18   and Plaintiffs have not received class-wide data.  Without class-wide data, the process of expert

19   statistical analysis cannot begin.  Such statistical analysis will be an indispensable part of

20   Plaintiffs' factual record.  In addition, the parties are still in the process of negotiating regarding

21   search-term based custodial discovery, and documents obtained via these searches will provide

22   substantial relevant information, as will 30(b)(6) witness depositions on the topics of

23   performance evaluations, compensation, promotions, and internal complaints and compliance.

24         Federal Rule of Civil Procedure 33(a)(2) authorizes courts to protect litigants from

25   abusive interrogatories, particularly those served before discovery is complete.  Referencing an

26   interrogatory that "asks for an opinion or contention," the rule provides that "the court may order

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-2-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1  that an interrogatory need not be answered until designed discovery is complete, or until a

2  pretrial conference or some other time." Fed. R. Civ. Pr. 33(a)(2).

3  There is also overwhelming support for Plaintiffs' position in the Ninth Circuit. For

4  example, courts have recognized that "[c]ontention interrogatories which 'systematically track

5  all of the allegations in an opposing party's pleading, and that ask for 'each and every fact' and

6  application of law to fact that support the party's allegations are an abuse of the discovery

7  process because they are overly broad and unduly burdensome.'" *Miles v. Shanghai Zhenhua*

8  *Port Mach. Co.*, No. 08-5743, 2009 WL 3837523, at *1 (W.D. Wash. Nov. 17, 2009) (quoting

9  *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007)) (allowing a plaintiff, eleven months into

10  discovery, to rest on the allegations in the complaint in response to a contention interrogatory).

11  Courts are particularly wary of defendants' use of contention interrogatories as an attempt to

12  prematurely narrow a plaintiff's case. For example, in *Advocare International, L.P. v.*

13  *Scheckenbach*, No. 08-85332, 2009 WL 3064867, at *1 (W.D. Wash. Sept. 24, 2009), the court

14  denied a motion to compel a response to an "overly broad" contention interrogatory as "an

15  attempt to prevent the plaintiff[] from using any evidence or argument, other than that already

16  provided." The court denied that motion to compel fifteen months after the case had been filed

17  and with only two months left to complete discovery—*i.e.*, far later in the discovery process than

18  the parties find themselves now.

19  Courts have also recognized that it is inefficient and burdensome to require plaintiffs to

20  provide responses to contention interrogatories that would undoubtedly be incomplete given the

21  posture of the case, as would be true here. For example, in *In re eBay Seller Antitrust Litigation*,

22  No. 07-1882, 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008), the court denied a motion to

23  compel responses to contention interrogatories early in discovery because the plaintiff's answers

24  "likely would be materially incomplete," and given "the tentative nature of any responses

25  generated at this stage," they "would be of questionable value to the goal of efficiently advancing

26  the litigation." Likewise, in *Campbell v. Facebook, Inc.*, No. 13-5996, 2015 WL 3533221 (N.D.

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-3-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

Cal. June 3, 2015), a court denied a motion to compel responses to contention interrogatories for much the same reason. There, the interrogatories were served nine months before class certification and summary judgment motion deadlines. The court noted that the defendant, like Defendant, had "better access to the information" sought. *Id.* at *5. The court also rejected the defendant's argument that the court should compel the plaintiff to answer the interrogatories and require the plaintiff to update answers as the factual record developed, stating, "It strikes the Court as unnecessarily burdensome to constantly revise and update such responses." *Id.* at *6. Defendant's contention interrogatories served on Plaintiff are inappropriate at this time for the same reasons.[1] (Objection on the ground of "**Prematurity**.")

2.   Plaintiff objects to each Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the work product doctrine, or any other constitutional, statutory, or common law privilege or protection, including Plaintiff's privacy rights, or the privacy rights of others, or any other lawfully recognized privilege or immunity from disclosure that may attach to information requested by the interrogatory. (Objection on the ground of "**Privilege**" or "**Privacy.**")

---

[1] Further, similar examples of courts in this circuit taking issue with early contention interrogatories are legion. *See, e.g., Amgen, Inc. v. Sandoz, Inc.*, No. 17-4741, 2016 WL 1039029, at *4 (N.D. Cal. Mar. 15, 2016) ("[Defendant] has not demonstrated that its interrogatory is appropriate at this stage as it has not shown how responding to its interrogatories before substantial discovery has been conducted will contribute meaningfully to clarifying the issues in the case or narrowing the scope of the dispute."); *Cardoza v. Bloomin' Brands, Inc.*, Case No. 2:13-cv-01820-JAD-NJK, 2015 WL 3875916, at *1-2 (D. Nev. Jun. 22, 2015) (holding that contention interrogatories served shortly after the opening of discovery and ten months before its close were premature); *Folz v. Union Pac. R.R. Co.*, No. 13-579, 2014 WL 357929, at *2 (S.D. Cal. Jan. 31, 2014) ("[C]ourts are reluctant to allow contention interrogatories, especially when the responding party has not yet obtained enough information through discovery to respond."); *S.E.C. v. Berry*, No. 07-4431, 2011 WL 2441706, at *4 (N.D. Cal. June 15, 2011) ("Contention interrogatories asking for 'each and *every* fact,' or application of law to fact, that supports particular allegations in an opposing pleading may be held overly broad and unduly burdensome." (quoting Schwarzer et. al., Cal. Prac. Guide: Fed. Civ. Pr. Before Trial § 11:1682 (The Rutter Group 2010))). Microsoft itself has objected to answering premature contention interrogatories. *Microsoft Corp. v. Motorola, Inc.*, 10-1823 (W.D. Wash.), Roberts Decl., May 1, 2013, Ex. E, at 42, 52, Dkt. 683-1 ("Microsoft further objects that this is a premature contention interrogatory. Microsoft is not obligated to respond to premature contention interrogatories until the parties have *substantially completed* discovery.") (emphasis added).

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-4-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

DocuSign Envelope ID: 6AE7DF67-1B62-4997-AADE-D3E6AE5405D3

3.      Plaintiff objects to each Interrogatory to the extent that it purports to impose any duty upon Plaintiff that is inconsistent with, or beyond that required by, the rules of this Court and the Federal Rules of Civil Procedure.  (Objection on the ground of "**Scope**.")

4.      Plaintiff objects to each Interrogatory that seeks information that is (a) neither relevant nor material to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, or (b) which bears only such slight relevance to the subject matter of this action that the expenditure of resources necessary to produce such information would be grossly disproportionate to that relevance.  Under such circumstances, responding would be unduly burdensome and oppressive.  (Objection on the ground of "**Relevance**.")

5.      Plaintiff objects to each Interrogatory to the extent that it seeks information for the illegitimate purposes of harassing, annoying, or embarrassing Plaintiff. (Objection on the ground of "**Harassment**.")

Plaintiff asserts these objections without waiving or intending to waive any objections as to competency, relevancy, materiality, or privilege.

In addition to the General Objections set forth above, Plaintiff will also state specific objections to Interrogatories where appropriate, including objections that are not generally applicable to all of the Interrogatories.  By setting forth such specific objections, Plaintiff does not intend to limit or restrict the General Objections set forth above.  To the extent that Plaintiff responds to Interrogatories to which she objects, such objections are not waived.

## RESPONSES TO FIRST SET OF INTERROGATORIES

## INTERROGATORY NO. 1:

If YOU contend that Microsoft operated under a general policy of discrimination against women in the purported class, state all material facts supporting that contention.

## RESPONSE TO INTERROGATORY NO. 1:

Plaintiff incorporates the general objections stated above and reserves her right to

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR
-5-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

DocuSign Envelope ID: 6AEZDF67-1B62-4997-AADE-D3E6AE5405D3

1  supplement her response before trial.  Subject to and without waiving these objections, Plaintiff

2  responds as follows:

3      Plaintiff incorporates her allegations in the Second Amended Complaint.  Plaintiff also

4  incorporates her answers to all the Interrogatories herein.

5      As a Microsoft employee since 2006, Plaintiff has made many observations of gender

6  discrimination at Microsoft.  These include the following:

7      <u>Lack of Women in Solutions Specialist and Related Roles</u>

8      For much of her career, Plaintiff has been the only woman on her Specialist Team Unit

9  focused on "Productivity" products in the Microsoft Federal division.  In fact, Plaintiff can recall

10  having only three or four other women on her team during her entire ten years with the company.

11  During certain points in her career, Plaintiff was one of only two or three women on all of the

12  Specialist Team Units in her division, which consisted of approximately 60-75 people.

13      In approximately 2013, Plaintiff's manager, David Walker, stated in a joking manner that

14  he was supposed to try to recruit diverse candidates for an open headcount, but that he knew the

15  candidate that he wanted to select and did not want to bother trying to recruit anyone who would

16  add diversity to the team.

17      <u>Women Singled Out for Scrutiny Relating to Family Responsibilities</u>

18      Plaintiff and other women are frequently singled out for scrutiny and criticism relating to

19  their family responsibilities in a way that their male counterparts are not.  For example, in March

20  2015, Plaintiff's manager, David Walker, admonished Plaintiff that she should not be "doing

21  child care" during work hours, referring to days during the previous winter when Plaintiff

22  worked from home due to her children's illnesses and school closures, even though Plaintiff met

23  every deadline and attended all of the meeting she was scheduled to attend during this time.

24  Plaintiff is aware that several of her male counterparts also worked from home because of

25  children with illnesses and/or school/daycare closures during this period, but she is unaware of

26  Mr. Walker criticizing them for "doing child care" during work hours.

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1     Plaintiff is aware of other women at Microsoft who have received undue scrutiny related

2     to family responsibilities.  For example, in approximately ████, ████████████, another

3     female ████████████, was asked by a hiring manager during her job interview about her

4     children and questioned about whether she thought that she would have child care issues if hired.

5     Plaintiff is also aware that management employees at Microsoft have suggested to female

6     employees with children that they should get a nanny to help out in order to be more successful

7     in their jobs.  For example, in approximately March 2015, Plaintiff's manager, David Walker,

8     suggested that she should get a nanny to assist with her child care obligations.  During a separate

9     incident, ████████ was also told that she should consider getting a nanny.  Plaintiff has never

10    heard any managers suggest to male employees with children that they should get a nanny.

11    Plaintiff has observed that there is an assumption that women are less committed to their

12    careers if they have children, but men who have children are not subject to that same assumption.

13    Plaintiff believes that this widely held view has manifested itself in performance evaluations and

14    advancement opportunities for women.

15    <u>Singled Out for Criticism</u>

16    Plaintiff has also received unfair criticism about behavior for which her male colleagues

17    do not receive criticism.  For example, in Plaintiff's March 2016 Connect, she was criticized by

18    Mr. Walker for involving an individual with particular technical expertise in the Navy Enterprise

19    Office 365 project that multiple members of the team, including Plaintiff, believed was critical to

20    the success of the opportunity.  Mr. Walker indicated that the involvement of this additional

21    technical resource meant that Plaintiff had not sufficiently led the strategy of the project.  To

22    Plaintiff's knowledge, however, male employees in Plaintiff's role, including ████████,

23    have used the same resource to provide particular technical expertise for certain accounts.  In

24    those cases, the involvement of the additional resource was not viewed as indicative of a lack of

25    leadership on the part of the male Solutions Specialist.

26    <u>Sexual Harassment & Sexually Charged Work Environment</u>

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-7-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

DocuSign Envelope ID: 6AE7DF67-1B62-4997-AADE-D3E6AE5405D3



1    Plaintiff has observed and learned of incidents of sexual harassment and hostile work

2    environment at Microsoft.

3    For example, Plaintiff has heard from various sources that █████████████████

4    ██████████████████████████████████████, made unwanted sexual

5    advances at and or/inappropriately sexual comments to several female employees, including

6    ██████████████████████████.  Plaintiff is not aware of ████████ being

7    disciplined for his conduct.

8    Plaintiff has also heard that ████████████████████████████████

9    █████████████████, also engaged in inappropriate conduct with respect to various female

10    employees, including ████████████████████████████.

11    For instance, Plaintiff understands that ████████ made inappropriate comments to

12    ████████ about her appearance and conduct before or after an event during █████████.

13    Another Microsoft employee who observed the incident reported it.  Subsequently, ████

14    █████████████████████████████████████ discussed the

15    incident with ████████.  Plaintiff has also heard that, before or after an event during █████

16    ████████ in approximately ████, ████████ slipped his hotel room key into the back

17    pocket of one of the female employee's listed above, suggesting that she should follow him there

18    later in the evening if she was lonely.  To Plaintiff's knowledge, ████████ was not

19    disciplined for any of this conduct.

20    Plaintiff has also learned that ████████ a former ████████████, made

21    inappropriate comments and unwanted advances at ████████████, a █████████████

22    ████████, in approximately ████.  Some of these inappropriate comments were made in front of

23    other Microsoft employees who reported the conduct to Human Resources.  ████████

24    subsequently left the company.

25    Plaintiff has attended events at Microsoft ISU, including parties in 2007 and/or 2008,

26    where scantily-clad women were hired to dance and serve drinks.  Microsoft continues to host

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-8-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1    parties and other events at Microsoft ISU and MGX where excessive drinking takes places.

2    Multiple women have made allegations of sexual harassment about conduct that occurred during

3    or after these Microsoft ISU and MGX events, but to Plaintiff's knowledge, Microsoft has not

4    taken adequate steps to address the issue.

5            Plaintiff has also heard that several of the young women who have participated in the

6    Microsoft Academy for College Hires ("MACH") have experienced sexual harassment.  Plaintiff

7    believes that MACH participants are particularly vulnerable to sexual harassment because they

8    do not yet have permanent positions and are encouraged to network with various company

9    leaders to find a long-term career path.  Plaintiff has heard that a participant in the ███████

10   program, ████████████, recently felt pressured into having a sexual encounter with ███

11   ████ ████████████████████████████ business, after a recent ████████████

12   event.  Plaintiff has also heard that another female ████████ participant, ████████████, has felt

13   uncomfortable because of unwanted attention from various men with whom she works on her

14   ████████████████████████.

15           In approximately 2014, during a team meeting, one of the male attendees on Plaintiff's

16   team, David Ouart, opened his laptop and audible sounds of pornography began coming from the

17   computer.  The sounds continued for several minutes while Mr. Ouart attempted to shut it off.

18   To Plaintiff's knowledge, her manager did not do anything to address the employee's

19   inappropriate behavior and, instead, joked about it, along with several of the other male

20   employees in the room.  Besides Plaintiff, there was only one other woman in a room of

21   approximately eight men.  Plaintiff felt uncomfortable during and after the incident and Plaintiff

22   believes that it bothered the other woman in the room, ████████████, too.

23           On a business trip in approximately 2007, George Cross, another Solutions Specialists

24   placed his hand on Plaintiff's leg in a sexually suggestive manner without Plaintiff's consent,

25   which caused Plaintiff to feel uncomfortable working with him.

26           Several times a year, Plaintiff receives comments from male co-workers on the

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR                                    -9-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1   attractiveness of her clothing or her physical attributes.  For example, male employees have

2   made comments to the effect of, "I really like your shirt," while staring at Plaintiff's chest area.

3   Plaintiff does not hear such comments made about male colleagues.  Plaintiff has learned of

4   similar reports of this type of behavior directed at her female colleagues.

5          <u>Criticism of Women's Competence/Intelligence</u>

6          Plaintiff's manager has made multiple demeaning comments about various women in

7   Plaintiff's organization.  For instance, on various occasions in ████████, David Walker called

8   his ██████, ████████████████████, an "easy bake oven" in front of Plaintiff and several

9   other members of her team in an attempt to undermine her as a professional ████████.  His

10  comments were made in reference to ████ ████████ cheerful demeanor and the fact that she

11  sometimes brought baked goods and other sweets to meetings to share with the group.  In

12  Plaintiff's view, his comment was intended to suggest that baking was all ████████████ was

13  good for.  In addition to making demeaning comments about ████████, Plaintiff understands

14  that Mr. Walker was frequently uncooperative and, at times, ████████o ████████ when

15  ████████ was ████████ in approximately ████████.

16         Mr. Walker has also made demeaning and belittling comments about two different female

17  ████████████████████████████████████████████████████.  Specifically, he

18  has called these women "dumb" or "an idiot," despite the fact that they are competent

19  professionals with many years of experience.

20         Mr. Walker has also spoken in a demeaning manner about the capacity and intelligence

21  of ████████████████████.  Mr. Walker has insinuated that ████████ is "crazy,"

22  and does not know how to do her job in front of Plaintiff and other members of her team.

23         By contrast, Plaintiff has not heard any managers try to undermine any male employees

24  by disparaging their intellectual capabilities or competence in this same way.

25         In approximately 2014, John Hearne, an Account Executive that Plaintiff supports, spoke

26  to Plaintiff in a rude and demeaning way, raised his voice at Plaintiff, and was unfairly

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-10-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1   dismissive of Plaintiff's ideas.  One of Plaintiff's co-workers, ████████, reported the

2   inappropriate conduct to Plaintiff's manager.  Although various managers at Microsoft are aware

3   that Mr. Hearne has a track record of difficulty working with women, to Plaintiff's knowledge,

4   the company has not adequately addressed the issue.

5        In fact, Plaintiff believes that Mr. Walker subsequently sought out Mr. Hearne to provide

6   feedback about Plaintiff's performance for her 2015 end-of-year review, hoping to gain negative

7   feedback to support his efforts to assign Plaintiff lower rewards than her performance merited.

8        On several occasions, David Walker has chastised plaintiff for getting overly "emotional"

9   when she has tried to address her concerns about his unfair treatment of her, in a manner that

10   Plaintiff believes is demeaning and gender-based.

11        <u>Attitudes Toward Female Participation in Discussions and Meetings</u>

12        Plaintiff has observed that women's voices at Microsoft are frequently drowned out by

13   the voices of men. Plaintiff is frequently the only woman in attendance at meetings.  When

14   Plaintiff and other women speak up to actively participate in substantive discussions regarding

15   Microsoft products or team strategy, they are often talked over or dismissed.  Plaintiff has heard

16   complaints about this problem frequently from other women in her organization.  In addition to

17   being interrupted or ignored, Plaintiff has been asked to move seats to a different, less central

18   chair when arriving for meetings.  Specifically, in approximately early 2015, David Marvin, an

19   Enterprise Architect, asked Plaintiff to move seats during a meeting with a customer.

20        Additionally, Plaintiff has observed male colleagues exclude female colleagues from

21   important discussions, either by not inviting them to meetings or by setting the meetings when

22   they know the women have family responsibilities and/or on very short notice, even when the

23   women could have attended with more notice and/or would have attended if the meeting had

24   been set at another time.  Even when such meetings are scheduled at inconvenient times, Plaintiff

25   makes every effort to attend.  For example, Plaintiff has heard ████████████████,

26   complain that she has been excluded from important discussions about strategic direction for the

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-11-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1   division.  In the fall of 2015, Plaintiff was excluded from a conference call in which she wanted

2   to participate related to Office 365 for Navy, the team to which she is aligned.   Even though

3   Plaintiff was with Marc Langlois, the Navy Director, during the time of the call, he took the

4   conference call on his cell phone without giving Plaintiff an opportunity to participate.

5   <u>Hiring and Job Assignments</u>

6   Plaintiff has observed that men and women with similar credentials are not offered the

7   same opportunities upon entry into Microsoft or during their careers.  When Plaintiff was hired at

8   Microsoft, she was offered a position as a Level 62, despite having a degree in Information

9   Systems and seven years of relevant work experience for Oracle (as a Senior Solutions

10   Architect), Aether Systems (as a technical trainer instructing programmers on writing code for

11   wireless applications), and a government contractor (as a Software Engineer).  When Plaintiff

12   attempted to negotiate a higher salary, the recruiter informed Plaintiff that the recruiter's

13   manager had responded to Plaintiff's request by saying that Plaintiff should be satisfied with the

14   offer because she was "making enough" for someone her age.  By contrast, male employees have

15   been hired into Plaintiff's team at higher levels without having commensurate higher levels of

16   experience.

17   Plaintiff has observed that the execution of large-scale, high visibility projects is

18   frequently required before employees can be promoted to higher levels.  Managers have

19   influence over which employees have the opportunity to lead these kinds of projects and

20   frequently give these opportunities to men who are then promoted over women with similar or

21   better experience and performance records.

22   For example, after strong performance for several years at Level 64, Plaintiff actively

23   sought promotion to Level 65.  She was told by her then-Director, Nina Somerville, that she was

24   a likely candidate for a promotion in 2015.  In November 2014, Plaintiff told her new manager,

25   Mr. Walker, that she believed she deserved a promotion.  Mr. Walker told Plaintiff that he did

26   not think she was ready for the promotion and that she needed to execute a high visibility project

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-12-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

first.  Plaintiff suggested that she could direct the "Consumption" deployment project for Office 365.  At her check-in meeting in December 2014, Plaintiff delivered a presentation related to the project and asked for feedback from Mr. Walker.  He said that he needed to check with his supervisor, Nina Somerville, before giving Plaintiff approval to proceed.  In January 2015, Plaintiff checked in with Mr. Walker about whether she had permission to move forward with the presentation she had built (and the Consumption project more broadly), but Mr. Walker put her off and did not give her the approval she needed to move forward.  Plaintiff did not hear anything about the project again until Mr. Walker sent an email to the team in approximately March 2015 announcing that ████████████████████████, would be the ████████████ ████.  Around the same time, Plaintiff learned that Mr. Walker had given the project to ███ ████ and that ████████ had begun working on the project while Plaintiff was waiting to get approval to proceed.  ████████ and Plaintiff were both ████████ at the time.  After leading the ████████████████████, ████████ was promoted to level 65 in ████ and Plaintiff was not promoted.

<u>Impact of Maternity Leave and Childcare on Performance Reviews and Assignments</u>

Plaintiff has observed the negative impact of taking maternity leave on performance reviews, work assignments, and promotions.

For example, after returning from maternity leave in 2010, Plaintiff was not promoted from Level 63 to Level 64 despite her strong performance record over two years at Level 63. ████████████████████ ████████████████████ who was not a top performer received a ████ ████████ promotion to Level 65 instead.

<u>Katherine Moussouris's EEOC Charge</u>

Plaintiff has read Katherine Moussouris's EEOC charge dated May 13, 2014.  Katherine Moussouris's experience represents an example of gender discrimination within Microsoft in terms of performance evaluation, compensation, and promotions.  As a manager, Ms. Moussouris observed that "female technical employees tended to receive lower scores than their

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-13-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1  male peers, despite having equal or better work performance," and that "[f]emale technical

2  employees disproportionately received 4s and 5s as compared to male technical employees."

3  While Plaintiff has not been involved in reviewing employee performance, she understands that

4  performance review scores affect one's likelihood of promotion.  Plaintiff has observed her male

5  colleagues rise through the ranks faster within Microsoft, corroborating Ms. Moussouris's

6  allegations, regarding performance evaluation, compensation, and promotions.

7  Confidential Information

8      Finally, certain material relevant to Plaintiffs' claims in this case has been produced to

9  Plaintiff's attorneys as highly confidential information.  Accordingly, Plaintiff does not have

10  access to that information, but believes that additional facts may exist therein that are responsive

11  to this interrogatory.

12  **INTERROGATORY NO. 2:**

13      If YOU contend that Microsoft operated under a general policy of discrimination that

14  manifested itself in promotion practices impacting the purported class, state all material facts

15  supporting that contention.

16  **RESPONSE TO INTERROGATORY NO. 2:**

17      Plaintiff incorporates the general objections stated above and reserves her right to

18  supplement her response before trial.  Subject to and without waiving these objections, Plaintiff

19  responds as follows:

20      Plaintiff incorporates her response to Interrogatory number 1.

21      Plaintiff observed that her gender affected her promotion opportunities and the promotion

22  opportunities of other women during her tenure at Microsoft.

23      During her career at Microsoft, Plaintiff has observed men advance through the company

24  faster than women who perform similarly or better.  Below are some examples:

25      • Plaintiff believes that the following men have been promoted to Level 65 while

26          Plaintiff has not, despite her similar education and experience and similar or

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-14-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

1    better performance record: ██████████████████████████

2    ███████.

3    • In approximately late ████████████, ████████ was hired into ████████

4    team as a ████████ – a level above Plaintiff - despite the fact that ████████ did

5    have not significantly more relevant experience or skills than Plaintiff and had

6    been with the company for ████████ than Plaintiff.  Plaintiff was involved in

7    interviewing ████████ for the position, and did not learn that he would be a

8    higher level than she was until after he was hired.  ████████ has since been

9    promoted into a management position and is now the peer of ██████████████,

10    ████████.

11    • Plaintiff also has observed that ████████ rose through the ranks much faster

12    than she did despite having a shorter tenure with the company and fewer years of

13    relevant experience.  He started working for Microsoft in approximately ████—

14    ████████████████ ████— in another role within the company.  Plaintiff

15    believes that he became a Solutions Specialist in approximately ████ and was

16    promoted to Level 64 in approximately ████ after only about ████ of work as a

17    ████████████.  By contrast, it took Plaintiff five years as a Solutions

18    Specialist to achieve this promotion.  Likewise, belies that ████████ was

19    promoted to Level 65 in ████, despite having only ████████ of experience as a

20    ████████████ and ████████ of tenure with the company.  Plaintiff has still

21    not attained a promotion to Level 65 after nearly ten years of strong performance

22    as a Solutions Specialist.

23    • Plaintiff also has observed that ██████████████ rose through the ranks much

24    faster than she did despite having a shorter tenure with the company and fewer

25    years of relevant experience.  Mr. ████████h started working for Microsoft in

26    approximately ████ as a ██████████████████ – approximately ████

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-15-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

years after Plaintiff started working for the company.  In approximately ████████ ████████ became a ████████████████████████████. In ████████ ████████ was promoted to Level 65, despite having only ████████ of experience as a ████████████ and only ████████ of tenure with the company.

- As explained above in response to Interrogatory No. 1, ████████ received a promotion to Level 65 in ████ instead of Plaintiff after ████████ was given the opportunity to serve as ████████████████████.

- Over the years, other women have also failed to receive promotions despite strong performance.  In turn, many of these women have left the company or changed roles.  These individuals include: ████████████████████████████.

## INTERROGATORY NO. 3:

If YOU contend that Microsoft operated under a general policy of discrimination that manifested itself in performance evaluation practices impacting the purported class, state all material facts supporting that contention.

## RESPONSE TO INTERROGATORY NO. 3:

Plaintiff incorporates the general objections stated above and reserves her right to supplement her response before trial.  Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff incorporates her response to Interrogatory number 1-2.

Plaintiff observed that her gender affected her performance evaluation during her tenure at Microsoft.  In fiscal years 2008, 2009, and 2010, Plaintiff's performance reviews indicated that she was performing at or near the "20% level" for contribution ranking – the top band at that time – yet she was ultimately ranked at the 70% level, not the 20% level, in all three years. Additionally, in 2014 and 2015, despite consistently strong performance relative to her peers, Plaintiff received less favorable performance reviews and lower rewards as a percentage of her

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-16-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1  salary, including her merit increases and bonus awards, than in the previous three fiscal years.

2  **INTERROGATORY NO. 4:**

3  If YOU contend that Microsoft operated under a general policy of discrimination that

4  manifested itself in compensation practices impacting the purported class, state all material facts

5  supporting that contention.

6  **RESPONSE TO INTERROGATORY NO. 4:**

7  Plaintiff incorporates the general objections stated above and reserves her right to

8  supplement her response before trial.  Subject to and without waiving these objections, Plaintiff

9  responds as follows:

10  Plaintiff incorporates her response to Interrogatory number 1-3.

11  Plaintiff observed that her gender has affected her compensation during her tenure at

12  Microsoft.

13  Plaintiff has observed men rise through the ranks faster at Microsoft, and Plaintiff

14  understands that with promotions, come salary increases.  Therefore, male colleagues performing

15  work of similar quality receive greater compensation.  Additionally, Plaintiff is aware that even

16  without a promotion, a higher review score results in greater salary rewards (e.g., bonuses or

17  raises), and that women are treated differently in reviews.  Plaintiff herself has observed and also

18  has heard from others that women are often penalized for having family responsibilities while

19  men are not, and women are criticized for personality traits considered to be strengths in men,

20  are not credited for their contributions, and receive mediocre review scores upon returning from

21  maternity leave.  This practice reduces female compensation vis-à-vis male compensation.

22  **INTERROGATORY NO. 5:**

23  If YOU contend that Microsoft operated under a general policy of discrimination that had

24  the effect of denying the purported class members business opportunities, state all material facts

25  supporting that contention.

26

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR
-17-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

DocuSign Envelope ID: 6AE7DF67-1B62-4997-AADE-D3E6AE5405D3

1    **RESPONSE TO INTERROGATORY NO. 5:**

2        Plaintiff incorporates the general objections stated above and reserves her right to

3 supplement her response before trial.  Subject to and without waiving these objections, Plaintiff

4 responds as follows:

5        Plaintiff incorporates her response to Interrogatory number 1-4.

6        Managers tend to assign men the more prestigious and valued tasks and give them

7 opportunities to take on projects that will set them up for promotions.  For example, as described

8 in Plaintiff's response to Interrogatory No. 1, ███████████████, was given the

9 opportunity to █████████████ instead of Plaintiff and he was then promoted over

10 her.

11 **INTERROGATORY NO. 6:**

12        If YOU contend that Microsoft operated under a general policy of discrimination that had

13 the effect of providing purported class members with inferior terms and conditions of

14 employment, state all material facts supporting that contention.

15 **RESPONSE TO INTERROGATORY NO. 6:**

16        Plaintiff incorporates the general objections stated above and reserves her right to

17 supplement her response before trial.  Subject to and without waiving these objections, Plaintiff

18 responds as follows:

19        Plaintiff incorporates her response to Interrogatory number 1-5.

20 **INTERROGATORY NO. 7:**

21        If YOU contend that each nonresident putative class member had sufficient contact with

22 the state of Washington to apply the Washington Law Against Discrimination (RCW § 24

23 49.60.010 et seq.) ("WLAD") to their claims, state all material facts supporting that contention.

24 **RESPONSE TO INTERROGATORY NO. 7:**

25        Plaintiff incorporates the general objections stated above and reserves her right to

26 supplement her response before trial.  Plaintiff also objects on the ground that this Interrogatory

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-18-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1  calls for a legal conclusion.  Subject to and without waiving these objections, Plaintiff responds

2  as follows:

3        Plaintiff believes that the performance, compensation, and promotion policies at issue

4  were developed and implemented by company leadership and/or human resources in Washington

5  State, and all members of the putative class would be subject to these same policies.  Plaintiff

6  believes company training materials are generated by employees in Washington State.  Plaintiff

7  understands that the employee agreement she received in 2006 states that Washington Law

8  applies to her employment, and Plaintiff believes that similar statements are made in the

9  employee agreements of others who work both inside and outside of Washington.

10  **INTERROGATORY NO. 8:**

11        If YOU contend that the WLAD does not conflict in any material way with ANY other

12  state anti-discrimination laws applicable to the putative class, state all material facts supporting

13  that contention.

14  **RESPONSE TO INTERROGATORY NO. 8:**

15        Plaintiff incorporates the general objections stated above and reserves her right to

16  supplement her response before trial.  Plaintiff also objects on the ground that this Interrogatory

17  calls for a legal conclusion.

18  **INTERROGATORY NO. 9:**

19        State all material facts supporting YOUR contention that Microsoft implemented its

20  performance evaluation policies "despite knowing that they have a longstanding disparate impact

21  on female employees."

22  **RESPONSE TO INTERROGATORY NO. 9:**

23        Plaintiff incorporates the general objections stated above and reserves her right to

24  supplement her response before trial.  Subject to and without waiving these objections, Plaintiff

25  responds as follows:

26        Plaintiff incorporates her response to Interrogatory number 1-8.

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-19-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1    Plaintiff has raised complaints about gender discrimination on multiple occasions to

2   Microsoft.  In April 2015, Plaintiff brought to the attention of Dick Hoell from Microsoft Human

3   Resources the fact that she believed she was being treated unfairly by her manager, David

4   Walker.  After she did not receive an adequate response from Human Resources, in May 2015,

5   Plaintiff again complained to Human Resources that she believed that Microsoft had

6   discriminated against her because of her gender.  Plaintiff provided evidence of Microsoft's

7   discriminatory treatment to Microsoft's investigators.  Plaintiff also informed Microsoft's

8   investigations team that she believed that her 2015 end-of-year performance evaluation was

9   unfairly negative in a manner that was discriminatory and/or in retaliation for her complaint of

10   discrimination.  In March 2016, Plaintiff also reported to Human Resources that Mr. Walker had

11   unfairly evaluated her performance in her most recent Connect.

12    Plaintiff is aware that other women have also brought instances of unfair treatment

13   relating to performance evaluation, compensation, promotions, and sexual harassment to the

14   attention of Microsoft management and/or Human Resources.  Plaintiff is not aware of Microsoft

15   taking steps to address these complaints.

16   **INTERROGATORY NO. 10:**

17    State all material facts supporting YOUR contention that Microsoft implemented its pay

18   policies "despite knowing that they have a longstanding disparate impact on female employees."

19   **RESPONSE TO INTERROGATORY NO. 10:**

20    Plaintiff incorporates the general objections stated above and reserves her right to

21   supplement her response before trial.  Subject to and without waiving these objections, Plaintiff

22   responds as follows:

23    Plaintiff incorporates her response to Interrogatory number 1-9.

24    Plaintiff has observed how women's pay is affected by the performance evaluations and

25   promotions. Plaintiff has discussed these issues with managers (and is aware of female co-

26   workers who have done the same).  Plaintiff has complained about gender bias at Microsoft to

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR
-20-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1  Microsoft Human Resources, and she knows that others have made such complaints as well.

2  Plaintiff believes that, as a federal contractor, Microsoft is obligated to keep track of data

3  on the compensation of men versus women in similar roles, and that the company must therefore

4  be aware of a pay disparity.

5  **INTERROGATORY NO. 11:**

6  State all material facts supporting YOUR contention that Microsoft implemented its

7  promotion policies "despite knowing that they have a longstanding disparate impact on female

8  employees."

9  **RESPONSE TO INTERROGATORY NO. 11:**

10  Plaintiff incorporates the general objections stated above and reserves her right to

11  supplement her response before trial.  Subject to and without waiving these objections, Plaintiff

12  responds as follows:

13  Plaintiff incorporates her response to Interrogatory number 1-10.

14  Plaintiff made numerous complaints to her managers about not being promoted.  Most

15  recently, in ▮▮▮▮▮▮▮▮, a male colleague with the same scope of responsibility was

16  promoted when she did not.  Over the years, Plaintiff has heard many women describe

17  complaining to managers when they observed male peers being promoted above them.

18  Plaintiff has observed a dearth of female employees at more senior levels within her

19  organization and other parts of the company.  Plaintiff believes that, as a federal contractor,

20  Microsoft is obligated to keep track of data on the relative representation of men and women in

21  management, and that the company must therefore be aware of the problem.

22  Plaintiff has complained about gender bias at Microsoft to Microsoft Human Resources,

23  and she knows that others have made such complaints as well.

24  **INTERROGATORY NO. 12:**

25  If YOU contend that Microsoft implemented ANY policy that caused an adverse impact

26  on women, specifically identify each such policy.

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-21-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff incorporates the general objections stated above and reserves her right to supplement her response before trial.  Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff incorporates her response to Interrogatory number 1-11.  Plaintiff contends that the performance review, compensation, and promotion policies at issue have an adverse impact on women.

**INTERROGATORY NO. 13:**

If you identified a policy or policies in response to Interrogatory No. 12 above, state all material facts supporting your contention that the policy or policies caused the alleged adverse impact.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff incorporates the general objections stated above and reserves her right to supplement her response before trial.  Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff incorporates her response to Interrogatory number 1-12.  Plaintiff has observed for herself and has heard men and women say that women are paid and promoted less and calibrated differently than men.

**INTERROGATORY NO. 14:**

If YOU identified a policy or policies in response to Interrogatory No. 12 above, and YOU contend that Microsoft implemented the policy or policies because of their alleged adverse impact on women, state all material facts supporting that contention.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff incorporates the general objections stated above and reserves her right to supplement her response before trial.  Subject to and without waiving these objections, Plaintiff responds as follows:

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-22-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1   Plaintiff does not allege that "Microsoft implemented the policy or policies because of

2   their alleged adverse impact on women" in the Second Amended Complaint.  Plaintiff alleges

3   that Microsoft implemented discriminatory policies and practices regarding performance

4   reviews, compensation, and promotions; that those policies had an adverse impact on women;

5   that Microsoft maintained those policies and practices with knowledge of their adverse impact;

6   that those policies and practices are not and cannot be justified by business necessity; and that

7   even if those policies and practices could be justified by business necessity, less discriminatory

8   alternatives exist and would equally serve any alleged necessity.  Plaintiff incorporates her

9   response to Interrogatory number 1-13.

10  **INTERROGATORY NO. 15:**

11  If YOU contend that Microsoft implemented ANY practice that caused an adverse impact

12  on women, specifically identify each such practice.

13  **RESPONSE TO INTERROGATORY NO. 15:**

14  Plaintiff incorporates the general objections stated above and reserves her right to

15  supplement her response before trial.  Subject to and without waiving these objections, Plaintiff

16  responds as follows:

17  Plaintiff incorporates her response to Interrogatory number 1-14.

18  **INTERROGATORY NO. 16:**

19  If YOU identified a practice or practices in response to Interrogatory No. 15 above, state

20  all material facts supporting your contention that the practice or practices caused the alleged

21  adverse impact.

22  **RESPONSE TO INTERROGATORY NO. 16:**

23  Plaintiff incorporates the general objections stated above and reserves her right to

24  supplement her response before trial.  Subject to and without waiving these objections, Plaintiff

25  responds as follows:

26  Plaintiff incorporates her response to Interrogatory number 1-15.

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-23-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

**INTERROGATORY NO. 17:**

If YOU identified a practice or practices in response to Interrogatory No. 15 above, and YOU contend that Microsoft implemented the practice or practices because of their adverse impact on women, state all material facts supporting that contention.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff incorporates the general objections stated above and reserves her right to supplement her response before trial.  Subject to and without waiving these objections, Plaintiff responds as follows:

Plaintiff does not allege that "Microsoft implemented the practice or practices because of their adverse impact on women" in the Second Amended Complaint.  Plaintiff alleges that Microsoft implemented discriminatory policies and practices regarding performance reviews, compensation, and promotions; that those policies had an adverse impact on women; that Microsoft maintained those policies and practices with knowledge of their adverse impact; that those policies and practices are not and cannot be justified by business necessity; and that even if those policies and practices could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.  Plaintiff incorporates her response to Interrogatory number 1-16.

**INTERROGATORY NO. 18:**

If YOU contend that your WLAD disparate impact claim is not based on discretionary performance decisions, state all material facts that support that contention.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff incorporates the general objections stated above and reserves her right to supplement her response before trial.  Additionally, Plaintiff objects on the ground that this Interrogatory calls for a legal conclusion.

**INTERROGATORY NO. 19:**

Identify all individuals by name and by job title who YOU consider to be YOUR

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-24-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1  comparators for the disparate treatment and disparate impact claims you allege against Microsoft.

2  **RESPONSE TO INTERROGATORY NO. 19:**

3  Plaintiff incorporates the general objections stated above and reserves her right to

4  supplement her response before trial.  Plaintiff also objects that the term comparator is vague and

5  ambiguous.  To the extent that Plaintiff can guess at the meaning and subject to and without

6  waiving these objections, Plaintiff responds as follows:

7  ██████

8  ████████

9  ██████

10  ██████████

11  **INTERROGATORY NO. 20:**

12  If YOU identified individuals in response to Interrogatory No. 19 above, state all material

13  facts to support YOUR contention that these individuals are YOUR comparators.

14  **RESPONSE TO INTERROGATORY NO. 20:**

15  Plaintiff incorporates the general objections stated above and reserves her right to

16  supplement her response before trial.  Subject to and without waiving these objections, Plaintiff

17  responds as follows:

18  █████

19  █████ graduated from college at ██████████ as Plaintiff and has a

20  █████ number of years of work experience; although Plaintiff has ███ years of experience as a

21  ██████████.  They have worked on the █████ performing a █████████ of work.

22  Until ███ when ██████ was promoted to Level 65, both Plaintiff and ██████ were at Level

23  64.

24  ██████

25  █████ graduated from college around ██████████ as Plaintiff and

26  has a █████ number of years of work experience; although Plaintiff has ███ years of

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-25-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1   experience as a ▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮ ▮▮▮▮▮▮ into Plaintiff's team as a ▮▮▮▮▮

2   ▮▮▮▮▮ in approximately ▮▮▮▮▮▮▮▮▮ as a Level ▮, despite performing a similar

3   scope of work.

4        ▮▮▮▮

5        Until recently, when ▮▮▮▮▮ became a ▮▮▮▮▮▮▮▮▮▮▮, Plaintiff and ▮▮▮

6   ▮▮▮ were both ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ performing a ▮▮▮▮ scope of work.

7   Plaintiff graduated from college ▮▮▮▮▮▮▮▮▮▮▮ and has several ▮▮▮ years of

8   relevant work experience.

9        ▮▮▮▮▮▮

10       Plaintiff and ▮▮▮▮▮▮▮ have a ▮▮▮▮ number of years of relevant work experience

11  and performed a similar scope of work as ▮▮▮▮▮▮▮▮▮▮▮▮▮; although

12  Plaintiff has ▮▮▮ experience as a ▮▮▮▮▮▮▮.

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-26-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

1

2
**VERIFICATION**

3
    I, Dana Piermarini, verify subject to the penalty of perjury that the foregoing answers to

4
interrogatories are true and correct to the best of my knowledge and belief.

5

6
Dated:    6/2/2016         By:

7
                               Dana Piermarini

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-27-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

Dated: June 2, 2016          By: /s/ Ossai Miazad
                                 Ossai Miazad

                             Kelly M. Dermody (*pro hac vice*)
                             Anne B. Shaver (*pro hac vice*)
                             Michael Levin-Gesundheit (*pro hac vice*)
                             Yaman Salahi (*pro hac vice*)
                             **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
                             275 Battery Street, 29th Floor
                             San Francisco, California  94111-3339
                             Telephone:  (415) 956-1000
                             Facsimile:  (415) 956-1008
                             E-Mail: kdermody@lchb.com
                             E-Mail: ashaver@lchb.com
                             E-Mail: mlevin@lchb.com
                             E-Mail: ysalahi@lchb.com

                             Sharon M. Lee (Wash. Bar No. 37170)
                             **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
                             2101 Fourth Avenue, Suite 1900
                             Seattle, Washington  98121
                             Telephone:  (206) 739-9059
                             Facsimile:  (415) 956-1008
                             E-Mail: slee@lchb.com

                             Rachel J. Geman (*pro hac vice*)
                             **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
                             250 Hudson Street, 8th Floor
                             New York, New York  10013-1413
                             Telephone: (212) 355-9500
                             Facsimile: (212) 355-9592
                             E-Mail: rgeman@lchb.com

                             Adam T. Klein (*pro hac vice*)
                             Cara E. Greene (*pro hac vice*)
                             Ossai Miazad (*pro hac* vice)
                             Elizabeth V. Stork (*pro hac vice*)
                             **OUTTEN & GOLDEN LLP**
                             3 Park Avenue, 29th Floor
                             New York, New York  10016
                             Telephone:  (212) 245-1000
                             Facsimile:  (646) 509-2060
                             E-Mail: ATK@outtengolden.com
                             E-Mail: CEG@outtengolden.com
                             E-Mail: OM@outtengolden.com
                             E-Mail: estork@outtengolden.com

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-28-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY

DocuSign Envelope ID: 6AE7DF67-1B62-4997-AADE-D3E6AE5405D3

1  Jahan C. Sagafi (*pro hac vice*)
   Katrina L. Eiland (*pro hac vice*)
2  **OUTTEN & GOLDEN LLP**
   One Embarcadero Center, 38th Floor
3  San Francisco, California  94111
   Telephone:  (415) 638-8800
4  Facsimile: (415) 638-8810
   E-Mail: jsagafi@outtengolden.com
5  E-Mail: keiland@outtengolden.com

6  Michael Subit (Wash. Bar No. 29189)
   **FRANK FREED SUBIT & THOMAS LLP**
7  705 Second Avenue, Suite 1200
   Seattle, Washington  98104
8  Telephone: (206) 682-6711
   Facsimile: (206) 682-0401
9  E-Mail: msubit@frankfreed.com

10  *Attorneys for Plaintiffs and the proposed Class*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

OBJECTIONS AND RESPONSES TO INTERROGATORIES
CASE NO. 2:15-CV-01483-JLR

-29-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
2101 FOURTH AVENUE, SUITE 1900
SEATTLE, WASHINGTON 98121
TEL. 206.739.9059

HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY