UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| KATHERINE MOUSSOURIS, et al., | CASE NO. C15-1483JLR |
|---|---|
| Plaintiffs, | ORDER GRANTING LEAVE TO FILE SUPPLEMENTAL REBUTTAL REPORT |
| v. | |
| MICROSOFT CORPORATION, | |
| Defendant. | |

## I. INTRODUCTION

Before the court is Plaintiffs Katherine Moussouris, Holly Muenchow, and Dana Piermarini's (collectively, "Plaintiffs") motion for leave to file a supplemental rebuttal report of Dr. Henry S. Farber. (Mot. (Dkt. ## 458 (sealed), 459 (redacted)).) Microsoft Corporation ("Microsoft") opposes the motion. (Resp. (Dkt. # 464).) The court has reviewed the parties' filings in support of and in opposition to the motion, the relevant

//

//

ORDER - 1

portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS Plaintiffs' motion for leave to file Dr. Farber's supplemental rebuttal report.

## II. BACKGROUND

On March 15, 2018, Microsoft filed a motion for summary judgment. (MSJ (Dkt. ## 403 (sealed), 489 (redacted).) In its motion, Microsoft highlights the lack of statistical evidence supporting Ms. Piermarini's disparate impact claim regarding her employment in the Solution Sales Discipline within the Sales Profession.[2] (MSJ at 22.) Plaintiffs, in their opposition to Microsoft's motion, rely on Dr. Farber's statistical analysis of employees in the Sales Profession as evidence supporting Ms. Piermarini's claim. (*See* MSJ Resp. (Dkt. ## 436 (sealed), 476 (redacted)); Farber Rebuttal Rep. (Dkt. ## 438 (sealed), 453-13 (redacted)).)[3] Dr. Farber reviewed data that was produced by Microsoft, and he understood this data to represent all workers in the Sales Profession. (Farber Supp. Rebuttal Rep. (Dkt. # 458-1 (sealed)) ¶ 2.) Thus, after analyzing the data, Dr. Farber reached a conclusion he purported to be representative of the entire Sales Profession. (*See id.*)

//

---

[1] Neither party requests oral argument (*see* Mot., Resp.), and the court finds that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] As discussed in the court's previous orders, "Discipline" and "Profession" are job groupings that Microsoft utilizes in its job taxonomy. (*See* 4/25/18 Order (Dkt. # 467) at 5.) A Discipline is a job family within a Profession that produces similar business results. (*Id.*)

[3] Dr. Farber's rebuttal report is erroneously docketed as the report of "Hank Farber." (*See* Farber Rebuttal Rep.) However, the document itself confirms that it is Dr. Henry Farber's report. (*See id.*)

Subsequently, however, Dr. Farber learned that the data produced by Microsoft did not include all of the employees in the Sales Profession. (*See id.*) Instead, the data included "all employees who worked in the Solution Sales Discipline of the Sales Profession at any point during the discovery period." (*Id.*) In other words, the data Dr. Farber analyzed represented all employees who worked at some point in the Solution Sales Discipline, even if they were not in the Solution Sales Discipline for the entire period. (*See id.*) Based on this revelation, Dr. Farber conducted an analysis of the Solution Sales employees, limited to the time the employees worked in that Discipline.[4] (*Id.* ¶ 3.)

Plaintiffs seek leave to file this supplemental rebuttal report from Dr. Farber, arguing that the supplemental report "does not offer new opinions but is merely a timely supplement aimed at addressing and explaining the confusion that emerged regarding the scope of the data Microsoft produced."[5] (Mot. at 2.) The court now addresses the motion.

//

//

---

[4] For example, if employee A worked in the Solution Sales Discipline from January to February, and the discovery period was from January to May, then Microsoft turned over all of employee A's information from January to May. Dr. Farber's revised analysis takes into account only the employee's information from January to February, because that time period is when employee A worked specifically in the Solution Sales Discipline.

[5] This is not the first time an expert, on either side, has had to correct his or her report. (*See* Pls. Not. of Corrected Rep. (Dkt. # 331) (correcting errors in Dr. Farber's original expert report); Def. Not. of Corrected Rep. (Dkt. # 355) (correcting errors in Microsoft expert Dr. Ali Saad's report).) Nor is this the first time the parties have squabbled over whether a corrected report is appropriate. (*See* Pls. Surreply (Dkt. # 357) (seeking to strike Dr. Saad's corrected report).)

ORDER - 3

## III. ANALYSIS

A party must submit its expert witness disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). However, "if the party learns that in some material respect the disclosure or response is incomplete or incorrect," the party "must supplement or correct its disclosure or response." *Id.* 26(e)(1). Rule 26(e)'s duty to supplement is not "a loophole through which a party who . . . wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline." *Luke v. Family Care and Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009). Instead, Rule 26(e) should only apply when the party "correct[s] an inaccuracy" or "fill[s] in a gap based on information previously unavailable." *Id.*

Having reviewed the materials, the court finds that Dr. Farber's supplemental rebuttal report falls within the confines of Rule 26. Dr. Farber's original analysis of the Sales Profession was based on his belief that the data concerned the Sales Profession. (Farber Supp. Rebuttal Rep. ¶ 2.) Upon learning that the data did not, as he believed, represent all employees within the Sales Profession, he revised his analysis with the appropriate adjustments to fit what the data actually represented—all employees who worked for some period of time within the Solutions Sales Discipline. (*Id.* ¶ 3.) These new calculations are not based on new opinions or new theories; rather, they are corrections of Dr. Farber's analysis based on new revelations concerning the data he reviewed.

//

Microsoft complains that Dr. Farber's supplemental rebuttal report could not be correcting inaccuracies because the new report "no longer offers *any* opinion about the Sales Profession" and instead "replace[s] an opinion on the Sales Profession with a new one on the Solution Sales Discipline." (Resp. at 4 (emphasis removed).) The court acknowledges that the scope of Dr. Farber's corrections constitute more than the usual corrections of mathematical calculation errors. *See Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966-HSG, 2015 WL 4537170, at *2 (N.D. Cal. July 24, 2015). But the rationale behind the corrections remains the same. Dr. Farber conducted his initial analysis on what he believed—erroneously—to be data regarding the Sales Profession. However, because the data does not encompass every employee in the Sales Profession, the correct analysis could not possibly be of the Sales Profession. Thus, in correcting his report, Dr. Farber had to change the focus to the Solutions Sales Discipline—the group that the data actually represents.

For this reason, Dr. Farber's supplemental rebuttal report differs from the supplemental report that was rejected in *Welch v. Eli Lilly & Co.*, No. 1:06-cv-0641-RLY-JMS, 2009 WL 700199 (S.D. Ind. Mar. 16, 2009). In *Welch*, the defendant challenged the expert's analysis in part because the expert did not perform a regression analysis. *Id.* at *3. The expert subsequently performed a regression analysis in a "supplemental" report. *Id.* The court concluded that "[t]he fact that entirely new analyses were conducted demonstrates the report cannot be characterized as simply a supplemental . . . report." *Id.* at *4. In other words, the *Welch* expert made an error of

//

judgment, and not an error of fact, in choosing not to perform a regression analysis. That error of judgment could not be supplemented under Rule 26. *See id.*

Dr. Farber did not make an error of judgment; he did not choose to analyze the Sales Profession instead of the Solution Sales Discipline. (*See* Farber Supp. Rebuttal Rep. ¶¶ 2-3.) Rather, he made an error of fact in believing the underlying data dealt with the Sales Profession, and thus, characterized his analysis as a study of the Sales Profession. (*Id.* ¶ 2.) Such an error does not reflect "gamesmanship" but instead "inadvertent error[] or omission[]" that is well within the ambits of Rule 26. *See* Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2049.1 (3d ed. 2018). Accordingly, the court grants Plaintiffs leave to file Dr. Farber's supplemental rebuttal report.[6]

### IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' motion for leave to file Dr. Farber's supplemental rebuttal report (Dkt. ## 458 (sealed), 459 (redacted)).

Dated this 17th day of May, 2018.

JAMES L. ROBART
United States District Judge

---

[6] Indeed, for the same reasons, the court denied Plaintiffs' request to strike Microsoft expert Dr. Saad's corrected report. (*See* 4/25/18 Order at 24-25; Resp. at 6 (noting that if the court accepts Dr. Farber's supplemental rebuttal report, it "necessarily follows" that Dr. Saad's corrected report should be accepted as well).)