**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHERINE MOUSSOURIS; et al., | No. 18-35791 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-01483-JLR |
| v. | |
| MICROSOFT CORPORATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted November 4, 2019
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and KOBAYASHI,** District Judge.

Appellants Katherine Moussouris, Holly Muenchow, and Dana Piermarini ("Appellants") appeal the district court's order denying the motion for class certification in their employment discrimination action. The action asserts

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

disparate impact and disparate treatment claims, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, as amended, and Wash. Rev. Code §§ 49.60.010–49.60.515 against Appellee Microsoft Corp. ("Microsoft"). We granted Appellants' petition for permission to appeal, and we now affirm the district court's order.

A plaintiff moving to certify a class must show that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23.  See Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 345 (2011).  Rule 23(a)'s requirements "are commonly known as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." B.K. ex rel. Tinsley v. Snyder, 922 F.3d 957, 966 (9th Cir. 2019) (citing Gen. Tel. Co. of the Nw., Inc. v. EEOC, 446 U.S. 318, 330 (1980)).  A district court's ruling on a motion for class certification is reviewed for abuse of discretion.  Parra v. Bashas', Inc., 536 F.3d 975, 977 (9th Cir. 2008).  The district court's ruling as to each of the Rule 23(a) requirements is also reviewed for abuse of discretion.  See, e.g., Kayes v. Pac. Lumber Co., 51 F.3d 1449, 1464 (9th Cir. 1995) (regarding adequacy).  Because Appellants' proposed class must satisfy all of the Rule 23(a) requirements, we must affirm the district court's denial of class certification as to a claim if the district court acted within its discretion in determining that Appellants failed to establish any of the requirements as to that claim.

As to the disparate impact claims, the district court correctly recognized that, to satisfy the commonality requirement, the proposed class must pose "a common question that will connect many individual promotional decisions to their claim for class relief" and "'produce a common answer to the crucial question *why was I disfavored*?'" See Ellis v. Costco Wholesale Corp., 657 F.3d 970, 981 (9th Cir. 2011) (emphasis in original) (quoting Wal-Mart, 564 U.S. at 352). The district court also correctly recognized that, where the plaintiffs and the proposed class challenge a discretionary system for pay raises and promotions, they must "identif[y] a common mode of exercising discretion that pervades the entire company." See Wal-Mart, 564 U.S. at 356. The allegedly discriminatory pay and promotion decisions in the instant case do not present common questions because the proposed class consists of more than 8,600 women, who held more than 8,000 different positions in facilities throughout the United States. Further, Appellants failed to identify a common mode of discretion throughout Microsoft because the individual managers had broad discretion over how to conduct the Calibration Meetings/People Discussions, as well as over the decisions that they made at those meetings. The district court did not abuse its discretion when it ruled that Appellants' proposed class did not meet the commonality requirement as to the disparate impact claims. The denial of class certification is therefore AFFIRMED as to the disparate impact claims.

As to the disparate treatment claims, the district court correctly recognized that the analysis of whether the named plaintiffs are adequate representatives of the proposed class requires consideration of two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by* Wal-Mart, 564 U.S. 338. Only the first question is at issue here. The proposed class includes 2,126 members who acted as a manager at least once, 3,457 members who were either a lead or a manager, and 472 "managers of managers." Moussouris was a manager who had three of the putative class members report to her. Thus, Moussouris evaluated them in the Calibration process. In contrast, Muenchow, who was not a manager, testified that all of the people who evaluated her engaged in gender bias. As a manager, Moussouris has a conflict of interest with both the putative class members who reported to her and the putative class members who never acted as a manager. Cf. Staton v. Boeing Co., 327 F.3d 938, 958 (9th Cir. 2003) (noting the "concern about classes that involve both supervisors and rank-and-file workers can be a valid one in some circumstances").

Appellants contend the district court's adequacy ruling was an abuse of discretion because there were other ways to resolve the perceived intra-class

conflict.  First, Appellants' argument that the district court should have certified subclasses to address the conflict is not before us because Appellants did not properly preserve the issue for appeal.  See True Health Chiropractic, Inc. v. McKesson Corp., 896 F.3d 923, 930–31 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2743 (2019).  Second, the only resolution that Appellants proposed – the exclusion of "managers of managers" from the proposed class – addressed a small fraction of the putative class members who acted as managers during the relevant period.  Because the proposed exclusion of "managers of managers" would not address the conflict identified by the district court, the district court's rejection of Appellants' proposal was not an abuse of discretion.  The district court did not abuse its discretion when it ruled that Appellants' proposed class did not meet the adequacy requirement as to the disparate treatment claims.  The denial of class certification is therefore AFFIRMED as to the disparate treatment claims.

    **AFFIRMED.**